IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | MDL Docket No. 2196 |
| | Index No. 10 MD 2196 (JZ) |
| | INITIAL CASE MANAGEMENT <u>CONFERENCE ORDER</u> |
| | JUDGE JACK ZOUHARY |

This Order shall, unless superseded or modified by subsequent Orders, apply to all actions transferred to this Court and consolidated for pretrial purposes by the Judicial Panel on Multidistrict Litigation pursuant to its order of December 1, 2010, as well as all related actions originally filed in this Court or transferred or removed to this Court. A list of these actions is maintained on the Court's electronic docket. This Order shall also apply to any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rules 7.4 and 7.5 and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

**Complex Track**

1. Pursuant to Local Rule 16.2, this case is assigned to the Complex Track.

**Master Docket and Filing**

2 The Clerk of the Court shall maintain a Master Docket and electronic case file under the caption "In re Polyurethane Foam Antitrust Litigation" and the Index No. 10-MD-02196 (JZ). Every document filed in this action shall bear the following caption:

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | MDL Docket No. 2196 |
| | Index No. 10 MD 2196 (JZ) |
| This document relates to: | |
| _____ | |

3. When a document is applicable to all actions, the caption of the document shall include the notation "ALL CASES" below the phrase "This document relates to." Such documents shall be filed only in the Master Docket, and no further copies need be filed nor docket entries made.

4. When a document is applicable only to a specific action or actions, the caption of the document shall include the individual case name and docket number(s) of the action(s) to which the document applies below the phrase "This document relates to." Documents pertaining to an individual case should be filed in that particular case. Documents pertaining to more than one case can be filed **once** on the Master Docket. Documents do **not** have to be filed on the Master Docket **and** individual dockets. Counsel cannot spread text.

5. All papers in these actions shall be filed by electronic means, through the Case Management/Electronic Case Filing system ("CM/ECF"), as required by (and subject to the exceptions contained in) the Local Civil Rules. All documents which are required to be filed in an electronic format must be filed electronically no later than 11:59 p.m. Eastern Time on the due date, unless otherwise ordered by the Court.

6. All counsel who have not yet done so shall promptly obtain a Case Management/Electronic Case Filing ("CM/ECF") system password from the Clerk of the Court, pursuant to the requirements of Local Civil Rule 5.1(c). Questions regarding ECF documents/Court protocol should be directed to Renee Schumitsh at (216) 357-7017 or Deanna Cox at (419) 213-5679.

7. Notice of related case shall not be filed in this Court. The Panel will notify this Court if a case is filed and needs to be transferred.

8. Any tag-along action later filed in, removed or transferred to this Court, or related cases filed directly in the Northern District of Ohio, automatically shall be assigned to the undersigned and consolidated with this Litigation. The consolidation of the cases in this Litigation does not constitute a determination that the actions should or will be consolidated for trial. Notwithstanding the entry of this Case Management Order, and for good cause shown, any party may move for an amendment, adjustment, or other curtailment of the consolidation of these actions in order to separate cases, claims, parties and/or phases of the proceedings.

**Service**

9. As provided by Local Civil Rule 5.1(b)-(c), electronic filing of any document operates to effect service of the document on all parties whose counsel have obtained CM/ECF passwords. Absent a showing of good cause, counsel who do not obtain CM/ECF passwords within twenty (20) days of the entry of this Order need not be served as otherwise provided in Federal Civil Rule 5(b). See also Federal Civil Rule 5.2 ("Privacy Protection for Filings Made with the Court") (effective Dec. 1, 2007). Similarly, the Clerk of the Court is not required to provide hard copies of any papers filed electronically in these consolidated cases to attorneys who have not entered their appearances on the CM/ECF system and registered for a password granting them access to the electronic dockets.

10. All documents filed under seal or other documents not required to be filed with the Court (i.e. discovery, expert reports, letter correspondence, etc.) shall be served on lead counsel for Plaintiffs via electronic means, facsimile, hand delivery or express mail (i.e., Federal Express). Plaintiffs' lead counsel shall be responsible to forward these documents to Plaintiffs' counsel.

**Protocols for Fact Discovery**

11. The parties shall promptly meet and confer to discuss protocols for fact discovery to address issues not already covered by this Order, including such matters as a protocol for Electronically Stored Information, and a protocol for responding to discovery requests, the number of party and non-party depositions and written discovery requests, numbering of deposition exhibits, and other aspects of fact discovery. The parties should familiarize themselves with and abide by the Court's Default Standard for Discovery of Electronically Stored Information (Local Rule - Appendix K).

12. This Court reminds all parties of their duty to preserve evidence. Unless the parties reach an agreement on a preservation plan or the Court orders otherwise, the parties' obligations to preserve evidence shall be governed by the Federal Civil Rules.

