# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In re POLYURETHANE FOAM ANTITRUST LITIGATION

This document relates to:

ALL CASES

MDL Docket No. 2196
Index No. 10-MD-2196 (JZ)

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1.  SCOPE.**

1.1  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

1.2  The protections conferred by this Order cover not only Protected Material (as defined below), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel in settings that might reveal Protected Material. However, this Order shall not

1

be construed to cause any counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel.

**2. DEFINITIONS.**

2.1 <u>Confidential Information</u>: Documents, information (regardless of how generated, stored or maintained) or tangible things that, in good faith, qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including but not limited to confidential personal information, medical or psychiatric information, personnel records or other sensitive commercial information that is not publically available. Public records and other information or documents that are publicly available may not be designated as Confidential Information.

2.2 <u>Highly Confidential Information</u>: Documents, information (regardless of how generated, stored or maintained) or tangible things that contain trade secrets or other highly sensitive competitive or highly sensitive confidential information the disclosure of which is reasonably likely to result in demonstrable harm to the Designating Party, such as financial information relating to costs, unpublished pricing information, unpublished plans to buy or sell a business or business unit, and the like.

2.3 <u>Receiving Party</u>: a party that receives Protected Material from a Producing Party.

2.4 <u>Producing Party</u>: a party or non-party that produces Protected Material in this action.

2.5 <u>Designating Party</u>: a party or non-party that designates information or items in this litigation as "Confidential" or "Highly Confidential."

2.6 <u>Protected Material</u>: any Discovery Material that is designated as "Confidential" or as "Highly Confidential."

2

2.7    Outside Counsel:  attorneys, along with their paralegals, and other support personnel, who are not employees of a party but who are retained to represent or advise a party in this action.

2.8    In-House Legal Personnel:  attorneys and other personnel employed by a party to perform legal functions and who are responsible for overseeing this litigation for the party.

2.9    Counsel (without qualifier):  Outside Counsel and In-House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

2.10    Expert and/or Consultant:  a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, and who is not currently an employee of a party or of a business unit of a non-party engaged in the manufacture or sale of polyurethane foam products, and who, at the time of retention, is not anticipated to become an employee of a party or of a business unit of a non-party engaged in the manufacture or sale of polyurethane foam products.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    **DESIGNATING PROTECTED MATERIAL.**

3.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates "Confidential" or "Highly Confidential" information or

3

items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards and avoid indiscriminate designations.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing or changing the mistaken designation.

3.2     Form and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection as "Confidential" or "Highly Confidential" under this Order must be clearly so designated before the material is disclosed or produced.  Notwithstanding the preceding sentence, should a Producing Party discover that it produced Discovery Material that was not designated as Protected Material or that it produced Discovery Material designated in the incorrect category of Protected Material, the Producing Party may notify all Receiving Parties, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation.  Thereafter, the material so designated or re-designated will be treated as Protected Material.  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Inadvertent production of any document or information without the appropriate confidentiality designation shall be governed by Fed. R. Evid. 502.

Designation in conformity with this Order requires:

4

a.  <u>for documents (apart from transcripts of depositions or other pretrial or trial proceedings)</u>, that the Producing Party affix the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page that contains protected material.

b.  <u>for testimony given in deposition</u>, that a party, or a non-party that sponsors, offers, gives, or elicits the testimony, designate any portion of the testimony as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," either on the record before the deposition is concluded, or in writing on or before the later of (i) thirty (30) days after the final transcript is received or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e). The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court.

Transcripts containing testimony designated Confidential or Highly Confidential shall have the following notation on the cover page: NOTE: THIS DEPOSITION IS SUBJECT TO PROTECTIVE ORDER and contain a copy of the Party's or Non-Party's designations as part of the official transcript. Any reproductions of a transcript or portion of a transcript containing designated information shall be appropriately labeled.

c.  <u>for information produced in electronic or video format, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers or in any electronic repository or electronic document in which

5

the information or item is stored the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", as appropriate, in addition to the information or tangible items themselves.

