UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE POLYURETHANE FOAM ANTITRUST LITIGATION<br><br>———————————————————<br><br>This document relates to:<br><br>Sealy Corporation, et al v. Carpenter Co., et al, Case No:  1:11-pf-10007 (JZ) (N.D. Ohio) | MDL Docket No. 2196<br><br>Index No. 10-MD-2196 (JZ)<br><br>Judge Jack Zouhary |

**DIRECT ACTION (NON-CLASS) "SEALY" PLAINTIFFS' NOTICE OF OBJECTION TO THE CLASS'S AND DEFENDANTS' [PROPOSED] JOINT SCHEDULING ORDER**

Direct Action (non-class) Plaintiffs Sealy Corporation, Select Comfort Corporation, Simmons Bedding Company, Tempur-Pedic International, Inc. and La-Z-Boy Incorporated (the "Sealy Plaintiffs") submit this Notice of Objection to the [Proposed] Joint Scheduling Order submitted by the Class Plaintiffs and the Defendants.

1.      Until recently, the only cases pending before the Court were class actions on behalf of direct and indirect purchasers.

2.      On March 22, 2011, Sealy Corporation, Select Comfort Corporation, Simmons Bedding Company, Tempur-Pedic International, Inc. and La-Z-Boy Incorporated filed a direct action (non-class) Complaint.  Case No. 1:11-pf-10007 (JZ).  The Sealy Plaintiffs filed a direct action and do not intend to participate in the class because of, among other reasons, the importance of polyurethane foam and this case to their businesses and their substantial direct purchases of the product from Defendants.   The Sealy Plaintiffs have already served most Defendants with the Complaint and they timely served Defendants' liaison counsel with their Initial Disclosures.

KENNY NACHWALTER, P.A.

3.　　　Interim class counsel cannot legally or ethically represent the direct action (non-class) Sealy Plaintiffs in MDL 2196.

4.　　　Defendants have taken the position that the Sealy Plaintiffs are not part of the active litigation in MDL 2196 because of Defendants' reading of the Court's Initial Case Management Order of January 19, 2011 (Dk. 17) (the "Initial CMO").

5.　　　The Sealy Plaintiffs have filed a Motion to modify the Initial CMO to provide for their active participation in the case in coordination with the Class and Defendants.  The Class does not object to the relief sought in the Motion.  Defendants do.

6.　　　The Sealy Plaintiffs object to the proposed Joint Scheduling Order to the extent that Defendants maintain that it can be read not to provide for the active participation of the Sealy Plaintiffs in discovery and other proceedings in MDL 2196 because such a result would violate the Sealy Plaintiffs' due process rights and essentially force upon them counsel who do not and cannot legally or ethically represent them.

7.　　　The Sealy Plaintiffs also object to the proposed Joint Scheduling Order because it makes no accommodation for expert merits discovery.  We submit that it should because class certification expert discovery is not relevant to the Sealy Plaintiffs' direct action (non-class) case, and definite milestones efficiently advance the completion of the case.  The Sealy Plaintiffs submit that expert merits discovery should be scheduled with dates certain after the Court rules on the motion for class certification.

8.　　　The Sealy Plaintiffs suggest that the Court initially rule on the Sealy Plaintiffs' motion to modify the Initial CMO to provide for the active participation of the Sealy Plaintiffs in MDL 2196 in coordination with the Class and Defendants.  Unless and until the Court rules on that motion, the Sealy Plaintiffs object to the Class's and Defendants' proposed Joint Scheduling Order for the reasons set forth in this Notice of Objection.

KENNY NACHWALTER, P.A.

Dated:  April 11, 2011

Respectfully submitted,

KENNY NACHWALTER, P.A.
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Douglas H. Patton, Esquire*
James T. Almon, Esquire
201 South Biscayne Boulevard
Suite 1100
Miami, Florida  33131-4327
Tel:    (305) 373-1000
Fax:    (305) 372-1861


By:_____
          William J. Blechman

***Counsel for Direct Action (non-class)
Plaintiffs***


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via email on Liaison Counsel for Defendants this ___ day of April, 2011.

_____
          William J. Blechman


*LICENSED TO PRACTICE LAW IN MA, UT, DC AND NY; NOT LICENSED IN FLORIDA.


404860.1

KENNY NACHWALTER, P.A.