**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| IN RE POLYURETHANE FOAM ANTITRUST LITIGATION<br><br>This document relates to:<br><br>Sealy Corporation, et al v. Carpenter Co., et al, Case No: 1:11-pf-10007 (JZ) (N.D. Ohio) | MDL Docket No. 2196<br><br>Index No. 10-MD-2196 (JZ)<br><br>Judge Jack Zouhary |

**DIRECT ACTION (NON-CLASS) PLAINTIFFS SEALY CORPORATION, SELECT COMFORT CORPORATION, SIMMONS BEDDING COMPANY, TEMPUR-PEDIC INTERNATIONAL, INC. AND LA-Z-BOY INCORPORATED'S MOTION FOR A STATUS CONFERENCE**

Direct Action (non-class) Plaintiffs Sealy Corporation, Select Comfort Corporation, Simmons Bedding Company, Tempur-Pedic International, Inc. and La-Z-Boy Incorporated (the Sealy Plaintiffs"), pursuant to Rule 16, Fed.R.Civ.P., and paragraph 19 of the Court's Initial Case Management Order of January 20, 2011 (Dk. 17), move for the entry of an Order setting a status conference in MDL 2196 at the Court's earliest convenience.

1. The Court held an in-person initial status conference on January 19, 2011.

2. At the time of the initial status conference, the only cases pending before the Court were class actions on behalf of direct and indirect purchasers.

3. On March 22, 2011, Sealy Corporation, Select Comfort Corporation, Simmons Bedding Company, Tempur-Pedic International, Inc. and La-Z-Boy Incorporated filed a direct action (non-class) Complaint. Case No. 1:11-pf-10007 (JZ). Because of the importance of polyurethane foam and this case to their businesses, and their substantial direct purchases of the product from Defendants, the Sealy Plaintiffs filed a direct action and do not intend to participate in the class. There are some

KENNY NACHWALTER, P.A.

differences between the Sealy Plaintiffs' Complaint and the Class's Consolidated Amended Complaint ("CAC"), including the Sealy Plaintiffs' Complaint names as Defendants two companies not named in CAC, and the CAC names four groups of Defendants not named in the Sealy Plaintiffs' Complaint.

4. The Sealy Plaintiffs want to participate actively in MDL 2196, including discovery and other proceedings, and have tried to do so, but Defendants will not recognize their right to do so because they read the Court's Initial Case Management Order of January 19, 2011 (Dk. 17) (the "Initial CMO") as prohibiting that participation.

5. The Sealy Plaintiffs have filed a Motion to modify the Initial CMO to provide for their active participation in the case in coordination with the Class and Defendants. The Class does not object to the relief sought in the Motion. Defendants do. As explained in the Sealy Plaintiffs' Motion to modify the Initial CMO, Defendants' position would violate the Sealy Plaintiffs' due process rights and essentially force upon them counsel who do not and cannot legally or ethically represent them.

6. Besides the addition of the direct action (non-class) Sealy Plaintiffs, the Class and the Defendants have been working through a variety of scheduling and discovery issues.

7. We believe that the Court and the parties would benefit from conducting an in-person status conference to further the goal of actively coordinating the Sealy Plaintiffs' direct action (and any others filed) with the existing schedules and case management procedures already in place, and to take up other issues that will move this case forward efficiently. To that end, the Sealy Plaintiffs propose the following non-exhaustive topics to be considered during the status conference:

KENNY NACHWALTER, P.A.

- The Sealy Plaintiffs' Motion to Modify the Initial Case Management Order dated January 19, 2011 (Dk. 17).

- The development or amendment to the overall case schedule to account for the presence of the Direct Action (non-class) Sealy Plaintiffs' Complaint.

- Methods to improve the efficiency of service of documents in this multi-party case.

- Discovery protocol issues, if any, that the parties may need/want to brief the Court on or have the Court resolve.

Paragraph 19 of the Court's Initial CMO provides for the scheduling of a status conference and, of course, such a conference is entirely consistent with Rule 16(a) Fed.R.Civ.P., which recognizes that a court may, in its discretion, direct counsel to appear before it for a conference or conferences to take up the expedited or efficient disposition of the action, or otherwise to control the case. *See also* Manual for Complex Litigation (Fourth) § 11 p. 22 (2004) ("Conferences following the initial conference help the judge to monitor the progress of the case and to address problems as they arise.").

Based on the foregoing analysis, the Sealy Plaintiffs request that the Court enter an Order setting an in-person status conference at the Court's earliest convenience.

KENNY NACHWALTER, P.A.

Dated: April 13, 2011

Respectfully submitted,

KENNY NACHWALTER, P.A.
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Douglas H. Patton, Esquire*
James T. Almon, Esquire
201 South Biscayne Boulevard
Suite 1100
Miami, Florida 33131-4327
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: dpatton@kennynachwalter.com

By:_____
   William J. Blechman

*Counsel for Direct Action (non-class) Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via email on Liaison Counsel for Defendants this 13TH day of April, 2011.

_____
William J. Blechman

*LICENSED TO PRACTICE LAW IN MA, UT, DC AND NY; NOT LICENSED IN FLORIDA.

404801.1

4