UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) |
| This document relates to: ALL DIRECT PURCHASER CASES | |

MDL Docket No. 2196
Index No. 10-MD-2196 (JZ)

## DEFENDANTS FLEXIBLE FOAM PRODUCTS, INC. AND OHIO DECORATIVE PRODUCTS, INC.'S MOTION TO DISMISS

Defendants Flexible Foam Products, Inc. ("Flexible Foam") and its parent company Ohio Decorative Products, Inc. ("Ohio Dec") hereby move the Court to dismiss Plaintiffs' Consolidated Class Action Complaint ("CAC") (Dkt# 46) pursuant to Fed. R. Civ. P. 12(b)(6). In support of their motion, Flexible Foam and Ohio Dec adopt the Defendants' Joint "Common Issues" Memorandum of Law in Support of a Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint ("Joint Brief") (Dkt# 90), as well as their separate Memorandum filed to address the limited factual allegations in the CAC relating to Flexible Foam and Ohio Dec.

WHEREFORE, Flexible Foam and Ohio Dec respectfully request that the Court grant their motion and dismiss Plaintiffs' CAC as to the claims against Flexible Foam and Ohio Dec.

Dated: April 15, 2011 Respectfully submitted,

*/s/ Kendall Millard*
Kendall Millard
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone: (317) 231-7461
Facsimile: (317) 231-7433
Email: kmillard@btlaw.com

Michael D. Mustard
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN 46802-3119
Telephone: (260) 423-9440
Facsimile: (260) 424-8316
Email: mmustard@btlaw.com

*Attorneys for Defendants Flexible Foam Products, Inc. and Ohio Decorative Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

April 15, 2011 */s/ Kendall Millard*
Kendall Millard

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

|   |   |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION ) ) ) ) ) ) This document relates to: ) ) ALL DIRECT PURCHASER CASES ) ) | MDL Docket No. 2196 Index No. 10-MD-2196 (JZ) |

**DEFENDANTS FLEXIBLE FOAM PRODUCTS, INC. AND
OHIO DECORATIVE PRODUCTS, INC.'S
<u>MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

Defendants Flexible Foam Products, Inc. ("Flexible Foam") and its parent company Ohio Decorative Products, Inc. ("Ohio Dec") adopt the Defendants' Joint "Common Issues" Memorandum of Law in Support of a Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint ("Joint Brief") (Dkt# 90). This separate Memorandum is filed to address the limited factual allegations in the Consolidated Class Action Complaint ("CAC") (Dkt# 46) relating to Flexible Foam and Ohio Dec.

**I.      Plaintiffs Fail to State A Claim Against Ohio Dec.**

Plaintiffs fail to allege *any* facts concerning *any* conduct by Ohio Dec. Instead, Plaintiffs rely wholly on the allegation that Ohio Dec "is the parent company of Flexible Foam" (CAC at ¶ 21), and conclusory allegations that it acted as "the alter ego or agent" of Flexible Foam (*id*. at ¶ 22).[1]  Plaintiffs' allegations against Ohio Dec are mere conclusory statements, and the claims against Ohio Dec should be dismissed.  *See* Joint Brief at 19-20.

---

[1] Flexible Foam and Ohio Dec are separate Ohio corporations.

1

**II.** **Plaintiffs Fail to State a Claim Against Flexible Foam.**

    A.    <u>Plaintiffs Fail to Allege Flexible Foam Agreed to Allocate Customers.</u>

There is not a single allegation of fact directed at Flexible Foam concerning any customer allocation. There is no allegation that Flexible Foam ever communicated with any competitor concerning a customer, or concerning any market or territory allocation. Plaintiffs' allegations concerning customer allocation should therefore be dismissed. *See* Joint Brief at 21-22.

    B.    <u>Plaintiffs Fail to Allege Flexible Foam Agreed to Fix Prices.</u>

Plaintiffs have not alleged any facts that Flexible Foam had any communication with any competitor concerning future price increases, or that could plausibly infer an agreement to fix prices. Plaintiffs instead rely on allegations of (1) competitors' possession of information about Flexible Foam's price increases, (2) the existence of a government investigation, and (3) an off-handed question by a Flexible Foam employee *after* a foam price increase was announced to customers. None of these, individually or collectively, are sufficient to infer any agreement to coordinate price increases.

        1.    <u>Allegations that competitors had Flexible Foam pricing information</u>.

Plaintiffs' allegations that Flexible Foam's price increase letters and pricing information were in the possession of one or two of its competitors do not make a conspiracy plausible because competitor pricing information is routinely gathered legally, including from customers. *See* Joint Brief at 41. In 2010, a Vitafoam Canada employee allegedly had old 2009 price increase letters from several competitors in his files, including two from Flexible Foam. *Id*. at ¶ 112(n). Further, plaintiffs allege that an employee of Future Foam told a Vitafoam Canada employee in April 2010 that he *had information* that Foamex and Flexible Foam "intended to raise their price of foam by 20% in the next week." *Id*. at ¶ 97. Finally, Plaintiffs allege that this Future Foam employee also told Vitafoam Canada that there was "a letter out from Flexible for

2

June 1st" 2010" (*id.* at ¶ 98), and that an employee of Valle Foam told Vitafoam Canada on June 3, 2010, that he had a copy of the letter (*id.* at ¶ 105). There is no factual allegation that Flexible Foam provided its pricing information or pricing intentions to any competitor, or that any information or announcement came from Flexible Foam rather than from customers as part of routine intelligence gathering.

