UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE POLYURETHANE FOAM ANTITRUST LITIGATION<br><br>This document relates to:<br><br>Sealy Corporation, et al v. Carpenter Co., et al, Case No: 1:11-pf-10007 (JZ) (N.D. Ohio) | MDL Docket No. 2196<br><br>Index No. 10-MD-2196 (JZ)<br><br>Judge Jack Zouhary<br><br>Motion denied as moot per 4/27/11 hearing.<br><br>So Ordered.<br>s/Jack Zouhary    4/27/11<br>U.S. District Judge |

### DIRECT ACTION (NON-CLASS) PLAINTIFFS SEALY CORPORATION, SELECT COMFORT CORPORATION, SIMMONS BEDDING COMPANY, TEMPUR-PEDIC INTERNATIONAL, INC. AND LA-Z-BOY INCORPORATED'S MOTION TO MODIFY THE INITIAL CASE MANAGEMENT ORDER

Direct Action (non-class) Plaintiffs Sealy Corporation, Select Comfort Corporation, Simmons Bedding Company, Tempur-Pedic International, Inc. and La-Z-Boy Incorporated (the "Sealy Plaintiffs"), pursuant to paragraph 20 of the Initial Case Management Order dated January 20, 2011 (Dk. 17) (the "Initial CMO") and Rule 16 of the Federal Rules of Civil Procedure, move to modify the Initial CMO to provide for their active and coordinated participation of the Sealy Plaintiffs in MDL 2196.  A proposed, revised "red-lined" version of the Amended Initial CMO accompanies this Motion as Exhibit 1, and a "clean" version of the Amended Initial CMO accompanies this Motion as Exhibit 2.

We are authorized to inform the Court that the Direct Purchaser Class Plaintiffs do not object to the relief sought in the Sealy Plaintiffs' Motion.

The Sealy Plaintiffs' Motion seeks the following modest changes in the Initial CMO:

- Paragraph 25, first sentence, of the CMO provides that the CAC "shall be deemed adopted automatically by any Plaintiff" in the MDL.  For reasons explained in the Memorandum in support of this Motion, this provision should be changed to conform with the law.  The solution is to clarify that this Section of the CAC deals with the Consolidated Amended *Class* Complaint, and to modify the phrase

KENNY NACHWALTER, P.A.

"Plaintiff" in the first sentence of paragraph 25 so it means that any other *class* plaintiff is deemed to have automatically adopted the CAC.

- Paragraph 25, second sentence, of the CMO reads that "Defendants shall not be required to answer or otherwise respond to any other individual or Class Complaint." Defendants read this sentence to mean that they do not have to answer or otherwise respond to the Sealy Plaintiffs' Direct Action (non-class) Complaint. For reasons explained in the Memorandum in support of this Motion, this provision should be changed to conform with the law. The solution is to remove the phrase "individual or" from the second sentence of paragraph 25 so Defendants need not answer or otherwise response to any other *class* complaint. (We address below when Defendants should respond to the Sealy Plaintiffs' Complaint.)

- Paragraph 26, second sentence, of the CMO explains in substance how the CAC will be used administratively to frame issues in the case. This makes sense for the *class* action which includes a proposed class definition and class allegations about numerosity, commonality of legal and factual questions, typicality of claims, and adequacy of the proposed class representatives. But this provision does not, and cannot, apply to the Sealy Plaintiffs' Direct Action Complaint which is *not* a class action and alleges only individual corporate claims. The solution is to add the word "class" to modify a few words in the sentence to clarify its application to the class action.

- Paragraph 26, third sentence, of the CMO states that the "allegations of the CAC ... shall be determinative for purposes of assessing the proper scope of discovery and the preclusive effect of any rulings made or judgments entered by this Court." For reasons explained in the Memorandum in support of this Motion, this should be changed to conform with law. The solution is to add language in the third sentence in paragraph 25 to make clear that the text refers to the Class Plaintiffs.

- Paragraph 26, fourth sentence, of the CMO states that "[n]o class definition in any individual Complaint not included within the CAC shall survive this Court's class certification decision." The word "individual" modifying "Complaint" in this sentence may create confusion if a direct action (*i.e.*, non-class) is characterized as an individual action. The solution is to substitute the word "Class" for the word "individual" in this sentence.

- A new Section should be added to the Initial CMO to expressly recognize the Sealy Plaintiffs active participation in discovery and other proceedings in MDL 2196. We suggest that this new Section contain the following provisions:

    - New paragraph 28 providing that within 20 days of the Court's ruling on a motion to dismiss the CAC, the Defendants will answer, move or otherwise respond to the Sealy Plaintiffs' Complaint unless, before that date, the Sealy Plaintiffs' amend their pleading in which event the

Case No: 10-MD-2196 (JZ)

Defendants' answer or other response will be due 20 days after service of the amended pleading.

- New paragraph 29 providing that the Defendants named in the Sealy Plaintiffs' Complaint who are *not* named in the CAC must answer, move or otherwise respond to the Sealy Plaintiffs' Complaint on the same briefing schedule as the Court already has set for the indirect purchaser class plaintiffs. Per the Court's Order of February 24, 2011 (Dk. 45), Defendants' answer or motion is due May 6, 2011, responses are due on May 23, 2011, and replies are due on June 1, 2011. (To be clear, we think it more efficient that such briefing occur in conjunction with briefing on the CAC, but the Class and Defendants have already settled on a briefing schedule which does not include the Sealy Plaintiffs.)

- New paragraph 30 providing that the Sealy Plaintiffs may actively participate in all discovery and other proceedings in MDL 2196 in coordination with other plaintiffs' counsel.

- New paragraph 31 providing that the Sealy Plaintiffs, the Class Plaintiffs and Defendants will coordinate to minimize burden to the litigants and the Court, and the Sealy Plaintiffs and the Class Plaintiffs will coordinate to avoid duplication in seeking discovery and in proceedings before the Court.

For the reasons set forth in the accompanying Memorandum, the Sealy Plaintiffs move for the entry of the (proposed) Amended Initial CMO.

Dated: April 11, 2011

Respectfully submitted,

KENNY NACHWALTER, P.A.
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Douglas H. Patton, Esquire*
James T. Almon, Esquire
201 South Biscayne Boulevard
Suite 1100
Miami, Florida 33131-4327
Tel:   (305) 373-1000
Fax:   (305) 372-1861
E-mail: wblechman@kennynachwalter.com

By: _____
William J. Blechman

**Counsel for Direct Action (non-class) Plaintiffs**

3

KENNY NACHWALTER, P.A.

Case No: 10-MD-2196 (JZ)

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2011 the foregoing document was filed electronically using the Court's ECF system which will send notification of such filing to the ECF participants.

_____
William J. Blechman

*LICENSED TO PRACTICE LAW IN MA, UT, DC AND NY; NOT LICENSED IN FLORIDA.

404861.1