# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

_____
                                              )
In re POLYURETHANE FOAM ANTITRUST             )
LITIGATION                                    )
_____)          MDL Docket No. 2196
                                              )          Index No. 10-MD-2196 (JZ)
This document relates to:                     )
                                              )          AMENDED CASE
ALL CASES                                     )          MANAGEMENT ORDER
_____)

## I.      Consolidated Amended Class Complaints

Paragraphs 25-26 of the "Initial Case Management Conference Order" dated January 20, 2011 (Dkt # 17) are amended as follows:

25.     The Direct Purchaser Consolidated Amended Complaint ("DPCAC") shall be deemed adopted automatically by any direct purchaser class plaintiff, and the Indirect Purchaser Consolidated Amended Complaint ("IPCAC") shall be deemed adopted automatically by any indirect purchaser class plaintiff, who: (1) files a lawsuit in any federal court which is subsequently transferred to this Court, or is directly filed in this Court; or (2) has a case currently consolidated before this Court.  Defendants shall not be required to answer or otherwise respond to any other class complaint.

26.     Neither the DPCAC nor the IPCAC (together, the "CACs") shall constitute the inception of a new "case or controversy" in this District for purposes of determining issues such as statute of limitations defenses, venue, or choice of law, nor shall they in any way alter the requirements or principles of 28 U.S.C. §§ 1404 or 1407 or the Supreme Court's decision in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).  Rather, the CACs shall be used as devices to facilitate administration of the dockets, streamline competing proposed class definitions, conspiracy allegations and legal theories, reduce the expense incurred in responding to multiple complaints, and assist in identifying issues common to all class cases centralized before this Court.  The allegations of the CACs, however, shall be determinative for purposes of assessing the proper scope of discovery to and from class plaintiffs and the preclusive effect of any rulings made or judgments entered by this Court regarding class plaintiffs.  A class definition in any Class Complaint not included within the respective CAC shall not survive this Court's class certification decision.

## II.      Direct Action (Non-Class) Plaintiffs

1.      Direct Action (Non-Class) Plaintiffs are "Parties" to the Initial Case Management Conference Order, the "Stipulated Protective Order" filed February 23, 2011 (Dkt # 42), the "Order and Stipulated Discovery Plan" filed February 24, 2011 (Dkt # 44), the "Joint Scheduling Order" dated April 27, 2011 (Dkt # 112), and this Order, and are bound by stipulations, protocols and discovery limits negotiated among the Parties or otherwise ordered by the Court.

2.      Direct Action (Non-Class) Plaintiffs may actively participate in discovery and other proceedings in this MDL.

3.      Within 45 days of the Court's ruling on the motions to dismiss the DPCAC, Defendants named as party defendants in a Direct Action (Non-Class) Complaint pending in this MDL as of the date of the ruling will answer, move or otherwise respond to that Direct Action (Non-Class) Complaint.  Defendants named as party defendants in a Direct Action (Non-Class) Complaint filed in this Court or transferred to this MDL after the date of the ruling will answer, move or otherwise respond to that Direct Action (Non-Class) Complaint within 45 days after the complaint is filed or transferred.  If the Court's ruling on the motions to dismiss results in amendment of a Direct Action (Non-Class) Complaint, responses to that amended complaint shall be due within 45 days of service of the amended complaint, or such other time as the Court may order for responses to an amended DPCAC.  Except as provided in this paragraph, Defendants shall not be required to answer or otherwise respond to any Direct Action (Non-Class) Complaint.

## III.     Coordination of Discovery

4.      Counsel for Direct Purchaser Class Plaintiffs, Indirect Purchaser Class Plaintiffs and Direct Action (Non-Class) Plaintiffs shall coordinate with each other regarding discovery

and other proceedings in this MDL to avoid duplication.  Discovery protocols shall apply to all plaintiffs (Direct Purchaser Class Plaintiffs, Indirect Purchaser Class Plaintiffs, and Direct Action Plaintiffs) collectively, and to all Defendants collectively.  Without limiting the generality of the forgoing, any limitations on the number of depositions, interrogatories or other discovery requests shall be the total number allowed for all plaintiffs and all defendants, respectively.  Any Party that seeks to deviate from or exceed Court-ordered stipulations, protocols or discovery limits must obtain leave of Court to do so unless the Parties otherwise consent.

5.      Direct Purchaser Class Plaintiffs shall provide Direct Action Plaintiffs with copies of any Initial Disclosures served by Defendants.  Defendants shall not be required to separately serve Initial Disclosures in response to any Direct Action (Non-Class) Complaint.

