IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re:                                                              Case No. 1:10 MD 2196

Polyurethane Foam Antitrust Litigation          QUESTIONS FOR HEARING
                                                                    (July 1, 2011 at 9:30 AM)

                                                                    JUDGE JACK ZOUHARY

      The Court will hear oral argument on Defendants' Motions to Dismiss the Direct and Indirect Purchaser Plaintiffs' Consolidated Amended Class Action Complaint on **Friday, July 1, 2011 at 9:30 a.m.**  Oral argument will conclude by 11:30 a.m.  Thereafter, the Court will issue a ruling from the bench regarding Defendants' Motions to Dismiss.  The Court will next discuss the discovery dispute with counsel.

      The Court poses the following questions to structure oral argument.  Part I includes those questions to be addressed during oral argument.  Additionally, the parties will provide written responses to the questions in Part II by **Thursday, June 30, 2011 at 3:00 p.m.**  Responses to questions in Part II should be concise, and are not to exceed ten (10) pages.  If a party is confident that its brief in support of, or in opposition to, Defendants' Motion to Dismiss adequately addresses a question, the Court encourages the party to cite to its brief and not "reinvent the wheel."

**Part I:** **Questions for Oral Argument**

Direct Purchasers – Common Issues Questions

1. The Motion to Dismiss generally challenges whether the Complaint meets *Iqbal* / *Twombly* requirements, namely whether sufficient facts have been pled and if the claims are plausible.

**Both Parties:** Define how this Court should understand "conclusory" and "plausible" for purposes of an *Iqbal* analysis in this case. Include in your response a discussion of *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, as well as how Plaintiffs' "slight evidence" standard for conspiracy participation impacts this Court's consideration of the Motion to Dismiss.

2. **Plaintiffs:** What are the specific boundaries of the product market you allege? The geographic market boundaries?

3. **Both:** What role, if any, does the government investigation play in whether the Complaint has been sufficiently pled?

Direct Purchasers – Supplemental Brief Questions

1. **Plaintiffs:** One paragraph is directed against Plastomer and Otto Bock and merely mentions "discussions, exchanges of information and agreements regarding the price of foam" (¶ 83); why shouldn't this Court dismiss the CAC as to those two Defendants?

2

2.      **Plaintiffs:** In what ways does the CAC allege conspiratorial conduct by Mohawk and Legett & Platt?

3.      **Both:** Assuming this Court determines CAC ¶¶ 89, 97, 105, and 112(n) do not plausibly suggest a conspiracy of the scope alleged in the CAC, are the remaining CAC allegations regarding the Canadian government's scrutiny of Flexible Foam and Flexible Foam's employees contacting former and current Vitafoam employees sufficient to establish a plausible conspiracy?

4.      **Defendants Domfoam and Valle Foam:** Why should the geographic location of Domfoam and Valle Foam employees referenced in the CAC matter when the CAC also alleges that such employees engaged in conspiratorial conduct in both the United States and Canada (¶¶ 83–84), and that both entities sold flexible polyurethane foam in the United States (¶¶ 17–18)?

5.      **Plaintiffs:** Are Inoac USA and Crest Foam specifically alleged to have participated in the conspiracy? Does the government affidavit suggest the contrary?

6.      **Plaintiffs:** If a conspiracy is alleged against Inoac USA, may Crest Foam be held liable for the conspiratorial conduct of its parent corporation when, as Defendants contend, Crest Foam was unable to control the conduct of its parent?

7.      **Plaintiffs:** What renders your allegations of Inoac Corp. acting as its subsidiaries' alter ego non-conclusory? Provide specific examples.

8. **Both:** Does the CAC specifically allege FXI participated in conspiratorial conduct? Provide specific examples.

9. **Both:** Did the bankruptcy order approving the Foamex Asset Purchase Agreement have the effect of rejecting successor liability?

   a. **Plaintiffs:** Aside from declaring that FXI was "formerly known as" Foamex, what language specifically alleges a relationship between Foamex and FXI that would render the latter liable for the former's conspiratorial conduct?

10. **Both:** What is the tension between *In re Wolverine Radio* and *In re Transworld*?

11. **Plaintiffs:** Why shouldn't this Court dismiss the CAC as to the Woodbridge entities in light of the CAC's failure to allege conspiratorial conduct by the individual Woodbridge entities, but rather alleges conduct by the apparently non-existent "Woodbridge Group"?

Indirect Purchaser Plaintiffs

1. **Defendants:** Because one of the Defendants has expressly admitted the existence of a wide-ranging conspiracy, why shouldn't this Court give the Motions to Dismiss "short shrift" as suggested by Plaintiffs?

2. **Plaintiffs:** What in the CAC saves your state antitrust and consumer protection claims from being dismissed as conclusory when all such allegations are precisely the same, alleging, as Defendants contend, in a "catch phrase" manner a violation of each relevant statute?

a. Can you cite any authority that found similarly structured allegations to have adequately pled state antitrust or consumer protection claims?

b. **Defendants:** Why does your Motion to Dismiss target only a subset of Plaintiffs' state statutory claims when all are phrased in the same "catch phrase" manner?

