## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE POLYURETHANE FOAM ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL Docket No. 2196<br><br>Index No. 10-MD-2196 (JZ)<br><br>Judge Jack Zouhary |

## MEMORANDUM IN SUPPORT OF THE MOTION
## TO APPOINT KENNY NACHWALTER, P.A. AS LIAISON
## COUNSEL FOR DIRECT ACTION (NON-CLASS) PLAINTIFFS

Counsel for the Sealy Plaintiffs submits this Memorandum in support of their motion to appoint Kenny Nachwalter, P.A. as liaison counsel for Direct Action (Non-Class) Plaintiffs in MDL 2196. Counsel for other Direct Action (Non-Class) cases in MDL 2196 support the motion.

### I. SUMMARY OF ANALYSIS

For purposes of efficient case management, the Court already has appointed interim counsel for the direct class and indirect class plaintiffs, and co-liaison counsel for the Defendants. *See* Order of Jan. 28, 2011, Dk. 28. Since then, direct action (non-class) cases have been filed, and the Court has entered a Case Management Order that expressly recognizes the ability of Direct Action (Non-Class) Plaintiffs to participate actively in the case. As counsel for the Sealy Plaintiffs, and in accordance with the Amended CMO of May 12, 2011 (Dk. 139), we have coordinated with Class and defense counsel on discovery and other case issues, and we also have coordinated with counsel for other Direct Action (Non-Class) Plaintiffs. We find ourselves conferring with Class and/or defense counsel on issues common to all Direct Action (Non-Class) Plaintiffs, and being asked to speak for Direct Action (Non-Class) Plaintiffs on those issues. We welcome these duties, but we think the interests of efficient case management are

KENNY NACHWALTER, P.A.

best served by institutionalizing in this case a liaison counsel for Direct Action (Non-Class) Plaintiffs – in much the same way that the Court has designated liaison counsel for Defendants – so that the Court and counsel for all parties have a singular contact for purposes of coordinating or conferring on issues common to all Direct Action (Non-Class) Plaintiffs notwithstanding each Direct Action (Non-Class) Plaintiff's separate case. In our experience, the appointment of liaison counsel for Direct Action (Non-Class) Plaintiffs is routine in MDL antitrust cases, we have served in that capacity in other antitrust MDL cases,[1] and the Sealy Plaintiffs are substantial stakeholders in this case who will actively participate in these proceedings. Before filing this motion, we conferred with counsel for the other Direct Action (Non-Class) Plaintiffs whose cases are before this Court,[2] and they have authorized us to report to the Court that they support this motion.

## II. ANALYSIS

The Court is familiar with the Sealy Plaintiffs based on their motion to modify the initial Case Management Order ("CMO") to accommodate the presence in MDL 2196 of Direct Action (Non-Class) Plaintiffs. Dk. 67. Following that motion and a hearing on April 27, 2011, the Court entered a second CMO which *inter alia* expressly recognized that Direct Action (Non-

---

[1] *See In re Linerboard Antitrust Litig.*, MDL 1261 (E.D. Pa.), Exhibit 1; *In re Rubber Chemicals Antitrust Litig.*, MDL 1648 (N.D. Cal.), Exhibit 2; *In re Payment Card Interchange and Merchant Discount Antitrust Litig.*, MDL 1720 (E.D.N.Y.), Exhibit 3; *In re Processed Egg Products Antitrust Litig.*, MDL 2002 (E.D. Pa.), Exhibit 4.

[2] Those cases include: *Factory Direct, Inc. v. The Carpenter Company, et al.*, Case No. 5:11-cv-00045-M (W.D. Ok.), transferred to this Court by MDL Panel, *see* Transfer Order (Dk. 141 May 20, 2011); *Henson Sleep Relief, Inc. v. Hickory Springs Manufacturing Company, et al*, Case No. 1:11-cv-00095-SA (N.D. Miss.), transferred to this Court by MDL Panel, *see* Conditional Transfer Order (CTO-4) (Dk. 133 May 10, 2011); *H.M. Richards, Inc. et al. v. Hickory Springs Manufacturing Company,* Case No. 1:11-cv-00067-SA (N.D. Miss.), transferred to this Court by MDL Panel, *see* Conditional Transfer Order (CTO-3) (Dk. 73 Apr. 12, 2011); and *Spring Air International LLC, et al v. Hickory Springs Manufacturing Co.*, Case No. 1:11-10001 (N.D. Ohio).

Class) Plaintiffs may actively participate in discovery and other proceedings in the case and coordinate with each other and the Class and defense counsel; and clarified certain paragraphs of the initial CMO as they pertained to the Class plaintiffs as opposed to the Direct Action (Non-Class) Plaintiffs. Order dated May 12, 2011, Dk. 139.

