IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | MDL Docket No. 2196 |
| | Index No. 10 MD 2196 (JZ) |
| | O R D E R |
| | JUDGE JACK ZOUHARY |

## INTRODUCTION

This matter is before the Court on Defendant Leggett & Platt's Motion for Reconsideration of this Court's prior ruling denying its Motion to Dismiss (Doc. No. 195). In the alternative, Leggett & Platt requests certification for an immediate appeal pursuant to 28 U.S.C. § 1292(b).

For the reasons set forth below, Leggett & Platt's request for reconsideration or certification is denied. Lest other Defendants seek to adopt a similar misreading of this Court's July 19 Order (Doc. No. 191), this Court offers additional clarifying remarks.

## DISCUSSION

**Reconsideration Denied**

This Court does not recognize the Order described by Leggett & Platt. Rather than conceding that "much of what is alleged in the Complaints" was insufficient (Doc. No. 195-1 at 3), this Court actually stated "the allegation that Defendants 'contracted, combined, or conspired to fix, raise, maintain, and/or stabilize prices and allocate customers' rings conclusory" and that "these paragraphs" (referring to paragraph 3 in both Consolidated Amended Complaints) "resemble the sort of 'formulaic recitation' of an antitrust claim's elements rejected by *Twombly*" (Doc. No. 191 at 3). This Court then went on to conclude that because Plaintiffs tied together these general allegations to the more specific

allegations that followed, Plaintiffs (both Direct and Indirect Purchasers) satisfied their pleading burdens (*id*. at 3–4).

Nor did snippets from this Court's Order addressing plausibility indicate, as Leggett & Platt concludes, that *only* the allegations selected for treatment in the Order saved the Complaints from a fate similar to *Twombly*. Leggett & Platt entirely ignores, among other things, those Complaint paragraphs that immediately precede the discussion of the Vitafoam employees' admissions and the sworn Canadian Bureau of Competition Information (itself supported by "reasonable grounds . . . for belief" (Doc. No. 100-2 at 1)) in which Leggett & Platt sees itself implicated as an alleged cartel member alongside companies that have all been named as Defendants in this MDL: namely, that Defendants adopted methods for regularly reaching agreements on price increase amounts and timing (Doc. No. 46 at ¶ 63; Doc. No. 52 at ¶ 75); used increases in raw material costs as a pretext for the agreed-upon price increases (Doc. No. 46 at ¶ 64; Doc. No. 52 at ¶ 76); and coordinated price increases and enforced compliance with the price increase agreement through telephone conversations, price letter exchanges, and in-person discussions among competitors (Doc. No. 46 at ¶¶ 65–66; Doc. No. 52 at ¶¶ 77–78).

While such Complaint paragraphs do employ the term "Defendants" to define the conspiracy, and do not individually list the named Defendants, the use of a supposedly "general" pleading device is improper only if the allegations fail to provide Defendants sufficient notice of the claims asserted against them. *See In re TFT-LCD (Flat Panel) Antitrust Litig*., 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) (observing plaintiffs need not advance defendant by defendant allegations, but cannot rely on pleadings that fail to put specific defendants on notice of the claims against them); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (stating that so long as fair notice is provided of the claim's

2

grounds, specific facts are not necessary) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Leggett & Platt, like other Defendants, is in fact aware of the claims alleged against it.

Like other Defendants, Leggett & Platt stands alleged of coordinating price increases and allocating customers according to an agreement coordinated and enforced by telephone conversations, price letter exchanges, and in-person meetings. Consistent with this agreement, Leggett & Platt pricing letters were found in certain Defendants' files. According to the *Watson Carpet & Floor Covering, Inc. v. Mohawk Industries, Inc.* standard followed by this Court's Order, this fact is plausibly, though not solely, explained by Leggett & Platt having shared pricing letters with competitors in accordance with the conspiracy's price coordination and enforcement methods. Moreover, each pricing letter was found alongside similar letters from five other competitor firms, all of which are named here as Defendants and, with one exception, each letter bears the same effective date and percentage price increase (Doc. No. 100-2 at 7). This Court cannot say that when such allegations are considered in the broader context and accepted as true, no reasonable inference can be drawn suggesting Leggett & Platt participated in a conspiracy, or that Leggett & Platt has not been put on notice of Plaintiffs' claims.

