**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| _____ ) | |
| In re POLYURETHANE FOAM ANTITRUST ) | |
| LITIGATION ) | MDL Docket No. 2196 |
| _____ ) | Index No. 10-MD-2196 (JZ) |
| ) | |
| This document relates to: ) | |
| ) | |
| ALL CASES ) | |
| _____) | |

**<u>DIRECT PURCHASER CLASS AND INDIRECT PURCHASER CLASS PLAINTIFFS'
OPPOSITION TO FOAMEX INNOVATIONS, INC.'S SEALED MOTION FOR
RECONSIDERATION OF THE COURT'S JULY 19, 2011 ORDER (DOCKET NO. 214)</u>**

Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs (collectively, "Plaintiffs") hereby submit their Opposition to the Sealed Motion for Reconsideration of the Court's July 19, 2011 Order or, in the Alternative, for Certification Under 28 U.S.C. § 1292(b), filed by Defendant Foamex Innovations, Inc. ("FXI") (Docket No. 214).

## Preliminary Statement

FXI argues that the Court should reconsider its July 19, 2011 Order denying FXI's motion to dismiss, purportedly because (1) the Court erred in finding that the Consolidated Amended Complaint ("CAC") adequately alleged FXI's participation in an antitrust conspiracy; and (2) FXI is exempted from all liability in this action due to a June 12, 2009 bankruptcy sale in which FXI bought the assets of its predecessor, Foamex International Inc.  Both of these arguments were fully briefed and argued by the parties in connection with the motion to dismiss, and on this basis alone, FXI's motion for reconsideration should be denied.

To the extent FXI requests, in the alternative, that the Court certify the July 19 Order for immediate appeal, this request is similarly meritless.  The issue FXI seeks to certify—whether an asset purchase agreement (or APA) precludes its liability for its predecessor's pre-2009 involvement in the conspiracy—will not result in the immediate termination of this litigation. This is because the CAC alleges that FXI participated in the conspiracy *after* the 2009 bankruptcy transaction at issue, and it is axiomatic that a defendant is liable for all of co-conspirator's acts throughout the conspiracy period regardless of when the defendant joined the conspiracy.  Thus, a resolution in FXI's favor on its requested appeal would still not terminate Plaintiffs' litigation against FXI.

## Argument

### I.     FXI'S MOTION IS UNTIMELY AND, IN ANY EVENT, CANNOT MEET THE STANDARDS FOR RECONSIDERATION, BECAUSE IT MERELY REHASHES ARGUMENTS PREVIOUSLY MADE AND REJECTED

FXI contends that this Court can reconsider the Order "for any reason," but a motion for

reconsideration of a motion to dismiss order is ordinarily analyzed under Federal Rule of Civil

Procedure 59(e).  *Lommen v. McIntyre*, 125 Fed. Appx. 655, 658 (6th Cir. 2005).  The only

exception is if the motion is brought outside the applicable time period for a Rule 59(e) motion—

*i.e.*, 10 days after the issuance of the relevant order—at which point the motion should either be

denied as untimely or, alternatively, analyzed under Rule 60(b).  *Id. at* 658 (affirming district

court's decision to deny reconsideration of motion to dismiss order where motion was filed more

than 10 days after order issued and did not satisfy Rule 60(b)); *Hancor, Inc. v. Int'l Am. Builders

Agencies, Co., Inc.*, 1998 WL 239283 (N.D. Ohio Mar. 19, 1998) ("Although a motion for

reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a

motion made under Rule 59(e) [or], if the motion is served after the ten-day requirement of Rule

59(e) some courts treat the motion as a 60(b) motion for relief from judgment.").[1]

Because FXI made its motion for reconsideration on August 3, 2011, 15 days after the

Court's July 19, 2011 order, *see* Docket No. 209, the Court may thus deny the motion as

untimely or analyze it under Rule 60(b).  *See Lommen*, 125 Fed. Appx. at 658.  Under Rule

---

[1]     FXI incorrectly cites *ACLU of Ky. v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010), for the proposition that a motion to reconsider an order denying a motion to dismiss is *not* subject to Rules 59(e) or 60(b).  *ACLU of Ky.* involved reconsideration of a motion for summary judgment, not a motion to dismiss:  "Although we generally review a grant or denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion, when the Rule 59(e) motion seeks review of a grant of summary judgment, we apply a *de novo* standard of review." *Id.* at 450; *see also Lommen*, 125 Fed. Appx. at 658.

