UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL CASES | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |

## DECLARATION OF ADAM B. WOLFSON

I, Adam B. Wolfson, under penalty of perjury, declare as follows:

1.  I am an associate at Quinn Emanuel Urquhart & Sullivan, LLP, and I represent Direct Purchaser (Class Action) Plaintiffs ("Plaintiffs") in these consolidated actions. I submit this declaration in support of Direct Purchaser Class and Indirect Purchaser Class Plaintiffs' Opposition to Foamex Innovations, Inc.'s Sealed Motion for Reconsideration of the Court's July 19, 2011 Order (Docket No. 214).

2.  Attached hereto as Exhibit A is a true and correct copy of relevant excerpts from the transcript of the July 1, 2011 hearing held before the Court on Defendants' respective motions to dismiss.

I declare under penalty of perjury that the foregoing is truthful and correct. Executed on August 12, 2011.

*[signature]*
Adam B. Wolfson

# Exhibit A

```
 1              THE COURT:  Good morning.  Please be seated
 2   everyone.  Welcome.  We have lots to cover and I know
 3   people have planes and trains to catch, so I'll try to keep
 4   my remarks to a minimum and encourage you to do the same.
 5   You have an agenda that was handed out and I'd like to
 6   follow it.  If there are other items you wish to discuss we
 7   certainly can do so and I'll leave it to you and your good
 8   discretion toe raise it at the appropriate time.  This
 9   first item is what I call a housekeeping matter, and I'd
10   like to clarify and hopefully easily resolve any issues
11   with respect to any party that is incorrectly named.  Let's
12   just straighten that up.  The example I tossed out is
13   carpenter entities and do we have a dispute here with
14   respect to them are they collectly identified.  Do you want
15   to go ahead and address that Steve?
16              MR. NEUWIRTH:  Mr. Isaacson?
17              MR. ISAACSON:  Your Honor --
18              THE COURT:  This courtroom is not the best for
19   acoustics so I want to make sure everybody can hear and
20   there's a large crowd and some are behind you.
21              MR. ISAACSON:  We noted the discrepancy between
22   how carpenter was listing one entity and how we have.  We
23   haven't had the opportunity to confer with them.  When they
24   tell us this is the correct entity name we'll have no
25   problem putting that correct entity name in, and if any
```

```
 1   Your Honor, and this is the HCR -- HCR I case.  What Your
 2   Honor concluded in that case is simply that the defendant's
 3   own president and the defendant's own CEO were agents of
 4   that corporation.  He didn't address whether the president
 5   or CEO of a parent corporation were agents of those
 6   corporations.  The other cases are simply not applicable.
 7   They don't establish that a mere allegation that a
 8   president of a parent corporation merely, quote, acting for
 9   is enough to establish agency of that corporation.  And
10   thank you Your Honor.  That's all I have to say.
11              THE COURT:  Let's go onto question number eight
12   please for both sides with respect to FXI.  This will
13   require merely a short answer.  Give me your cite.
14              MR. NEUWIRTH:  Thank you, Your Honor.  And we
15   have these collected behind tab 26 and 27.  The first
16   answer is as you know Your Honor.
17              THE COURT:  I'm going to stop you, 26 and 27 is
18   where I'll find the answer to that question?
19              MR. NEUWIRTH:  Correct.
20              THE COURT:  Thank you.  Other side, give me a
21   cite.
22              MR. RYAN:  Tabs 26 and 27 -- good morning, Peter
23   Ryan.
24              THE COURT:  Thank you.
25              MR. RYAN:  Tabs 26 and 27 the plaintiffs have
```

