**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIG. | ) ) ) | MDL Docket No. 2196 Index No. 10-MD-2196 (JZ) |
| This document relates to: | ) ) ) | |
| ALL CASES | ) ) | |

**<u>DIRECT PURCHASER AND INDIRECT PURCHASER CLASS PLAINTIFFS'</u>**
**<u>OPPOSITION TO DEFENDANTS' ARGUMENTS REGARDING FRAUDULENT</u>**
**<u>CONCEALMENT IN THEIR MOTIONS FOR RECONSIDERATION</u>**

Direct Purchaser and Indirect Purchaser Class Plaintiffs respectfully submit this Opposition to Defendants' arguments regarding fraudulent concealment in their Motions for Reconsideration (Docket Nos. 202 and 203).

Plaintiffs respectfully submit that the issue of fraudulent concealment was already fully briefed by the parties in connection with the motions to dismiss, and that Defendants are improperly seeking to reargue this issue in their pending motions for reconsideration.

## ARGUMENT

### I.  THE CAC PROPERLY PLEADS FRAUDULENT CONCEALMENT AND RECONSIDERATION SHOULD BE DENIED

As Plaintiffs have shown, equitable tolling by the doctrine of fraudulent concealment is established when plaintiffs allege three elements: "1) defendants concealed the conduct that constitutes the cause of action; 2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitations period; and 3) until discovery, plaintiffs exercised due diligence in trying to find out about the cause of action."  *In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d  987, 1018 (E.D. Mich. 2010) (quoting *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 422 (6th Cir. 2009)); *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 537 (6th Cir. 2008) (setting forth jury instruction on fraudulent concealment).

Direct Purchaser Class Plaintiffs addressed how the CAC met each of these elements in Section V of their Common Issues Opposition to Defendants' Motion to Dismiss.[1]  *See* Docket No. 115 at 47.  Plaintiffs provided further argument, with respect to the due diligence prong, in their written response to Question 5 of the Common Issues questions that the Court posed to counsel in advance of the July 1, 2011 hearing on the motions to dismiss.  Question 5 asked

---

[1]   Indirect Purchaser Plaintiffs adopted the Direct Purchaser Class Plaintiffs' brief.  Docket No. 144 at 2 fn. 2.  Citations herein to the "CAC" are to the Direct Purchaser Class Plaintiffs' Consolidated Amended Complaint; citations to the "ICAC" are to parallel allegations in the Indirect Purchasers' Class Action Complaint filed May 23, 2011.

Direct Purchaser Class Plaintiffs to discuss *Hinds County v. Wachovia Bank* (aka *In re Municipal Derivatives Antitrust Litigation*). *See* Docket No. 172 at 5.

Defendants' motions for reconsideration address only the first prong of the fraudulent concealment analysis, and in this regard merely repeat arguments made in support of the motions to dismiss. Specifically, Defendants simply reassert that there have been only "conclusory" allegations of fraudulent concealment, a contention which Defendants argue is "self evident." *See* Docket No. 202 at 11.

Defendants' repetitive argument again ignores the standard in the Sixth Circuit for pleading fraudulent concealment. Acts in furtherance of a conspiracy, including those acts that "give the illusion of competition" or otherwise attempt to maintain the secrecy of Defendants' conduct, constitute affirmative acts of concealment. *Pinney Dock and Transport Co. v. Penn. Cent. Corp.*, 838 F.2d 1445, 1473 (6th Cir. 1988). *See also In re Packaged Ice*, 723 F. Supp. 2d at 1018 (fraudulent concealment adequately pled where defendants "represented publicly, both to customers and otherwise that their pricing activities were unilateral, rather than collusive, and…Defendants' wrongful conduct was carried out in part through means and methods that were designed to avoid detection"); *In re Cathode Ray Tube Antitrust Litig.*, 738 F. Supp. 2d 1011, 1024-25 (N.D. Cal. 2010) (fraudulent concealment was sufficiently pled because defendants "took steps to keep their meetings secret" and blamed conspiratorial price increases on market conditions); *In re Urethane Antitrust Litig.*, 683 F. Supp. 2d 1214, 1236 (D. Kan. 2010) (secret communications and pretextual announcements of price increases based on purported cost increases sufficient to toll the statute of limitations).

