# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **In re POLYURETHANE FOAM ANTITRUST LITIGATION** | MDL Docket No. 2196 |
| This document relates to: | Index No. 10-MD-2196 (JZ) |
| *Thompson Trading Co. v. Hickory Springs Manufacturing Co., et al.*, No. 1:10-pf-10010 | |
| *Shore-Line Carpet Supplies, Inc. v. Hickory Springs Manufacturing Co., et al.*, No. 1:10-pf-10011 | |
| *V&M, Inc. v. Hickory Springs Manufacturing Co., et al.*, No. 1:10-pf-10012 | |
| *Martin Greenbaum Company, Inc. v. Hickory Springs Manufacturing Co., et al.*, No. 1:10-pf-10013 | |
| *Suburban Floor Covering, Inc. v. Hickory Springs Manufacturing Co., et al.*, No. 1:10-pf-10022 | |
| *Robert Sims Enterprises, LLC v. The Carpenter Company*, No. 1:10-pf-10023 | |
| *Thoroughbred Carpets, Ltd. v. Hickory Springs Manufacturing Co., et al.*, No. 1:10-pf-10025 | |
| *Martin Furniture & Bedding, Inc. v. FXI – Foamex Innovations, Inc.*, No. 1:11-pf-10005 | |

## FORMER RECEIVER'S STATEMENT IN SUPPORT OF REQUEST TO BE REMOVED FROM ELECTRONIC NOTICES

This submission is respectfully submitted on behalf of the former state-court receiver for Scottdel, Inc. ("Scottdel"), and her firm, Roetzel & Andress (Henry Geha, hgeha@ralaw.com and Nathan Studeny, nstudeny@ralaw.com) in response to the Plaintiff's Response to Request of

Receiver for the Defendant Scottdel, Inc. to be Removed from Electronic Notices ("Response"). Therein, Plaintiffs erroneously contend that in requesting to be received from notices, the former Receiver was either suggesting that the claims against Scottdel are stayed or that Scottdel has no obligations. The former Receiver does not take that position. The Response also contends that the former Receiver should be treated as if the former Receiver and her firm were counsel for Scottdel, which is also erroneous.

The undersigned was appointed by the Fulton County Court of Common Pleas and her firm, Roetzel & Andress, served as *Receiver's* counsel. At no time was the undersigned or her firm acting as or appointed as *counsel for Scottdel*. A true copy of the Order of appointment is attached hereto as Exhibit A. Notice of the receivership was filed in the various antitrust suits filed thereafter, including this one, simply to alert the parties that Scottdel was being liquidated.

A state court receiver does not appear for a party but rather, a receiver is "an officer of the court [and] is not to be regarded as an agent or representative of either party to the action."[1] Rather, "the receiver is merely the administrative arm of the court who takes charge of the assets … for the purpose of conserving them to the ends of equity and for the benefit of creditors generally."[2] Indeed, "[a] receiver is simply the creature of the court, acts for the court, and to all intents and purposes, so far as the receivership is concerned, is the court."[3] Therefore, "the primary purpose of a receiver is to carry out the orders of the appointing court, for the 'appointing court defines the powers of the receiver and, therefore, controls his actions.'"[4]

---

[1] 80 Ohio Jur. 3d Receivers, § 4; *see also Id*. at § 93 ("A receiver obtains authority and power over the property involved by the act of the court alone and not through the act of the parties at whose suggestion or by whose consent the receiver is appointed."); *see, e.g., Castlebrook, Limited v. Dayton Properties Limited Partnership*, (1992) 78 Ohio App.3d 340, 350 ("A receiver is authorized by the court, not the owner, to manage the premises. A receiver is acting, not on behalf of the owner, but on behalf of the owner's creditors.").

[2] *Tonti v. Tonti,* (1951) 118 N.E.2d 200, 202, 66 Ohio Law Abs. 356, *citing Coe v. Columbus P. & I.R.Co.*, 10 Ohio St. 372; *Merchants' Nat. Bank of Louisville v. McLeod*, 38 Ohio St. 174.

