## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

_____
                                              )
In re POLYURETHANE FOAM ANTITRUST             )
LITIGATION                                    )
_____      )    MDL Docket No. 2196
                                              )    Index No. 10-MD-2196 (JZ)
This document relates to:                     )
                                              )
ALL CASES                                     )
                                              )
_____      )

"""""""""ORDER REGARDING DISCOVERY PROTOCOLS

**I.    Discovery Coordination**

   A.    Lead Counsel for Direct Purchaser Plaintiffs, Lead Counsel for Indirect Purchaser
         Plaintiffs and Direct Action (Non-Class) Plaintiffs shall confer amongst
         themselves and shall endeavor, consistent with their responsibilities as counsel to
         their respective clients, to serve joint requests for production of documents,
         interrogatories and requests for admission,  provided that any of Direct Purchaser
         Plaintiffs, Indirect Purchaser Plaintiffs and/or Direct Action (Non-Class) Plaintiffs
         may serve a separate discovery request in the limited circumstances where that
         Plaintiff has determined in good faith that a separate discovery request is
         necessary.  Any such separately served requests shall count towards the total
         number of requests allocated to Plaintiffs pursuant to these protocols.

   B.    Defense Counsel shall confer amongst themselves, and shall endeavor, consistent
         with their responsibilities as counsel to their respective clients, to serve joint
         requests for production of documents, interrogatories and requests for admissions,
         provided that any Defendant may serve a separate discovery request in the limited
         circumstances where that Defendant has determined in good faith that a separate
         discovery request is necessary.  Any such separately served requests shall count
         towards the total number of requests allocated to Defendants pursuant to these
         protocols.

   C.    Unless otherwise agreed by the Parties, when a Party produces documents, data or
         information, including Electronically Stored Information, in response to any
         discovery requests, it shall produce one copy of such information to each of (1)
         Lead Counsel for Direct Purchaser Plaintiffs, (2) Lead Counsel for Indirect
         Purchaser Plaintiffs, (3) Liaison Counsel for Direct Action (Non-Class) Plaintiffs
         and (4) counsel for each Defendant, except that for any Defendants that are part of
         a Defendant "family," only one copy need be served on counsel for that
         Defendant "family."

## II.    Written Discovery and Document Requests

A.    Written discovery and document requests shall proceed in accordance with the Court's Order and Stipulated Discovery Plan [Docket 44] dated February 24, 2011 and the Federal Rules of Civil Procedure, except as those procedures may be modified by the Protocols.

    1.    At the conclusion of the designated time period for all document discovery, any Party that has not substantially completed production of documents in response to timely served, non-objectionable requests for documents shall so advise the other Parties, with a specific description of what documents remain outstanding.

B.    The Parties will meet and confer in good faith prior to the close of discovery to address admissibility and authenticity issues of any materials that the Parties, in good faith believe may be used at trial.

C.    Plaintiffs' Discovery Directed to Defendants:

    1.    Without leave of Court or written stipulation, the number of interrogatories served by or on behalf of Lead Counsel for Direct Purchaser Plaintiffs, Lead Counsel for Indirect Purchaser Plaintiffs, and Direct Action (Non-Class) Plaintiffs shall not collectively exceed twenty-five (25) in total number, including all subparts as defined pursuant to the Federal Rules of Civil Procedure.  Plaintiffs shall be entitled to serve Interrogatories on all Defendants, or on each Defendant or Defendant Family, as the case may be.  Each Defendant is responsible for responding as to itself.

    2.    Without leave of Court or written stipulation, the number of requests for admission served by or on behalf of Lead Counsel for Direct Purchaser Plaintiffs, Lead Counsel for Indirect Purchaser Plaintiffs, and Direct Action (Non-Class) Plaintiffs shall not collectively exceed fifty (50), except that there shall be no limit on Requests for Admission directed at the admissibility of specific documents.  Plaintiffs shall be entitled to serve requests for admission on all Defendants, or on each Defendant or Defendant Family, as the case may be.  Defendants may answer by Defendant or Defendant Family, as appropriate.

D.    Written Discovery Directed to Plaintiffs

    1.    Without leave of Court or written stipulation, the number of interrogatories served by or on behalf of Defendants shall not collectively exceed twenty-five (25) interrogatories in total number, including all subparts as defined pursuant to the Federal Rules of Civil Procedure. Defendants shall be entitled to serve Interrogatories on all named Plaintiffs collectively, on each named Plaintiff or on certain groups of named

Plaintiffs (i.e. Direct Purchaser Class Plaintiffs) as the case may be.  Each named Direct Purchaser Class Plaintiff, Indirect Purchaser Class Plaintiff and Direct Action (Non-Class) Plaintiff is responsible for responding as to itself.

