

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: SCRAP METAL ANTITRUST LITIGATION | ) ) ) ) ) | CASE NO. 1:02 CV0844<br><br>JUDGE KATHLEEN M. O'MALLEY |

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENTS WITH BMI AND WEINGOLD DEFENDANTS, CLARIFYING THE CLASS DEFINITION, AUTHORIZING NOTICE TO THE CLASS, AND SETTING A HEARING DATE

Upon consideration of Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Bay Metal Inc. ("BMI"), Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants M.Weingold & Co., Harry Rock & Associates, Inc., and Jack Weingold (collectively, the "Weingold Defendants"), Clarification of the Class Definition, Approval of the Form and Manner of Notice to the Class and Approval of the Proposed Settlement Schedule, the attachments thereto and the submissions of the parties, it is hereby ORDERED as follows:

1. The Class in this action shall be defined as:

   All persons or entities who sold ferrous or nonferrous industrial scrap metal in Northeast Ohio and the surrounding counties, which is comprised of Ashtabula, Cuyahoga, Lake, Lorain, Medina, Stark and Summit counties, to Defendants between December 1992 and March 2000. Excluded from the Class are Defendants, and their respective parents, subsidiaries and affiliates, as well as any governmental entities. Also excluded from the Class is any party, whether named or not, who is ultimately deemed to have participated in an illegal conspiracy.

2. Upon review of the record, the Court finds that the proposed settlement between Class Plaintiffs and Defendant BMI, which was arrived at by arm's-length

negotiations by experienced counsel, falls within the range of possible approval, and is hereby preliminarily approved.

   3. Upon review of the record, the Court finds that the proposed settlement between Class Plaintiffs and the Weingold Defendants, which was arrived at by arm's-length negotiations by experienced counsel, falls within the range of possible approval, and is hereby preliminarily approved.

   4. Both forms of notice, the *Summary Notice of Class Determination and Proposed Partial Settlements and Hearing Regarding Settlements* ("*Summary Notice*"), and *Notice of Class Determination and Proposed Partial Settlements and Hearing Regarding Settlements* ("*Mailed Notice*"), are likewise APPROVED for dissemination to the Class. Lead Counsel for the Class shall:

    a. By no later than 20 days from the date of this Order, cause the Mailed Notice to be mailed by first-class mail to all class members whose names and addresses are known; and

    b. By no later than 10 days from the date of the Mailed Notice, cause the Summary Notice to be published once in the *Cleveland Plain Dealer*, the *News-Herald*, the *Chronicle-Telegram*, the *Repository*, and the *Akron Beacon Journal*.

Such notice constitutes the best notice practicable and satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

   5. Lead Counsel shall also ensure that copies of the Mailed Notice and the Settlement Agreements are available to class members in a conspicuous place on their internet website.

6. Lead Counsel may retain an administrator to assist in providing notice to the Class, receiving requests for exclusion, and communicating with Class members.

7. A hearing shall be held before the undersigned Judge on Aug. 19, 2004 at 12:30 p.m. (the "Fairness Hearing"), for the purpose of considering whether to approve the proposed settlements between the class and BMI and the Weingold Defendants respectively as fair, reasonable, adequate, and in the best interests of the class. The hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Lead Counsel shall be responsible for communicating any such notice promptly to the class by posting a conspicuous notice on their internet website: www.bsfllp.com.

8. Class members who wish to object or otherwise be heard with respect to the proposed settlements, or to appear in person at the Fairness Hearing must first send a *Notice of Intention to Appear* and a *Summary Statement* outlining the position(s) to be asserted and the grounds therefor, together with copies of any supporting papers or briefs, via first-class mail, postage prepaid, to the Office of the Clerk of this Court, with copies to Lead counsel for the class, which must be filed with the Clerk of the court no later than seven (7) days prior to the Fairness Hearing. Except as herein provided, no person shall be entitled to contest the terms of the proposed settlement. All persons who fail to file a *Notice of Intent to Appear* as well as a *Summary Statement* as provided above may be deemed to have waived such objections and will not be heard in person at the hearing.

9. Class members who wish to be excluded from the class must send a written request for exclusion from the class, signed by the class member or its authorized designee, by first-class mail, postage prepaid, postmarked no later than

3

_Aug. 10, 2004_____, addressed to the claims administrator appointed by Class Counsel in this action.

      DONE and ORDERED in Cleveland, Ohio, this _20th_ day of _May_, 2004.

                                        _Kathleen M. O'Malley_
                                        HON. KATHLEEN M. O'MALLEY
                                        UNITED STATES DISTRICT JUDGE