# Exhibit 1



202.540.7200 ph
202.540.7201 fax

1700 K Street, NW
Suite 650
Washington, DC 20006

November 1, 2011

Jerry Hightower
201 River Pl., Unit 706
Greenville, SC 29601-5007

      Re: *In re Polyurethane Foam Antitrust Litig.*, No. 1:10-md-02196-JZ (N.D. Ohio)

Dear Mr. Hightower:

      This letter concerns a legal matter, and therefore you may wish to consult with an attorney about this correspondence.

      A multidistrict class action litigation, *In re Polyurethane Foam Antitrust Litig.*, No. 10-MD-2196 (N.D. Ohio), is currently pending before the Honorable Jack Zouhary in the United States District Court for the Northern District of Ohio. Among the plaintiffs in this action are direct purchasers of flexible polyurethane-foam products who seek certification of a class action; indirect purchasers of flexible polyurethane-foam products who seek certification of a class action; and so-called direct-action plaintiffs, who have filed suits solely on their own behalves. I, along with my co-counsel, represent the direct-purchaser class action plaintiffs, who allege that the defendants in this action conspired to fix prices and allocate customers for flexible polyurethane foam in the United States over a thirteen-year period, from January 1, 1999 to the present.

      Enclosed is a document-preservation subpoena directed to you (and hereby served on you) under Federal Rule of Civil Procedure 45. The attached Schedule A specifies the documents—some or many of which may be in electronic format —that you are required to preserve. Federal Rule of Civil Procedure 45 requires any objection to a subpoena to be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." The compliance date for this subpoena is December 7, 2011. In order to provide you with additional time to serve any objections, and to clarify the due date for objections, the direct-purchaser plaintiffs request that any objections be served on or before November 17, 2011.

      Please note that this subpoena requires only that you *preserve* documents; it does not require you to *produce* documents to the direct-purchaser plaintiffs or any other party. The parties in this litigation may serve additional subpoenas on you in the future that require production of documents, in which case you will have an opportunity to serve any objections to production that you or your counsel deem appropriate.

11/01/2011
Page 2

    Should you have questions concerning this letter, the enclosed subpoena, or Schedule A, please do not hesitate to contact me.

Regards,

Sathya S. Gosselin
*Counsel for Direct Purchaser Plaintiffs*

Enclosures

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| In re Polyurethane Foam Antitrust Litig. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:10-md-02196-JZ |
| All Direct Purchaser Cases | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Ohio ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Jerry Hightower, 201 River Pl., Unit 706, Greenville, SC 29601-5007

☑ *Production:* **YOU ARE COMMANDED** ~~to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:~~ to preserve the documents identified in the attached "Schedule A."

| Place: Location of documents identified in the attached "Schedule A" | Date and Time: 12/07/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/01/2011

_____          OR          *[signature]* S.Y. Gossl.
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*
      CLERK OF COURT

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Direct Purchaser Plaintiffs
_____, who issues or requests this subpoena, are:
Sathya Gosselin, Hausfeld LLP, 1700 K St NW, Suite 650, Washington, DC 20006

Case: 1:10-md-02196-JZ  Doc #: 296-1  Filed: 11/01/11  5 of 9.  PageID #: 4838

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

## Documents To Be Preserved

1. All documents relating to communications between you and any officers, employees, agents, or representatives of any Foam producer or related entity, including but not limited to The Carpenter Company; E.R. Carpenter, L.P. (f/k/a Carpenter Chemical, L.P.); Carpenter Holdings, Inc.; Domfoam International, Inc.; Valle Foam Industries, Inc.; Flexible Foam Products, Inc.; Ohio Decorative Products, Inc., FXI – Foamex Innovations, Inc. (f/k/a Foamex International, Inc.); Future Foam, Inc.; Hickory Springs Manufacturing Company; Inoac International Co., Ltd.; Inoac USA Inc.; Inoac Corporation; Crest Foam Industries Inc.; Leggett & Platt Inc.; Mohawk Industries Inc.; Otto Bock Polyurethane Technologies, Inc.; Plastomer Corporation; Scottdel Inc.; Louis Carson; David Carson; Vitafoam Products Canada Limited; Vitafoam Inc.; Woodbridge Foam Corporation; Woodbridge Sales & Engineering, Inc.; Woodbridge Foam Fabricating, Inc.; A-Z Sponge & Foam Products Ltd. (a/k/a A to Z Foam); Broadway Foam & Fabric Supplies Ltd. (a/k/a Broadway Foam); CMI Enterprises (a/k/a CMI Automotive); Bondtex Inc.; Cerex Fabric; and Morbern Inc.

2. All reports, studies, forecasts, business plans, projections, analyses, articles, papers, and presentations relating to the market for Foam, whether published or not and regardless whether in draft or final form.

3. All data, research, and communications relating to any document described in No. 2.

4. All documents relating to meetings of the Polyurethane Foam Association, including any record of side conversations among Foam executives.

5. All documents provided by you or by others to any governmental authority in connection with a governmental investigation of the Foam industry.

6. All documents relating to any actual, proposed, or contemplated decisions, methods, practices, policies, or strategies created or implemented by you to fix, raise, maintain, or stabilize the price of, or allocate customers for, Foam sold in the United States.

## Instructions and Definitions

1. For purposes of this document-preservation subpoena, the term "Foam" means flexible polyurethane foam and flexible polyurethane foam products.

2. The terms "document" and "documents" as used herein, mean without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, electronically stored information, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations (cell phone or land line), text messages, telegrams, facsimile transmissions and receipts, notes,

reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and mechanical representations of any kind. With respect to electronically stored information, the terms "document" and "documents" also include, without limitation, any data on magnetic or optical storage media stored as an "active" file or backup file, in its native format.

3. The term "relating to" means, without limitation, discussing, describing, reflecting, concerning, dealing with, pertaining to, referring to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, representing, embodying, or otherwise involving, in whole or in part.

4. For purposes of this document-preservation subpoena, "you" or "your" refers to Jerry Hightower.

5. Unless otherwise noted, the relevant time period of this document-preservation subpoena is January 1, 1996 through the present day ("the relevant period"). This document-preservation subpoena requires that you preserve all documents created, generated, or dated during the relevant time period, as well as all documents created, generated or dated outside this period but containing information concerning the relevant period.

6. Please preserve documents described herein belonging to, stored on behalf of, or accessible by you, as well as documents belonging to or accessible by your assistants, office administrative personnel, direct reports, or employees.