UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | MDL Docket No. 2196 |
| This document relates to:<br><br>ALL DIRECT PURCHASER CLASS CASES | Index No. 10 MD 2196 (JZ) |

**THE VITAFOAM DEFENDANTS' STATEMENT IN SUPPORT OF DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**

Defendants Vitafoam, Inc. and Vitafoam Products Canada, Ltd. (collectively, the "Vitafoam Defendants") respectfully submit this statement in support of the Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of Settlement with the Vitafoam Defendants (the "Motion") (Dkt. No. 293), and in response to the response and request for a stay of the Motion filed by certain other defendants on November 14, 2011 (the "Response") (Dkt. No. 301).

**PRELIMINARY STATEMENT**

The Vitafoam Defendants join in the Reply Memorandum in Support of Direct Purchasers' Motion for Preliminary Approval, being filed with the Court today, which demonstrates that the arguments raised and relief sought in the Response are unprecedented, have no basis in law, and should be denied. The Vitafoam Defendants submit this statement, as authorized by the Court during the November 18 status conference call, to separately support and advance the position that granting the relief requested by the other defendants would engender a chilling effect in this and other cases for parties wishing to settle claims through good faith and arm's length negotiations. In turn, this would unnecessarily subject the Vitafoam Defendants

and other parties contemplating settlement to the considerable cost and burden of continued litigation. These two harms are substantially greater than any harm alleged by the other defendants, and therefore those defendants have not carried their considerable burden of proving that a stay is appropriate in this case. Moreover, settling parties need some assurance that they are not going to be held hostage by non-settling parties, and can rely on settled precedent providing for an efficient mechanism to fairly evaluate proposed class settlements.

## ARGUMENT

Notwithstanding their lack of standing to even seek their requested relief, the remaining defendants simply have not carried their heavy burden of proving that a stay is warranted here. Indeed, they fail to even cite the prevailing standard for considering stay requests in this Court. In considering whether to grant stays, courts in this Circuit traditionally weigh, among other factors, the competing harm to the affected parties as well as the public interest. *See generally U.S. Student Ass'n Found. v. Land*, 546 F.3d 373, 389 (6th Cir. 2008).

In this case, the remaining defendants first argue that they are seeking a stay to protect the due process rights of absent class members and themselves, yet fail to provide any support or precedent for this alleged harm. They then wait until the concluding paragraph before articulating their true rationale for seeking a stay – an abstract concern that "any decision the Court makes now on class certification will impact any decision this Court may make in the future regarding a litigation class." (Response at 10.) In other words, despite explicitly recognizing that the settlement agreement with the Vitafoam Defendants is made without prejudice to their rights, the remaining defendants are not convinced that the Court can continue to manage the case impartially in considering other, related issues. This brazen argument is not

only unfounded, but does not amount to the type and severity of irreparable harm that would justify granting a stay in this case.  Indeed, it is no harm at all.

By contrast, the harm that would befall the Vitafoam Defendants and any other defendants contemplating settlement would be substantial.  The remaining defendants argue that even *preliminary* consideration of the settlement agreement should be stayed for *at least* five months, meaning that final approval of the settlement may not be possible until 2013 or later.  (*See* Response at 7.)  In the meantime, the Vitafoam Defendants would be required to bear the considerable burden and expense of continuing this litigation.

Granting the remaining defendants' request for a stay would also be contrary to the public interest.  If their argument that parties can *never* have settlement agreements considered before the class certification stage (Response at 9) is allowed to become the law of the land in this Court, there would be a significant chilling effect for parties considering early settlements.  As instructed by this Court at the initial status hearing in this case, parties should consider amicable settlement options early and often rather than needlessly prolonging protracted litigation.

## CONCLUSION

In light of the foregoing reasons and those articulated by the Direct Purchaser Class Plaintiffs in their Reply Memorandum, the Vitafoam Defendants respectfully request that the Court deny the remaining defendants' requested relief as they have not carried their considerable burden of proving that a stay is warranted in this case.

- 4 -

Dated: December 5, 2011        Respectfully submitted,

                                         /s/ Timothy J. Coleman
                                         Timothy J. Coleman
                                         FRESHFIELDS BRUCKHAUS DERINGER US LLP
                                         701 Pennsylvania Avenue, NW
                                         Suite 600
                                         Washington, DC 20004-2692
                                         Phone: (202) 777-4500
                                         Fax:     (202) 777-4555
                                         E-mail: tim.coleman@freshfields.com

                                         *Counsel for the Vitafoam Defendants*

*Of Counsel*:
Bruce McCulloch
Terry Calvani
Robert J. Gilmer, Jr.
John K. Warren

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that on December 5, 2011, in accordance with Paragraphs 5 and 9 of the Initial Case Management Order entered January 20, 2011, the foregoing **The Vitafoam Defendants' Statement in Support of Direct Purchaser Plaintiffs' Motion for Preliminary Approval** was filed electronically using the Court's ECF system, which will send notification of such filing to counsel of record.

/s/ Timothy J. Coleman
Timothy J. Coleman
Freshfields Bruckhaus Deringer US LLP
701 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20004
Phone: (202) 777-4500
Fax:    (202) 777-4555
E-mail: tim.coleman@freshfields.com

*Counsel for the Vitafoam Defendants*