# EXHIBIT A

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: January 27 2012

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re: | Case No. 12-30214 |
| | (Jointly Administered) |
| VALLE FOAM INDUSTRIES (1995) INC., et. al.[1] | Chapter 15 |
| Foreign Applicants in Foreign Proceedings. | Judge Mary Ann Whipple |

### ORDER GRANTING PROVISIONAL RELIEF

This matter is before the Court on the *Ex Parte* Motion for Provisional Relief Pursuant to Section 1519, 362 and 105 of the Bankruptcy Code (the "**Motion**")[2] filed by Deloitte & Touche Inc., the court appointed Monitor (the "**Monitor**") and foreign

---

[1] The Foreign Applicants include Valle Foam Industries (1995) Inc., Domfoam International, Inc., and A-Z Sponge & Foam Products Ltd.

[2] Capitalized terms not defined herein shall have the meanings given to them in the Motion.

representative of Valle Foam Industries (1995) Inc. ("**Valle Foam**"), Domfoam International Inc. ("**Domfoam**"), and A-Z Sponge & Foam Products Ltd. ("**A-Z**" and, together with Valle Foam and Domfoam, the "**Valle Foam Group**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**"). The Monitor commenced the above-captioned Chapter 15 cases (the "**Chapter 15 Cases**") ancillary to the Canadian Proceedings.

The Court has considered and reviewed the Motion, the Memorandum in Support of Chapter 15 Petitions for Recognition of Foreign Proceedings and *Ex Parte* Motion for Provisional Relief, the verified Chapter 15 Petitions filed in the Chapter 15 Cases (the "**Verified Petitions**") including the certified copy of the Initial Order entered by the Ontario Court on January 12, 2012 (the "**Canadian Order for Relief**"), the various exhibits filed by the Monitor, and the affirmations contained therein. A hearing on the Motion was held on Wednesday, January 25, 2012 at 1:30 p.m. at which James W. Ehrman appeared for the Monitor and Andrew R. Vara appeared telephonically for the United States Trustee. Based on the foregoing, and after due deliberation,

**THE COURT HEREBY FINDS AND DETERMINES THAT**:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent that any of

the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any conclusions of law constitute finds of fact, they are adopted as such.

      B.    This Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 1334 and 157(a) of the Bankruptcy Code and General Order 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper before this Court pursuant to 28 U.S.C. § 1410(2).

      C.    The Monitor has demonstrated that the relief requested in the Motion is urgently needed to protect the assets of the Valle Foam Group and the counterparties to various Settlements described in the Motion.

      D.    The Monitor has demonstrated a substantial likelihood of success that the Valle Foam Group is subject to a foreign main proceeding—the Canadian Proceedings—and that the Monitor is the foreign representative of the Valle Foam Group.

      E.    The Monitor has demonstrated that unless there is a stay of all pending litigation in the United States against the Valle Foam Group, there is a material risk that the Valle Foam Group and the counterparties to the Settlements[3] will suffer irreparable harm including, but not limited to, unrecoverable litigation costs.

---

[3] Capitalized terms not defined herein shall have the meanings given to them in the Motion for Provisional Relief.

3

F.  The Monitor has demonstrated that the limited relief granted in this Order will result in no injury to any other party that is greater than the harm to the Valle Foam Group and the counterparties to the Settlements in the absence of such relief.

G.  The Monitor has demonstrated that the public interest and international comity will be served by granting the relief requested by the Monitor.

H.  The Ontario Court has granted to the Valle Foam Group a stay of proceedings in Canada (the "**Canadian Stay**"), which provides for a stay of (i) any proceedings or enforcement process (Canadian Order for Relief ¶ 13); (ii) all rights and remedies against or in respect of the Monitor and [each member of the Valle Foam Group] and their Business or the Property as defined in ¶ 4 (*Id.*, ¶ 14); (iii) any interference with the rights of the [Valle Foam Group] in contracts, agreements, authorizations, licenses or permits (*Id.* ¶ 15); and (iv) the termination of oral or written agreements with the [Valle Foam Group], such as waste disposal services and information technology services (*Id.* ¶ 16). The Canadian Stay is in effect "until and including February 10, 2012, or such later date as this Court may order" (*Id.* ¶ 13).

**NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1.  Pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, the stay only to the extent of section 362(a)(1) of the Bankruptcy Code (the "**U.S. Litigation Stay**") is made applicable to all entities with respect to the Valle Foam Group; provided, however,

4

    (a)    The U.S. Litigation Stay shall not stay any act pertaining to finalizing the Settlements.

    (b)    The U.S. Litigation Stay shall not stay the filing of a new complaint against any member of the Valle Foam Group, but shall stay any act to continue such litigation after the filing of the complaint, including service of process on any member of the Valle Foam Group;

    (c)    The U.S. Litigation Stay shall expire on February 10, 2012 unless the Ontario Court extends the Canadian Say in which event the U.S. Litigation Stay shall be automatically extended to correspond to the extension of the Canadian Stay.

    (d)    Notwithstanding any extension of the U.S. Litigation Stay, the U.S. Litigation Stay shall terminate upon the expiration of the Canadian Stay or by a decision by this Court to recognize or to dismiss these Chapter 15 Cases.

2. A copy of this Order, conformed to be true and correct, shall be served, within three business days of its entry by attaching it to and filing a suggestion of stay through the United States District Court electronic noticing system upon counsel or record for all parties in the U.S. Actions, and by facsimile, electronic mail (including electronic service by the Bankruptcy Court) or by overnight express delivery to the Monitor, the Monitor's attorneys, the United States Trustee, and such other entities as the Court may direct. The parties in the U.S. Actions are the

5

entities against whom provisional relief was granted under section 1519 of the Bankruptcy Code, and therefore, such service as is here provided for shall be good and sufficient service and adequate notice for present purposes.

3. The Chapter 15 Petitions and any supporting papers shall be made available by the Monitor through its website at http://deloitte.com or upon request at the offices of Kohrman Jackson & Krantz P.L.L., One Cleveland Center, 20th Floor, 1375 East 9th St., Cleveland, Ohio, 44114, to the attention of Mary K. Whitmer or James W. Ehrman, (216) 686-8700, mkw@kjk.com or jwe@kjk.com.

4. This Court shall have continuing jurisdiction with respect to: (i) the enforcement, amendment or modification of this Order; (ii) any requests for further or additional relief or any adversary proceeding filed by the Monitor or any other party in interest; and (iii) any request by a person or entity for relief from the provisions of this Order, for cause shown.

5. This Order shall be immediately effective and enforceable upon its entry, and upon its entry shall become final and appealable, notwithstanding Bankruptcy Rule 7062 made applicable to chapter 15 cases by Bankruptcy Rule 1018.

###

Prepared and Submitted by:

**KOHRMAN JACKSON & KRANTZ P.L.L.**

/s/ *James W. Ehrman*
Mary K. Whitmer (0018213)
James W. Ehrman (0011006)
One Cleveland Center, 20th Floor
1375 East 9th Street
Cleveland, OH 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: mkw@kjk.com
jwe@kjk.com

*Counsel for Deloitte & Touche Inc.,
the Foreign Representative of Valle
Foam Industries (1995) Inc.,
Domfoam International Inc., and A-Z
Sponge & Foam Products Ltd.*