IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: POLYURETHANE FOAM ANTITRUST LITIGATION | MDL Docket No. 2196 |
| | Index No. 10-MD-2196(JZ) |
| | Hon. Jack Zouhary |
| This document relates to: | |
| Ultra Comfort Foam Company, Inc. and Genesis Furniture Industries v. The Carpenter Co., et al | Case No. 1:12-pf-10002(JZ) |

## STIPULATION AND ORDER

This Stipulation and Order is submitted by Plaintiff Ultra Comfort Foam Company, Inc. ("Ultra"), Plaintiff Genesis Furniture Industries ("Genesis"), Defendant Ohio Decorative Products, Inc. ("Ohio Decorative"), and Defendants Crest Foam Industries, Inc., Inoac International Co., Ltd, Inoac USA, Inc. and Inoac Corporation (the "Inoac Defendants") (collectively the "Parties") in the above-referenced case.

Whereas, Ultra and Genesis have named Ohio Decorative and the Inoac Defendants in their Complaint as defendants, *Ultra Comfort Foam Company and Genesis Furniture Industries v. The Carpenter Co., et al*, Case No.: 1:12-pf-10002 (JZ) (N.D. Ohio).

Whereas, Ultra and Genesis are mindful of the approach already taken by the Court with respect to the dismissal, without prejudice, of Ohio Decorative and the Inoac Defendants from the Direct and Indirect Class cases subject to discovery from and tolling of the statute of limitations by Ohio Decorative and the Inoac Defendants as set forth in Dk. 283;

It is accordingly

Stipulated and Agreed by Ultra, Genesis, Ohio Decorative and the Inoac Defendants as

1

follows:

1. Ohio Decorative is dismissed, without prejudice, as a Defendant in the Ultra and Genesis Complaint pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), with each side to bear its own attorneys' fees and costs.

2. The Inoac Defendants are dismissed, without prejudice, as Defendants in the Ultra and Genesis Complaint pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), with each side to bear its own attorneys' fees and costs.

3. Ohio Decorative agrees to make a corporate representative available for deposition of up to 7 hours without the need for a third-party subpoena and subject to the Order Regarding Discovery Protocols (Dk. 241) and additional provisions and statements in the Stipulation and Order on dismissal of Ohio Decorative from the Direct and Indirect Class Actions (Dk. 283). Ultra and Genesis agree to coordinate with the Direct and Indirect Class Plaintiffs regarding that deposition.

4. The Inoac Defendants agree to make a corporate representative available for deposition of up to 7 hours without the need for a third-party subpoena and subject to the Order Regarding Discovery Protocols (Dk. 241) and additional provisions and statements in the Stipulation and Order on dismissal of the Inoac Defendants from the Direct and Indirect Class Actions (Dk. 283). Ultra and Genesis agree to coordinate with the Direct and Indirect Class Plaintiffs regarding that deposition.

5. Should Ultra or Genesis find a basis to bring in one or more of Ohio Decorative or the Inoac Defendants back into this case, Ultra or Genesis may move for leave of Court to do so, and such Defendant parties will have an opportunity to respond. The parties hereto also agree

that should the Court order one or more of these parties back into the case, such parties will waive formal service of any amended complaint(s), and service on its or their counsel will be effective.

6.  Ultra, Genesis, Ohio Decorative and the Inoac Defendants agree that all applicable State and Federal statutes of limitations for the filing of any claims, defenses, counterclaims and/or third party claims concerning the matters alleged in the Ultra and Genesis Complaint, and any amendments to that Complaint, shall be tolled until the date for adding new parties, as set forth in Paragraph 4 of the Joint Scheduling Order (Dk. 112), or any amended date for adding new parties.

7.  Ultra, Genesis, Ohio Decorative and the Inoac Defendants agree that by entering into this Stipulation or Ohio Decorative or the Inoac Defendants making a corporate representative available for deposition or participating in such depositions, Ultra, Genesis, Ohio Decorative and the Inoac Defendants expressly preserve and do not waive, prejudice, release or otherwise lose any available claims or defenses (including jurisdictional defenses) that may be available under the Federal Rules of Civil Procedure or any other rules, statutory or common law claim or defense.  Neither the execution of this Stipulation nor anything contained in the Stipulation is intended to be, nor shall be deemed to be, an admission of liability or defense by the parties hereto, or an admission of the existence of facts upon which liability or a defense could be based or contested.

STIPULATED BY:

s/ Chris H. Deaton
Chris H. Deaton, Esq.
The Deaton Law Firm
419 Magazine Street
Post Office Box 1726
Tupelo, Mississippi 38802-1726
Tel: (662) 844-2055
Fax: (662) 840-6039 fax
chris@deatonlawfirm.net
**Counsel for Plaintiff Ultra Comfort Foam Company, Inc.**
**and Genesis Furniture Industries**



s/ Kendall Millard
Kendall Millard, Esq.
Barnes & Thornburg, LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Tel: (317) 231-7461
Fax: (317) 231-7433
**Counsel for Defendant Ohio Decorative Products, Inc**.


s/ Howard B. Iwrey
Howard B. Iwrey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304-2820
Tel: (248) 203-0526
Fax: (248) 202-0763
**Counsel for Defendants Inoac USA Inc., Crest Foam Industries, Inc.,**
**Inoac Corp., and Inoac International**

SO ORDERED: _____, 2012

_____
Honorable Jack Zouhary
United States District Judge