No. 11-4118

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 23, 2012**
LEONARD GREEN, Clerk

| | |
|---|---|
| In re: POLYURETHANE FOAM ANTITRUST LITIGATION _____ DIRECT PURCHASER CLASS; INDIRECT PURCHASER CLASS; PIAZZA'S CARPET & TILE SHOP, INC.,     Plaintiffs-Appellees, v. FOAMEX INNOVATIONS, INC.,     Defendant-Appellant. | O R D E R 1:10md2196 |

Before: MERRITT, ROGERS, and DONALD, Circuit Judges.

In this antitrust action brought against manufacturers of polyurethane foam, the district court denied a motion to dismiss the complaint for failure to state a claim. It subsequently denied reconsideration as well as a certification for an interlocutory appeal under 28 U.S.C. § 1292(b). Foamex Innovations, Inc. ("FXI"), one of the defendant manufacturers, appeals those decisions. The plaintiffs move to dismiss the appeal for lack of jurisdiction. FXI responds in opposition, and the plaintiffs reply in support of their motion.

The denial of a motion to dismiss to dismiss a complaint is generally not a final appealable order. *Simon v. Pfizer, Inc.*, 398 F.3d 765, 771 (6th Cir. 2005). Further, because the district court denied a § 1292(b) certification, FXI may not seek permission of this court to appeal. *See Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496, 504 (6th Cir. 2011).

FXI asserts jurisdiction under 28 U.S.C. § 1292(a)(1), which grants this court jurisdiction to review orders "granting, continuing, modifying, refusing or dissolving injunctions[.]" FXI argues that because the district court has declined its request to enforce the Delaware bankruptcy court's injunction, it has "dissolved" the injunction. It further argues that the district court's order has the practical effect of dissolving the bankruptcy court's injunction because of its "serious, perhaps irreparable, consequence." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (citation omitted).

The district court's order is not the equivalent of an order dissolving an injunction. FXI never specifically moved the district court for injunctive relief. Further, the district court has not foreclosed FXI from raising its arguments via a motion for summary judgment, indicating in its order that it would entertain such a motion. The district court has concluded only that the complaint is sufficient to state a claim for FXI's *post*-sale conduct.

FXI alternatively argues that the district court's decision is a collateral order under the test of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). The collateral-order doctrine permits immediate review of an order that "'(1) conclusively determines a disputed issue; (2) resolves an issue separate from the merits of the action that is too important to be denied review; and (3) will be effectively unreviewable on appeal from a final judgment.'" *Holt-Orsted v. City of Dickson*, 641 F.3d 230, 236 (6th Cir. 2011) (quoting *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 472 (6th Cir. 2006)). The doctrine is of "modest scope" and is narrowly applied. *Will v. Hallock*, 546 U.S. 345, 350 (2006). Thus, not every "asserted right to avoid the burdens of trial" will qualify as a collateral order. *Id.* at 351.

The district court's order in the instant case does not fall within the narrow class of collateral orders. First, notwithstanding FXI's arguments, the district court does not appear to have "conclusively determined" the disputed issue because it has not foreclosed FXI from moving for

summary judgment if the evidence fails to demonstrate post-sale conduct. Further, the effect of the bankruptcy court's sale order remains reviewable after the entry of final judgment. FXI has not demonstrated that it seeks "avoidance of a trial that would imperil a substantial public interest[.]" *Id*. at 353.

The motion to dismiss is **GRANTED**.

                                            ENTERED BY ORDER OF THE COURT

                                            _____
                                                        Clerk