**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated:  February 24 2012**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN  DIVISION

| | |
|---|---|
| In re: | Case Nos. 12-30214 |
| | (Jointly Administered) |
| VALLE FOAM INDUSTRIES (1995) INC., et. al.[1] | Chapter 15 |
| Foreign Applicants in Foreign Proceedings. | Judge Mary Ann Whipple |

### ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDINGS AND OTHER CHAPTER 15 RELIEF

Upon the Verified Chapter 15 Petitions (the "**Chapter 15 Petitions**") filed by Deloitte & Touche Inc., the court appointed Monitor (the "**Monitor**") of Valle Foam Industries (1995) Inc. ("**Valle Foam**"), Domfoam International Inc. ("**Domfoam**"), and A-Z Sponge & Foam Products Ltd. ("**A-Z**" and, together with

---

[1] The Foreign Applicants include Valle Foam Industries (1995) Inc., Domfoam International, Inc., and A-Z Sponge & Foam Products Ltd.

[2] Capitalized terms not defined herein shall have the meanings given to them in the Declaration

{K0289088.1}

Valle Foam and Domfoam, the "**Valle Foam Group**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**"), and upon the statements and affirmations made and contained therein, and the Court having reviewed the Chapter 15 Petitions and the Declarations filed contemporaneously with the Chapter 15 Petitions and the exhibits attached thereto, including a certified copy of the Initial Order entered by the Ontario Court on January 12, 2012 (the "**Canadian Order for Relief**"); and a hearing having been held on the 23rd day of February, 2012 (the "**Recognition Hearing**"); and upon the oral statements of counsel for the Monitor; and the Court having reviewed the Notice of the filing of the Chapter 15 Petitions and of the Recognition Hearing and its certificate of service [Dkt No. 15], which notice is deemed adequate for all purposes such that no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Chapter 15 Petitions and all other pleadings and proceedings in this case establish just cause to grant the relief ordered herein, and after due deliberation therefore,

    **THE COURT HEREBY FINDS AND DETERMINES THAT:**

  A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as

such. To the extent that any conclusions of law constitute finds of fact, they are adopted as such.

B.  This Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 1334 and 157(a) of the Bankruptcy Code and General Order 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper before this Court pursuant to 28 U.S.C. § 1410(2).

C.  The Monitor is a "person" within the meaning of section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of the Valle Foam Group within the meaning of section 101(24) of the Bankruptcy Code.

D.  The Chapter 15 cases of Valle Foam, Domfoam and A-Z (the "**Chapter 15 Cases**") were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

E.  The Monitor has satisfied the requirements of section 1515 of the Bankruptcy Code and Rule 2002(q) of the Federal Rules of Bankruptcy Procedure.

F.  The Canadian Proceedings are a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

G.  The Canadian Proceedings are entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

H.  The Canadian Proceedings are pending in Canada, which is the location of each member of the Valle Foam Group's center of main interests, and

accordingly, the Canadian Proceedings are a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code and are entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

    I.    The Monitor is entitled to all the automatic relief provided by section 1520 of the Bankruptcy Code, without limitation.

    J.    The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

    1.    The Canadian Proceedings are hereby recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

    2.    All relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is hereby granted to each member of the Valle Foam Group, including, without limitation, the stay under section 362 throughout the duration of these Chapter 15 Cases or until otherwise ordered by this Court.

    3.    The stay pursuant to section 362(a)(1) of the Bankruptcy Code is hereby modified and limited in the following respects:

(a) The stay shall not stay any act pertaining to finalizing the Settlements;[2] and

(b) The stay shall not stay the filing of a new complaint against any member of the Valle Foam Group, but shall stay any act to continue such litigation after the filing of the complaint, including service of process on any member of the Valle Foam Group.

4. The Canadian Order for Relief (and any extensions, amendments or modifications thereof as may be granted from time to time by the Ontario Court) shall be granted comity and is hereby given full force and effect in the United States to the same extent that it is given effect in Canada.

5. The Monitor is hereby recognized as the "foreign representative" in these bankruptcy proceedings, and may exercise the rights and powers of a trustee under and to the extent provided by section 1520 of the Bankruptcy Code.

6. The Monitor, the members of the Valle Foam Group, and each of their successors, agents, representatives, advisors or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

7. A copy of this Order, conformed to be true and correct, shall be served, within three business days of the entry of this Order, by facsimile, electronic mail or overnight express delivery, upon all persons or bodies authorized to administer foreign proceedings of the Valle Foam Group, all

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the Declaration in Support of the Chapter 15 Petitions [Dkt. No. 2].

entities against whom provisional relief was granted under section 1519 of the Bankruptcy Code, all parties to litigation pending in the United States in which any member of the Valle Foam Group was a party at the time of the filing of the Chapter 15 Petitions, the United States Trustee, and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for present purposes.

8.  The Chapter 15 Petitions and any supporting papers shall be made available by the Monitor through its website at http://www.deloitte.com/ca/Vallefoam or upon request at the offices of Kohrman Jackson & Krantz P.L.L., One Cleveland Center, 20th Floor, 1375 East 9th St., Cleveland, Ohio, 44114, to the attention of Mary K. Whitmer or James W. Ehrman, (216) 686-8700, mkw@kjk.com or jwe@kjk.com.

9.  This Court shall have continuing jurisdiction to the fullest extent permitted by law with respect to: (i) the enforcement, amendment or modification of this Order; (ii) any requests for further or additional relief or any adversary proceeding filed by the Monitor or any other party in interest; and (iii) any request by a person or entity for relief from the provisions of this Order, for cause shown.

10. This Order shall be immediately effective and enforceable upon its entry, and upon its entry shall become final and appealable, notwithstanding Bankruptcy Rule 7062 made applicable to chapter 15 cases by Bankruptcy Rule 1018.

###

Prepared and Submitted by:

**KOHRMAN JACKSON & KRANTZ P.L.L.**

*/s/ Mary K. Whitmer*
Mary K. Whitmer  (0018213)
James W. Ehrman (0011006)
One Cleveland Center, 20th Floor
1375 East 9th Street
Cleveland, OH   44114-1793
Telephone:  (216) 696-8700
Facsimile:  (216) 621-6536
Email: mkw@kjk.com
         jwe@kjk.com

*Counsel for Deloitte & Touche Inc.,
the Foreign Representative of Valle
Foam Industries (1995) Inc.,
Domfoam International Inc., and
A-Z Sponge & Foam Products Ltd.*