IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GRAND RAPIDS BEDDING CO. | : | |
| | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | MDL Docket No. 2196 |
| | : | Index No. 10-MD-2196 (JZ) |
| | : | |
| | : | Case No. 3:12-pf-10011-JZ |
| HICKORY SPRINGS MANUFACTURING COMPANY, VALLE FOAM INDUSTRIES, INC., DOMFOAM INTERNATIONAL, INC., CARPENTER COMPANY, WOODBRIDGE FOAM CORPORATION, FLEXIBLE FOAM PRODUCTS, INC., SCOTTDEL, INC., FOAMEX INNOVATIONS, INC., FUTURE FOAM, INC., VITAFOAM PRODUCTS CANADA LIMITED, VITAFOAM, INC., MOHAWK INDUSTRIES INC., LEGGETT & PLATT INC., ADVANCED URETHANE TECHNOLOGIES, INC. | : | |
| *Defendants* | : | |
| ENGLANDER SOUTHWEST ET AL., | : | |
| | : | CIVIL ACTION |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | MDL Docket No. 2196 |
| | : | Index No. 10-MD-2196 (JZ) |
| | : | |
| | : | Case No. 3:12-pf-10012-JZ |
| HICKORY SPRINGS MANUFACTURING COMPANY, VALLE FOAM INDUSTRIES, INC., DOMFOAM INTERNATIONAL, INC., CARPENTER COMPANY, WOODBRIDGE FOAM CORPORATION, FLEXIBLE FOAM PRODUCTS, INC., SCOTTDEL, INC., FOAMEX INNOVATIONS, INC., FUTURE FOAM, INC., VITAFOAM PRODUCTS CANADA LIMITED, VITAFOAM, INC., MOHAWK INDUSTRIES INC., LEGGETT & PLATT INC., ADVANCED URETHANE TECHNOLOGIES, INC. | : | |

|  |  |
|---|---|
| *Defendants* | |
| JEFFCO FIBRES, INC. | CIVIL ACTION |
| *Plaintiff*, | |
| v. | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |
| | Case No. 3:12-pf-10003-JZ |
| HICKORY SPRINGS MANUFACTURING COMPANY, VALLE FOAM INDUSTRIES, INC., DOMFOAM INTERNATIONAL, INC., CARPENTER COMPANY, WOODBRIDGE FOAM CORPORATION, FLEXIBLE FOAM PRODUCTS, INC., SCOTTDEL, INC., FOAMEX INNOVATIONS, INC., FUTURE FOAM, INC., VITAFOAM PRODUCTS CANADA LIMITED, VITAFOAM, INC., MOHAWK INDUSTRIES INC., LEGGETT & PLATT INC., ADVANCED URETHANE TECHNOLOGIES, INC. | |
| *Defendants* | |
| SPRING AIR INTERNATIONAL LLC ET AL., | CIVIL ACTION |
| *Plaintiffs*, | |
| v. | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |
| | Case No. 3:11-pf-10001-JZ |
| HICKORY SPRINGS MANUFACTURING COMPANY, VALLE FOAM INDUSTRIES, INC., DOMFOAM INTERNATIONAL, INC., CARPENTER COMPANY, WOODBRIDGE FOAM CORPORATION, FLEXIBLE FOAM PRODUCTS, INC., SCOTTDEL, INC., FOAMEX INNOVATIONS, INC., FUTURE FOAM, INC., VITAFOAM PRODUCTS CANADA LIMITED, VITAFOAM, INC., MOHAWK INDUSTRIES INC., LEGGETT & PLATT INC., ADVANCED URETHANE TECHNOLOGIES, INC. | |
| *Defendants* | |

