

# KENNY NACHWALTER

Direct Line
(305) 381-7472
E-Mail
wblechman@knpa.com

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861
WWW.KENNYNACHWALTER.COM

August 14, 2012

Honorable Jack Zouhary                  **Via ECF**
U.S. District Court
Northern District of Ohio
1716 Spielbusch Avenue
Room 203
Toledo, Ohio 43604-1363

    Re:    ***In Re Polyurethane Foam Antitrust Litigation, MDL No. 2196***

Dear Judge Zouhary:

    We write on behalf of the Direct Action (Non-Class) Plaintiffs ("DAPs") in response to the Class Plaintiffs' and Defendants' proposed Amended Joint Scheduling Order (Dkt. 408). We have a different perspective than do the Class and Defendants as to some of the issues implicated by the proposed Order which we address below.[1]

    1.     Paragraph 2 of the Proposed Scheduling Order
           Imposes a Partial Stay of Discovery Which is Unnecessary,
           <u>and One-Sided and Unfair to Direct Action Plaintiffs</u>

    Paragraph 2 of the proposed Scheduling Order would re-impose a partial stay of substantive depositions of Defendants (including their current/former employees) until February 25, 2013 because the fate of the Government's criminal investigation may turn on the closing of DOJ's Cleveland Field Office by that date. That would be unfortunate, but the disposition of the civil antitrust cases does not depend on the outcome of the criminal investigation. DAPs object to paragraph 2 of the proposed Order for two reasons.

    First, we question the need for another partial stay since the earlier one expired on October 21, 2011. *See* Order of Feb. 22, 2011, Dkt. 41. Defendants asked this Court to extend that stay, but it refused. *See* Order of Sept. 15, 2011 at 30, Dkt. 243. Later, certain Defendants here and their current/former employees were substantively deposed in *Urethane* about the "foamer" conspiracy without objection from the Government.

---

[1]     The Class Plaintiffs and Defendants negotiated their proposed Order bilaterally and then presented it to us to join after they already had reached agreement.

TEXAS OFFICE
ONE CONGRESS PLAZA
111 CONGRESS AVENUE, SUITE 1060
AUSTIN, TEXAS 78701
TELEPHONE 512.480.8023
FACSIMILE 512.480.8037

WASHINGTON SATELLITE OFFICE
1101 PENNSYLVANIA AVENUE, N.W., 6TH FLOOR
WASHINGTON, D.C. 20004-2436
TELEPHONE 202.756.4373
FACSIMILE 202.756.7323

**Honorable Jack Zouhary**  August 14, 2012
Page 2

That the Government investigation may close because the Cleveland Field Office is being shuttered is not the reason why the Court should adjust the pretrial schedule. Rather, the Court should extend the milestones because the Parties are not nearly as far along in document production as everyone had hoped.[2] There are reasons for this that have nothing to do with the fate of the Cleveland Field Office or whether Defendants testify before or after February 25, 2013.[3] Rather than burden this Court with a laundry list of grievances about discovery to date, the Class Plaintiffs and Defendants have proposed extending the pretrial milestones as the Parties have worked out a number of bottleneck issues and negotiate in good faith to address others. DAPs join in that effort and support the extension of the pretrial schedule for *that* reason. But the schedule can be adjusted as proposed without adding a partial stay of depositions of Defendants.

Second, DAPs object to paragraph 2 because the partial stay is one-sided in Defendants' favor and unfair to DAPs because it would allow Defendants to depose DAPs substantively during the partial stay while preventing DAPs from substantively deposing Defendants during the same period. DAPs should not be disadvantaged in taking or being subject to discovery as a result of an extension of the pretrial milestones for *all* Parties. Yet that is what happens if the pretrial schedule as extended includes a partial stay of depositions in Defendants' favor. If the Court imposes a partial stay as set forth in paragraph 2, then it should be fair to all sides. *Paragraph 2 should be removed or revised so as not to disadvantage DAPs.*

2. There is an Ambiguity in, and Potential Prejudice to DAPs
   Regarding the Interplay of, Paragraphs 2, 4 and 10 of the
   <u>Proposed Scheduling Order Regarding the Timing of Depositions</u>

Paragraph 10 of the proposed Amended Scheduling Order provides that "fact discovery shall be completed by December 19, 2013." Paragraph 2 reads in relevant part that "[t]o the extent a Party requests, by February 25, 2013, that a witness that is an officer or employee, or otherwise within the control, of another Party be made available for deposition between February 25, 2013 and June 4, 2013, the Party in control of the witness shall arrange for the witness to be available for deposition during that period…."

DAPs are unclear as to whether paragraph 2 is intended, in effect, to limit the depositions of parties or witnesses under their control to the period February 25, 2013 and June 4, 2013. We note that paragraph 4 of the proposed Amended Scheduling Order provides that Class certification motions are due on June 4th, and are concerned that the interplay among

---

[2] We note the prophylactic deadlines provided in paragraph 1, some of which may require adjustment depending upon the Court's ruling on pending discovery motions.

[3] There have been a number of disputes on threshold discovery issues on both sides that have slowed what each side has produced.

KENNY NACHWALTER, P.A.

**Honorable Jack Zouhary** August 14, 2012
Page 3

paragraphs 2, 4 and 10 is intended to limit or restrict the DAPs' ability to obtain fact discovery. That would be unfair. We require clarity on this point, and in any event believe that *the proposed Amended Scheduling Order should be revised to make clear that paragraph 2 is not intended to limit the right or ability of any Party to depose any Party or non-party after June 4, 2013 and before the December 19, 2013 fact discovery deadline*.

    3.    The Proposed Amended Scheduling Order Should Contain Post-Class Certification Pretrial Milestones

The proposed Amended Scheduling Order defers on setting post-Class certification milestones and unduly focuses on the Class actions. Those other milestones are needed in the proposed Order because the DAPs' claims are substantial and not going away regardless of the Court's ruling on Class certification; and such firm and fixed deadlines for the entire case ensure timely completion of this MDL proceeding (whatever the result) in an orderly and efficient manner. *The Court should add post-Class certification milestones to the proposed Order*.

Respectfully,

William J. Blechman
*Liaison Counsel for Direct Action (Non-Class) Plaintiffs*

WJB:mb

cc:    Class Co-lead Counsel
        Defense Co-liaison Counsel

434605.1

KENNY NACHWALTER, P.A.