UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **In re POLYURETHAN FOAM** | MDL Docket No. 2196 |
| **ANTITRUST LITIGATION** | Index No. 10-MD-2196 (JZ) |
| | ORDER |
| This document relates to: | |
| All Cases | Magistrate Judge James R. Knepp II |

### INTRODUCTION

Before the Court is Direct Purchaser Plaintiffs' Motion for Approval of a Proposed Program for Transmitting Notice of the Vitafoam Settlement and Domfoam Settlement to Members of the Proposed Settlement Classes. (Doc. 374). Previously, these Plaintiffs sought and received preliminary approval of the *terms* of settlements (1) between a proposed settlement class of direct purchaser plaintiffs ("Plaintiffs") and Defendants Vitafoam, Inc. and Vitafoam Products Canada, Limited (together, "Vitafoam"), and (2) the settlement between Plaintiffs and Defendants Domfoam International Inc. and Valle Foam Industries (1995) Inc. (the "Corporate Domfoam Defendants"), along with potential defendants A-Z Sponge & Foam Products Ltd., Bruce Bradley, Dean Brayiannis, Michael Cappuccino, Peter Foti, Duke Greenstein, John Howard, Dale McNeill, James William Sproule, Robert Rochietti-Valle, Tony Vallecoccia, and Fred Zickmantel (together with Corporate Domfoam Defendants, the "Domfoam Parties"). (Docs. 323 and 355).

At the same time, Plaintiffs sought conditional certification of the settlement class, which the Court declined to grant. As the Court observed,

> Rule 23 and the case law interpreting the Rule suggest this Court must make a definitive determination on certification, even in the settlement-only context. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see also In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 319 (3d Cir. 2008) (noting the 2003 amendments to Rule 23 eliminated language providing class certification "may be conditional"). In fact, in the settlement context, courts "must pay 'undiluted, even

>  heightened, attention' to class certification requirements . . . ." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting *Amchem*, 521 U.S. at 620)."

(Doc. 323, at 4). Thus, while the Court agrees it is possible to proceed with a settlement class on a faster track than the litigation track is proceeding, and while the Court has reviewed the terms of the proposed settlements and determined – at least preliminarily – that they should be approved, the Court has not yet considered the propriety of certifying the putative settlement class.

### DISCUSSION

The moving Plaintiffs profess to be ready to satisfy their burden of showing, with evidence at a hearing, the propriety of class certification for purposes of reaching a class-wide settlement with certain Defendants. While this is puzzling, inasmuch as Plaintiffs ostensibly still need many more months to be in position to even move for certification of a litigation class to proceed against the non-settling Defendants, in light of the Court's generally favorable disposition toward settlement, and for the reasons previously enunciated, the Court is inclined to permit Plaintiffs to proceed. However, given the course of this litigation, they must do so in a manner more analogous to ordinary class-action litigation than has heretofore been contemplated.

Responding to a perceived concern some non-settling Defendants expressed at the hearing on Plaintiffs' Motion to Preliminarily Approve the Vitafoam Settlement – that they could potentially be prejudiced by over- or under-inclusion in the settling class definition – the Court fashioned a novel concept in its Order: sending notice to putative class members, prior to certifying the class, to afford those potential class members the added protection of allowing them the opportunity to object to the formation of the class itself. (Doc. 323, at 6). This way, putative class members could assist the Court in determining whether certain plaintiffs would be under-represented or their interests diluted by defining the class a particular way.

As the non-settling Defendants emphatically observed, Plaintiffs' tendered proposed notice falls more into the form of what has frequently been provided members of a proposed settlement class where the certification of a class is not, itself, being vigorously opposed, advising the recipients they are prospective class members of a class for whose benefit settlement is being contemplated. Here, this historically "tried and true" notice and distribution plan breaks down in the contentious and unsettled dispute as to the propriety and parameters of the settlement class, as contrasted with the potential, but yet-to-be-certified, litigation class. Given the scrutiny the Court is obligated to apply to even a proposed settlement class, and where no evidence has yet been tendered supporting class certification, and where Plaintiffs claim to be months away from moving for litigation-class certification, the Court cannot help but observe that defining the membership of even a settlement class will not be a "rubber stamp" endeavor.

This Court previously quoted the Supreme Court's admonition that "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (emphasis in original). Even in the settlement context, the burden is on the plaintiffs to establish their right to class certification, *Amchem*, 521 U.S. at 613, and that can only be done if, "after a rigorous analysis," a court is satisfied the Rule 23 prerequisites have been met, *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2008) (citing *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003)). Whether or not the non-settling Defendants have technical standing to oppose the certification of the class for purposes of reaching a settlement with certain Defendants only, the

Court will permit those parties – within reasonable bounds – to assist it with scrutinizing the propriety of the proposed class.

Plaintiffs obviously contemplate a single notice to the members of the class, distributed according to their plan, advising those members of the putative class of (1) the fact of the settlement and (2) their potential inclusion in the class. Under these circumstances, where terms associated with class membership and the scope of the class are contentious (and because potential joint and several liability could affect the recovery of plaintiffs beyond customers of the settling Defendants), the Court is convinced it would be imprudent to conduct the hearings on class certification for the settlement class and final approval of the terms of the settlement concurrently.

## CONCLUSION

The Court denies Plaintiffs' Motion for Approval of a Proposed Program for Transmitting Notice of the Vitafoam Settlement and Domfoam Settlement to Members of the Proposed Settlement Classes. (Doc. 374). Rather, to the extent Plaintiffs wish to proceed with a settlement class, they should file a motion for certification of the settlement class, which the Court will consider at a hearing solely for purposes of determining the propriety of class certification. If Plaintiffs prevail in that regard, the Court will consider the form and manner of proposed notice to the class of the contemplated settlement and the members' rights and obligations pertaining thereto. Following distribution of notice, the Court will conduct a further hearing to consider final approval of this settlement.

IT IS SO ORDERED.

    s/James R. Knepp, II
United States Magistrate Judge