UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) ) | MDL Docket No. 2196 Index No. 10-MD-2196(JZ) |
| This document relates to: All Direct Purchaser Class Cases | ) ) ) ) ) | |

**DEFENDANTS' COURT-ORDERED SUBMISSION**
**REGARDING SETTLEMENT CLASS CERTIFICATION**

Magistrate Judge Knepp's October 23, 2012 Order denying Direct Purchaser Class Plaintiffs' ("Plaintiffs") motion for approval of their proposed settlement notice plan reached the right result for the right reasons. There is no need for this Court to reconsider that decision. In the months since the United States Supreme Court decided *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), the United States Court of Appeals for the Sixth Circuit has adopted and repeatedly applied *Wal-Mart*'s rigorous standard for class certification. Moreover, consistent with the teachings of *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), other courts of appeals, as well as district courts both within and outside the Sixth Circuit, have routinely applied *Wal-Mart* in the context of *settlement* class certification. At the Court's direction, the undersigned defendants ("Defendants") provide this submission in further support of their prior arguments on this issue[1] and Magistrate Judge Knepp's October 23 Order.

## I.  Magistrate Judge Knepp Correctly Concluded that Proposed Settlement Classes Are Subject to the Same Rigorous Certification Standard as Litigation Classes.

As Magistrate Judge Knepp noted in his January 23, 2012 Order, "Rule 23 and the case law interpreting the Rule suggest this Court must make a definitive determination on certification, even in the settlement-only context," ECF No. 323 at 4–5, and, "[a]t this time, there is simply no evidence allowing the Court to undertake a rigorous analysis to determine if class certification is appropriate." *Id.* at 7–8. Nevertheless, his order gave Plaintiffs an opportunity to provide a proposed settlement class notice plan, for further consideration by the Court, to solicit input from potential class members. *Id.* at 5. Plaintiffs' proposed notice plan went far beyond Magistrate Judge Knepp's January 23 Order, and announced approval of a settlement class and

---

[1] This submission incorporates and relies upon the arguments that Defendants previously advanced in their November 14, 2011 memorandum regarding preliminary approval of Plaintiffs' proposed settlement with Vitafoam, Inc. and Vitafoam Products Canada, Limited (collectively, "Vitafoam"), ECF No. 301, and Defendants' June 7, 2012 memorandum in response to Plaintiffs' motion for approval of proposed notice plan, ECF Nos. 376 (sealed version) & 377 (redacted public version), as well as the presentations, materials, and oral arguments that Defendants provided to the Court at the January 11, 2012, August 20, 2012, and October 24, 2012 hearings. *See* ECF Nos. 317 (Jan. 11, 2012 hearing transcript), 422 (Aug. 20, 2012 hearing transcript) & 436 (Oct. 24, 2012 hearing transcript).

1

an opportunity for class members to submit claims.  In his more recent Order rejecting this scopic view of his earlier ruling, Magistrate Judge Knepp was understandably puzzled by the incongruity of Plaintiffs' profession "to be ready to satisfy their burden of showing, with evidence at a hearing, the propriety of class certification for purposes of reaching a class-wide settlement with certain Defendants" when they "ostensibly still need many more months to be in position to even move for certification of a litigation class to proceed against the non-settling Defendants."  ECF No. 432 at 2.

