UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| This document relates to: ALL DIRECT PURCHASER (CLASS) CASES | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |

**DOMFOAM PARTIES' MEMORANDUM**
**ADDRESSING MAGISTRATE JUDGE KNEPP'S ORDER OF OCTOBER 23, 2012**

Pursuant to the Court's direction at the October 24, 2012 hearing, Defendants Domfoam International Inc. ("Domfoam") and Valle Foam Industries (1995) Inc. ("Valle"), along with A-Z Sponge and Foam Products Ltd., Bruce Bradley, Dean Brayiannis, Michael Cappuccino, Peter Foti, Duke Greenstein, John Howard, Dale McNeill, James William Sproule, Robert Rochietti-Valle, Tony Vallecoccia, and Fred Zickmantel (together with Domfoam and Valle, the "Domfoam Parties"), respectfully submit this memorandum addressing Magistrate Judge Knepp's Order of October 23, 2012 and in favor of approval of the proposed notice plan regarding the settlement between Plaintiffs and the Domfoam Parties.

**The Domfoam Parties' Settlements**

On January 3, 2012, Domfoam and Valle entered into separate settlements with the Direct Purchaser Class, Indirect Purchaser Class and each of the Direct Action Plaintiffs to resolve and release all claims against them and eleven former Domfoam and Valle employees in exchange for cooperation with Plaintiffs in connection with class action certification proceedings as well as generally in the prosecution of their cases against the non-settling Defendants. Nine days after entering into these settlements, Domfoam and Valle pled guilty in Canada to conspiring with Carpenter Canada Co., Foamex Canada Inc., and other competitors to fix the prices of carpet cushion foam and slab foam and, after being fined $25 million by the Canadian Competition Bureau, filed for bankruptcy under Canadian law. Under the supervision of a court-appointed monitor, the bankruptcy estate is in the process of liquidation, the assets of both companies have been sold to third parties, and all civil actions in Canada against Domfoam and Valle have been stayed. On January 27, 2012, Domfoam and Valle filed for a stay of these MDL proceedings as against them, and subsequently for extensions of that stay on February 8, 2012 and February 23, 2012.

1

After the settlement between the Domfoam Parties and Direct Purchaser Class Plaintiffs was preliminarily approved by this Court on March 26, 2012 (see Doc. No. 355), the Direct Purchaser Class Plaintiffs, Indirect Purchaser Class Plaintiffs and every Direct Action Plaintiff voluntarily dismissed Domfoam and Valle from their respective cases. Despite these dismissals, the eleven former Domfoam or Valle employees remain obligated to continue to cooperate under the terms of the settlement agreements with all Plaintiffs. The releases of all potential claims by these Plaintiffs against these eleven individuals will be effectuated by the final approval of the settlement between Direct Purchaser Class Plaintiffs and the Domfoam Parties. Therefore, in order to receive the full benefit of their bargains with Plaintiffs and to remove the specter of litigation from their lives, the Domfoam Parties respectfully urge the Court to reconsider Magistrate Judge Knepp's October 23, 2012 Order (the "Order").

**Magistrate Judge Knepp's Order**

As explained more thoroughly in Plaintiff's Memorandum, Magistrate Judge Knepp's Order is a clear and troublesome departure from the practices of most MDL courts confronting settlement classes after the Supreme Court decisions in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ("*Amchem*") and *Wal-Mart v. Dukes*, 131 S.Ct. 2541 (2011) ("*Wal-Mart*"). In *Amchem*, the Court held that a proposed settlement class must meet the standards of Rule 23(b)(3) except with respect to "manageability." Although *Wal-Mart* did not address settlement classes, the Supreme Court held that Rule 23 was more than a "mere pleading standard" and that, at least in the context of litigation classes, certification required a "rigorous analysis" to ensure that the elements of Rule 23 were satisfied. *Wal-Mart*, 131 S.Ct. at 2551.

The non-settling Defendants have misconstrued *Amchem* and *Wal-Mart*, arguing that the instant <u>settlement</u> class cannot be approved unless and until Plaintiffs prove that the

<u>litigation</u> class should be certified.[1] Magistrate Judge Knepp preliminarily approved both the Domfoam and Vitafoam settlements, and in doing so, appeared to reject this position. *See* Order, Doc. No. 323¸ Order, Doc. No. 355. In fact, Magistrate Judge Knepp explicitly held that he was not ruling on whether the settlement class should be certified, and that such a determination would occur at the final approval hearing "after potentially affected parties have had the opportunity to object and be heard."[2] He subsequently ordered that notice be prepared by Class Counsel and submitted to the Court for its approval. Thus, Magistrate Judge Knepp's initial orders did no violence to the holding in *Amchem* or *Wal-Mart*, and made it clear that Plaintiffs would have to carry their burden under these two cases at the final approval hearing with respect to certification of the settlement.[3] Indeed, this has been the practice followed by many courts after *Amchem* and *Wal-Mart*. *See, e.g., In re Municipal Derivatives Antitrust Litigation*, MDL

