IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:10 MD 2196 |
| Polyurethane Foam Antitrust Litigation | ORDER RE: <u>SETTLEMENT CLASS</u> |
| This document related to: ALL CASES | JUDGE JACK ZOUHARY |

Pending before this Court is a review of the Magistrate's Order of October 23, 2012 (Doc. 432) pursuant to Federal Civil Rule 72(a). After objections were raised at a record status conference (Docs. 435–36), this Court invited briefing from all parties regarding that Order (Docs. 445–48) and, in particular, requested orders from other courts which have considered approval of a settlement class in light of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).

In short verse, a settlement has been reached between Plaintiffs and Defendants Vitafoam and Domfoam. The terms of the settlement have already received preliminary approval (Docs. 323 & 355), and the issue now is whether this Court should grant conditional certification of the settlement class. After a thorough consideration of the briefs and the legal authorities, this Court is convinced that *Wal-Mart* does not impact the existing procedures for partial settlement in a class action.

The Supreme Court's holding in *Wal-Mart* does not implicate the timing of notifying and approving a proposed settlement class. Rather, the Supreme Court held a party seeking class certification must put forward facts affirmatively demonstrating compliance with Federal Civil Rule 23, reaffirming that Rule 23 constitutes more than a pleading requirement. 131 S. Ct. at 2551. All

parties acknowledge that, pursuant to *Wal-Mart*, Plaintiffs will need to meet their burden of proving Rule 23 compliance with respect to the proposed settlement class, just as they will with respect to the litigation class. The parties dispute the timing of when Plaintiffs must meet that burden with respect to the proposed settlement class.

This Court is mindful of its obligation to make sure that a proposed settlement class meets the Civil Rule 23 requirements. *See Wal-Mart*, 131 S. Ct. at 2551. This Court will not rubberstamp a proposed class; "judicial review should be proactive." Manual for Complex Litigation, Fourth Ed. (Manual) § 22.921. Nor will this Court allow the non-settling Defendants to "meddle" and deny the settling Defendants the benefits of a legitimate settlement. This Court's obligation is to make sure that court supervision, including the appropriate "analytical rigor," is made with respect to the class certification in the settlement and the litigation context. This Court can accomplish that task without delaying a settlement certification which would deprive the settling Defendants of the benefit of an early settlement. See Manual § 21.132.

This Court believes that complex litigation, like this case, should proceed in an orderly fashion and avoid unnecessary delay and expense. *See* Federal Civil Rule 1. In this regard, this Court adopts the recommendations from § 21.652 of the Manual. As the Manual notes, partial settlements are not unusual, and courts are encouraged to set deadlines for presentation of partial settlements "sufficiently in advance of trial so that fairness hearings may be completed while still allowing the parties sufficient time to prepare for trial." *Id.*

This procedure is appropriate and does not contradict either *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) or *Wal-Mart*, 131 S. Ct. at 2551. This Court will ensure that the proposed settlement class meets the standard of Federal Civil Rule 23(b)(3), as *Amchem* requires, and that a

"rigorous analysis" is satisfied under *Wal-Mart*. Neither of those cases suggests, let alone holds, that a settlement class cannot be approved until a litigation class is certified. And, indeed, the many post-*Wal-Mart* cases cited by Plaintiffs (*see* Doc. 446, Exs. A–K ) reflect that reality and common sense approach. Therefore, this Court vacates the Magistrate's Order of October 23, 2012 (Doc. 432).

At this juncture, the terms of the settlement having been approved, this Court has reviewed Plaintiffs' proposed Notice, Claim Form and Publication Notice (Docs. 374-2, 374-3 & 374-4) and Defendants' Objections (Docs. 377 & 377-1), and has made revisions, copies attached (Exhibits A–C). These forms and notices should be completed with the cooperation of all counsel, inserting appropriate dates and completing blanks, in order that these documents be mailed promptly to the proposed class. Counsel are instructed to call Chambers at (419) 213-5675 if further guidance is needed and to obtain a date specific in February 2013 for a Hearing.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 29, 2012