**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**


**If you purchased Flexible Polyurethane Foam, as defined herein, in the United States directly from any Flexible Polyurethane Foam manufacturer from January 1, 1999 through August 2010, you could be a Class member in two proposed class action settlements.**

**YOUR LEGAL RIGHTS ARE AFFECTED.
PLEASE READ THIS NOTICE CAREFULLY.**

The purpose of this Notice is to inform you that Plaintiffs in this class action reached two separate settlements.  The first (the "Vitafoam Settlement") with Defendants Vitafoam Inc. and Vitafoam Products Canada Limited ("Vitafoam Defendants"), and the second (the "Domfoam Settlement") with Defendants Domfoam International Inc. and Valle Foam Industries (1995) Inc. (the "Corporate Domfoam Defendants"), along with potential defendants A-Z Sponge & Foam Products Ltd., Bruce Bradley, Dean Brayiannis, Michael Cappuccino, Peter Foti, Duke Greenstein, John Howard, Dale McNeill, James William Sproule, Robert Rochietti-Valle, Tony Vallecoccia, and Fred Zickmantel (together with Corporate Domfoam Defendants, the "Domfoam Parties"). This Notice informs you of your rights in the proposed settlements.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

The Court has **not** provided an opinion as to the merits of any of the claims or defenses made by either side in this case. This Notice is intended to advise you of the Vitafoam Settlement and the Domfoam Settlement and of your rights with respect to them.  This includes, but is not limited to, the right to remain a member of each Settlement Class or to exclude yourself from one or both of the Settlement Classes.

These rights and options, and the deadlines to exercise them, are explained in this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: ||
|---|---|
| **TAKE NO ACTION** | You will receive the non-monetary benefits of the Vitafoam Settlement and Domfoam Settlement. You will give up the right to sue the Vitafoam Defendants and Domfoam Parties (other than the Corporate Domfoam Defendants, as explained in the answer to Question 8 below) with respect to the claims asserted in this case. You may be eligible to receive a payment from the Vitafoam Settlement *if* you submit a timely Claim Form (by first-class mail postmarked by [DATE], or pre-paid delivery service to be hand-delivered by, [DATE]). |
| **EXCLUDE YOURSELF**<br>**From One or Both Of The Vitafoam Settlement Class and the Domfoam Settlement Class (by First-Class Mail Postmarked by, or Pre-Paid Delivery Service to be Hand-Delivered by, [Date])** | This is the only option that allows you to ever be a part of any other lawsuit against the Vitafoam Defendants or Domfoam Parties with respect to the claims asserted in this case.[1] If you exclude yourself from the Proposed Vitafoam Settlement Class, you will not become a member of the Proposed Vitafoam Settlement Class. However, you will be able to bring a separate lawsuit against the Vitafoam Defendants with respect to the claims asserted in this case.  If you exclude yourself from |

---

[1] As explained below, with regard to the Corporate Domfoam Defendants, the Domfoam Settlement provides only for voluntary dismissal by Plaintiffs.  As a result, even those class members that do not elect to exclude themselves from the Proposed Domfoam Settlement Class may still be able to participate in this and any other lawsuit against one or both Corporate Domfoam Defendants in the future.  However, any and all claims against one or both Corporate Domfoam Defendants may only be asserted as part of those companies' Canadian bankruptcy proceedings and may only seek distribution from their respective bankrupt estates.  There is no assurance that funds will be available for distribution based on the claims in this or any other lawsuit against Corporate Domfoam Defendants.

| | |
|---|---|
| | the Proposed Domfoam Settlement Class, you will not become a member of the Proposed Domfoam Settlement Class.  However, you will be able to bring a separate lawsuit against the Domfoam Parties with respect to the claims asserted in this case. |
| **OBJECT**<br>**To One Or Both Of The Vitafoam or Domfoam Settlements or Settlement Classes (by First-Class Mail Postmarked by, or Pre-Paid Delivery Service to be Hand-Delivered by, [Date])** | You may write to the Court about why you do not like the Vitafoam Settlement or the Proposed Vitafoam Settlement Class, or the Domfoam Settlement or Proposed Domfoam Settlement Class.  If you object to a Settlement or proposed Settlement Class, you will remain a member of that proposed Settlement Class. |
| **GO TO THE HEARING**<br>**On [Date] After Filing a Timely Objection** | If you file a timely objection, you may speak in Court about the fairness of the settlement(s) or settlement class(es) to which you objected. |
| **SUBMIT A VITAFOAM SETTLEMENT CLAIM FORM**<br>**By First-Class Mail Postmarked by, or Pre-Paid Delivery Service to be Hand-Delivered by, [Date]** | This is the only way to receive a payment from the Vitafoam Settlement. |

