IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In Re:                                    Case No. 1:10 MD 2196

Polyurethane Foam Antitrust Litigation      ORDER RE:
                                                       <u>DOWNSTREAM DISCOVERY</u>
This document related to: ALL CASES

                                                       JUDGE JACK ZOUHARY

       Pending before this Court is a discovery dispute regarding the scope of discovery Defendants are entitled to receive from "competitor plaintiffs." The matter has been argued and briefed (Docs. 452–54), and was previously briefed and addressed in a hearing and Order (Doc. 420). Defendants now seek a clarification.

       The initial inquiry is whether the sought-after discovery is relevant under Federal Civil Rule 26(b). Defendants claim this discovery is relevant "to both class certification and the merits issues in this case" (Doc. 453 at 1). Plaintiffs counter that the downstream discovery sought by Defendants is not relevant, even where Plaintiffs and Defendants' sales markets overlap. This is so because "such sales by plaintiffs are not relevant to the price-fixing that is alleged" (Doc. 454 at 5).

       This Court is not persuaded that its prior ruling should be expanded. Plaintiffs charge in this case that Defendants, manufacturers of flexible polyurethane foam, conspired to fix the price of foam they manufactured and sold in various forms, including fabricated forms. As a result of the manufacturing process, polyurethane is sold as slabstock sheets or a molded form. No fabricator Plaintiff engages in this manufacturing process. Indeed, there is no suggestion that any Plaintiff is a part of the alleged conspiracy. The alleged control of Defendants, as manufacturers, to collude and

raise prices, is the central theme in this case. The alleged conspiracy is the price set by the manufacturers, not the price sold to the ultimate customer.

Defendants' reliance on the *Valley Drug* line of cases would allow downstream discovery, but this Court previously rejected that reasoning and those cases (Doc. 420 at 3). The focus of this case is the manufacturing of foam, not the downstream use or resale of foam products.

This Court also believes that the quality of products sold by Plaintiffs does not bear on the price Defendants sold polyurethane foam to Plaintiffs. The downstream market has no apparent link with the bargaining power of Plaintiffs or Defendants in setting the price of the product. Nothing suggests that Plaintiffs' sales affect upstream pricing. To the extent such leverage exists, Defendants can show the leverage though the volume and price of purchases Plaintiffs made from Defendants. That is information Defendants already have or can acquire.

In short, this Court believes the downstream data requested by Defendants is not relevant and therefore not discoverable. Further, any possible relevance would be outweighed by the burden and expense to Plaintiffs (*see, e.g.*, Requests, Doc. 454 at 13–14). This conclusion is buttressed by the fact that a limited number of Plaintiffs actually manufacture flexible polyurethane foam. Again, it is the supply of the foam that is the focus of the Complaint in this case, not the many downstream customers. This Court stands by its prior ruling and encourages counsel to work together on possible limited discovery within the framework of this Order.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 29, 2012