**Discovery Disputes**

13. No motion to compel, motion for protective order or motion for sanctions shall be filed unless the parties have undertaken to resolve the discovery dispute and, if unable to do so, have contacted Magistrate Judge Knepp by phone (419 213-5570) or e-mail (knepp_chambers@ohnd.uscourts.gov) with a request for judicial resolution. Local Civil Rule 37.1 governs discovery disputes, and counsel are expected to comply with this Rule.

**Local Rules**

14. Counsel shall familiarize themselves and comply with the Local Civil Rules of this Court. For convenience, the Local Rules are posted on the Court's website, http://www.ohnd.uscourts.gov. The parties are directed especially to the requirements of Local Civil

4

Rule 5.1, regarding electronic filings with the Court; and Local Civil Rule 5.2, regarding the procedure for filing documents under seal.

### Effect of this Order

15. The terms of this Order shall not have the effect of making any person, corporation, or entity a party to any action in which he, she, or it has not been named, served, or added as such, in accordance with the Federal Civil Rules.

### Magistrate Judge

16. The parties do not consent to the jurisdiction of the Magistrate Judge.

### Attorney Admissions

17. Consistent with Rule 1.4 of the Judicial Panel on Multidistrict Litigation, each attorney acting as counsel for any party herein who is a member in good standing of the bar of any United States District Court shall be deemed admitted pro hac vice before the Court in these proceedings, without further motion or order. However, the Court reserves the right to revoke admission pro hac vice if appropriate.

18. No party to these actions shall be required to obtain local counsel in this District. However, all counsel shall become familiar with the ACTL *Code of Pretrial and Trial Conduct* (www.actl.com (Publications)).

### Status Conferences

19. The Court will convene status conferences in this Litigation as needed. Parties shall submit a joint proposed agenda and status report at least ten (10) calendar days before each scheduled conference. Telephone participation is permitted.

**Amendments and Modifications to the Order**

20. Nothing in this Order is intended to limit any party's opportunity to seek amendment of this Order or other relief from the Court.

**Settlement**

21. Parties are expected to consider and discuss settlement on an ongoing basis. Mediation, as appropriate, may be ordered by the Court.

**Stipulated Discovery Plan with Department of Justice**

22. Parties shall meet and confer with Michael Wood, Assistant Chief, Cleveland Office, Antitrust Division, and file an agreed upon Initial Discovery Plan by **February 11, 2011**.

**Proposed Protective Order**

23. The parties anticipate the need for a Stipulated Protective Order covering all documents, data and other information produced in this case by Plaintiffs, Defendants, or any non-party. The parties shall promptly meet and confer and file a Stipulated Protective Order by **February 18, 2011**.

**Consolidated Amended Complaint**

24. Plaintiffs shall file a Consolidated Amended Complaint ("CAC") containing putative class definition(s) by **February 28, 2011**. The CAC shall serve as the operative class action complaint in this MDL proceeding, and Defendants shall not be required to answer or otherwise respond to any other putative class action complaint filed in or transferred to this proceeding.

25. The CAC shall be deemed adopted automatically by any Plaintiff who: (1) files a lawsuit in any federal court which is subsequently transferred to this Court, or is directly filed in this

Court; or (2) has a case currently consolidated before this Court. Defendants shall not be required to answer or otherwise respond to any other individual or Class Complaint.

26. The CAC shall not constitute the inception of a new "case or controversy" in this District for purposes of determining issues such as statute of limitations defenses, venue or choice of law, nor shall it in any way alter the requirements or principles of 28 U.S.C. §§ 1404 or 1407 or the Supreme Court's decision in *Lexecon Inc. v. Millberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). Rather, the CAC shall be used as a device to facilitate administration of the dockets, streamline competing proposed class definitions, conspiracy allegations and legal theories, reduce the expense incurred in responding to multiple complaints and assist in identifying issues common to all cases centralized before this Court. The allegations of the CAC, however, shall be determinative for purposes of assessing the proper scope of discovery and the preclusive effect of any rulings made or judgments entered by this Court. No class definition in any individual Complaint not included within the CAC shall survive this Court's class certification decision.

27. Defendants shall answer, move or otherwise plead in response to the CAC by **April 15, 2011**; opposition to any such motion(s) by **May 2, 2011**; any reply in support by **May 11, 2011**. Pursuant to Local Rule 7.1(f), memoranda shall not exceed thirty (30) pages for complex cases.

**Initial 26(a) Disclosures**

28. Parties shall exchange initial 26(a) disclosures by **March 15, 2011**.

**Joint Proposed Case Schedule**

29. Parties shall meet and confer to draft Joint Proposed Case Schedule that includes the relevant procedural items from the Supplement to Proposed Initial Case Management Order submitted in advance of the January 19, 2011 conference as well as any other items counsel believes are necessary. The Joint Proposed Case Schedule shall be filed by **April 1, 2011**.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 20, 2011