3.3     <u>Inadvertent Failures to Designate</u>.  If corrected, an inadvertent failure to designate Discovery Material or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such Discovery Material.  If Discovery Material is re-designated as "Confidential" or "Highly Confidential" after such material is initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that such material is treated in accordance with the provisions of this Order.

**4.     ACCESS TO AND USE OF PROTECTED MATERIAL.**

4.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material only in connection with prosecuting, defending, or attempting to settle this action, including any appeal thereof, and not for any other business, commercial or other purpose.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

4.2     <u>Protection of "CONFIDENTIAL" Discovery Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

6

disclose any Discovery Material designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only to:

    a.    <u>Counsel</u>.  The Receiving Party's Counsel, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b.    <u>Parties</u>.  Current or former officers, directors, and employees of Parties to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by this Protective Order and have completed the certification contained in Attachment A;

    c.    <u>Court</u>.  The Court and its personnel;

    d.    <u>Court Reporters and Recorders and Vendors</u>.  Stenographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who agree to be bound by the terms of this Protective Order and have completed the certification contained in Attachment A;

    e.    <u>Consultants, Investigators and Experts</u>.  Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) who agree to be bound by this Protective Order and have completed the certification contained in Attachment A;

    f.    <u>Others</u>.  1) The author, addressees, or recipients of the document, or 2) any other natural person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document and who agrees to be bound by the terms of this Protective Order and has completed the certification contained in Attachment A;

g. <u>Witnesses</u>. Deposition witnesses but only during their depositions or in preparation for their noticed depositions and only if they have agreed to be bound by this Protective Order and have completed the certification contained in Attachment A.

4.3 <u>Protection of "HIGHLY CONFIDENTIAL" Discovery Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only to:

a. <u>Outside Counsel</u>. The Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

b. <u>Designating Party</u>. Current officers, directors, and employees of the Designating Party to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by this Protective Order and have completed the certification contained in Attachment A;

c. <u>Court</u>. The Court and its personnel;

d. <u>Court Reporters, Recorders and Vendors</u>. Stenographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who agree to be bound by the terms of this Protective Order and have completed the certification contained in Attachment A;

e. <u>Consultants, Investigators and Experts</u>. Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) who agree to be bound by this Protective Order and have completed the certification contained in Attachment A;

8

    f. <u>Others.</u> 1) The author, addressees or recipients of the document; 2) a person who is specifically identified in the document; 3) a person whose conduct is purported to be identified in the document; or 4) a person who would likely have reviewed such document or known the contents of such document during his or her employment as a result of the substantive nature of his or her employment position, but only upon a foundational showing that the person is reasonably certain to have reviewed such document or have such knowledge. The persons identified in subsections 2) through 4) of this section may only be shown Highly Confidential information if they have agreed to be bound by this Protective Order and have completed the certification contained in Attachment A.

    4.4 <u>Agreement to Be Bound by Protective Order (Exhibit A)</u>. An agreement to be bound by this Protective Order under subsections 4.2(b), (d), (e), (f) and (g) and 4.3 (b), (d), (e), and (f) shall be accomplished by the execution of the Acknowledgment and Agreement To Be Bound by Protective Order (Exhibit A). Outside Counsel for the Party that obtains such signed agreements, as required above, shall retain them for one year following the final termination of this action, including any appeals and shall make them available for review by other counsel for good cause shown.

    4.5 <u>Retention of Protected Material</u>. Persons who have been shown Protected Material pursuant to Section 4.2 (f) or (g), or Section 4.3(e) or (f) shall not retain copies of such Protected Material.

    4.6 <u>Copies</u>. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Protected Material under this Order, or any individual portion of

such a Protected Material, shall be affixed with the appropriate designation if the designation does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of Protected Material or otherwise disclose the substance of the confidential information contained in the Protected Material.