      2.      Allegation of the existence of government investigation.

Plaintiffs allege that Canada and the U.S. are investigating the industry, citing a list of industry participants that includes Flexible Foam. CAC at ¶¶ 60, 83, 84. The existence of an investigation sheds no light on what parties, products, or time periods are potentially subject to the investigation and carries no weight. *See* Joint Brief at 38.

      3.      Allegations of communication with Flexible Foam.

Plaintiffs' only specific allegation of a communication involving Flexible Foam is an off-handed question by a Flexible Foam employee to a Vitafoam Canada employee at a trade association meeting that occurred *after* a price increase was announced to customers. Plaintiffs allege that in late May 2010, Michael Crowell of Flexible Foam asked a Vitafoam Canada employee at a Polyurethane Foam Association meeting "why Vitafoam was not raising prices or following a recent increase." CAC at ¶ 89. This question, however, does not communicate pricing information, nor indicate any agreement to coordinate prices. *See* Joint Brief at 8, 28-29.

Further, Mr. Crowell's post-increase inquiry was unremarkable given the recent chemical cost increase, an "obvious alternative explanation [for the question], which suggest[s] lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotations omitted). Taking the facts pled as true, there had been an increase in the cost of the chemical ingredients of polyurethane foam (CAC at ¶ 64), followed by an increase in prices for that foam announced to

3

customers in April 2010. *Id*. at ¶ 97. Mr. Crowell allegedly asked his question May 26 or 27, 2010, more than a month after foam price announcements were public. *Id*. at ¶ 89. Given that the chemical ingredients of foam constitute a large part of the price of foam (foam is made by mixing chemicals, *id*. at ¶ 57), a foam manufacturer that does not increase prices following an increase in input chemical costs may have found a less expensive source of chemicals that enabled it to avoid an increase. Did Vitafoam Canada find a lower-cost chemical supplier? Did chemical costs not increase in Canada?

A question directed to understanding where lower input costs might be found is not an antitrust violation under well-established law, especially at a trade association meeting where one purpose is to learn how to more cost efficiently run one's business. *See, e.g.*, *Maple Flooring Mfrs. Ass'n v. U.S.*, 268 U.S. 563, 585-86 (1925) (exchange of cost information among competitors at trade association did not violate antirust laws); *U.S. v. National Malleable & Steel Castings Co.,* 1957 U.S. Dist. LEXIS 4209 at *46-47 (N.D. Ohio 1957) (finding competitor exchange of cost information pro-competitive). *See also* Joint Brief at 38-39. Mr. Crowell's curiosity about a potential cheaper source for chemicals does not make an agreement plausible.

Plaintiffs also make unspecific allegations that Flexible Foam engaged in vague "discussions" and "conspiratorial" action, (CAC at ¶¶ 82, 83, 89, 92), but such conclusory allegations are insufficient to state a claim. *See* Joint Brief at 14-16p. Plaintiffs have failed to allege facts that make it plausible that Flexible Foam participated in a conspiracy to exchange price announcements or fix prices with its competitors, and the claims against Flexible Foam should be dismissed.

### III.  CONCLUSION.

For these reasons and for those set out more fully in the Joint Brief, the Court should dismiss Plaintiffs' CAC against Flexible Foam and Ohio Dec.

4

Dated: April 15, 2011                            Respectfully submitted,


                                           */s/ Kendall Millard*
Kendall Millard
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone: (317) 231-7461
Facsimile: (317) 231-7433
Email: kmillard@btlaw.com

Michael D. Mustard
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN 46802-3119
Telephone: (260) 423-9440
Facsimile: (260) 424-8316
Email: mmustard@btlaw.com

*Attorneys for Defendants Flexible Foam Products, Inc. and Ohio Decorative Products, Inc.*

5

## CERTIFICATION OF COUNSEL PURSUANT TO L.R. 7.1(f)

Pursuant to L.R. 7.1(f), I hereby certify that this case has been assigned to the complex track. Pursuant to Order Granting Motion Regarding Page Limitations as Modified and Amending the Initial Case Management Order entered in this action on April 14, 2011, Defendants were allotted up to 50 pages for a "common issues" brief in support of their Motions to Dismiss and an additional 75 pages total for individual briefs to be allocated as Defendants may agree. I hereby certify that counsel for Flexible Foam and Ohio Dec were combined allocated four pages for their brief, and further certify that the foregoing Memorandum does not exceed that allocation.

April 15, 2011                                */s/ Kendall Millard*
                                                     Kendall Millard

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

April 15, 2011                                */s/ Kendall Millard*
                                                     Kendall Millard