**IV.     Service of Process**

6.      To eliminate disputes over service of process and to reduce the expense of service of process, and subject to the provisions of the Initial Case Management Conference Order, the Defendants listed below ("Certain Defendants") each agree to accept service of the Summons and Complaint in any polyurethane foam antitrust case in which it is named as a party defendant, and that is directly filed in or subsequently transferred to this Court, if sent by registered mail, return receipt requested, upon the counsel noted respectively as follows:

| For Defendants Carpenter Co. (sued as "The Carpenter Company"), E.R. Carpenter, L.P., Carpenter Holdings, Inc.: | For Defendants DomFoam International, Inc., Valle Foam Industries (1995), Inc.: |
|---|---|
| James H. Walsh, Esq. McGuire Woods LLP One James Center 901 E. Cary Street Richmond, VA  23219 | Shepard Goldfein, Esq. Skadden Arps Four Times Square New York, NY  10036 |

| | |
|---|---|
| For Defendants Flexible Foam Products, Inc., Ohio Decorative Products, Inc.:<br><br>Kendall Millard, Esq.<br>Barnes & Thornburg LLP<br>11 South Meridian Street<br>Indianapolis, IN  46204 | For Defendant FXI Foamex Innovations, Inc.:<br><br>Francis Patrick Newell, Esq.<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA  19103 |
| For Defendant Future Foam, Inc.:<br><br>Edward G. Warin, Esq.<br>Kutak Rock LLP<br>1650 Farnam Street<br>Omaha, NE  68102 | For Defendant Hickory Springs Manufacturing Company:<br><br>Frank A. Hirsch, Jr., Esq.<br>Alston & Bird LLP<br>4721 Emperor Boulevard, Suite 400<br>Durham, NC  27703 |
| For Defendants Inoac USA Inc., Crest Foam Industries, Inc.:<br><br>Howard Iwrey, Esq.<br>Dykema Gossett PLLC<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, MI  48304 | For Defendant Leggett & Platt, Incorporated:<br><br>Daniel R. Warncke, Esq.<br>Taft Stettinius & Hollister LLP<br>425 Walnut Street, Suite 1800<br>Cincinnati, OH  45202 |
| For Defendant Mohawk Industries, Inc.:<br><br>Teresa Bonder, Esq.<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA  30309 | For Defendant Otto Bock Polyurethane Technologies, Inc.:<br><br>Richard A. Duncan, Esq.<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 S Seventh Street<br>Minneapolis, MN 55402 |
| For Defendant Plastomer Corporation:<br><br>Sheldon Klein, Esq.<br>Butzel Long<br>Stoneridge West<br>41000 Woodward Ave.<br>Bloomfield Hills, MI 48304 | For Defendants Vitafoam Products Canada Ltd., Vitafoam, Inc.:<br><br>John K. Warren, Esq.<br>Freshfields Bruckhaus Deringer US LLP<br>701 Pennsylvania Avenue, NW, Suite 600<br>Washington, DC  20004 |

For Defendants Woodbridge Foam Corporation, Woodbridge Sales and Engineering, Inc., Woodbridge Foam Fabricating, Inc.:

Daniel G. Swanson
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071

Cynthia Richman
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306

7.      Service will be effective only if addressed as above, or if perfected in accordance with the service provisions of the Federal Rules of Civil Procedure.  For service under this section, a copy of each notice of Service of the Summons and Complaint shall be provided to Defendants' Liaison Counsel, and Direct Purchaser Plaintiffs' Interim Lead Counsel and Indirect Purchaser Interim Lead Counsel.

8.      Service completed in accordance with this Order shall be deemed good and sufficient service on the Defendant(s) so served.  By agreeing to this waiver of service, the Certain Defendants do not waive any claims, affirmative defenses or other defenses of any nature whatsoever except for those relating to service of process.  If service is perfected under the Federal Rules of Civil Procedure, the Certain Defendants do not waive any claims, affirmative defenses or other defenses of any nature whatsoever, including those related to service of process.  Service of process will be perfected ten (10) days after service via registered mail.  This procedure for service of process shall apply only to polyurethane foam antitrust cases directly filed in or subsequently transferred to this Court, and not to any other litigation, and not to any consolidated amended complaint filed in this MDL.

IT IS SO ORDERED.

_____s/ Jack Zouhary_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 12, 2011