3. **Both:** Should this Court defer consideration of the standing issue until class certification, assuming Plaintiffs' Complaint otherwise adequately states a claim?

4. **Defendants:** What is your response to Plaintiffs' argument, based on *Amchem Prods., Inc. v. Windsor,* that class certification is "logically antecedent" to standing in a putative class action?

5. **Defendants:** Doesn't the CAC's allegation that Defendants' anticompetitive behavior affected national commerce necessarily meet the similar "substantial affects" pleading requirement of the various state antitrust statutes, like the Tennessee statute? If not, what authorities support your conclusion?

5

6. **Both:** Is there a need for a heightened pleading standard like Federal Civil Rule 9(b) for any of the consumer protection claims?

7. **Defendants:** Can the Restatements' unjust enrichment definition bind together the various unjust enrichment claims that Plaintiffs raise? If not, why?

\* \* \*

**Part II: Questions for Written Response**

Direct Purchaser Plaintiffs – Common Issues

1. Must allegations consistent with both anticompetitive and procompetitive behavior -- the possession of competitor pricing letters, without more, for instance -- be construed by this Court as lawful procompetitive behavior? If so, does a standard that resolves an allegation's import in favor of Defendants clash with the Federal Civil Rule 8 standard of review requiring all non-conclusory allegations to be accepted as true? Provide in bullet point form citations followed by explanatory parentheticals supporting your view.

2. Please provide in bullet point form citations followed by explanatory parentheticals for cases in which other courts have or have not found a well-pled antitrust conspiracy when the complaint alleges independent factors, like the polyol price increases referenced in the CAC, which could also plausibly suggest pricing behavior that corresponds to natural market conditions?

3. Plaintiffs argue in the alternative that the precise date on which an individual Defendant joined the conspiracy is of no significance if liability for all the conspiracy's prior actions is imposed on an antitrust conspirator who joins with knowledge of the cartel's prior conduct. Does the CAC adequately allege that Defendants joined with such knowledge? If so, cite to the Complaint paragraphs containing such allegations.

4. Have Plaintiffs sufficiently pled alter ego or control with respect to the relevant Defendants? Cite specific paragraphs in the CAC, and include in bullet point form citations followed by explanatory parentheticals supporting your argument.

5. Have Plaintiffs sufficiently pled fraudulent concealment to toll the limitations period? Discuss *Hinds County v. Wachovia Bank's* bearing on this question.

Direct Purchaser Plaintiffs – Supplemental Brief Questions

1. Provide in bullet point form citations followed by explanatory parentheticals in support of the proposition that allegations that one company "acted for" a second company in conspiratorial discussions are adequate to state an antitrust claim against the second company.

2. Provide in bullet point form citations followed by explanatory parentheticals in support of the proposition that a company's characterization as a "conduit of information" sufficiently stated an antitrust claim against the "conduit."

Indirect Purchaser Plaintiffs

1. Does *Associated General Contractors v. Cal. State Council of Carpenters* bar Plaintiffs' request for relief under the Clayton Act at the motion to dismiss stage? For relief under state antitrust statutes?

2. If the CAC allegations survive *Iqbal / Twombly* analysis, must those portions of the CAC incorporated into the Indirect Purchaser Plaintiffs' CAC also survive the Motion to Dismiss?

3. Which state antitrust regimes invoked by Plaintiffs expressly include *Illinois Brick* repealers?

a. Must the state antitrust claims asserted by Plaintiffs in jurisdictions that have not adopted *Illinois Brick* repealers be dismissed?

4. How does this case differ from *In re Travel Antitrust Litigation*?

5. How is this case like *In re text Messaging Antitrust Litigation*?

6. How does *In re Packaged Ice Antitrust Litigation* fit into this discussion?

8

7. Are *In re New Motor Vehicles Canadian Exp. Antitrust Litigation* and *Fed. Trade Comm'n v. Mylan Labs, Inc.* (federal courts interpreting the the Missouri Merchandising Practices Act to not extend to indirect purchasers) inconsistent with the Missouri Supreme Court's decision in *Gibbons v. Nuckolls, Inc.* (allowing "any person who has suffered an ascertainable loss" to pursue a claim)?

8. Point to the specific allegations that sufficiently allege violations of DC and New Mexico Consumer Protection Acts and provide in bullet point form citations followed by explanatory parentheticals supporting your view.

9. Point to the specific allegations that sufficiently plead claims under the West Virginia, Colorado, and Illinois Consumer Protection Acts and provide in bullet point form citations followed by explanatory parentheticals supporting your view.

10. Identify the specific allegations that are sufficient to plead viable unjust enrichment claims under the range of jurisdictions in which such claims are raised.

      s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

June 27, 2011