In the Sealy Plaintiffs' motion to modify the initial CMO, we raised the possibility in a footnote that the Court may want to appoint liaison counsel for Direct Action (Non-Class) Plaintiffs to provide for structure and efficiency going forward. *See* Memorandum in support of Motion to Modify Initial CMO at 11 n.5, Dk. 68. We explained at the time that our motion did not seek our appointment as liaison counsel, but thought completeness required that we note in our papers the possibility that this was action the Court might want to take. We repeated that position at the April 27th hearing in response to the Court's question whether our appointment as liaison counsel would provide sufficient relief for purposes of our motion to modify the limited CMO. (We said it would not.)

Since entry of the May 12th Order, we have coordinated with counsel for the Class and other Direct Action (Non-Class) Plaintiffs on a variety of discovery and scheduling matters, including written discovery to Defendants and discovery protocols. We have likewise conferred and coordinated with defense counsel on scheduling and discovery matters. This process has required us to speak not just for the Sealy Plaintiffs, but also other Direct Action (Non-Class) Plaintiffs regarding written discovery to be served, ESI-discovery protocols, meet-and-confers to discuss Defendants' objections to Class and Direct Action (Non-Class) Plaintiffs' written discovery, and scheduling with the Court. In essence, we have been serving as *de facto* liaison counsel for Direct Action (Non-Class) Plaintiffs already. We undertake these duties willingly and without expectation, but given the need for Direct Action (Non-Class) Plaintiffs' counsel to discharge these duties frequently in the case going forward, the goal of efficient case

management, and the desire to avoid miscommunication among counsel or with the Court regarding scheduling and other coordination, we think it makes sense at this point for the Court to enter an Order appointing liaison counsel for Direct Action (Non-Class) Plaintiffs just as it did so previously for Defendants. In this way, the Court and counsel of record (and any others who may join the case later) will have an unambiguous and singular contact going forward for purposes of scheduling, coordinating, or conferring on issues common to all direct action (non-class) plaintiffs. Based on that reasoning, we alerted the Court at the July 1, 2011 hearing of our intention to seek the appointment as liaison counsel for Direct Action (Non-Class) Plaintiffs subject to conferring with counsel (which we have done).

As of this filing, we are aware of four (4) other Direct Action (Non-Class) Plaintiffs' cases that have been filed and transferred to this Court by the MDL Panel.[3] We have spoken with plaintiffs' counsel in those cases and they have authorized us to inform this Court that they support the motion to appoint Kenny Nachwalter, P.A. as liaison counsel for Direct Action (Non-Class) Plaintiffs. (We have listed those lawyers in the Certificate of Service.) As a courtesy, we also informed Class and defense liaison counsel of our intention to move for our appointment as liaison counsel for Direct Action (Non-Class) Plaintiffs.

Kenny Nachwalter, P.A. specializes in antitrust law. We have a plaintiffs' antitrust practice which concentrates on the individual interests of companies with competition problems with rivals or suppliers and who, in the context of a cartel case like this one, choose not to

---

[3] Those cases include: *Factory Direct, Inc. v. The Carpenter Company, et al.*, Case No. 5:11-cv-00045-M (W.D. Ok.), transferred to this Court by MDL Panel, *see* Transfer Order (Dk. 141 May 20, 2011); *Henson Sleep Relief, Inc. v. Hickory Springs Manufacturing Company, et al*, Case No. 1:11-cv-00095-SA (N.D. Miss.), transferred to this Court by MDL Panel, *see* Conditional Transfer Order (CTO-4) (Dk. 133 May 10, 2011); *H.M. Richards, Inc. et al. v. Hickory Springs Manufacturing Company*, Case No. 1:11-cv-00067-SA (N.D. Miss.), transferred to this Court by MDL Panel, *see* Conditional Transfer Order (CTO-3) (Dk. 73 Apr. 12, 2011); and *Spring Air International LLC, et al v. Hickory Springs Manufacturing Co.*, Case No. 1:11-10001 (N.D. Ohio).

proceed in a class but to sue separately in a direct action because of the importance of the case to them and their need to have separate counsel. Richard Alan Arnold and William J. Blechman of Kenny Nachwalter, P.A., who are counsel for the Sealy Plaintiffs, collectively have more than 60 years of experience practicing antitrust law. We understand and are comfortable with the duties of liaison counsel for Direct Action (Non-Class) Plaintiffs in antitrust cases, having been appointed by courts to serve in that capacity in *In re Linerboard Antitrust Litig.*, MDL 1261, Twentieth Case Management Order dated Nov. 25, 2005 (E.D. Pa.); *In re Rubber Chemicals Antitrust Litig.*, MDL 1648, Scheduling Order dated Apr. 4, 2005 (N.D. Cal.); *In re Payment Card Interchange and Merchant Discount Antitrust Litig.*, MDL 1720, Pretrial Order No. 5 dated Feb. 24, 2006 (E.D.N.Y.); and *In re Processed Egg Products Antitrust Litig.*, MDL 2002, Case Management Order No. 15 dated Jan. 24, 2011 (E.D. Pa.). Copies of those Orders are exhibits to the Sealy Plaintiffs' memorandum in support of their motion to modify the CMO. Dk. 67. The Sealy Plaintiffs, whom we represent, are substantial stakeholders in this case and will be active in these proceedings.