After considering the lengthy briefing materials submitted by the parties, written responses to questions propounded by this Court, and lengthy oral argument, this Court remains satisfied that the Complaints, considered as a whole, provide Leggett & Platt the measure of notice required by Federal Civil Rule 8.

Lastly, this Court's decision to initially permit only focused discovery as to certain Defendants does not "concede[] that Leggett & Platt [and other such Defendants] really do[] not belong with the core group of Defendants in this case" (Doc. 195-1 at 7). Rather, this Court considered and denied

3

each such Defendant's Motion to Dismiss, and appropriately exercised its discretion under Federal Civil Rules 1 and 26 to "tee up" potential summary proceedings involving a subgroup of Defendants at an earlier time than other Defendants for whom Plaintiffs provided "extra" detail of their potential involvement in a illegal conspiracy.

**Certification Denied**

Leggett & Platt alternatively seeks certification of an immediate appeal of this Court's denial of the Motions to Dismiss. This Court may only certify such an appeal upon concluding: (1) the order involves a controlling question of law; (2) a difference of opinion exists within the controlling circuit; and (3) an immediate appeal may materially advance termination of the litigation. *Deustche Bank Nat. Trust Co. v. Weickert*, 638 F. Supp. 2d 826, 830 (N.D. Ohio 2009). Leggett & Platt seeks immediate appeal of two issues: (1) whether a Court may "regard[] the existence of [a] governmental investigation as significant" at the pleadings stage (Doc. No. 195-1 at 10); and (2) whether a defendant's possession of pricing letters of a competitor alleged to be a member of a conspiracy in which product price increases are coordinated and enforced through the exchange of pricing letters can support a reasonable inference of the competitor's participation in the conspiracy.

As this Court's Order clearly states, the existence of two government investigations of price-fixing and customer allocation in the same product markets during overlapping time periods and among a substantially similar group of competitor firms did not alone "nudge" the Complaints from the realm of the possible to the plausible, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), but rather such momentum was generated by the admissions developed through those investigations (Doc. No. 191 at 4). Leggett & Platt thus asks this Court to certify an appeal in which an appellate court would be asked to rule, as a matter of law, that a district court could not consider alleged statements

by defendants explicitly confirming the existence of an agreement to fix prices, or a sworn Information identifying the members of an alleged cartel, when evaluating a complaint. But the Sixth Circuit, among others, has already recognized such "smoking gun" allegations are sufficient, though not necessary, to state an antitrust claim. *See Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.,* 2011 WL 2462833, \*5 (6th Cir. 2011).

Likewise, the Sixth Circuit has also held that conduct of a defendant alleged to be a member of a conspiracy plausibly suggested by direct evidence, like the admissions in this case, cannot explain away allegations consistent with the agreement at the pleadings stage. According to this Circuit, "[f]erreting out the most likely reason for the defendants' actions is not appropriate" when considering a motion to dismiss. *Id.* Yet Leggett & Platt is now asking for leave to reargue the same point, after disregarding allegations that Leggett & Platt along with others reached agreements on pricing levels through the exchange of price increase letters (Doc. No. 46 at 65; Doc. No. 52 at 77). This Court fails to see the talismanic quality of substituting a list of the individual Defendants for the supposedly conclusory term "Defendants" when the relevant Complaint paragraphs clearly state that *each* Defendant stands accused of the same conduct. Therefore, this Court believes the issues presented by Leggett & Platt do not meet *any* of the requirements for certification: there is no controlling question of law; no "substantial ground for difference of opinion;" and "no way no how" does such an appeal materially advance the litigation -- rather, it would be an unnecessary delay and expense. 28 U.S.C. § 1292(b).

**CONCLUSION**

In summary, this Motion raises issues already argued, considered, and rejected.

IT IS SO ORDERED.

                                                   s/ *Jack Zouhary*
                                        JACK ZOUHARY
                                        U. S. DISTRICT JUDGE

                                        July 27, 2011