60(b), a court may reconsider its order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party, (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively it is no longer equitable; or (6) any other reason that justifies relief." *See* Fed. R. Civ. Proc. 60(b).

FXI's reconsideration motion in no way suggests that any of the first five grounds for a Rule 60(b) motion exist here.  FXI is left to argue that its motion should be granted under subsection 6, but that ground is unavailable to a party that, like FXI, does nothing more than restate arguments contained in its earlier briefs on the original motion.[2] *See Lommen*, 125 Fed. Appx. at 658 (denying Rule 60(b)(6) motion for reconsideration because it did "nothing more than restate the arguments contained in his earlier response to the court's show cause order."); *Short v. Bradshaw*, 2009 WL 248378, at *1 (N.D. Ohio Feb. 3, 2009) (denying Rule 60(b) motion for reconsideration because "[a] motion to reconsider is not a vehicle permitting the unsuccessful party to rehash arguments previously presented.").  As such, even if timely, FXI's motion for reconsideration should be denied under Rule 60(b).

---

[2]  The FXI Motion makes the exact same arguments as its motion to dismiss, namely that (1) the CAC only contains allegations against FXI's predecessors, and (2) FXI is exempted from all liability in this action due to the June 12, 2009 APA, in which FXI bought the assets of its predecessor, Foamex International Inc.  *Compare* FXI Motion, at 2-9; *with* FXI's Individual Motion to Dismiss (Docket No. 101), at 5-14 *and* Declaration of Adam B. Wolfson dated August 12, 2011 ("Wolfson Decl."), Ex. A (Excerpts of Transcript of July 1, 2011 Hearing), at 60:25-67:3, 69:15-70:12.

Even analyzing the FXI Motion under Rule 59(e), it still fails.  A Rule 59(e) motion for reconsideration may be granted only if there is (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) to prevent manifest injustice.  *See* Fed. R. Civ. P. 59(e).  As with a Rule 60(b) motion, a Rule 59(e) motion cannot be based on rehashed arguments.  *See Younglove Const., LLC v. PSD Development, LLC*, 767 F. Supp. 2d 820, 824 (N.D. Ohio 2011).[3]  The FXI Motion also does not satisfy any of the grounds for a Rule 59(e) motion:  the Court has not erred for reasons set forth below; the government affidavits FXI cites are not newly discovered evidence; FXI has not cited to an intervening change in controlling law; and there is no manifest injustice in requiring FXI to defend against a well-pleaded complaint.

## II.    THE COURT PROPERLY HELD THAT PLAINTIFFS ADEQUATELY ALLEGED FXI'S PARTICIPATION IN THE CONSPIRACY

### A.    The CAC Contains Allegations Against FXI

FXI contends that the CAC does not make any allegations against FXI and instead focuses on Foamex International Inc., Foamex Canada, Inc., and "the other entities from which FXI bought assets free and clear in bankruptcy."  FXI Motion, at 2-7.  The stated basis for this assertion is that the Department of Justice, Antitrust Division ("DOJ") and Canadian Bureau of Competition ("CBC") affidavits that provided much of the evidence cited in the CAC purportedly list "Foamex International Inc." and "Foamex Canada, Inc." as the focus of their investigations.  *See id.* at 3-6.  FXI's arguments in this regard, however, mischaracterize both the

---

[3]    "It is not the function of a motion for reconsideration 'either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"  *Id.* (quoting *Braithwaite v. Dep't of Homeland Sec.*, 2010 WL 1392605, *1 (N.D. Ohio))

CAC and the DOJ and CBC affidavits.

The CACs explicitly states that all references to "Foamex" are to "Defendant FXI –
Foamex Innovations, Inc."  Direct Purchaser CAC ¶ 23; Indirect Purchasers' Class Action
Complaint ("ICAC") ¶ 33.  Thus, from a definitional standpoint, it is clear that FXI, ***not*** Foamex
International or Foamex Canada, is the focus of the complaint.