1  identified four paragraphs.  I'm just note for Your Honor's
2  consideration that they also attach an exhibit at the end
3  where they have a long list of what they say are the
4  allegations that relate to what they call Foam Ex.  We said
5  it's in our papers but I'll reiterate it one more time, FXI
6  Foamex innovations Inc. is not Foamex international Inc.
7  And plaintiffs ignore this in their complaints.  They
8  ignore it in their opposition brief.  They ignored it in
9  the binder that they have prepared today.  I'm going to
10 address the four paragraphs that they have specifically
11 identified in this tab.
12         The first is paragraph 97 of the CAC, this
13 paragraph does not allege anything about FXI that is
14 suggestive of a conspiracy or an agreement to fix prices.
15 This paragraph alleges that two other individuals, not at
16 FXI, had a discussion in April of 2010 where one told the
17 other that future Foamex and flexible intended to increase
18 the price of foam by 20 percent in the next weeks.  This is
19 not an allegation that FXI agreed with anyone on the price
20 of foam.  It is market information where it came from is
21 not in the paragraph.  It could have come from customers or
22 some other source.  It is not an allegation that FXI made
23 an agreement with anyone.  And there is no suggestion in
24 this paragraph that FXI has shared any information with
25 anyone except its customers.  We don't know where this

```
 1   information came from.  I would just call your attention to
 2   a paragraph that's not mentioned in the list four of the
 3   plaintiffs identify in the next paragraph paragraph 98
 4   because this illuminates or mud else the information in
 5   paragraph 97.  The paragraph 98.
 6              THE COURT:  Which does it do.
 7              MR. RYAN:  It mud else it to be sure.  In
 8   paragraph 98 the same individuals are having a conversation
 9   at a later date where and quote, in a CAC now it's looking
10   it's all -- everything is postponed to May 31st or
11   June 1st.  There is a letter out from -- from 31st of May,
12   this is a letter out for flexible for June 1st.  Foamex
13   sent a letter two weeks ago at 15 percent but it looks like
14   now that the increase is going to be ten and 12 percent on
15   the foam.  This is not an allegation of an agreement by
16   anyone.  This is an indication of a lack of agreement.
17   Paragraph 97 is apparently plaintiffs have identified
18   suggests that they're all going at 20 percent.  Then
19   there's a letter in paragraph 98 from Foamex, a letter that
20   was sent out doesn't say that Foamex sent it to any of the
21   other defendants.  It says that Foamex is going at 15
22   percent, not 20 percent.  But then paragraph 98 says that
23   the actual increase is going to be ten to 12 percent so we
24   have three different percentages here that is not evidence
25   of an agreement by Foamex Innovations Inc. to fix prices
```

```
 1   with anyone.  The next paragraph that plaintiff's have
 2   identified is paragraph 101.
 3              THE COURT:  Before you go onto that, isn't that
 4   an example of why we need more of a record to determine
 5   whether the conduct that's been alleged in this example is
 6   perfectly innocent or part of the conspiracy?
 7              MR. RYAN:  Your Honor, before we get to the point
 8   where we can go into discovery, the plaintiffs have to
 9   allege that FXI actually participated or made an agreement
10   to fix prices.
11              THE COURT:  Oh, they've an edge willed that.
12   They've alleged you're part of the agreement, part of the
13   conspiracy and your part and parcel of the problem they may
14   not have named a date or a month or a year, but they've
15   named you as part of the group and cited as an example what
16   you just quoted from.  Isn't that enough to get you into
17   the game, so to speak, at this juncture.
18              MR. RYAN:  Your Honor, it is not.  And I would
19   refer you to sixth circuit's decision and your opinion
20   Total Benefits planning and the quote in that case, and I
21   point out here that there is no allegation putting to one
22   side the facts that plaintiffs completely ignored the
23   difference between the bankrupt company Foamex
24   international Inc. and FXI, there is no allegation in the
25   complaint anywhere that FXI ever joined the conspiracy or
                    UNCERTIFIED ROUGH DRAFT COPY
```

```