Defendants' motions for reconsideration, like Defendants' motions to dismiss, also entirely ignore the specific, non-conclusory allegations concerning Defendants' affirmative acts

of concealment in furtherance of the conspiracy.  These include allegations, as confirmed by Vitafoam witnesses, of Defendants using the "pretext" of "increases in raw material costs" to support price increases, CAC ¶¶ 64, 115; ICAC ¶¶ 80, 130; exchanging presumptively legitimate price increase letters so as not to leave a paper trail,  CAC ¶¶ 66, 118, 135; ICAC ¶¶ 82, 133, 151; "avoid[ing] detection by communicating through fax machines at a local Staples or other store," CAC. ¶¶ 118, 135; ICAC ¶¶ 133, 151; disguising their in-person meetings by visiting "each other's manufacturing facilities for the purported purpose of sharing technological and operational advances," *id.*; and using only first names or initials in documents, CAC. ¶¶ 119, 135;  ICAC ¶¶ 135, 151.  Defendants also used meetings of trade groups, such as the PFA, to disguise the conspiracy while appearing to be meeting for legitimate purposes.  CAC ¶¶ 63, 71, 89, 112(d), 114-116, 128; ICAC ¶¶ 79, 87, 105, 127(d), 129-31, 144.  The CAC also alleges that a Vitafoam witness has admitted that *every* price increase from 1999 through the date of Vitafoam's 2010 entry into the government's conditional leniency program involved collusion. CAC ¶ 94; ICAC ¶ 109.

Defendants' motions also ignore the CAC's long list of detailed, collusive communications among specific individuals, from specific defendants and on specific dates that, by virtue of their private and secret nature, constitute affirmative acts of concealment under established Sixth Circuit law.  *See* Docket No. 115 at 10-11  These include private communications between identified competitors at PFA meetings in Baltimore, Maryland, on May 26-27, 2010, CAC ¶ 89; ICAC ¶ 105; 2009 communications between Valle and Vitafoam on promotional pricing, CAC ¶ 93; ICAC ¶ 109; June 2010 phone calls between Future Foam and Vitafoam discussing price increases, CAC ¶¶ 97-99; ICAC ¶¶ 112-114; May 2010 phone calls between Domfoam and Vitafoam discussing allocation of customers, CAC ¶¶ 100-102;

4

ICAC ¶¶ 115-117; June 2010 phone calls in which Vitafoam executives discussed price increases and coordination with other Defendants, CAC ¶¶ 103-104; ICAC ¶¶ 118-19; June 2010 phone calls in which Valle and Vitafoam discussed price increases and coordination with other Defendants,  CAC ¶¶ 105-106; ICAC ¶¶ 120-21; Summer 2010 phone calls between Carpenter and Vitafoam discussing price increases and whether their communications were lawful, CAC ¶¶ 107-109; ICAC ¶¶ 122-24; and May 2010 phone calls in which Hickory Springs and Vitafoam executives agreed to a 12% price increase, CAC ¶¶ 110-111; ICAC ¶¶ 125-26.  The CAC also identifies numerous specific collusive emails among competitors.  *See* CAC ¶ 112(h), (i)-(m), (o); ICAC ¶ 127(h), (i)-(m), (o).  Defendants' motions for reconsideration identify no case law dismissing a complaint on fraudulent concealment grounds where the complaint contained such detailed allegations of private and illegal communications among competitors.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that Defendants' motions for reconsideration should be denied.

DATED: August 12, 2011

Respectfully Submitted,


____/s/ William A. Isaacson_____  
William A. Isaacson  
BOIES, SCHILLER & FLEXNER LLP  
5301 Wisconsin Avenue, NW  
Washington, DC  20015  
Phone:  202-237-5607  
Fax:     202-237-6131  
wisaacson@bsfllp.com  

____/s/ Stephen R. Neuwirth_____  
Stephen R. Neuwirth  
QUINN EMANUEL URQUHART  
   & SULLIVAN, LLP  
51 Madison Avenue, 22nd Floor  
New York, NY  10010  
Phone:  212-849-7165  
Fax:     212-849-7100  
stephenneuwirth@quinnemanuel.com  

*Direct Purchaser Plaintiffs' Interim Co-Lead Counsel*

5

_____/s/ Marvin Miller_____
Marvin Miller
MILLER LAW LLC
115 South LaSalle St., #2910
Chicago, IL 60603
mmiller@millerlawllc.com

**_Interim Lead Counsel for Indirect Purchaser Plaintiffs_**

## **CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 7.1(f), I hereby certify that this case has been assigned to the complex track.  I further certify that the foregoing Memorandum adheres to the page limitations set forth in Local Rule 7.1(f).

/s/ Adam B. Wolfson