[3] *Id*. at § 5.

[4] *Park National Bank v. Cattani, Inc.* (2010), 2010 WL 1177366 (12th Dist.), *quoting Javitch v. First Union Secs., Inc.* (C.A. 6, 2003), 315 F.3d 619, 626; *National City Bank v. Semco, Inc.*, 183 Ohio App.3d 229, 2009-Ohio-3319.

In accordance with her duties, the Receiver sought and obtained authority from the Court of Common Pleas to sell all of Scottdel's assets. Both the Indirect Purchaser Plaintiffs (who did not officially appear in the receivership action) and the Direct Purchaser Plaintiffs (who did officially file an appearance in the receivership action) received notice of the sale motion and both attended the hearing to lodge objections as to, among other things, the transfer or destruction of Scottdel's records and the free and clear nature of the sale. The Court of Common Pleas overruled those objections, and entered orders approving the sale. True copies of the sale orders are attached hereto as Exhibits B and C.

Once the sale was closed and certain wind-down items addressed, the Receiver sought and obtained approval of her final report and her discharge from any further responsibility with respect to Scottdel. A true copy of the motion and resulting Order are attached hereto as Exhibits D and E, respectively. The motion was served upon counsel for the Direct Purchaser Plaintiffs, who had appeared in that action. The motion was granted and so the Receiver and her firm were discharged and released without further responsibility and the receivership was closed. Since the Receiver had authority and responsibility solely because of the appointment order issued by the Court of Common Pleas, the result of the discharge ruling is that the undersigned is no longer Receiver for Scottdel and has neither authority nor responsibility in connection with the company. In other words, the now former Receiver has no ability to do anything with respect to Scottdel, including but not limited to providing the "safeguards" – in the form of people to speak on its behalf or preservation of documents – that the Plaintiffs seek.

The termination of the receivership does not mean that Plaintiffs cannot take action with respect to Scottdel; they can. Upon information and belief, the corporate shell of Scottdel remains in existence. It just has no further assets and no employees. Nor is the former Receiver aware of whether or not there remain any individuals with any authority to speak on behalf of the

3

company. Accordingly, the Plaintiffs in this action are certainly free to take such action as they choose with respect to the entity, and the Court can issue appropriate orders to the company, but it is probable that the entity will simply default. Indeed, the Plaintiffs have now sought the entry of default (docket no. 230). The former Receiver obviously takes no position with respect to that motion.[5]

For these reasons, the undersigned is no longer the Receiver for Scottdel, Inc. and has no further authority with respect to Scottdel. The former Receiver therefore respectfully requests that she and her firm, specifically Mr. Geha and Mr. Studeny, be removed from receiving any further electronic notices in this matter and any further responsibility in this matter. Of course, if there is other information regarding the receivership that the former Receiver can provide, the former Receiver will endeavor to do so.

Respectfully submitted,

/s/ *Patricia B. Fugée*
Patricia B. Fugée (0070698)
ROETZEL & ANDRESS, LPA
One SeaGate, Suite 1700
Toledo, OH 43604
Telephone: (419) 254-5261
Facsimile: (419) 242-0316
E-Mail: pfugee@ralaw.com
*Former Court-appointed Receiver for Scottdel, Inc. and Henry J. Geha and Nathan F. Studeny, former counsel for the former Receiver*

---

[5] It is interesting to note that the Motion for Default reflects that, in fact, the former Receiver has been removed from electronic filings in this case, although her firm (Mr. Geha and Mr. Studeny) are still receiving such notices.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2011 a copy of the foregoing Statement in Support of Request to be Removed was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system

/s/ *Patricia B. Fugée*
Patricia B. Fugée (0070698)
ROETZEL & ANDRESS, LPA
*Former Court-appointed Receiver for Scottdel, Inc. and Henry J. Geha and Nathan F. Studeny, former counsel for the former Receiver*

156491.111879.0004