2.     Without leave of Court or written stipulation, the number of requests for admission served by or on behalf of Defendants on Plaintiffs shall not collectively exceed fifty (50), except that there shall be no limit on Requests for Admission directed at the admissibility of specific documents.  Defendants shall be entitled to serve requests for admission on all named Plaintiffs collectively, on each named Plaintiff or on certain groups of named Plaintiffs (i.e. Direct Purchaser Class Plaintiffs) as the case may be.  Each of Direct Purchaser Class Plaintiffs, Indirect Purchaser Class Plaintiffs, and Direct Action (Non-Class) Plaintiffs may answer requests for admission related to class issues either collectively on behalf of all named plaintiffs, or separately as to each named plaintiff, as appropriate.  All other requests for admission shall be responded to separately.

3.     The term "named Plaintiff" shall include any proposed class representative in either the Direct Purchaser or Indirect Purchaser Consolidated Amended Complaint, and any Direct Purchaser (Non-Class) Plaintiff.  Defendants reserve the right to seek discovery of any persons (individual or corporate) who had previously been named and proposed as class representatives in the underlying actions, but were not included in either the Direct Purchaser or Indirect Purchaser Consolidated Amended Complaint.

## III.     **Depositions**

A.     No fact witness may be deposed more than once as part of discovery, regardless of the number of complaints or amended complaints, except upon agreement of the Parties or with leave of Court.  However, a party witness who is noticed by both Defendants and Plaintiffs may be deposed twice or for a total maximum duration of 14 hours, absent agreement by the producing party otherwise.  A witness designated to testify at a Fed. R. Civ. P. 30(b)(6) deposition may be noticed separately for a fact deposition.   Only one Fed. R. Civ. P. 30(b)(6) deposition shall take place for each corporate Party, absent agreement by the Parties or Order of Court.  Plaintiffs, to the extent feasible, will coordinate with each other, and Defendants, to the extent feasible, will coordinate with each other, to identify, schedule and examine fact witnesses.  Lead Counsel for Direct Purchaser Class Plaintiffs, Lead Counsel for Indirect Purchaser Class Plaintiffs, Counsel for Direct Action (Non-Class) Plaintiffs and Liaison Counsel for Defendants should endeavor to coordinate, except in extraordinary circumstances, any scheduling and examination of common non-party witnesses who are noticed to give testimony in these actions.

3

B.    The limits on the number of depositions imposed by the Federal Rules of Civil Procedure and Local Rules shall not apply in this matter and are superseded by the limitations set forth in this section.

      1.    Unless otherwise ordered by the Court or otherwise agreed by the Parties, the Direct Purchaser Class Plaintiffs, Indirect Purchaser Class Plaintiffs and Direct Action (Non-Class) Plaintiffs shall be permitted collectively to take an aggregate total of one hundred (100) fact witness (non-expert) depositions including Fed. R. Civ. P. 30(b)(6) depositions, but no more than twenty (20) depositions of any particular corporate Defendant or corporate Defendant family.

      2.    Unless otherwise ordered by the Court or otherwise agreed by the Parties, Defendants shall be permitted collectively to take an aggregate total of one hundred (100) fact witness (non-expert) depositions including Fed. R. Civ. P. 30(b)(6) depositions, but no more than six (6) depositions of any particular named corporate Plaintiff or corporate Plaintiff family.

      3.    Cross-examination of a witness by a party who does not separately notice the deposition does not count towards the limitations set forth in Paragraph III.B.

C.    During Party witness depositions (including 30(b)(6) depositions, depositions of any current employee of a Party or former employee of a Party that is being produced voluntarily), the noticing party shall be entitled to up to, but no more than, seven (7) hours of examination, unless otherwise ordered by the Court, agreed by the Parties, or pursuant to Fed. R. Civ. P. 30.  No deposition, however, shall exceed seven (7) hours of examination in any single day absent agreement by the producing party.

D.    The Parties shall endeavor to schedule Party witness depositions at times and locations that are mutually convenient to the Parties and their counsel.  Subject to the foregoing, absent agreement of the Parties or Court order, depositions of Party witnesses shall be taken in the city of the deponent's residence or place of business (at the deponent's choosing).

E.    Unless otherwise ordered by the Court or agreed by the Parties, each non-party deposition shall be limited to seven (7) hours, 3.5 hours of which shall be allocated to the Plaintiffs and 3.5 hours of which shall be allocated to the Defendants.  The noticing side shall be entitled to examine the witness first and to reserve time for follow-up questioning after the other side has completed its examination.  If either Plaintiffs or Defendants do not fully use their respective 3.5 hours of allocated time, the other side shall be entitled to utilize the unused portion of the time.