-3-

| | | |
|---|---|---|
| JONATHAN STEVENS MATTRESS CO. | : | |
| | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | MDL Docket No. 2196 |
| | : | Index No. 10-MD-2196 (JZ) |
| | : | |
| | : | Case No. 3:12:pf-10010-JZ |
| HICKORY SPRINGS MANUFACTURING | : | |
| COMPANY, VALLE FOAM INDUSTRIES, INC., | : | |
| DOMFOAM INTERNATIONAL, INC., | : | |
| CARPENTER COMPANY, WOODBRIDGE | : | |
| FOAM CORPORATION, FLEXIBLE FOAM | : | |
| PRODUCTS, INC., SCOTTDEL, INC., FOAMEX | : | |
| INNOVATIONS, INC., FUTURE FOAM, INC., | : | |
| VITAFOAM PRODUCTS CANADA LIMITED, | : | |
| VITAFOAM, INC., MOHAWK INDUSTRIES | : | |
| INC., LEGGETT & PLATT INC., ADVANCED | : | |
| URETHANE TECHNOLOGIES, INC. | : | |
| | : | |
| *Defendants* | : | |

## DEFENDANT ADVANCED URETHANE TECHNOLOGIES, INC.'S
## MOTION TO STAY DISCOVERY

      For the reasons set forth in the accompanying Memorandum of Law, Defendant Advanced Urethane Technologies, Inc., by and through their undersigned counsel, hereby move pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for an order staying discovery.

July 9, 2012                                    Respectfully submitted,


/s/ *Barbara T. Siclides*
BARBARA T. SICALIDES (PA ID # 57535)
MATTHEW R. WILLIAMS (PA ID # 91820)
JEFFREY L. VAGLE (PA ID # 310671)
ALEXANDER L. HARRIS (PA ID # 311382)
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103
Phone: 215.981.4000
Fax: 215.981.4750
sicalidb@pepperlaw.com
williamsm@pepperlaw.com
vaglej@pepperlaw.com
harrisa@pepperlaw.com

/s/ *John C. Hansberry*
JOHN C. HANSBERRY (PA ID # 74721)
Pepper Hamilton LLP
Suite 5000
500 Grant Street
Pittsburgh, PA  15219
Phone: 412.454.5000
Fax: 412.281.0717
hansberj@pepperlaw.com

*Attorneys for Defendant Advanced Urethane Technologies, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GRAND RAPIDS BEDDING CO. | : | |
| | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | MDL Docket No. 2196 |
| | : | Index No. 10-MD-2196 (JZ) |
| | : | |
| | : | Case No. 3:12-pf-10011-JZ |
| | : | |
| HICKORY SPRINGS MANUFACTURING | : | |
| COMPANY, VALLE FOAM INDUSTRIES, INC., | : | |
| DOMFOAM INTERNATIONAL, INC., | : | |
| CARPENTER COMPANY, WOODBRIDGE | : | |
| FOAM CORPORATION, FLEXIBLE FOAM | : | |
| PRODUCTS, INC., SCOTTDEL, INC., FOAMEX | : | |
| INNOVATIONS, INC., FUTURE FOAM, INC., | : | |
| VITAFOAM PRODUCTS CANADA LIMITED, | : | |
| VITAFOAM, INC., MOHAWK INDUSTRIES | : | |
| INC., LEGGETT & PLATT INC., ADVANCED | : | |
| URETHANE TECHNOLOGIES, INC. | : | |
| | : | |
| *Defendants* | : | |
| ENGLANDER SOUTHWEST ET AL., | : | |
| | : | CIVIL ACTION |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | MDL Docket No. 2196 |
| | : | Index No. 10-MD-2196 (JZ) |
| | : | |
| | : | Case No. 3:12-pf-10012-JZ |
| | : | |
| HICKORY SPRINGS MANUFACTURING | : | |
| COMPANY, VALLE FOAM INDUSTRIES, INC., | : | |
| DOMFOAM INTERNATIONAL, INC., | : | |
| CARPENTER COMPANY, WOODBRIDGE | : | |
| FOAM CORPORATION, FLEXIBLE FOAM | : | |
| PRODUCTS, INC., SCOTTDEL, INC., FOAMEX | : | |
| INNOVATIONS, INC., FUTURE FOAM, INC., | : | |
| VITAFOAM PRODUCTS CANADA LIMITED, | : | |
| VITAFOAM, INC., MOHAWK INDUSTRIES | : | |
| INC., LEGGETT & PLATT INC., ADVANCED | : | |
| URETHANE TECHNOLOGIES, INC. | : | |