      Plaintiffs' position, also now championed by settling Defendants Domfoam International, Inc., Valle Foam Industries (1995) Inc., A-Z Sponge & Foam Products Ltd. *et al*., and Vitafoam (collectively, the "Settling Defendants"), is little more than a plea to ignore the teachings of *Amchem* and *Wal-Mart* on grounds of "expediency," "litigation management," and a "public policy" allegedly favoring settlements.  In the process, however, they ignore the fact that certification of a "settlement class" is not an entitlement, but rather is an exception to the usual rule of party-to-party litigation and is therefore subject to rigorous oversight and scrutiny by federal courts.  *Amchem*, which arose precisely because of concerns with "engineered" settlements involving "stipulated" settlement classes too broad to be justified factually, long ago made clear that settlement classes must meet the same rigorous Rule 23 elements as litigation classes, with the exception of  "manageability."  *Wal-Mart* very recently reaffirmed plaintiffs' burden in establishing *each* Rule 23 element for a settlement class by a preponderance of the evidence.  Until *Wal-Mart* was decided, the dictates of *Amchem* too often were side-stepped simply by applying a relaxed burden of proof to settlement classes or engaging in the fiction that plaintiffs need only make a "prima facie" showing of the Rule 23 elements in order to certify a settlement class.  With complicit parties on both sides of the settlement process and an indulgent

2

burden of proof, a prima facie showing of compliance with Rule 23 obviously was not difficult to make. However, as Magistrate Judge Knepp concluded, *Wal-Mart* now has made clear that much more is required:

> Given the scrutiny the Court is obligated to apply to even a proposed settlement class, and where no evidence has yet been tendered supporting class certification, and where Plaintiffs claim to be months away from moving for litigation-class certification, the Court cannot help but observe that defining the membership of even a settlement class will not be a "rubber stamp" endeavor.

*Id.* at 3.

**II.     Case Law Supports Magistrate Judge Knepp's Application of *Wal-Mart*'s Rigorous Factual Standard to Both Settlement and Litigation Class Certification Decisions.**

This controversy first arose in October 2011, when Plaintiffs reached a proposed settlement with Vitafoam. Since *Wal-Mart* was only approximately four months old at the time, cases interpreting the decision were limited.

Direct Purchaser Class Plaintiffs filed their motion for approval of their proposed class settlement notice plan in May of this year, supported only by a handful of class certification decisions and class notices that pre-dated *Wal-Mart*. *See* ECF No. 374-1 at 5–6 & 8 n.2.[2] Although Plaintiffs also submitted claim *forms* post-dating *Wal-Mart*, Defendants showed that the forms were predicated on pre-*Wal-Mart* class certification decisions or were otherwise inapplicable. *See* ECF No. 377 at 6–7 & nn.6–7.

**A.     The Sixth Circuit Has Applied *Wal-Mart*'s Rigorous Factual Standard.**

In several cases, the Sixth Circuit already has applied *Wal-Mart* to require a rigorous analysis of the purported factual basis for class certification motions. In *Young v. Nationwide Mutual Insurance Co.*, 693 F.3d 532, 2012 U.S. App. LEXIS 18625 (6th Cir. 2012), for example, the Sixth Circuit found, "[*Wal-Mart*] verified that the district court *should not merely presume*

---

[2] Where a document's internal pagination differs from the ECF header's pagination, page citations in this submission shall be to the document's internal page numbers, not the ECF header page numbers.

that the plaintiffs' allegations in the complaint are true for the purposes of class motion *without resolving factual and legal issues*." *Id.* at *8–9 (emphasis added).  The Sixth Circuit also has twice indicated that the "rigorous analysis" required by *Wal-Mart* "[o]rdinarily . . . means that the class determination should be *predicated on evidence the parties present* concerning the maintainability of the class action."  *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 678 F.3d 409, 416–17 (6th Cir. 2012) (emphasis added); *accord Young*, 693 F.3d 532, at *9; *see also Gooch v. Life Invs. Ins. Co.*, 672 F.3d 402, 417 (6th Cir. 2012) ("A 'limited factual inquiry' *assuming* plaintiff's allegations to be true does not constitute the required 'rigorous analysis' we have repeatedly emphasized.") (emphasis added).