---

[1] Defendants have similarly misinterpreted the 2003 amendments to Rule 23. While those amendments did remove language alluding to the conditional certification of litigation classes, there is nothing in Rule 23 or *Amchem* that prohibits a court from conditionally certifying a settlement class or preliminarily approving a class settlement pending final approval, at which time an "unconditional" class certification would occur. Additionally, the amendments removed the requirement that courts determine (litigation) class certification "as soon as practicable after the commencement of a litigation" and inserted "at an early practicable time." This change was made to "reflect[] prevailing practice," specifically the intertwining of class certification issues (and discovery) with the merits and the resulting delay in a court's consideration of those issues until well into the litigation. But, as courts since 2003 confronting settlement classes have shown, nothing in these amendments to Rule 23 prohibits the preliminary certification of settlement classes, preliminary approval of class settlements, and/or sending notice to class members and later determining whether the class meets the standards of *Amchem* and *Wal-Mart* at the final settlement approval hearing.

[2] Order, Doc. No. 255, at p. 1. Magistrate Judge Knepp's January 23, 2012 order preliminarily approving the Vitafoam settlement stated, "[R]ather than seeking conditional certification at this point . . . , Plaintiffs seek to send notice to a group of potential class members to allow those possibly affected by the proposed settlement an opportunity to object. Under this scenario, Plaintiffs would be required to still put on all necessary proof they meet the Rule 23 requirements, but could do so at a later time with the benefit of input from putative class members. Under the circumstances of this case, the Court believes this procedure is appropriate. . . . [S]ending notice to putative class members, prior to certifying the class, would afford those potential class members the added protection of allowing them the opportunity to object to the formation of the class itself." At p. 6.

[3] *Id.* at p. 6-7 ("Under this scenario, Plaintiffs would be required to still put on all necessary proof they meet the Rule 23 requirements. . . . Rest assured, the Court will not certify a class unless Plaintiffs meet all the Rule 23(a) and (b)(3) requirements").

3

No. 1950 (S.D.N.Y.) (Order dated December 27, 2011); *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal.) (Order dated July 6, 2012).

Not satisfied though, non-settling Defendants presented their same arguments again in opposition to the proposed notice, even though that notice made it clear to potential class members that no class had been certified (conditionally or otherwise), and that they could opt out or object to approval of the class and/or to the fairness of the settlement.[4] After hearing these arguments a second time, Magistrate Judge Knepp reversed his prior rulings, and now requires that Class Plaintiffs first prove that the settlement class can be certified <u>before</u> any notice can be sent and the settlement process continued.

As demonstrated in Plaintiffs' Memorandum, this latest ruling is unprecedented, and plainly contradicts decisions from other MDL courts on this issue and Magistrate Judge Knepp's own explicit acknowledgment in earlier orders that the Plaintiffs still must meet their *Amchem* and *Wal-Mart* burdens at the final approval hearing. Further, and perhaps more importantly, by inserting unwarranted delay, burden and duplication into the class action settlement approval process and creating additional and unnecessary steps, the Order will be extremely damaging to the efficient administration of class actions and MDL proceedings and will undoubtedly discourage future settlements.

**<u>Magistrate Judge Knepp's Order Causes Undue Delay in the Settlement Process</u>**

By requiring that the settling parties gather and produce considerable evidence in support of their settlement prior to the distribution of notice to potential class members,

---

[4] Among other things, Plaintiffs' proposed notice (Doc. No. 374, Exhibit A) consistently refers to the settlement class as the "Proposed Domfoam Settlement Class." It also states that "Plaintiffs and the Domfoam Parties have agreed that for purposes of the Domfoam Settlement, the Domfoam Settlement Class is defined as follows" and that one of the purposes of the fairness hearing was "to determine whether the Court should approve the Vitafoam and Domfoam settlement classes." *See* pp. 5, 8.

4

Magistrate Judge Knepp's Order requires a settling defendant to engage in extensive, time-consuming and costly discovery at an extremely early and preliminary stage, or wait until the entire litigation has reached that stage to move to distribute notice and have the final approval hearing. In either case – i.e., placing this burden on the settling parties before they have been given the opportunity to hear objections from potential class members and/or determine the number of opt-outs or by requiring that the parties wait until <u>litigation</u> class certification briefing -- Magistrate Judge Knepp's Order essentially stops the entire settlement process, and certainly discourages defendants in multi-party actions from exploring settlements in the future. Magistrate Judge Knepp's suggested procedure will delay the approval of the settlement until after the completion of fact discovery and all briefing on certification of the <u>litigation</u> class, which is many months away, and ensure that no settlement moves forward (i.e., anything beyond the signing) until Class Plaintiffs and non-settling Defendants have gathered all the necessary evidence, submitted expert reports, fully briefed issues relating to the certification of the <u>litigation</u> class and received a decision.[5] It is, in short, a de facto ban on "early" settlements.