**1.    Why did I receive this Notice?**

This legal Notice is to inform you of the Vitafoam Settlement and Domfoam Settlement that have been reached.  The class action lawsuit is called *In re Polyurethane Foam Antitrust Litigation*, Case No. 10-md-2196. This lawsuit is pending in the United States District Court for the Northern District of Ohio. You are being sent this Notice because you have been identified as a customer of one of the Defendants in the lawsuit.

**2.    What is this lawsuit about?**

The Defendants in this case are certain producers of flexible polyurethane foam and flexible polyurethane foam products (together, "Flexible Polyurethane Foam").  Plaintiffs allege that the Defendants conspired to fix, raise, stabilize, or maintain the prices of Flexible Polyurethane Foam.  Plaintiffs allege that this price fixing conspiracy caused direct purchasers to pay more for Flexible Polyurethane Foam than they would have otherwise paid.  As used herein, Flexible Polyurethane Foam includes both slabstock and molded polyurethane foam, both of which were the focus of the alleged conspiracy. Flexible Polyurethane Foam is widely utilized for cushioning and insulation in a variety of goods. This includes but is not limited to: furniture, bedding, packaging, flooring, and motor vehicles.  While there are many different uses for Flexible Polyurethane Foam, the uses generally can be grouped into three main product segments. Block foam, also known as slabstock foam, is poured and then cut for use in such products as furniture cushions. Carpet underlay is made primarily from scrap flexible foam. Engineered, or molded, foam is fabricated for use in, among other things, automobile products. Flexible Polyurethane Foam includes these three types of foam and fabricated—*i.e.* cut to specification—foam products made from these three types of foam.  It does not include finished consumer products.  Flexible Polyurethane Foam also does not include "rigid" (or "technical") foam, which is primarily used in construction for insulation products.

In the late summer and fall of 2010, lawsuits were filed in several federal courts generally claiming this conspiracy to fix prices for Flexible Polyurethane Foam. On December 1, 2010, the Judicial Panel on Multidistrict Litigation transferred those cases for coordinated proceedings.  The cases were transferred to the Honorable Jack Zouhary, United States District Judge in the United States District Court for the Northern District of Ohio. On February 28, 2011, Plaintiffs filed their first consolidated complaint claiming a wide-ranging conspiracy to fix Flexible Polyurethane Foam prices that injured direct purchasers of Flexible Polyurethane Foam.[2]  Thereafter, Plaintiffs and the Vitafoam Defendants and Domfoam Parties began settlement discussions.

On October 19, 2011, Plaintiffs and the Vitafoam Defendants reached a settlement. This settlement provides for monetary payment as detailed below.  By settling with the Vitafoam Defendants, Plaintiffs have also learned, and are continuing to learn, many more details about the alleged conspiracy. Plaintiffs are using that knowledge in pursuing claims against the remaining Defendants.

On January 3, 2012, Plaintiffs and the Domfoam Parties reached a settlement.  The Corporate Domfoam Defendants filed for bankruptcy in Canada on January 12.  Similarly, on February 24, 2012, the United States Bankruptcy Court for the Northern District of Ohio entered an Order Granting Recognition of Foreign Main Proceedings and Other Chapter 15 Relief.  This Order provides for a stay of any judicial proceeding against the Corporate Domfoam Defendants that "was or could have been commenced" as of February 24, 2012.  This settlement does not provide for monetary payment, as explained below. By settling with the Domfoam Parties, however, Plaintiffs have learned, and are continuing to learn, many more details about the alleged conspiracy. Plaintiffs are employing that knowledge in pursuing claims against the remaining Defendants.