### 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

5.1 <u>Timing of Challenges</u>. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Meet and Confer</u>. Before filing any motions regarding or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming, changing or waiving the confidentiality designation as to any Protected Material subject to the objection, the Designating Party shall serve on all parties a notice specifying the Discovery Material and the nature of the agreement. The Designating Party shall also produce copies of all materials with the agreed designation at the expense of the Designating Party.

5.3 <u>Action by the Court</u>. Applications to the Court for an order relating to the designation of any Protected Material shall be by motion under Local Rule 7.1 and any other procedures set forth in this Court's standing orders or orders in this action. Nothing in this Order or any action or agreement of a party under this Order limits the Court's authority to make any orders that may be appropriate with respect to the use and disclosure of any Discovery Material produced or used in discovery or at trial.

6. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.

The Receiving Party also must immediately inform the person who caused such discovery request, subpoena or order to issue in the other litigation that some or all the material covered by the request, subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the person in the other action that caused the discovery request, subpoena or order to issue.

The purpose of imposing these duties is to alert interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the discovery request, subpoena or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

7. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order, and

11

(d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound by Protective Order" that is attached hereto as Exhibit A.

## 8. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL.

The inadvertent production of any Discovery Material constituting or containing attorney-client privileged information, attorney work product or other privileged information shall be governed by Rule 26 of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

## 9. FILING PROTECTED MATERIAL.

The parties are required to comply with the Federal Rules of Civil Procedure and the Local Rules of this District, including but not limited to, Local Rule 5.2, and on matters of procedure for filing documents under seal.

## 10. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty days after the final termination of this action, including any appeals, all Protected Material, including copies as defined in Paragraph 4.6, shall be destroyed by the Receiving Party, unless it has been offered into evidence or filed without restriction as to disclosures. Within thirty-five days after the final termination of this action, including any appeals, counsel for the Receiving Party shall certify in writing to the Producing Party that all such Protected Material has been destroyed. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and all attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order. In addition, counsel may retain attorney work product, including an index which refers or relates to Protected Material, so

long as that work product does not duplicate verbatim substantial portions of the text or images of the Protected Material. This work product shall remain subject to this Protective Order.

After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties, or after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11. ATTORNEY RENDERING ADVICE.**

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to Protected Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Order.

**12. DISPOSITIVE MOTION HEARINGS AND TRIAL.**

The terms of this Order shall govern in all circumstances except for presentations of evidence and argument at hearings on dispositive motions and at trial. The parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

**13. MISCELLANEOUS.**

13.1 <u>Right to Further Relief</u>. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and this Court's standing orders or other orders in this action.

13.2 <u>Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or

information designated as Protected Material by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

       13.3    <u>Persons Bound</u>.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties and the persons made subject to this Order by its terms.

    IT IS SO ORDERED.

                                                                      s/ *Jack Zouhary*  
                                                      JACK ZOUHARY  
                                                      U. S. DISTRICT JUDGE

                                                   February 23, 2011

WE ASK FOR THIS:

**HICKORY SPRINGS MANUFACTURING CO.**

Frank A. Hirsch, Jr.
N.C. Bar No. 13904
Matthew P. McGuire
N.C. State Bar No. 20048
ALSTON & BIRD LLP
3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1500
Phone: (919) 862-2200
frank.hirsch@alston.com
matt.mcguire@alston.com

Mark T. Calloway
Jennie C. Boswell
ALSTON & BIRD LLP
Bank of American Plaza, Suite 4000
101 South Tryon Street,
Charlotte, NC 28280
(704) 444-1000
mark.calloway@alston.com
jennie.boswell@alston.com

**CARPENTER CO.**

James H. Walsh
Anne M. Whittemore
Howard Feller
Bethany G. Lukitsch
MCGUIREWOODS LLP
One James Center
901 E. Cary St.
Richmond, VA 23219
(804) 775-1000
jwalsh@mcguirewoods.com
awhittemore@mcguirewoods.com
hfeller@mcguirewoods.com
blukitsch@mcguirewoods.com