If the Court agrees that appointment of liaison counsel for Direct Action (Non-Class) Plaintiffs is appropriate in this case, then we propose that it issue an Order amending its Amended Order of January 28, 2011, Dk. 28, identifying the category "Direct Action (Non-Class) Plaintiffs" and designating William J. Blechman of Kenny Nachwalter, P.A. as Liaison Counsel for that category of plaintiff.

For the Court's convenience, a proposed Order accompanies this Memorandum as Exhibit 1.

Dated: July 8, 2011

Respectfully submitted,

KENNY NACHWALTER, P.A.
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Douglas H. Patton, Esquire*
James T. Almon, Esquire
201 South Biscayne Boulevard
Suite 1100
Miami, Florida  33131-4327
Tel:    (305) 373-1000
Fax:   (305) 372-1861
E-mail: wblechman@kennynachwalter.com

By: /s/ William J. Blechman
William J. Blechman

**Counsel for Sealy Plaintiffs**

*LICENSED TO PRACTICE LAW IN MA, UT, DC AND NY; NOT LICENSED IN FLORIDA.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via ECF on counsel of record, and by e-mail and U.S. Mail on the counsel identified below, this _____ day of July, 2011:

Michael B. Gratz, Jr., Esquire
Gratz & Gratz, P.A.
312 N. Green Street
Tupelo, MS 38804
Tel: (662) 844-5531
Fax: (662) 844-8747
E-mail: Michael@gratzandgratz.com
*Counsel for Plaintiff Henson Sleep Relief, Inc.*

W. Lawrence Deas, Esquire
Deas & Deas, LLC
Post Office Box 7282
Tupelo, MS 38802-7282
Tel: (662) 842-4546
Fax: (662) 842-5449
E-mail: Lawrence@dealslawfirm.com
*Counsel for Plaintiffs Henson Sleep Relief, Inc. and H.M. Richards, Inc., et al*

Charles E. Tompkins, Esquire
Shapiro Haber & Urmy, LLP
53 State Street
Boston, Massachusetts 02109
Tel: (617) 439-3939
Fax: (617) 439-0134
E-mail: ctompkins@shulaw.com
*Counsel for Plaintiffs Spring Air, LLC, Spring Air Ohio LLC, and E&E Bedding Company, Inc.*

Don O. Gleason, Jr., Esquire
Gleason & McHenry, PLLC
Post Office Box 7316
Tupelo, MS 38802-7316
Tel: (662) 690-9824
Fax: (662) 690-9826
E-mail: don.gleason@gleason-mchenry.com
*Counsel for Plaintiff H.M. Richards, Inc., et al*

Drew Neville, Esquire
Kurt Rupert, Esquire
David A. Elder, Esquire
Elizabeth A. Price, Esquire
Hartzog Conger Cason & Neville
201 Robert S. Kerr, Suite 1600
Oklahoma City, Oaklahoma 73102
Tel: (405) 235-7000
Fax: (405) 996-3403
E-mail: dneville@hartzoglaw.com
krupert@hartzoglaw.com
delder@hartzoglaw.com
eprice@hartzoglaw.com
*Counsel for Plaintiff Factory Direct, Inc.*

_____
William J. Blechman

407786.1

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| IN RE POLYURETHANE FOAM ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL Docket No. 2196<br><br>Index No. 10-MD-2196 (JZ)<br><br>Judge Jack Zouhary |

## [PROPOSED] ORDER

This cause is before the Court on the motion of the Sealy Plaintiffs to appoint Kenny Nachwalter, P.A. as Liaison Counsel for the Direct Action (Non-Class) Plaintiffs in MDL 2196. The Court has considered the motion, the record in this case, and being otherwise advised, it is

Ordered and Adjudged that the motion is Granted. Accordingly, the Amended Order of January 28, 2011 (Dk. 28) is amended to reflect that William J. Blechman of Kenny Nachwalter, P.A. is appointed Liaison Counsel for Direct Action (Non-Class) Plaintiffs in MDL 2196.

Done and Ordered in Chambers in Toledo, Ohio this _____ day of July, 2011.

_____
JUDGE JACK ZOUHARY
UNITED STATES DISTRICT JUDGE

cc: Counsel of record (via ECF)

410624.1