Likewise, while the CBC affidavit names "FXI – Foamex International" and other
Foamex entities, and the DOJ affidavit names "Foamex International, Inc.," it is clear that both
agencies intended to refer to FXI: by the time the affidavits issued, Foamex International had not
existed as an operating corporate entity for more than a year. *Compare* FXI Motion, at 3
(discussing July 14, 2010 FBI affidavit and July 21, 2010 CBC affidavit) *with id.* at 3-4 (Foamex
International transferred all its assets on June 12, 2009 and formally dissolved on February 5,
2010).[4]

In addition, the CAC alleges that Witness A—who was a *current* Vitafoam employee at
the time he testified to the CBC in May 2010 (*see* CAC ¶¶ 80-81, 83; ICAC ¶¶ 92-93, 95)—
named, among others, Vincent Bonaddio and Don Phillips as individuals with whom he

---

[4]  That the FBI and CBC conflated the name Foamex with FXI is not surprising when
viewed in light of FXI's own advertisements conflating FXI with its predecessor entities.  For
example, FXI's website claims that "*For over 60 years*, FXI has led [the polyurethane foam]
industry forward, pioneering greater innovations and more applications for our amazing material
[polyurethane foam]."  *See* FXI company "History" webpage,
http://www.fxi.com/html/01_history.php (last visited Aug. 12, 2011) (emphasis added).  The FXI
website continues, "*FXI history traces back to the initiation of commercial activities for the
polyurethane foam manufacturing industry in the 1950's. With over 60 years of development and
dedication*, we have built a capable and accomplished team, continually recognized by our
customers, suppliers and peers as a leader."  *Id.* (emphasis added).  Similar claims are made
regarding the foam-related patents FXI obtained in those 60 years, and FXI's webpage contains
images of "Vintage Advertisements"—which prominently display the Foamex trade name.  *Id.*

conspired while at Vitafoam.  The CAC and ICAC allege that these individuals were, respectively, FXI's Senior Vice President, Technical Products Group and Executive Vice President, Automotive Parts Division.  Direct Purchaser CAC ¶ 83; ICAC ¶¶ 95.  To the extent it is relevant to this motion, both men hold these *exact* positions at FXI, and are listed as part of FXI's "Management Team."  *See* FXI's "Corporate Leadership" webpage, http://www.fxi.com/html/01_management.php (last visited Aug. 12, 2011).  Thus, these Paragraphs alone implicates FXI as part of the conspiracy.[5]

### B.     The CAC Alleges FXI's Central Involvement in the Conspiracy After 2009

FXI contends that the Court erred in finding that the CAC alleges FXI's involvement in the conspiracy after June 12, 2009.  FXI Motion, at 6.  Much like Leggett & Platt's motion for reconsideration, FXI simply ignores the CAC, the submissions of the parties on the motions to dismiss, the July 1, 2011 oral argument, and the Court's determinations on the adequacy of the pleading.  For example, CAC Paragraph 97 alleges that, on April 9, 2010, Bruce Schneider of Future Foam informed Vitafoam that FXI, Future Foam, and Flexible Foam all intended prospectively to increase their prices by an identical 20%.  CAC Paragraph 101 quotes a May 25, 2010 recorded conversation in which Domfoam acknowledged that it and FXI allocated

---

[5]  FXI cites a New York state court case for the proposition that successor liability does not exist simply because employees worked at both the current company and the predecessor company.  FXI Motion, at 6.  This completely misses Plaintiffs' point, which is that successor liability is unnecessary given that the people who knew about and participated in the conspiracy *pre*-June 12, 2009 also worked at FXI and participated in the conspiracy *post*-June 12, 2009.  *Compare* CAC ¶ 112; *with* ¶¶ 83, 97, 101.

customers.[6]  As explained in the Court's July 19 Order and clarified in its July 28 Order denying

Leggett & Platt's motion for reconsideration ("L&P Order"), these allegations, taken as a whole

and in the context of the CAC's other detailed allegations, describe a plausible conspiracy.  July

19 Order, at 2-6; L&P Order, at 2-4; *see also* Wolfson Decl., Ex. A, at 65:6-7.

As in its motion to dismiss papers (*see* Docket No. 101, at 10-14), FXI attempts to

explain away Paragraphs 97 and 101.  *See* FXI Motion, at 7-9.  But these rehashed arguments

again do not provide grounds for reconsideration.  *See supra*.  Further, FXI's explanations for

Paragraphs 97 and 101 purport to draw inferences in FXI's favor, but in a motion to dismiss, all

reasonable inferences are to be drawn in Plaintiffs' favor.  *See* Order, at 2-6.