 1   took any affirmative act in support of this conspiracy and
 2   in Total Benefits the sixth circuit held nowhere did
 3   plaintiffs allege when defendants joined the conspiracy,
 4   where or how this was accomplished and by whom or for what
 5   purpose.  Generic pleading alleging misconduct against
 6   defendants without specifics as to the role each played in
 7   the alleged conspiracy was specifically rejected by
 8   Twombly.  In this circumstance, Your Honor, where the
 9   plaintiffs completely ignore the difference between two
10   companies, just because they both have the name Foamex in
11   them they assume they're the same, general allegations of
12   conspiratorial discussion or in this paragraph of a letter
13   that problems we have no idea where it came from untended
14   any specific allegation or conduct by FXI is inadequate
15   under Twombly and Total Benefits.
16           THE COURT:  Are you representing FXI Foamex
17   Innovations and -- I'm sorry, anybody else?
18           MR. RYAN:  I just represent FXI.
19           THE COURT:  That's what I thought.  Thank you.
20           MR. RYAN:  There are other paragraphs in the
21   complaint that they've identified.
22           THE COURT:  You have comments, would you.  You
23   have 60 seconds.  That doesn't mean you get to talk fast.
24           MR. RYAN:  The next paragraph 101 they've
25   identified the CAC Your Honor and this is a paragraph where
```

```
 1   they have cited a discussion again.  This is between two
 2   people who have no connection to FXI where one person says
 3   we do the same thing with Foamex we don't go after their
 4   accounts and they've stayed away from our accounts too,
 5   this is not an allegation of any conspiracy to fix prices.
 6             THE COURT:  Sounds like they're cutting up the
 7   market to me.
 8             MR. RYAN:  Your Honor the Supreme Court addressed
 9   this very question in Twombly, and this quote Twombly 556
10   existing competition is routine market conduct so natural
11   in fact it's alleged parallel positions to exist
12   competition.  We're not going to apply to any ***justice
13   pleading section one against any group of competing
14   businesses would be a sure thing (check that ) this
15   paragraph 101 does not allege that this person speaking,
16   his company and FXI had an agreement not to go after each
17   other.  It just says that they don't go after each other
18   and he provides a perfectly legitimate reason for why.  And
19   the quote he says this is a market -- this is a quote there
20   ain't much business out there, unquote.  It's perfectly
21   legitimate conduct by two parties in a market where there
22   ain't much business about out there if you go after is
23   somebody else's customers you can be sure they're going to
24   come after yourself.  Twombly addressed this specificaly
25   and in my last 10 seconds, the last two paragraphs, these
```

```
 1   two paragraphs from the Canadian affidavit, one references
 2   what the CAC identifies as the current vice president of
 3   Vitafoam who spent 23 years in a different company and only
 4   arrived at Vitafoam in April of 2009.
 5              The allegation in paragraph 83 of discussions,
 6   exchanges of information and agreements with a laundry list
 7   of all the defendants including FXI is not a specific
 8   allegation that FXI participated in anything, any kind of
 9   TKPWREPL or took any conduct that is subject to section
10   one.  The only specific allegation with regard to this
11   individual the current vice president of Vitafoam are in
12   the CAC at paragraphs 87 and paragraph 112 A, and both of
13   those paragraphs, 87 and 112 A about this individual take
14   place well before the asset purchase and bankruptcy.  One
15   of them was in the year 2000 and another one is only
16   identified as while this person was employed at another
17   company, and that other company he didn't even arrive at
18   Vitafoam until before the bankruptcy.
19              So in the last paragraph is paragraph 84 Your
20   Honor, this is completely non specific.  It is a general
21   legal conclusion, a legal allegation about the Canadian
22   law, and I just want to point out one final thing, the
23   Canadian affidavit does the same thing that the CAC does.
24   It makes no distinction whatsoever between FXI and Foamex
25   international Inc. it identifies allegations throughout the
```

```
 1   affidavit and makes no distinction between the company that