4

F.  Production of a party's former employee voluntarily without subpoena for deposition shall not waive that party's right to assert that the former employee is not a "party" witness at trial or for any other evidentiary purpose.

G.  Expert Depositions:  Expert deposition testimony shall be governed by Fed. R. Civ. P. 26.  The Party noticing the deposition shall be entitled to up to, but not more than, seven (7) hours of examination, unless otherwise ordered by the Court or agreed by the Parties.

H.  Additional Depositions:  In the event that any Party reasonably believes that the deposition of one or more specific witnesses is necessary to develop an adequate record, but is barred from taking those depositions by any provision herein, counsel for all Parties shall confer in good faith, and attempt to agree to provide the necessary discovery.  If the Parties are unable to reach agreement, then the Party requesting one or more additional depositions may apply for leave of Court to take such depositions.

I.  Additional Time for Depositions:  In the event that any Party anticipates that it will not be able to complete examination of any witness within the time allotted pursuant to the provisions herein, counsel for all Parties shall confer in good faith and attempt to agree to extend the examination for the time reasonably needed to complete the examination.  If the Parties are unable to reach agreement, the Party requesting additional time may apply for leave of Court to extend the deposition.

J.  Objections:  All objections at a deposition shall be governed by the Federal Rules of Civil Procedure.  The objection of one counsel to a question at a deposition shall be deemed to have been made on behalf of all other parties.

K.  Deposition Exhibits:  All deposition exhibits shall be identified by deponent name and sequentially numbered for the particular deposition, starting at each deposition with Exhibit 1.  The index of exhibits annexed to each deposition transcript shall contain, for each exhibit marked or referred to in the deposition, the document production (Bates) number (if present) and the exhibit number.

## IV.  Expert Disclosures

A.  Expert disclosures should be governed by the Federal Rules of Civil Procedure.

## V.  Focused and Phased Discovery

A.  Limitations:  Whether discovery undertaken as part of a focused and phased discovery plan contemplated by the "Discovery Considerations" section of the Court's July 19, 2011 Order on Defendants Motions to Dismiss counts towards the limitations on written discovery and depositions set forth in Sections II and III of this Protocol will be agreed to by the parties or determined by the Court in the focused and phased discovery plan.

**VI.**    **Privilege Logs and Redacted Documents**

A.    Timing:  Document production shall be made in good faith on a rolling basis as documents are located and become available for production.   A privilege log shall include Bates Document number (or document identification), date of the document, author(s), recipient(s), the subject of the document, a description of the document, and an explanation of privilege(s)  being asserted with respect to the document.  Email chains from different custodians' files containing the same subject line and recipients may be logged as one entry provided, however, the producing party will also identify each custodian within whose files the email chain was identified.  Any automated privilege log under sections VI.B and VI.C below shall be produced within thirty-five (35) days after the date when particular privileged documents would have been available for production.  That is, whenever a group of documents is reviewed for production, an automated privilege log under sections VI.B and VI.C below shall be produced with respect to privileged documents in that group within thirty-five (35) days of production of the non-privileged documents from that group.  All other privilege logs shall be produced within sixty (60) days after the completion of a Party's document production.

B.    The Parties may use the following protocol to isolate and log electronic documents and their attachments involving in-house counsel whose primary role at the company is legal, provided that each party (i) takes reasonable efforts to ensure that automatically-generated language in in-house counsel communications (such as disclaimers automatically inserted as email footers) will not cause the filter to screen communications on the basis that the search terms listed at Section VI.B.2 appear only in the automatically-generated language, and (ii) discloses in advance to the receiving party the efforts to be used, including disclosing any additional search terms to be applied in order to identify in-house counsel communications containing automatically-generated language that includes one or more of the terms listed at Section VI.B.2:

1.    Parties wishing to use this protocol will disclose to each other the names and full business titles of in-house counsel employed by the parties prior to August 15, 2010 whose primary role at the company is legal.   Parties shall also disclose whether the listed in-house counsel also hold an executive business position within the company and include a description of that business position to the extent not readily ascertainable by the in-house counsel's title.