|  |  |
|---|---|
| *Defendants* : | |
| JEFFCO FIBRES, INC. : | CIVIL ACTION |
| *Plaintiff*, : | |
| v. : | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |
|  : | Case No. 3:12-pf-10003-JZ |
| HICKORY SPRINGS MANUFACTURING COMPANY, VALLE FOAM INDUSTRIES, INC., DOMFOAM INTERNATIONAL, INC., CARPENTER COMPANY, WOODBRIDGE FOAM CORPORATION, FLEXIBLE FOAM PRODUCTS, INC., SCOTTDEL, INC., FOAMEX INNOVATIONS, INC., FUTURE FOAM, INC., VITAFOAM PRODUCTS CANADA LIMITED, VITAFOAM, INC., MOHAWK INDUSTRIES INC., LEGGETT & PLATT INC., ADVANCED URETHANE TECHNOLOGIES, INC. : | |
| *Defendants* : | |
| SPRING AIR INTERNATIONAL LLC ET AL., : | CIVIL ACTION |
| *Plaintiffs*, : | |
| v. : | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |
|  : | Case No. 3:11-pf-10001-JZ |
| HICKORY SPRINGS MANUFACTURING COMPANY, VALLE FOAM INDUSTRIES, INC., DOMFOAM INTERNATIONAL, INC., CARPENTER COMPANY, WOODBRIDGE FOAM CORPORATION, FLEXIBLE FOAM PRODUCTS, INC., SCOTTDEL, INC., FOAMEX INNOVATIONS, INC., FUTURE FOAM, INC., VITAFOAM PRODUCTS CANADA LIMITED, VITAFOAM, INC., MOHAWK INDUSTRIES INC., LEGGETT & PLATT INC., ADVANCED URETHANE TECHNOLOGIES, INC. : | |
| *Defendants* : | |

| | | |
|---|---|---|
| JONATHAN STEVENS MATTRESS CO. | : | |
| | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | MDL Docket No. 2196 |
| | : | Index No. 10-MD-2196 (JZ) |
| | : | |
| | : | Case No. 3:12:pf-10010-JZ |
| HICKORY SPRINGS MANUFACTURING | : | |
| COMPANY, VALLE FOAM INDUSTRIES, INC., | : | |
| DOMFOAM INTERNATIONAL, INC., | : | |
| CARPENTER COMPANY, WOODBRIDGE | : | |
| FOAM CORPORATION, FLEXIBLE FOAM | : | |
| PRODUCTS, INC., SCOTTDEL, INC., FOAMEX | : | |
| INNOVATIONS, INC., FUTURE FOAM, INC., | : | |
| VITAFOAM PRODUCTS CANADA LIMITED, | : | |
| VITAFOAM, INC., MOHAWK INDUSTRIES | : | |
| INC., LEGGETT & PLATT INC., ADVANCED | : | |
| URETHANE TECHNOLOGIES, INC. | : | |
| | : | |
| *Defendants* | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO STAY DISCOVERY</u>**

**I.   INTRODUCTION**

Given Plaintiffs' flimsy, virtually non-existent, allegations against defendant Advanced Urethane Technologies, Inc. ("AUT"), the lack of a basis for personal jurisdiction over AUT in this Court, and the extraordinary costs of discovery in antitrust cases such as these, this Court should stay discovery pending the outcome of AUT's Motion to Dismiss. As the United States Supreme Court has cautioned, antitrust litigation is particularly susceptible to discovery abuses which result in high costs to defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 224 (2007). In order to avoid such discovery abuse, AUT respectfully requests that discovery be stayed until the Court has had the opportunity to rule on AUT's dispositive motions.