### B. Other Courts Have Applied *Wal-Mart* in the Settlement Class Context.

Although these Sixth Circuit decisions applying *Wal-Mart* did not arise in the context of certification of *settlement* classes, other courts of appeals, and district courts both within and outside the Sixth Circuit, have had that opportunity.  By way of example, in *Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3d Cir. 2011) (en banc), the United States Court of Appeals for the Third Circuit found that with the exception of considerations relating to the manageability of a class action at trial, its "clear and consistent precedent" held that "*the standards for class certification are the same for both settlement and litigation classes*" (emphasis added).  *Id.* at 322 n.56.  Put another way, "[t]he same analytical rigor is required for litigation and settlement certification, but some inquiries essential to litigation class certification [i.e., manageability at trial] are no longer problematic in the settlement context."  *Id.* at 335 (Scirica, J., concurring).

Likewise, in *In re American International Group, Inc. Securities Litigation*, 689 F.3d 229 (2d Cir. 2012), the district court had denied a joint motion for certification of a proposed settlement class in a securities class action, finding "that the class could not satisfy the

4

predominance requirement of Federal Rule of Civil Procedure 23(b)(3) because the fraud-on-the-market presumption does not apply to the class's securities fraud claims." *Id.* at 232.  While vacating the district court's ruling on the settlement class, the United States Court of Appeals for the Second Circuit nevertheless undertook a rigorous factual inquiry, citing *Wal-Mart* and consistent precedent from the Second and Third Circuits.

In *Kizer v. Summit Partners, L.P.*, No. 1:11-CV-38, 2012 U.S. Dist. LEXIS 63795 (E.D. Tenn. May 7, 2012), the district court explicitly applied what it described as a "rigorous" *Wal-Mart* analysis to a proposed settlement class.  *See id.* at *5–21.  Numerous other district courts have reached the same conclusion, on the basis of either *Wal-Mart* itself or court of appeals precedent consistent with *Wal-Mart*'s heightened standard.  "Class certification requires a rigorous analysis of Rule 23 prerequisites.  The rigor required does not diminish in the settlement-class context." *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1051 (S.D. Tex. 2012).  "Even for settlement purposes, in order to certify a class, the Plaintiffs must demonstrate that the proposed certification satisfies the prerequisites set forth within Rule 23(a) and Rule 23(b)." *Temp. Servs., Inc. v. Am. Int'l Group, Inc.*, C/A No. 3:08-cv-00271-JFA, 2012 U.S. Dist. LEXIS 131201, at *3 (D.S.C. Sept. 14, 2012) (final approval of proposed settlement); *accord Temp. Servs., Inc. v. Am. Int'l Group, Inc.*, C/A No. 3:08-cv-00271-JFA, 2012 U.S. Dist. LEXIS 86474, at *3 (D.S.C. June 22, 2012) (preliminary approval of proposed settlement); *see also Morales v. Stevco, Inc.*, No. 1:09-cv-00704 AWI JLT, 2012 U.S. Dist. LEXIS 68640, at *16–17 (E.D. Cal. May 16, 2012) (magistrate judge's findings and recommendations) (citing *Wal-Mart* as part of the standard governing review of proposed settlement classes); *In re Budeprion XL Mktg. & Sales Litig.*, No. 09-md-2107, 2012 U.S. Dist. LEXIS 91176, at *29 n.3 (E.D. Pa. July 2, 2012) ("a district court must find that a class meets

5

the requirement of Rule 23, regardless of whether the Court is asked to certify a litigation class or a settlement class").[3] Importantly, and contrary to Plaintiffs' contention in this Court, "[a] district court may not substitut[e] the fairness inquiry of Rule 23(e) for the certification requirements of Rule 23(a) and (b)." *In re Heartland*, 851 F. Supp. 2d at 1051.

In short, Magistrate Judge Knepp's conclusions in his October 23 Order find ample support in post-*Wal-Mart* jurisprudence.

### C. Class Certification Cannot Take Place at a "Fairness" Hearing, and Consideration of the Proposed Settlement Class Is Impossible Without a Detailed Factual Record.