      As a direct result of the precedent set by Magistrate Judge Knepp's Order, settling defendants[6] in a multi-defendant action will have to remain active participants in a class action litigation until certification of the litigation class, in most cases one to three years after the inception of a lawsuit. This will undoubtedly hinder and discourage settlement, and stands in sharp contrast to the procedures utilized by similarly situated MDL courts,[7] which allows parties

---

[5]     While this new timeline undoubtedly causes considerable prejudice to settling parties, it is just as likely to harm class members. Even if the settling parties can successfully navigate this new, burdensome process, the underlying litigation and any recovery by class members will be delayed. To the extent this new process discourages settlements altogether, it may result in additional prejudice to class members.

[6]     Other than those in bankruptcy and/or against whom the pending litigation has been stayed.

[7]     The process utilized by other MDL courts, and the one outlined by Magistrate Judge Knepp in his prior opinions, unquestionably require that Plaintiffs show, prior to final approval, that the proposed settlement class

*(cont'd)*

wishing to settle to move efficiently towards a final resolution (instead of remaining in the case for several years under all circumstances), and permits those defendants hoping to buy "litigation peace" to do so without fear of getting bogged down in burdensome and expensive discovery.

**Magistrate Judge Knepp Unnecessarily Expands the Role of Non-Settling Defendants**

To an unprecedented degree, and although they lack standing, the non-settling Defendants have inserted themselves into this settlement process.  Like proverbial dogs in the manger, Defendants are seeking to keep the Domfoam Parties from achieving the litigation peace that they have not found themselves.  They essentially argue that the mere consideration of a proposed _settlement_ class on the merits necessarily prejudices their opposition to the certification of a proposed _litigation_ class.  Non-settling Defendants will suffer no such prejudice, certainly not from any cognizable legal perspective, nor will their rights be in any way altered or impacted.  In fact,  no document submitted by Plaintiffs or any opinion of this Court even suggest that consideration of a settlement class would impact the rights and arguments to be made by non-settling Defendants in opposition to the certification of the litigation class.  Apparently, however, non-settling Defendants do not think the Court can distinguish between the approval of a _settlement_ class and approval (or disapproval) of a _litigation_ class.  We respectfully suggest that the Court should reject such cynicism.  Finally, if necessary, the notice can make clear that (i) the litigation class has not yet been decided and is contested by the non-settling Defendants and (ii) the risk of denial of the settlement class should be a factor considered by class members when deciding to opt out of that settlement class.

---

*(cont'd from previous page)*
satisfies Rule 23.  There, courts generally permit the distribution of notice to a proposed settlement class before considering such issues in order to provide those parties with an opportunity to be heard.  That notice, like the one submitted for the Court's approval in this case (Doc. No. 374, Exhibit A), permits a potential class member to object to the settlement (for any reason) and to "speak in Court about the fairness of the settlement(s) or settlement class(es)."  *See* Doc. No. 374, Exh. A, p. 2.

6

For whatever reason, non-settling Defendants have also openly questioned the logic of the Domfoam Parties' settlement and asserted, without any knowledge of the underlying facts, that Domfoam, Valle and eleven former employees of those companies suffer no prejudice if their settlement is indefinitely delayed. These statements are baseless and incorrect.

As this Court is aware, Domfoam, Valle and the eleven former employees of those companies have moved unequivocally towards a global settlement and a complete exit from this case. Even as the bankruptcy proceedings for Domfoam and Valle remain in progress, it is important that these matters be concluded in an expeditious manner, particularly for the eleven former employees. These employees have expressed an unmistakable desire to avoid any potential exposure to Plaintiffs' claims (in exchange for their cooperation) and to move on with their lives, as explicitly evidenced by their participation in the settlements.

For the foregoing reasons, the Domfoam Parties respectfully object to Magistrate Judge Knepp's October 23, 2012 Order and request that the Court reconsider it, and order that notice in a form agreeable to all parties be sent to the class pending certification of the settlement class and approval of the settlements.

DATED: November 7, 2012

Respectfully submitted,

/s/ Shepard Goldfein
Shepard Goldfein
Elliot A. Silver
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
shepard.goldfein@skadden.com
elliot.silver@skadden.com

*Counsel for Domfoam International, Inc. and Valle Foam Industries (1995) Inc.*

7

## CERTIFICATE OF SERVICE

      I hereby certify that on November 7, 2012, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipts. Parties may access this filing through the Court's system.

      /s/ Elliot A. Silver
Elliot A. Silver
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Phone: (212) 735-3000
Fax: (212) 735-2000
E-mail: elliot.silver@skadden.com