Plaintiffs represent both themselves (the named plaintiffs) and the entire Class of direct purchasers of Flexible Polyurethane Foam across the United States. Plaintiffs brought this lawsuit as a class action because they believe, among other things, that a class action is superior to filing individual cases. They also believe that the claims of each member of the class present and share common questions of law and fact. Plaintiffs claim that Defendants' actions violated the Sherman Antitrust Act, a federal statute that prohibits any agreement that unreasonably restrains competition. The alleged agreement was to fix the price of Flexible Polyurethane Foam in the United States from the year 1999 to the present. Plaintiffs allege that Defendants and unnamed co-conspirators fixed the price of Flexible Polyurethane Foam through various methods that were all part of a wide-ranging conspiracy. These methods include, but are not limited to, agreements to raise prices by the same or similar amounts and at the same or similar time, and to enforce compliance with the conspiracy after each round of price increases by policing each conspirator's price increase activities. Plaintiffs allege that by collectively agreeing to fix the price of Flexible Polyurethane Foam, Defendants caused prices to be higher than they otherwise would have been. The Vitafoam Defendants have entered the Corporate Leniency Program of the United States Department of Justice, Antitrust Division.

**3.    Who is included in the Vitafoam Settlement?**

Plaintiffs and the Vitafoam Defendants have agreed that the Vitafoam Settlement Class is defined as follows. **THE PROPOSED CLASS DEFINITION FOR THE VITAFOAM SETTLEMENT IS THE SAME AS THE CLASS DEFINITION FOR THE DOMFOAM SETTLEMENT (*SEE* ANSWER TO QUESTION 7 BELOW) EXCEPT WITH RESPECT TO THE SPECIFIC PARTIES IDENTIFIED AS EXCLUDED FROM EACH CLASS**:

---

[2] This lawsuit alleges injuries to *direct* Flexible Polyurethane Foam purchasers only; that is, entities or individuals that bought Flexible Polyurethane Foam directly from Flexible Polyurethane Foam producers. A separate case is pending wherein the plaintiffs allege a conspiracy to fix Flexible Polyurethane Foam prices that injured *indirect* Flexible Polyurethane Foam purchasers. An indirect Flexible Polyurethane Foam purchaser buys Flexible Polyurethane Foam from a direct purchaser of Flexible Polyurethane Foam or from another indirect purchaser.

> [A]ll Direct Purchaser Plaintiffs[3] that purchased Flexible Polyurethane Foam in the United States directly from a Defendant[4] or Co-conspirator from January 1, 1999 to August 2010. Excluded from the Settlement Class are 1) defendants and co-conspirators and their respective parents, subsidiaries, and affiliates and 2) any Direct Purchaser who timely elects to be excluded from this settlement.

If this class is approved by the Court, Persons or entities that fall within the definition of the Vitafoam Settlement Class and do not exclude themselves will be bound by the results of this litigation.

**4.      What does the Vitafoam Settlement provide?**

After extensive settlement discussions, Plaintiffs and the Vitafoam Defendants reached the Vitafoam Settlement on October 19, 2011. The Vitafoam Settlement is between Plaintiffs and the Vitafoam Defendants only. It does not affect any of the remaining non-settling Defendants, against whom this case continues. In accordance with the terms of the Vitafoam Settlement, Plaintiffs will release the Vitafoam Defendants from all pending claims. In exchange, the Vitafoam Defendants have agreed: (i) to initially pay $5,000,000 to a fund to compensate Vitafoam Settlement Class members; and (ii) to provide substantial and immediate cooperation with Plaintiffs.  This includes producing documents and making witnesses available for interviews.  This will provide important information in support of Plaintiffs' claims against the non-settling Defendants and possibly others who participated in the alleged conspiracy. The Vitafoam Defendants have also agreed to make an additional payment of not less than $4,000,000, and up to a maximum of $10,000,000, when they resolve any claims they are currently pursuing as plaintiffs in *In re Urethane Antitrust Litigation*, 04-md-1616 (JWL) (D. Kan.) (the "Urethane Litigation"). Specifically, the Vitafoam Defendants must pay 75% of any settlement or other payment obtained from the Urethane Litigation, up to a maximum payment of $10,000,000. In no event, however, shall the Vitafoam Defendants pay less than $4,000,000, even if the Vitafoam Defendants recover nothing from the Urethane Litigation.  This additional payment, combined with the initial payment of $5,000,000 discussed above, will result in a total payment by the Vitafoam Defendants of no less than $9,000,000 and up to a possible maximum of $15,000,000. (Vitafoam Defendants have the right to terminate the Vitafoam Settlement if a certain percentage of Class members exclude themselves from the Vitafoam Settlement Agreement. This percentage has been submitted to the Court under seal.)