**FUTURE FOAM, INC.**

Edward G. Warin #14396
John P. Passarelli #16018
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
(402) 346-6000
edward.warin@kutakrock.com
john.passarelli@kutakrock.com

**VITAFOAM, INC. and VITAFOAM PRODUCTS CANADA LTD.**

Timothy J. Coleman
Bruce McCulloch
Terry Calvani
John K. Warren
FRESHFIELDS BRUCKHAUS DERINGER US LLP
701 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004-2692
Phone: (202) 777-4500
tim.coleman@freshfields.com

**FOAMEX INNOVATION, INC.**

Francis P. Newell
Peter M. Ryan
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
fnewell@cozen.com
pryan@cozen.com

.

**WOODBRIDGE SALES & ENGINEERING, INC.**

Daniel G. Swanson
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7919
dswanson@gibsondunn.com

Cynthia Richman
John W.F. Chesley
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
(202) 955-8500
crichman@gibsondunn.com
jchesley@gibsondunn.com

**FLEXIBLE FOAM PRODUCTS, INC.**

Kendall Millard
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 231-7461
kendall.millard@btlaw.com

Michael D. Mustard
HUNT SUEDHOFF KALAMAROS LLP
803 S. Calhoun, 9th Floor
P. O. Box 11489
Fort Wayne, IN 46858-1489
(260) 423-1311
mmustard@hsk-law.com

**DOMFOAM INTERNATIONAL, INC. and VALLE FOAM INDUSTRIES**

Shepard Goldfein
SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP
Four Times Square
New York City, NY 10036
(212) 735-3610
shepard.goldfein@Skadden.com

| **MOHAWK INDUSTRIES, INC.** | **LEGGETT & PLATT, INCORPORATED** |
|---|---|
| Randall L. Allen (Ga. Bar. No. 011436)<br>Teresa T. Bonder (Ga. Bar. No. 703969)<br>Erica L. Fenby (Ga. Bar. No. 402030)<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424<br>Telephone: (404) 881-7000<br>randall.allen@alston.com | Daniel R. Warncke<br>Taft Stettinius & Hollister LLP<br>425 Walnut Street, Suite 1800<br>Cincinnati, OH 45202-3957<br>Tel.: 513.381.2838<br>Fax: 513.381.0205<br>warncke@taftlaw.com<br><br>Joseph M. Rebein<br>Laurie A. Novion<br>Shook, Hardy & Bacon L.L.P.<br>2555 Grand Blvd.<br>Kansas City, MO 64108-2613<br>Tel.: 816.474.6550<br>Fax: 816.421.5547<br>jrebein@shb.com<br>lnovion@shb.com |

**CO-LEAD COUNSEL FOR DIRECT PURCHASER CLASS PLAINTIFFS:**

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave., NW
Washington, DC 20015
(202) 237-5607
wisaacson@bsfllp.com

**CO-LEAD COUNSEL FOR DIRECT PURCHASER CLASS PLAINTIFFS:**

Stephen R. Neuwirth
QUINN EMANUAL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7165
stephenneuwirth@quinnemanuel.com

**INTERIM LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS:**

Marvin A. Miller
MILLER LAW LLC
115 South LaSalle St., Suite 2910
Chicago, Illinois 60603
Tel.: (312) 332-3400
Fax: (312) 676-2676
mmiller@millerlawllc.com

# EXHIBIT A TO STIPULATED PROTECTIVE ORDER

|  |  |  |
|---|---|---|
| IN RE POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) ) ) ) ) | MDL Docket No. 2196 Index No. 10-MD-2196 (JZ) |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

     I, _____ [print full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of Ohio, Western Division on _____[date] in the case of IN RE POLYURETHANE FOAM, MDL No. 2196.

     I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

     I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Ohio for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____