## C.    The APA Order Does Not Affect FXI's Liability For Foamex International Inc.'s Acts

FXI argues that the Asset Purchase Agreement approved by the Delaware bankruptcy

court ("APA") precludes FXI's liability for its predecessor's pre-June 12, 2009 bad acts.  FXI

Motion at 1, 4.  FXI made the exact same arguments in its motion to dismiss.  *See* Docket 101.

As Plaintiffs have previously shown, these arguments are unavailing, because the CAC alleges

FXI's involvement in the conspiracy after June 2009, and it is well-established that a defendant

may be liable for *all* of its co-conspirators' acts throughout the conspiracy period, regardless of

when the defendant joins the conspiracy.  *See* Direct Purchaser Plaintiffs' Omnibus Response to

Defendants' Separately Filed Memoranda in Support of Their Motions to Dismiss, at 70-72

(Docket No. 114) ("Omnibus Response").  Moreover, for the reasons set forth in Plaintiffs' brief

in opposition to FXI's motion to dismiss and summarized in Plaintiffs' "Hearing Book"

_____

[6]    In addition, as shown by Plaintiffs in opposition to FXI's motion to dismiss, CAC ¶ 83 and ICAC ¶ 95 quote admissions from Vitafoam Witness A that he directly conspired with FXI executives Vincent Bonaddio and Donald Phillips.

submitted during the July 1, 2011 hearing, the APA does not relieve FXI of liability. *See* Omnibus Response, at 59-70; Direct Purchaser Plaintiffs' "Hearing Book," at Tabs 32-34.

## III.   THERE IS NO BASIS TO CERTIFY THE JULY 19 ORDER FOR IMMEDIATE APPEAL

As an alternative to reconsideration, FXI asks the Court to certify for immediate appeal "the issue of whether the Court's direct or indirect reliance on allegations in the Complaints relating to the Debtors conflicts with the Delaware Bankruptcy Court's express prohibition of and injunction against antitrust and successor liability claims." FXI Motion, at 9.[7]

FXI's certification request ignores the CAC's allegations regarding FXI's post-June 12, 2009 participation in the conspiracy. This is notable because these allegations set forth conspiratorial conduct—and potential liability—that does not implicate the APA in any way. The contemplated appeal would not address all aspects of FXI's liability, and would therefore lead only to "unnecessary delay and expense." *Id.*; *see also Manor Care, Inc. v. First Specialty Ins. Corp.*, 2006 WL 3097193, at *2 (N.D. Ohio Oct. 30, 2006) ("This does not rise to the level of an 'exceptional case' where an intermediate appeal would avoid protracted and expensive litigation.").[8]

Certification also is not warranted because FXI has not identified a conflict within the

---

[7]   As the Court previously noted, it "may only certify such an appeal upon concluding: (1) the order involves a controlling question of law; (2) a difference of opinion exists within the controlling circuit; and (3) an immediate appeal may materially advance termination of the litigation." (L&P Order, at 4 (citing *Deutsche Bank Nat. Trust Co. v. Weickert*, 638 F. Supp. 2d 826, 830 (N.D. Ohio 2009)).)

[8]   Certification would also not shorten the time and expense of litigation because Plaintiffs would be entitled to discovery from FXI in any event to the extent FXI possesses Foamex's documents, Foamex is alleged to have been part of the conspiracy from 2000-2010, and Foamex's documents may shed light on the other defendants' participation in the conspiracy.

controlling circuit.  The only contrary authority FXI has cited, *Trans World Airlines*, is in the

Third Circuit, and involves inapposite facts: a bankruptcy in which the final acts giving rise to

the claims all arose prior to bankruptcy.  *See* Omnibus Response, at 60-61, 69-70.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court deny FXI's

Motion for Reconsideration in its entirety.

DATED: August 12, 2011

Respectfully Submitted,


/s/ William A. Isaacson
William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC  20015
Phone:  202-237-5607
Fax:     202-237-6131

/s/ Stephen R. Neuwirth
Stephen R. Neuwirth
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Phone:  212-849-7165
Fax:     212-849-7100


*Direct Purchaser (Class Action) Plaintiffs' Interim Lead Counsel*


/s/ Marvin A. Miller
Marvin A. Miller
MILLER LAW LLC
115 South LaSalle St., Suite 2910
Chicago, Illinois 60603
Phone: 312-332-3400
Fax:     312-676-2676


*Indirect Purchaser Plaintiffs' Interim Lead Counsel*


9

## <u>CERTIFICATION OF COUNSEL</u>

Pursuant to Local Rule 7.1(f), I hereby certify that this case has been assigned to the complex track.  I further certify that the foregoing Memorandum adheres to the page limitations set forth in Local Rule 7.1(f).