 2   existed before the bankruptcy and the company that
 3   purchased assets it bankruptcy section 363.
 4            THE COURT:  You're ready to toss FXI?
 5            MR. NEUWIRTH:  In your honor.  Paragraph 23 of
 6   the complaint names FXI as a defendant.  It points out that
 7   FXI used to do business -- used to be called Foamex, it
 8   uses the term Foamex as the difficult vine term for FXI and
 9   part of the reason for that is because FXI bought Foamex
10   out of bankruptcy in June 2009.  One of the things that
11   acquired was the Foamex name and it continues to do
12   business as Foamex even though the technical corporate
13   owner is FXI.  We would respectfully submit that the
14   paragraphs in the complaint that we've cited at tabs 26 and
15   27 are way beyond the line of what Twombly and Iqbal
16   required.  Your Honor correctly pointed out that the
17   paragraph 101 refers to a conversation in which a vice
18   president of Vitafoam says that we do the same thing with
19   Foamex, we don't go after each other's accounts.  In the
20   context of what's been alleged, that is way beyond the line
21   from speculative to plausible.  Tab 27 paragraph 84 the
22   declaration from Canada is a declaration from an official
23   of the Canadian competition bureau, and he says previous
24   and ongoing conduct.  This is a July 21st 2010 affidavit, a
25   year after FXI bought the company called Foamex, a year
```

```
 1   each time you engage in the conspiratorial conduct.  So
 2   whether it is by virtue of newly joining the conspiracy and
 3   engaging in these new acts or whether it is by virtue of
 4   joining the conspiracy and becoming jointly and severally
 5   liable for all the conduct of the conspiracy, we believe
 6   that we've done more than enough to allege FXI's
 7   participation in the conspiracy, and let's not forget the
 8   same people are still at FXI that were at Foamex, the same
 9   people are engaged in the conduct.  All that changed was
10   the ownership and FXI is the entity that is referred to as
11   Foamex in the business community in the Canadian affidavit
12   and in our complaint.  Thank you.
13             THE COURT:  And therefore the bankruptcy order
14   cannot serve as a broom to sweep out.
15             MR. RYAN:  I respectfully disagree, Your Honor.
16   Mr. Neuwirth was just saying precisely what itches talking
17   about.  He talks about FXI continuing after the bankruptcy
18   with its conduct.  FXI is not Foamex international Inc.  We
19   will get in a moment when we get to the question about
20   successful liability.
21             THE COURT:  If we ever get there.
22             MR. RYAN:  If we ever get there to this.
23             THE COURT:  Actually we're there right now
24   because I posed the question but go ahead.  Work your
25   answer into what you want and again you've got 60 seconds.
```
UNCERTIFIED ROUGH DRAFT COPY

```
 1              MR. RYAN:  The allegations that Mr. Neuwirth
 2   identified about previous and ongoing conduct by a laundry
 3   list in the Canadian affidavit of every single entity named
 4   in that affidavit is not a specific allegation as to any
 5   particular time period about FXI.  And in this
 6   circumstance, given the fact of bankruptcy and given the
 7   successor liability issues that are at issue here and the
 8   fact that the paragraphs the plaintiffs have identified
 9   after the bankruptcy are wholly inadequate under Twombly.
10   It is very important to realize that Canadian affidavit
11   doesn't realize anything in particular or anything specific
12   about my client.
13              THE COURT:  Let's skip over number ten.  Let's go
14   onto number 11 and the Woodbridge emphasis.
15              MR. NEUWIRTH:  Thank you, Your Honor.
16              THE COURT:  Do we have some agreement as to
17   Woodbridge here which Woodbridge is in and Woodbridge is
18   out?  I challenge you to say that three times fast.
19              MR. NEUWIRTH:  Let me try to answer that in the
20   following way, we understand that the defendants made an
21   argument about our purportedly only focusing on the so
22   called Woodbridge group.  I believe that is a misstatement
23   in the complaint because Woodbridge group is not named as a
24   defendant and the and allegation about Woodbridge group
25   comes in paragraph 46 where it says that Woodbridge group,
                    UNCERTIFIED ROUGH DRAFT COPY
```