2.    The following search terms will be applied to ESI in which one or more names of a party's in-house counsel, who do not also hold executive business positions within the company, appear anywhere in the document, including associated metadata, to isolate potentially privileged communications:

6

a)      "defense strategy"

b)      "joint defense"

c)      "work product"

d)      "work-product"

e)      attorney near5 client

f)      advice near3 (counsel or lawyer* or attorney*)

g)      affidavit*

h)      deposition*

i)      privilege*

j)      declaration*

Producing parties may use other terms in addition to the terms listed in this Paragraph subject to prior notice and written agreement with the requesting party(ies).

3.      A log of the documents resulting from the electronic privilege search will be generated from the following metadata fields to the extent they exist as electronic metadata associated with the original electronic documents, and the producing party shall promptly produce such logs to the receiving party(ies):

a)      MSFILE_AUTHOR

b)      MSFILE_CREATIONTIME

c)      MSFILE_SUBJECT

d)      OL/LN_SENDERNAME

e)      OL/LN_RECIPIENTS

f)      OL/LN_CC

g)      OL/LN_BCC

h)      OL/LN_SUBJECT

i)      OL/LN_SENT

j)      OL/LN_RECEIVEDTIME

4.      For any party operating on a platform other than Microsoft Outlook or Lotus Notes, the parties will meet and confer on the metadata fields to be used by that party in generating a log of the documents resulting from the electronic privilege search, with the expectation that each such party will use similar fields to those set forth in Section VI.B.3. to the extent they exist as electronic metadata associated with the original electronic documents.

5.      With respect to the MSFILE_SUBJECT or OL_SUBJECT field or a corresponding field from another platform (e.g., Lotus Notes), the parties may substitute a description of the communication where the content of these fields may reveal privileged information.  In the logs referenced in the above sub-paragraph 3, the producing party shall identify each instance in which it has modified the content of the MSFILE_SUBJECT or OL_SUBJECT field or a corresponding field from another platform (e.g., Lotus Notes).

6.      The documents identified from the above-described search need not be reviewed before being logged and withheld from production, or at any time thereafter except as required by VI.B.7.

7.      Should a receiving party in good faith have reason to believe a particular entry on the metadata-generated log does not reflect a privileged document, the receiving party may request and the producing party will generate a privilege log for that entry in compliance with Fed. R. Civ. P. 26(b)(5).

C.      The parties may use the following protocol to isolate and log electronic documents and their attachments involving outside counsel:

1.      Each party may search the text of electronic documents and any associated metadata fields for names of outside counsel who were retained by the party to provided legal services at any point prior to August 15, 2010.

2.      The parties will not be required to disclose the names of outside counsel to be included in the search, except to the extent any of the names appear in the log for those documents captured by the search.

3.      The documents resulting from the above-described search shall be logged in the same manner as described in section VI.B.3-5, and such logs shall be promptly produced by the producing party to the receiving party(ies).

4.      The documents identified from the above-described search need not be reviewed before being logged and withheld from production, or at any time thereafter except as required by VI.C.5.

8

5. Should a party in good faith have reason to believe a particular entry on the metadata-generated privilege log does not reflect a privileged document, the receiving party may request and the producing party will generate a privilege log for that entry in compliance with Fed. R. Civ. P. 26(b)(5).

D. Categories of Documents That Do Not Need to Be Logged:  The Parties do not need to log any of the following categories of withheld documents, subject to the exceptions set forth herein:

1. attorney/client privileged communications and work product regarding either these actions (including any actions transferred or otherwise included in these coordinated proceedings in the future) written by, to, between, or on behalf of any of the Parties or their representatives or counsel after 8/15/2010;

2. communications among counsel for the Defendants or among counsel for the Plaintiffs relating to joint litigation efforts after 8/15/2010;

3. communications, that are by, to, or between any Party to this litigation or its counsel, and/or a non-testifying consultant retained for the Party in respect to issues in this litigation or in anticipation thereof.

E. Redacted Documents:  Where a page or part of a page of a document is redacted, the fact of the redaction shall be made clear on that page of the document.  The basis for the redaction may also be made clear on the face of the document; alternatively, a Redaction Log setting forth the document number and basis for redaction shall be served within sixty (60) days after completion of the party's document production.

## VII. **Modification**

A. Any Party, including any Direct Action (Non-Class) Plaintiff's case transferred to MDL 2196 after the date of this Discovery Protocols Stipulation, that seeks to deviate from or exceed the discovery limits set forth herein, must obtain leave of Court to do so unless the Parties otherwise consent, as set forth in the Amended Case Management Order dated May 12, 2011.  Before presenting any issue to the Court for resolution, the parties shall meet and confer in good faith regarding any modification.

IT IS SO ORDERED.

s/ Jack Zouhary
_____
JACK ZOUHARY
U.S. DISTRICT JUDGE

September 15 , 2011

9