The issues raised by AUT's Motion to Dismiss lend themselves to resolution without factual discovery and AUT has a high likelihood of success on these issues as Plaintiffs have failed to adequately plead an antitrust violation against AUT and Plaintiffs filed their Complaints in a jurisdiction with which AUT has virtually no contact.  The fact that this Court has been designated to handle this Multidistrict Litigation does not obviate the need for the initial filing of the Complaints against AUT in a court with jurisdiction over AUT.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

In February of 2010, Vitafoam voluntarily approached the U.S. Department of Justice, Antitrust Division, to self-report illegal activity and to seek acceptance into the Antitrust Division's Corporate Leniency Program.  *See* Complaint at ¶ 115.  On July 21, 2010, the Commissioner of Competition in Canada made a sworn statement in support of a search warrant attesting to discussions, exchanges of information and agreements regarding the price of foam among competitors in the foam industry.  *See id.* at ¶ 159.  On or about July 27, 2010, it was publicly disclosed that the Federal Bureau of Investigation and the European Commission raided the offices of certain polyurethane foam manufactures in the United States and Europe.  *See id.* at ¶¶ 117-119.  During the investigation, the U.S. government gathered evidence that allegedly supported the existence of a conspiracy to fix prices and allocate customers in the flexible polyurethane foam industry.  *See id.* at ¶ 121.  AUT has neither been named in the Canadian proceedings or the U.S. leniency materials.  Plaintiffs' Complaints do not, because they cannot, aver that AUT has been identified in either the Canadian or the U.S. investigation as a member of the conspiracy.

The Panel on Multidistrict Litigation consolidated several separate proceedings pending in various jurisdictions into this MDL case on December 2, 2010.  AUT was not named as a defendant in any of these cases. On November 11, 2012, after more than two years and the

consolidation of several other cases, certain plaintiffs (though not those who have filed suit against AUT) issued a third party subpoena from the District of New Jersey on AUT. *See Dkt.* 300 (1:10-md-02196). On January 18, 2012, AUT produced a limited set of documents in response to the subpoena, and objected to the remainder of the subpoena, with the exception of allowing Legett & Platt ("L&P") to produce historical L&P documents stored on AUT property. The plaintiffs never collected the L&P documents. In addition, the plaintiffs never moved to compel the production of additional documents from AUT.

While the named plaintiffs in the proposed class actions did not add AUT as a party, on April 30, 2012, certain opt-out Plaintiffs, all of whom are represented by the same law firm, eventually sought to add AUT as a defendant by way of new complaint or by seeking to amend the pleadings in already existing actions.[1] *See Jonathan Stevens Mattress Co. v. Hickory Springs Manufacturing Company, et al*, 12-pf-10010; *Grand Rapids Bedding Co. v. Hickory Springs Manufacturing Company, et al*, 12-pf-10011; *Medi-Pedic Bedding Co., Inc. et al v. Hickory Springs Manufacturing Company, et al*, 12-pf-10012; *Spring Air International LLC, et al. v. Hickory Springs Manufacturing Company et al.*, 11-pf-10001; *Jeffco Fibres, Inc. v Hickory Springs Manufacturing Company et al.*, 12-pf-10003.

Despite months of discovery, the allegations against AUT in each of these cases are extremely limited: (1) AUT's alleged increase of prices in parallel with its competitors; (2) AUT's participation in a trade organization; and (3) AUT's employment of some former L&P employees, one of whom was a recipient on two emails before taking employment with AUT. *See* Complaint at ¶¶ 159-165. Plaintiffs have offered no direct or circumstantial allegations of

---

[1] After noticing that one of the plaintiffs' opt-out law firms decided to take a run at naming AUT as a defendant, another opt-out attorney decided to do the same. Late last week, AUT's counsel learned, for the first time, that counsel for Plaintiffs L&J Products and Sales, Inc., Florida Foam and Sales, Inc., and NC Foam and Sales, Inc., is seeking leave to amend its complaint to also name AUT.

fact from which this Court could determine an agreement by AUT to restrain prices has plausibly been pleaded.