Despite the decision in *Wal-Mart* and the many subsequent cases recognizing that *Wal-Mart* clearly does change the rules of the game, Plaintiffs and the Settling Defendants have persisted in arguing for the now-rejected *status quo ante*. Repeatedly, they have tried to convince the Court that their proposed settlement class should be preliminarily approved based on the papers they have submitted and/or stipulated facts between Plaintiffs and the Settling Defendants, that notice should be sent to this preliminarily certified class, and that "final approval" of the class and settlement should take place at the Rule 23(e)(2) "fairness" hearing. The plain language of Rule 23(e), however, states that it applies to "[t]he claims, issues, or defenses of a *certified* class," Fed. R. Civ. P. 23(e) (emphasis added), not a proposed class for which no evidentiary support has been presented, and certainly not a proposed class for which a motion for class certification has not yet even been filed. Fairness hearings, moreover, are concerned primarily with determining whether the settlement amount is "fair, reasonable, and

---

[3] At least one district court, erroneously, has purported to employ boilerplate, pre-*Wal-Mart* orders in preliminarily and finally approving settlements and certifying settlement classes. *See In re Blood Reagents Antitrust Litig.*, MDL No. 09-2081, slip ops. (E.D. Pa. Mar. 5, 2012 & Sept. 6, 2012) (preliminary and final settlement approval orders). However, it should be noted that the district court's final approval of the proposed settlement and certification of the settlement class occurred *after* a detailed, fact-based decision certifying a litigation class. *See In re Blood Reagents Antitrust Litig.*, MDL No. 09-2081, 2012 U.S. Dist. LEXIS 118727 (E.D. Pa. Aug. 22, 2012).

adequate." Fed. R. Civ. P. 23(e)(2). As the court found in *In re Heartland*, fairness hearings plainly are not substitutes for the certification requirements of Rule 23(a) and (b).[4]

It also makes no sense to (1) *conditionally* or *preliminarily* certify a settlement class on a non-adversarial "record" compiled by parties who have no incentive to challenge it, (2) send notice at great expense to a potentially over-inclusive or under-inclusive "class," or just as likely, to individuals not entitled to class status at all, and (3) *only later* consider adversarial evidence on the requirements of Rule 23(a) and (b). Any modification to the class would require notice to be re-sent. On the other hand, if no class is certified, the costs of notice would be completely wasted.

As Plaintiffs have made clear, and Magistrate Judge Knepp has found, this case is not yet close to the stage where the Court possibly could make valid factual and legal determinations on class certification. Although document discovery is moving forward, there still is considerable work to be done to substantially complete even that phase of discovery by the November 30, 2012 deadline set in the Second Amended Scheduling Order, ECF No. 417. A number of Plaintiffs, in fact, have not yet made any substantial productions of non-transactional discovery. Depositions have not yet begun.

This discovery is necessary for all parties to develop and support their Rule 23 positions and for their experts to develop the needed economic analyses. It explains why Plaintiffs "still need many more months to be in position to even move for certification of a litigation class to proceed against the non-settling Defendants." ECF No. 432 at 2. The same discovery, and the arguments and analyses based upon it, are essential prerequisites to this Court's "rigorous

---

[4] While members of the class "may object to the proposal," Fed. R. Civ. P. 23(e)(5), as non-active litigants, they would be ill-positioned to deal with certification issues even if that type of objection were permitted. For example, a major area of contention in class certification procedures involves expert testimony, which would not be available to objecting "class members."