The Settlement also provides for the Vitafoam Defendants to cooperate with the Plaintiffs by producing documents and making witnesses available for interviews.  It is the Plaintiffs' counsel opinion that this cooperation will provide significant benefits to members of the Vitafoam Settlement Class and will assist Plaintiffs in the prosecution of claims against the non-settling Defendants.

On January 23, 2012, the Court granted preliminary approval of the Vitafoam Settlement, and further ordered that Plaintiffs should provide notice of the Vitafoam Settlement and proposed Settlement Class to all members of the proposed Class who can be identified through reasonable effort.

**5.      How will the Vitafoam Settlement Fund be distributed?**

The $9-15 million paid by the Vitafoam Defendants may be reduced by court-ordered attorneys' fees and reimbursement of litigation expenses, as approved by the Court. This may include administration of the Vitafoam Settlement,  (The motion(s) by Class Counsel for attorneys' fees and costs and an incentive award

---

[3] "Direct Purchaser Plaintiffs" are defined in the Vitafoam Settlement as "all persons or entities that purchased flexible polyurethane foam in the United States directly from a Defendant or Co-Conspirator from January 1, 1999 to August 2010."

[4]  As used herein, "Defendants" refers to both the settling Vitafoam Defendants and Domfoam Corporate Defendants, as well as the non-settling Defendants:  Carpenter Co.; E.R. Carpenter, L.P.; Carpenter Holdings, Inc.; Flexible Foam Products, Inc.; FXI – Foamex Innovations, Inc.; Future Foam, Inc.; Hickory Springs Manufacturing Company; Leggett & Platt, Inc.; Mohawk Industries Inc.; Otto Bock Polyurethane Technologies, Inc.; Scottdel Inc.; Louis Carson; David Carson; Woodbridge Foam Corporation; Woodbridge Sales & Engineering, Inc.; and Woodbridge Foam Fabricating, Inc.  As used herein, "Co-conspirators" are the following entities that were included as Defendants in Plaintiffs' consolidated amended complaint, but have since been voluntarily dismissed from the litigation without prejudice:  Ohio Decorative Products, Inc.; Inoac International Co., Ltd.; Inoac USA Inc.; Inoac Corporation; and Crest Foam Industries Inc.

for the Representative Plaintiff will be available for viewing on the Settlement Website after they are filed. After that time, if you wish to review them, you may do so by viewing them at [WEBSITE ADDRESS].)

The Vitafoam Settlement Fund will also be reduced by the expense of providing notice to the Vitafoam Settlement Class. If Vitafoam Settlement Class members whose sales equal or exceed a certain percentage of the total U.S. Flexible Polyurethane Foam sales choose to exclude themselves from the Vitafoam Settlement Class, the Vitafoam Settlement Fund also may be reduced. The Settlement Fund may be reduced by an amount equal to the total purchases of excluded Vitafoam Settlement Class members divided by total U.S. Flexible Polyurethane Foam sales times the settlement amount.

The Court will be asked to approve a plan called a "Plan of Allocation" explaining how the Settlement Fund will be distributed. Class Counsel will ask the Court to approve distribution of the remainder of the Vitafoam Settlement Fund on a *pro rata* basis according the terms of the Plan of Allocation among the members of the Vitafoam Settlement Class who timely and properly submit a valid Vitafoam Settlement Claim Form. Your *pro rata* share will be based on the dollar amount of your direct purchases of Flexible Polyurethane Foam in the United States as described in the Plan. The Court retains the power to approve or reject, in part or in full, any individual claim of a Vitafoam Settlement Class member based on equitable grounds. Your recovery will be less than the total amount you paid.

**6.     How do I file a Vitafoam Settlement Claim Form?**

The Vitafoam Settlement Claim Form will be mailed to known class members. If you wish to ensure that you receive a claim form, please contact _____.