<u>/s/ Adam B. Wolfson</u>

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2011, I served via email, Direct Purchaser and Indirect Purchaser Class Plaintiffs' Opposition to Defendants' Arguments Regarding Fraudulent Concealment in Their Motions for Reconsideration, Direct Purchaser Class and Indirect Purchaser Class Plaintiffs' Opposition to Foamex Innovations, Inc.'s Sealed Motion for Reconsideration of the Court's July 19, 2011 Order (Docket No. 214), and the Declaration of Adam B. Wolfson, on Defendants' counsel as listed below.

/s/ Adam B. Wolfson

Francis P. Newell
Peter M. Ryan
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
fnewell@cozen.com
pryan@cozen.com

*Counsel for Defendant FXI – Foamex Innovations, Inc.*

Shepard Goldfein
Elliott A. Silver
SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP
Four Times Square
New York City, NY 10036
shepard.goldfein@skadden.com
elliott.silver@skadden.com

*Counsel for Defendants Domfoam International, Inc. and Valle Foam Industries (1995), Inc.*

Michael D. Mustard
HUNT SUEDHOFF KALAMAROS LLP
803 S. Calhoun, 9th Floor
P. O. Box 11489
Fort Wayne, IN 46858-1489
mmustard@hsk-law.com

Kendall Millard
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
kendall.millard@btlaw.com

*Counsel for Defendants Flexible Foam Products, Inc. and Ohio Decorative Products, Inc.*

James H. Walsh
Anne M. Whittemore
Howard Feller
Bethany G. Lukitsch
MCGUIREWOODS LLP
One James Center
901 E. Cary St.
Richmond, VA 23219
jwalsh@mcguirewoods.com
awhittemore@mcguirewoods.com
hfeller@mcguirewoods.com
blukitsch@mcguirewoods.com

*Counsel for Defendants Carpenter Company, E.R. Carpenter, L.P. and Carpenter Holdings, Inc.*

Daniel R. Warncke
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Tel.: 513.381.2838
Fax: 513.381.0205
warncke@taftlaw.com

Joe Rebein
Laurie A. Novion
Shook, Hardy & Bacon
255 Grand Blvd.
Kansas City, MO 64108
Tel.: 816.474.6550
Fax: 816.421.5547
jrebein@shb.com
lnovion@shb.com

*Attorneys for Defendant Leggett & Platt,
Incorporated.*

Randall L. Allen
Teresa T. Bonder
Erica Fenby Ghali
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
randall.allen@alston.com
teresa.bonder@alston.com
erica.ghali@alston.com

*Counsel for Defendant Mohawk Industries,
Inc.*

Frank A. Hirsch, Jr.
Matthew P. McGuire
ALSTON + BIRD LLP
4721 Emperor Blvd.
Suite 400
Durham, NC 27703
frank.hirsch@alston.com
matt.mcguire@alston.com

Mark T. Calloway
Jennie C. Boswell
ALSTON & BIRD LLP
Bank of American Plaza, Suite 4000
101 South Tryon Street
Charlotte, NC 28280
mark.calloway@alston.com
jennie.boswell@alston.com

*Counsel for Defendant Hickory Springs
Manufacturing Company*

Richard A. Duncan
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
rduncan@faegre.com

*Counsel for Defendant Otto Bock Polyurethane Technologies, Inc.*

Sheldon H. Klein
BUTZEL LONG
Stoneridge West
41000 Woodward Ave.
Bloomfield Hills, MI 48304
klein@butzel.com

*Counsel for Defendant Plastomer Corporation*

Henry J. Geha, III
ROETZEL & ANDRESS
One SeaGate
Suite 1700
Toledo, OH 43604
hgeha@ralaw.com

*Counsel for Defendant Scottdel Inc.*

Edward G. Warin
John P. Passarelli
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
edward.warin@kutakrock.com
john.passarelli@kutakrock.com

*Counsel for Defendant Future Foam, Inc.*

Louis Carson
Scottdel Inc.
400 Church Street
Swanton, OH 43558

*Defendant*

David Carson
Scottdel Inc.
400 Church Street
Swanton, OH 43558

*Defendant*