## III. ARGUMENT

### A. Legal Standard

Rule 26(c) permits a district court to stay discovery for "good cause shown." *Landis v. North Am. Co.*. 299 U.S. 248, 254-55 (1936) (decision to stay discovery rests with trial court's discretion); *Rothstein v. Steinberg*, No. 5:08CV0673, 2008 U.S. Dist. LEXIS 108003 (N.D. Ohio June 9, 2008). "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Rothstein*, 2008 U.S. Dist. LEXIS 108003, at *9 (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). These powers are particularly appropriate where claims are "subject to dismissal based on legal determinations that could not have been altered by any further discovery." *Id.* (citing *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

Although pending dispositive motions do not automatically stay discovery, a stay is an "eminently logical" means to conserve judicial resources and prevent unnecessary costs associated with discovery. *McCain v. Voorhies*, No. 1:09-cv-444, 2012 U.S. Dist. LEXIS 62247 (S.D. Ohio May 3, 2012). Antitrust cases are particularly prone to such unnecessary costs and discovery abuses which can "push cost-conscious defendants to settle even anemic cases" before reaching further proceedings. *Twombly*, 550 U.S. at 559; *see also Coss v Playtex Prod.*, No. 08-C-50222, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009) ("Antitrust cases are typical of the types of cases where discovery is so burdensome and costly to parties that a stay pending decision on a motion to dismiss may be appropriate.").

In the wake of *Twombly*, courts across the country have stayed discovery in complex antitrust cases pending resolution of dispositive motions. *See, e.g., Nexstar Broad., Inc.*

-6-

*v. Granite Broad. Corp.*, 1:11-cv-249, 2011 U.S. Dist. LEXIS 105056 (N.D. Ind. Sept. 15, 2011) (granting motion to stay discovery pending the resolution of a motion to dismiss because "this is an antitrust case, which directly invokes the Supreme Court's concerns in *Twombly* about burdensome and expensive discovery"); *Integrated Sys. and Power, Inc. v. Honeywell Int'l, In.c*, 09-cv-5874, 2009 U.S. Dist. LEXIS 78476, at *1 (S.D.N.Y. Sept. 1, 2009) (granting motion to stay discovery).

### B. AUT's Motion to Dismiss Raises Substantial Question of Law That May De Resolved without Extensive Discovery

A stay of discovery is appropriate because Plaintiffs' claims may be dismissed based on questions of law alone. With this motion, AUT submitted a Motion to Dismiss arguing, among other things, the sufficiency of the pleadings. Consistent with *Twombly*, the Court should not permit Plaintiffs to engage in overly broad and burdensome discovery on the basis of an insufficient complaint.

Plaintiffs claim that AUT, along with its competitors, conspired to fix prices and allocate customers. *See supra* at § 2. To survive a motion to dismiss, however, Plaintiffs must plead facts demonstrating each element of their claims is "plausible." *See Twombly*. 550 U.S. at 570. But the Complaint fails to allege the fundamental elements of an antitrust claim when stripped of its conclusory statements, buzzwords, and jargon. Specifically, Plaintiffs have not pled facts that plausibly plead AUT's participation in a conspiracy. Unlike many of the other defendants in this case, none of the evidence cited in the Complaints and derived from the various government investigation or discovery taken in earlier actions reflect or support AUT's commitment to or participation in the alleged conspiracy. Indeed, Plaintiffs' threadbare factual allegations, taken as true, merely state that (1) AUT announced price increases at the same time as its competitors; (2) unspecified AUT employees participated in a trade organization; and (3) a

L&P employee received two emails from another L&P email upon which Plaintiffs rely before that particular email recipient was employed by AUT. Based on U.S. Supreme Court and Sixth Circuit precedent as well as this Court's rulings on the other defendants' motions to dismiss and motions for reconsideration, these allegations are not sufficient to survive AUT's motion to dismiss. *See, e.g., In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d 777, 783 (N.D. Ohio 2011) ("Adequately alleging a conspiratorial agreement in general does not, however, indicate that plaintiff has alleged *each* defendant's participation in that conspiracy." (emphasis in original)).