7

analysis" of the evidentiary basis *vel non* for *any* proposed class in this case, as Magistrate Judge Knepp recognized. *See, e.g.*, *Givens v. Van Devere, Inc.*, No. 5:11CV666, 2012 U.S. Dist. LEXIS 131934, at *37 (N.D. Ohio Apr. 27, 2012) (magistrate judge's report and recommendation noting that the rigorous analysis of "[m]aintainability" under Rule 23 "ordinarily . . . should be predicated on more information than the pleadings will provide"); *Givens v. Van Devere, Inc.*, No. 5:11CV666, 2012 U.S. Dist. LEXIS 131931, at *16 (N.D. Ohio Sept. 17, 2012) (overruling objections to magistrate judge's report and recommendation and noting that "'[o]rdinarily . . . the class determination should be predicated on evidence the parties present concerning the maintainability of the class action'") (quoting *In re Whirlpool Corp.*, 678 F.3d at 416–17); *see also In re Fla. Cement & Concrete Antitrust Litig., (Indirect Purchaser Action)*, 278 F.R.D. 674 (S.D. Fla. 2012) (detailed, fact-based review of class certification motion); *In re Fla. Cement & Concrete Antitrust Litig., (Direct Purchaser Action)*, Master Docket No. 09-23187-CIV-ALTONAGA/Bandstra, 2012 U.S. Dist. LEXIS 281 (S.D. Fla. Jan. 3, 2012) (same).

### D. Decisions in Cases Currently Pending Before the Supreme Court Likely Will Provide Further Clarity on *Wal-Mart*'s Burden of Proof Requirements.

On November 5, 2012, the Supreme Court heard oral argument in two cases turning on appellate courts' interpretations of *Wal-Mart*, particularly the burden of proof requirements that, under *Amchem*, will affect both litigation and settlement classes: *Comcast Corp. v. Behrend*, No. 11-864, on appeal from the Third Circuit, and *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, No. 11-1085, on appeal from the United States Court of Appeals for the Ninth Circuit.

In *Amgen*, a securities class action predicated on a fraud-on-the-market theory, the Supreme Court is reviewing whether the district court must require *proof* of materiality—and

whether it must allow the defendant to *present evidence rebutting* the applicability of a fraud-on-the-market theory—before certifying a plaintiff class. *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 132 S. Ct. 2742 (2012). The Ninth Circuit held in *Amgen* that "proof of materiality is not necessary to ensure that the question of reliance is common among all prospective class members' securities fraud claims," and the defendant did not need to be afforded an opportunity at the class certification stage to rebut the plaintiffs' fraud-on-the-market theory. *Conn. Ret. Plans & Trust Funds v. Amgen Inc.*, 660 F.3d 1170, 1177 (9th Cir. 2011).

In *Behrend*, an antitrust class action alleging violations of sections 1 and 2 of the Sherman Act, the Supreme Court is considering whether a district court may certify a class action without resolving whether the plaintiff class has introduced *admissible* evidence, including expert evidence, to show that the case is susceptible to awarding damages on a class-wide basis. *Comcast Corp. v. Behrend*, 183 L. Ed. 2d 673 (2012). The Third Circuit held, over the dissent of one panel member, that although class certification issues may overlap with merits issues, proof of Rule 23's elements by a preponderance of the evidence for class certification purposes was not synonymous with actual proof on the merits at trial, and evidence proffered at the class certification stage—including expert evidence—did not necessarily need to be admissible at trial in order to be considered by the court for class certification purposes, despite the heightened inquiry a district court must perform on the issue of class certification after *In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305 (3d Cir. 2008). *Behrend v. Comcast Corp.*, 655 F.3d 182, 199 (3d Cir. 2011). The majority attempted to make this distinction:

> [A]lthough the Supreme Court recently hinted that *Daubert* may apply for evaluating expert testimony at the class certification stage, it need not turn class certification into a mini-trial. We understand the Court's observation [in *Wal-Mart*] to require a district court to evaluate whether an expert is presenting a model which could evolve to become admissible evidence, and not requiring a district court to determine if a model is perfect at the certification stage.

9

*Id.* at 204 n.13 (internal citations omitted).  When decided, *Amgen* and *Behrend* should provide additional clarity to *Wal-Mart*'s burden of proof requirements in class certification decisions.