**7.     Who is included in the Domfoam Settlement Class?**

Plaintiffs and the Domfoam Parties have agreed that for purposes of the Domfoam Settlement, the Domfoam Settlement Class is defined as follows[5]  **AS NOTED ABOVE (*SEE* ANSWER TO QUESTION 3), THE PROPOSED CLASS DEFINITIONS FOR THE VITAFOAM SETTLEMENT AND THE DOMFOAM SETTLEMENTS ARE THE SAME, EXCEPT WITH RESPECT TO THE SPECIFIC PARTIES IDENTIFIED AS EXCLUDED FROM EACH SETTLEMENT CLASS**:

> [A]ll persons who purchased polyurethane foam in the United States directly from the Defendants in the Action and/or an Alleged Co-Conspirator (as defined above) at any time from January 1, 1999 through the present (defined as the "Class Period"). As will be reflected in the class notices approved by the Court, excluded from the Class are the Voluntary Dismissal Defendants and their representatives, parents, subsidiaries and affiliates, and any of their officers, directors, or employees, and the Non-Settling Defendants and their representatives, parents, subsidiaries and affiliates, and any of their officers, directors, or employees. Also excluded from the Class are all federal, state, and local governmental entities, any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

If this class is approved by the Court, persons or entities that fall within the definition of the Domfoam Settlement Class and do not exclude themselves will be bound by the results of this litigation.

**8.     What does the Domfoam Settlement provide?**

After extensive settlement negotiations, Plaintiffs and the Domfoam Parties reached the Domfoam Settlement on January 3, 2012.

On January 12, 2012, Domfoam International Inc. and Valle Foam Industries (1995) Inc. filed for bankruptcy under Canada's Companies' Creditors Arrangement Act. In the negotiations leading up to the Domfoam Settlement, Plaintiffs' counsel determined that the bankruptcy and the Corporate Domfoam Defendants' financial condition indicated that Plaintiffs would be precluded from securing any meaningful financial recovery from the Corporate Domfoam Defendants. Accordingly, in exchange for the voluntary dismissal

---

[5] The term "Voluntary Dismissal Defendants," as used in the Domfoam Settlement, refers to the Corporate Domfoam Defendants that, pursuant to the Settlement, Plaintiffs have voluntarily dismissed, without prejudice, from this action.

without prejudice of all claims against the bankrupt defendants and the release of other parties, the Domfoam Parties have agreed to significant and meaningful cooperation with Plaintiffs in this case, regardless of whether a particular Domfoam Party had already been named a defendant or not.

The Domfoam Settlement is between Plaintiffs and the Domfoam Parties only. It does not affect any of the remaining non-settling Defendants, against whom this case continues.  Pursuant to the terms of the Domfoam Settlement, Plaintiffs have voluntarily dismissed the Corporate Domfoam Defendants without prejudice from this action.  The Domfoam Settlement expressly preserves the right of the Proposed Class and any class member to file claims against these Corporate Domfoam Defendants without objection from such Defendants in Canadian bankruptcy court should such claims be available or prudent.  However, any and all claims against one or both Corporate Domfoam Defendants may only be asserted as part of those Defendants' Canadian bankruptcy proceedings and may only seek distribution from their respective bankrupt estates.  There is no assurance that funds will be available for distribution based on the claims in this or any other lawsuit against Corporate Domfoam Defendants.

Plaintiffs will also release the remaining Domfoam Parties from all pending claims, and all claims that Plaintiffs may have against those Domfoam Parties arising from this case or similar matters regarding Flexible Polyurethane Foam purchased within, to or from or for use in the United States.  Among the Domfoam Parties being released are certain individual employees of the Corporate Domfoam Defendants that have not been named as Defendants, but have agreed to assist in the Corporate Domfoam Defendants' cooperation with Plaintiffs.

On March 26, 2012, the Court granted preliminary approval of the Domfoam Settlement, and further ordered that Plaintiffs should provide notice of the Domfoam Settlement and proposed Settlement Class to all members of the proposed Class who can be identified through reasonable effort.

**9.     How will the lawyers be paid?**

The attorneys and their law firms that have represented Plaintiffs in this case, are referred to as Class Counsel. Class Counsel will apply to the Court for an award from the Vitafoam Settlement Fund of attorneys' fees and for reimbursement of litigation costs and expenses incurred. This may include fees and costs expended while providing notice to the Class and while administering the Vitafoam Settlement Fund (including the plan of allocation).

The attorneys fees for which Class Counsel will apply are in compensation for their time, and the risk they assumed, in prosecuting the litigation on a wholly contingent fee basis. The amount is not to exceed thirty percent of the total cash amount paid by the Vitafoam Defendants pursuant to the Vitafoam Settlement (see answer to Question 4 above), as well as the costs and expenses incurred. To date, Class Counsel have not been paid any attorneys' fees. Any attorneys' fees and reimbursement of costs will be awarded only as approved by the Court in amounts determined to be fair and reasonable.