In *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, the Sixth Circuit upheld a Northern District of Ohio decision to stay discovery where it decided legal issues that could be determined without discovery. 349 F.3d 300, 304 (6th Cir. 1003) (finding stay of discovery particularly appropriate as to lower court's determination of jurisdictional issues and whether plaintiff stated claim). Like the defendants' motion in *Gettings*, AUT's Motion to Dismiss raises purely legal issues that may be resolved without further discovery on Plaintiffs' underlying claims. As such, a stay of discovery pending resolution of AUT's motion is appropriate.

C. **AUT Will Be Substantially Prejudiced if Discovery Proceeds**

A stay is also appropriate because AUT will be prejudiced if required to respond to discovery before its dispositive motion is considered. Setting aside the enormous costs associated with antitrust discovery, AUT will also suffer from Plaintiffs' lack of diligence in adding it as a party. As discussed above, Plaintiffs added AUT as a defendant **nearly two years after the litigation began**. Despite the extensions of time which were granted by the Court, Plaintiffs still waited until the final day allowed by this Court's scheduling order to add AUT as a defendant. As a result, AUT was unable to participate in the joint scheduling conferences, the

negotiation of the stipulated deadlines or the compromises reached during the meet and confers. AUT is further faced with analyzing an enormous volume of documents, docket entries and litigation materials in an effort to determine its position in this litigation. Plaintiffs served AUT with 65 requests for production and 12 interrogatories (not including subparts) on June 5, 2012. Attached hereto as Exhibit 1. These onerous requests seek large volumes of data and other materials and will require AUT to spend substantial time and money to determine if such documents even exist. As such, requiring AUT to participate in discovery prior to the resolution of the Motion to Dismiss would be highly prejudicial.

### D. Plaintiffs Will Not Be Prejudiced By a Stay of Discovery

Finally, the delay in adding AUT as a defendant in this litigation further demonstrates that Plaintiffs will not be prejudiced, or even burdened, by a stay of discovery. Plaintiffs have been involved in this litigation without requiring the discovery it now seeks from AUT. If Plaintiffs had the need for this information earlier, Plaintiffs could have added AUT at an earlier time or issued a subpoena on AUT.

Indeed, before adding AUT as a defendant, a different set of opt-out plaintiffs in the MDL sought documents from AUT by way of a third party subpoena. *See Dkt*. 300 (1:10-md-02196). These document requests focused mainly on AUT's acquisition of L&P's polyurethane foam business. In response to these discovery requests, AUT worked with L&P's counsel to identify responsive documents and advised the plaintiffs seeking third party discovery that historical L&P documents would be made available through L&P. Yet, no one ever took any meaningful steps to collect the documents from L&P. Clearly, staying discovery until AUT has had an opportunity to submit dispositive motions and analyze its position will not prejudice or harm Plaintiffs if the documents already identified have been deemed not important enough to obtain and given Plaintiffs' extraordinary delay in naming AUT.

Accordingly, the only prejudice that Plaintiffs may suffer, if any, is the garden-variety prejudice of not being able to obtain discovery from AUT while its motion to dismiss is pending. That prejudice is easily outweighed by the potential burden to AUT of unfettered discovery on claims that will likely not survive the pleading phase.

## IV. CONCLUSION

For the foregoing reasons, the Court should stay discovery against AUT pending the disposition of AUT's Motion to Dismiss.