**III.     Conclusion**

Magistrate Judge Knepp's October 23 Order clearly got it right and is fully supported by current jurisprudence, both within and outside the Sixth Circuit.  Nothing in the Order prevents Plaintiffs from moving for class certification whenever they feel ready to do so—the Order simply rejected their proposed notice plan, which was legally and factually incorrect on its face, and invited them to file a motion for settlement class certification when they believe they have the necessary evidence to support it.

That time is not now, as Plaintiffs have essentially conceded.  By arguing for a procedure obviously supplanted by *Wal-Mart* and urging the Court to substitute a Rule 23(e) fairness hearing for the rigorous, pre-notice inquiry required under Rule 23(a) and (b), Plaintiffs are asking the Court to ignore *Wal-Mart*, as well as the Sixth Circuit and other decisions applying *Wal-Mart*.  Defendants accordingly urge the Court to defer any further consideration of proposed settlement and/or litigation classes until discovery has provided sufficient evidence to allow the Court to conduct the rigorous analysis that *Amchem* and *Wal-Mart* require.

Dated:  November 7, 2012 Respectfully submitted,

/s/   James H. Walsh
James H. Walsh
Howard Feller
Bethany Lukitsch
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: (804) 775-4356
Fax:    (804) 698-2200
jwalsh@mcguirewoods.com
hfeller@mcguirewoods.com
blukitsch@mcguirewoods.com

*Counsel for Carpenter Co., E.R. Carpenter, L.P., and Carpenter Holdings, Inc.*

/s/   Kendall Millard
Kendall Millard
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Phone: (317) 231-7461
Fax:    (317) 231-7433
kmillard@btlaw.com

/s/   Michael D. Mustard
Michael D. Mustard
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN 46802-3119
Phone:  (260) 423-9440
Fax:    (260) 424-8316
mmustard@btlaw.com

*Counsel for Flexible Foam Products, Inc.*

/s/   Francis P. Newell
Francis P. Newell
Peter M. Ryan
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Phone:  (215) 665-2118
Fax:    (215) 665-2013
fnewell@cozen.com
pryan@cozen.com

*Counsel for Foamex Innovations, Inc.*

/s/   Edward G. Warin
Edward G. Warin
John P. Passarelli
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE  68102
Phone:  (402) 346-6000
Fax:    (402) 346-1148
edward.warin@kutakrock.com
john.passarelli@kutakrock.com

*Counsel for Future Foam, Inc.*

/s/ Frank A. Hirsch, Jr.
Frank A. Hirsch, Jr.
Matthew P. McGuire
ALSTON & BIRD LLP
4721 Emperor Blvd.
Suite 400
Durham, NC 27703
Phone: (919) 862-2200
Fax: (919) 852-2260
frank.hirsch@alston.com
matt.mcguire@alston.com

*Counsel for Hickory Springs Manufacturing Company*

/s/ Randall L. Allen
Randall L. Allen
Teresa T. Bonder
Allison S. Thompson
ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree St.
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
randall.allen@alston.com
teresa.bonder@alston.com
allison.thompson@alston.com

*Counsel for Mohawk Industries, Inc.*

/s/ Daniel R. Warncke
Daniel R. Warncke
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205
warncke@taftlaw.com

Joe Rebein
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 559-2227
jrebein@shb.com

*Counsel for Leggett & Platt, Incorporated*

/s/ Daniel G. Swanson
Daniel G. Swanson
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Phone: (213) 229-6690
Fax: (213) 229-6919
dswanson@gibsondunn.com

Cynthia Richman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Phone: (202) 530-8500
Fax: (202) 530-9651
crichman@gibsondunn.com

*Counsel for Woodbridge Foam Corporation, Woodbridge Sales & Engineering, Inc., and Woodbridge Foam Fabricating, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Bethany G. Lukitsch
Bethany G. Lukitsch
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: (804) 775-4711
Fax: (804) 698-2261
blukitsch@mcguirewoods.com