**10.    What is the effect of the Court's final approval of the Vitafoam Settlement and Domfoam Settlement and the Settlement Classes?**

If the Court grants final approval of the Vitafoam Settlement and Settlement Class, the Vitafoam Settlement will be binding to all members of the Vitafoam Settlement Class. By remaining part of the Vitafoam Settlement Class, if finally approved, you will give up any claims against the Vitafoam Defendants relating to the claims made or which could have been made in this lawsuit. By remaining a part of the Vitafoam Settlement Class, you will retain all claims against all other Defendants, named and unnamed (other than the Domfoam Parties if you remain a member of the Domfoam Settlement Class).

If the Court grants final approval of the Domfoam Settlement and Settlement Class, the Domfoam Settlement will be binding upon you and all other members of the Domfoam Settlement Class. By remaining part of the Domfoam Settlement Class, if finally approved, you will give up any claims against the released Domfoam Parties relating to the claims made or which could have been made in this lawsuit. By remaining a part of the Domfoam Settlement Class, you will retain all claims against all other Defendants, named and unnamed (other than the Vitafoam Defendants if you remain a member of the Vitafoam Settlement Class).

**11.  Who represents the Settlement Classes?**

The Vitafoam Settlement Class and the Domfoam Settlement Class are represented by the following attorneys:

| | |
|---|---|
| William A. Isaacson<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Avenue, NW<br>Washington, DC  20015<br>Phone:  202-237-5607<br>Fax:     202-237-6131 | Stephen R. Neuwirth<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY  10010<br>Phone:  212-849-7165<br>Fax:     212-849-7100 |

**12.  When and where will the Court hold a hearing on the fairness of the Settlements?**

The Court has scheduled a "Fairness Hearing" at [TIME] p.m. on [DATE] at the following address:

United States District Court
James M. Ashley and Thomas W. L. Ashley U.S. Courthouse
1716 Spielbusch Avenue
Toledo, Ohio 43604

The purpose of the Fairness Hearing is to determine whether the Vitafoam Settlement and Domfoam Settlement are fair, reasonable, and adequate, whether the Court should approve the Vitafoam and Domfoam settlement classes, and whether the Court should enter judgment granting final approval of them. You do not need to attend this hearing. You or your own lawyer may attend the hearing if you wish, at your own expense. Please note that the Court may choose to change the date and/or time of the Fairness Hearing without further notice of any kind. Vitafoam Settlement Class members and Domfoam Settlement Class members are advised to check [WEBSITE ADDRESS] for any updates.

**13.  How do I object?**

If you may qualify as a Vitafoam Settlement Class member and you wish to participate in the Vitafoam Settlement, but you object to or otherwise want to comment on any term of the Vitafoam Settlement (including the request for attorneys' fees) or Vitafoam Settlement Class, or if you may qualify as a Domfoam Settlement Class Member and you wish to participate in the Domfoam Settlement, but you object to or otherwise want to comment on any term of the Domfoam Settlement or Domfoam Settlement Class, you may file with the Court an objection in writing. In order for the Court to consider your objection, your objection must be sent by first-class mail postmarked by, or pre-paid delivery service to be hand-delivered[6] by, [DATE] to each of the following:

**The Court (for objections to the Vitafoam Settlement or the Domfoam Settlement):**
United States District Court
James M. Ashley and Thomas W. L. Ashley U.S. Courthouse
1716 Spielbusch Avenue
Toledo, Ohio 43604

**Counsel for the Vitafoam Defendants (for objections to the Vitafoam Settlement):**
Bruce McCulloch
FRESHFIELDS BRUCKHAUS DERINGER US LLP
701 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20004-2692
Phone: 202-777-4500
Fax: 202-777-4555

---

[6] To the extent you wish to mail your objection by pre-paid delivery service to be hand-delivered, you may send your mail to the following address: [ADDRESS]

**Counsel for the Domfoam Parties (for objections to the Domfoam Settlement):**
Shepard Goldfein
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, New York 10036
Phone: 212-735-3000
Fax: 212-735-2000/1

**Counsel for Plaintiffs (for objections to the Vitafoam Settlement or the Domfoam Settlement):**

| | |
|---|---|
| William A. Isaacson<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Avenue, NW<br>Washington, DC 20015<br>Phone: 202-237-5607<br>Fax: 202-237-6131 | Stephen R. Neuwirth<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Phone: 212-849-7165<br>Fax: 212-849-7100 |

Your objection must be in writing with evidence of your qualifications to be included in the Vitafoam Settlement Class or the Domfoam Settlement Class. The written objection should state the precise reason or reasons for the objection. The objection should also include any legal support you wish to bring to the Court's attention and any evidence you wish to introduce in support of the objection. You may file the objection through an attorney. You are responsible for any costs incurred in objecting through an attorney.