July 9, 2012                                        Respectfully submitted,


/s/ *Barbara T. Siclides*
BARBARA T. SICALIDES (PA ID # 57535)
MATTHEW R. WILLIAMS (PA ID # 91820)
JEFFREY L. VAGLE (PA ID # 310671)
ALEXANDER L. HARRIS (PA ID # 311382)
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Phone: 215.981.4000
Fax: 215.981.4750
sicalidb@pepperlaw.com
williamsm@pepperlaw.com
vaglej@pepperlaw.com
harrisa@pepperlaw.com

/s/ *John C. Hansberry*
JOHN C. HANSBERRY (PA ID # 74721)
Pepper Hamilton LLP
Suite 5000
500 Grant Street
Pittsburgh, PA 15219
Phone: 412.454.5000
Fax: 412.281.0717
hansberj@pepperlaw.com

*Attorneys for Defendant Advanced Urethane Technologies, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GRAND RAPIDS BEDDING CO. | : | |
| | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | MDL Docket No. 2196 |
| | : | Index No. 10-MD-2196 (JZ) |
| | : | |
| | : | Case No. 3:12-pf-10011-JZ |
| HICKORY SPRINGS MANUFACTURING COMPANY, VALLE FOAM INDUSTRIES, INC., DOMFOAM INTERNATIONAL, INC., CARPENTER COMPANY, WOODBRIDGE FOAM CORPORATION, FLEXIBLE FOAM PRODUCTS, INC., SCOTTDEL, INC., FOAMEX INNOVATIONS, INC., FUTURE FOAM, INC., VITAFOAM PRODUCTS CANADA LIMITED, VITAFOAM, INC., MOHAWK INDUSTRIES INC., LEGGETT & PLATT INC., ADVANCED URETHANE TECHNOLOGIES, INC. | : | |
| *Defendants* | : | |
| ENGLANDER SOUTHWEST ET AL., | : | |
| | : | CIVIL ACTION |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | MDL Docket No. 2196 |
| | : | Index No. 10-MD-2196 (JZ) |
| | : | |
| | : | Case No. 3:12-pf-10012-JZ |
| HICKORY SPRINGS MANUFACTURING COMPANY, VALLE FOAM INDUSTRIES, INC., DOMFOAM INTERNATIONAL, INC., CARPENTER COMPANY, WOODBRIDGE FOAM CORPORATION, FLEXIBLE FOAM PRODUCTS, INC., SCOTTDEL, INC., FOAMEX INNOVATIONS, INC., FUTURE FOAM, INC., VITAFOAM PRODUCTS CANADA LIMITED, VITAFOAM, INC., MOHAWK INDUSTRIES INC., LEGGETT & PLATT INC., ADVANCED URETHANE TECHNOLOGIES, INC. | : | |

|  |  |
|---|---|
| *Defendants* | |
| JEFFCO FIBRES, INC. | CIVIL ACTION |
| *Plaintiff*, | |
| v. | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |
| | Case No. 3:12-pf-10003-JZ |
| HICKORY SPRINGS MANUFACTURING COMPANY, VALLE FOAM INDUSTRIES, INC., DOMFOAM INTERNATIONAL, INC., CARPENTER COMPANY, WOODBRIDGE FOAM CORPORATION, FLEXIBLE FOAM PRODUCTS, INC., SCOTTDEL, INC., FOAMEX INNOVATIONS, INC., FUTURE FOAM, INC., VITAFOAM PRODUCTS CANADA LIMITED, VITAFOAM, INC., MOHAWK INDUSTRIES INC., LEGGETT & PLATT INC., ADVANCED URETHANE TECHNOLOGIES, INC. | |
| *Defendants* | |
| SPRING AIR INTERNATIONAL LLC ET AL., | CIVIL ACTION |
| *Plaintiffs*, | |
| v. | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |
| | Case No. 3:11-pf-10001-JZ |
| HICKORY SPRINGS MANUFACTURING COMPANY, VALLE FOAM INDUSTRIES, INC., DOMFOAM INTERNATIONAL, INC., CARPENTER COMPANY, WOODBRIDGE FOAM CORPORATION, FLEXIBLE FOAM PRODUCTS, INC., SCOTTDEL, INC., FOAMEX INNOVATIONS, INC., FUTURE FOAM, INC., VITAFOAM PRODUCTS CANADA LIMITED, VITAFOAM, INC., MOHAWK INDUSTRIES INC., LEGGETT & PLATT INC., ADVANCED URETHANE TECHNOLOGIES, INC. | |
| *Defendants* | |