If you expect to be a Vitafoam Settlement Class member, you have the right to voice your objection to the Vitafoam Settlement or Settlement Class at the Fairness Hearing. If you expect to be a member of Domfoam Settlement Class member, you have the right to voice your objection to the Domfoam Settlement or Settlement Class at the Fairness Hearing. In order to do so, you must follow all instructions stated above for objecting in writing. You may object in person and/or through an attorney. You are responsible for any costs incurred in objecting through an attorney. You need not attend the Fairness Hearing in order for the Court to consider your objection.

**14.    How do I exclude myself from the Vitafoam Settlement or the Domfoam Settlement?**

If you expect to be a Vitafoam Settlement Class member and you do not wish to participate in the Vitafoam Settlement, you may request exclusion. If you expect to be a Domfoam Settlement Class Member and you do not wish to participate in the Domfoam Settlement, you may request exclusion. Your request for exclusion must be sent by first-class mail postmarked by, or pre-paid delivery service to be hand-delivered[7] by, [DATE] to the following address:

*In re Polyurethane Foam Antitrust Litigation* – EXCLUSIONS
c/o The Garden City Group, Inc., Claims Administrator
P.O. Box 9476
Dublin, OH 43017-4576

Your written request should specify the Settlement from which you wish to be excluded. Do not request exclusion if you wish to participate in the Vitafoam Settlement or the Domfoam Settlement as a member of the respective Settlement Classes. If you intend to bring your own lawsuit against the Vitafoam Defendants, you should exclude yourself from the Vitafoam Settlement Class. If you intend to bring your own lawsuit against the Domfoam Parties, you should exclude yourself from the Domfoam Settlement Class.

If you qualify and the Court includes you in the Vitafoam Settlement Class or the Domfoam Settlement Class, it does not prejudice your right to exclude yourself from any other past, present or future settlement class or certified litigation class in this case.

---

[7] To the extent you wish to mail your submission by pre-paid delivery service to be hand-delivered, you may send your mail to the following address: [ADDRESS]

**15.    What happens if I do nothing?**

If you do nothing, and you fall within the definition of the Vitafoam Settlement Class and the Domfoam Settlement Class, you will remain a member of the Vitafoam Settlement Class and the Domfoam Settlement Class. As a member of the Vitafoam Settlement Class and the Domfoam Settlement Class, you will be represented by the law firms listed above in the answer to Question No. 11. You will not be charged a fee for the services of such counsel and any other class counsel. Rather, counsel will be paid, if at all, from some portion of whatever money they may ultimately recover for you and other members of the Vitafoam Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

However, you must submit a timely Vitafoam Settlement Claim Form (see answer to Question No. 6 above) in order to be considered for any monetary benefit from the Vitafoam Settlement Fund.

**16. Where do I get additional information?**

For more detailed information concerning matters relating to the Vitafoam Settlement and Domfoam Settlement, you may wish to review the "Settlement Agreement Between Direct Purchaser Class Plaintiffs And Defendants Vitafoam, Inc. And Vitafoam Products Canada Limited" dated October 19, 2011, the Court's Order entered January 23, 2012, the "Voluntary Dismissal and Settlement Agreement" between Plaintiffs and the Domfoam Parties dated January 3, 2012, and the Court's Order entered March 26, 2012. These documents are available on the settlement website, [WEBSITE ADDRESS]. This website also contains answers to "Frequently Asked Questions," as well as more information about the case. These documents and other more detailed information concerning the matters discussed in this Notice may be obtained from the pleadings, orders, transcripts of hearings and other proceedings, and other documents filed in these actions, all of which may be inspected free of charge during regular business hours at the Office of the Clerk of the Court, located at the address set forth in Question No. 12. You may also obtain more information by calling the toll-free helpline at (866) 881-8306. If your present address is different from the address on the envelope in which you received this Notice, or if you did not receive this notice directly but believe you should have, please call the toll-free helpline.

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION REGARDING THIS LAWSUIT.**


Dated: [DATE]                                                                                                               **The Honorable Jack Zouhary**