| | | |
|---|---|---|
| JONATHAN STEVENS MATTRESS CO. | : | |
| | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | MDL Docket No. 2196 |
| | : | Index No. 10-MD-2196 (JZ) |
| | : | |
| | : | Case No. 3:12:pf-10010-JZ |
| HICKORY SPRINGS MANUFACTURING COMPANY, VALLE FOAM INDUSTRIES, INC., DOMFOAM INTERNATIONAL, INC., CARPENTER COMPANY, WOODBRIDGE FOAM CORPORATION, FLEXIBLE FOAM PRODUCTS, INC., SCOTTDEL, INC., FOAMEX INNOVATIONS, INC., FUTURE FOAM, INC., VITAFOAM PRODUCTS CANADA LIMITED, VITAFOAM, INC., MOHAWK INDUSTRIES INC., LEGGETT & PLATT INC., ADVANCED URETHANE TECHNOLOGIES, INC. | : : : : : : : : : : | |
| *Defendants* | : | |

## **ORDER**

And now, on this ___ day of ___, 2012, upon consideration of Defendant Advanced Urethane Technologies, Inc.'s Motion to Stay Discovery and supporting Memorandum of Law, and any response thereto, it is hereby

ORDERED that the Motion is GRANTED and discovery as to Defendant Advanced Urethane Technologies, Inc. is stayed pending resolution of its Motion to Dismiss.

_____<br>J.

-3-

# CERTIFICATE OF SERVICE

I, Barbara T. Sicalides, hereby certify that on July 9, 2012, a copy of the foregoing Defendant Advanced Urethane Technologies, Inc.'s Motion to Stay Discovery, Proposed Order, and Memorandum of Law in Support of Its Motion to Stay Discovery were served upon all counsel of record via CM/ECF, upon the following via hand delivery:

>   CHARLES E. TOMPKINS
>   Shapiro Haber & Urmy LLP
>   53 State Street
>   Boston, MA 02109
>   *Counsel for Plaintiffs*

upon the following via email:

>   Charles E. Tompkins
>   Thomas G. Shapiro
>   Rachel M. Brown
>   SHAPIRO HABER & URMY LLP
>   ctompkins@shulaw.com
>   tshapiro@shulaw.com
>   rbrown@shulaw.com
>
>   *Counsel of Plaintiffs*
>
>   Tim L. Collins (0033116)
>   Anthony J. LaCerva (0032876)
>   Julie A. Perkins (0083640)
>   COLLINS & SCANLON LLP
>   tcollins@collins-scanlon.com
>   alacerva@collins-scanlon.com
>   jperkins@collins-scanlon.com
>
>   Eric Watt Wiechmann
>   Vanessa Roberts Avery
>   Richard Hernandez
>   MCCARTER & ENGLISH, LLP
>   ewiechmann@mccarter.com
>   vavery@mccarter.com
>   rhernandez@mccarter.com

-2-

*Counsel for Plaintiffs Spring Air International LLC, Spring Air Ohio LLC, Spring Air LLC, E&E Bedding Company, Inc., and Alfred T. Giuliano*

and upon the following via U.S. Mail:

Paul V. Shannon
LAW OFFICE OF PAUL V. SHANNON
255 Park Ave. # 508
Worcester, MA 01609

*Counsel for Plaintiff Jeffco Fibres, Inc.*

                /s/ *Barbara T. Sicalides*
                Barbara T. Sicalides