# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: POLYURETHANE FOAM ANTITRUST LITIGATION | MDL Docket No. 2196 |
| | Index No. 10-MD-2196 (JZ) |
| This document relates to:<br><br>    ALL CASES | |

## NOTICE OF SERVICE OF SUBPOENA

    **Notice is hereby given**, pursuant to Federal Rule of Civil Procedure 45(b)(1), that the Indirect Purchaser Plaintiffs in the above-captioned action shall serve the enclosed subpoena for the production of documents upon the following third-party:

    *Exh. A*: Jennifer Convertibles, Inc.

Dated:  February 5, 2013                      Respectfully submitted,

                                                         Marvin A. Miller, Esq.
                                                         Lori Fanning, Esq.
                                                         **Miller Law, LLC**
                                                         115 S. LaSalle St., Ste. 2910
                                                         Chicago, IL  60603
                                                         tel:     (312) 332-3400
                                                         fax:    (312) 676-2676
                                                         email:  mmiller@millerlawllc.com

                                                       By: /s/ *Marvin A. Miller*

                                                         *Interim Lead Counsel for the Indirect*
                                                         *Purchaser Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Marvin Miller, an attorney, certify that a copy of the foregoing has been electronically filed today, February 5, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and in accordance with local rules and the Federal Rules of Civil Procedure.

*/s/ Marvin A. Miller*

# EXHIBIT A



115 South LaSalle Street    Suite 2910    Chicago, Illinois 60603

Tel: 312.332.3400    Telecopier:   312.676.2676

**Andrew Szot**
aszot@millerlawllc.com

February 5, 2013

Fred J. Love
Chairman
Jennifer Convertibles, Inc.
245 Roger Ave.
Inwood, NY 11096

      Re:    *In re: Polyurethane Foam Antitrust Litigation*
                Case No. 10-MD-02196

Dear Mr. Love,

      This letter concerns a legal matter, and therefore you may wish to consult with an attorney about this correspondence.

      A multidistrict class action litigation, *In re Polyurethane Foam Antitrust Litig.*, Case. No. 10-MD-02196, is currently pending before the Honorable Jack Zouhary in the United States District Court for the Northern District of Ohio. Among the plaintiffs in this action are direct purchasers of flexible polyurethane foam who seek certification of a class action; indirect purchasers of flexible polyurethane foam products who seek certification of a class action; and others who have filed complaints on their own behalf (*e.g.*, Furniture Brands International, Inc.).

      The lawsuit filed by the indirect purchaser plaintiffs alleges, among other things, that the defendants and their co-conspirators conspired to fix the prices of flexible polyurethane foam sold in the United States and elsewhere from at least January 1, 1999 to the present. A copy of the Indirect Purchasers' Class Action Complaint can be found and downloaded at http://www.millerlawllc.com/content/WYSIWYG/Poly_Indirect_Pls_Complaint.pdf.

      I have enclosed a document production subpoena directed to your company (and hereby served upon you) pursuant to Federal Rule of Civil Procedure 45. The attached Schedule A specifies the documents—*many of which may be in electronic format*—that you are required to produce. Federal Rule of Civil Procedure 45 requires any objection to a subpoena to be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." The compliance date for the Subpoena is February 28, 2013. In order to provide you with additional time to serve any objections, and to clarify the due date for objections, I request that any objection be served on or before February 25, 2013. Also, for your information, a copy of

the Stipulated Protective Order, which has already been entered in this case, can be found at http://www.millerlawllc.com/content/WYSIWYG/Poly%20Stipulated%20Protective%20Order.pdf.

      Should you have questions concerning this letter, the enclosed subpoena, Schedule A, or the Stipulated Protective Order, please do not hesitate to contact me.

Very truly yours,

Andrew Szot

AS

Enclosures

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| In re: Polyurethane Foam Antitrust Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:10-MD-02196-JZ |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Ohio ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Jennifer Convertibles, Inc., 245 Roger Ave., Inwood, NY 11096

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
  See Attached Schedule A

| Place: Robbins Geller Rudman & Dowd<br>Attn: David Rosenfeld<br>58 S. Service Rd., Ste. 200, Melville, NY 11747 | Date and Time:<br><br>02/28/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 02/05/2013

*CLERK OF COURT*

OR  /s/ Andrew Szot

_____    _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Indirect Purchaser Plaintiffs
_____, who issues or requests this subpoena, are:
Andrew Szot, Esq., Miller Law LLC, 115 S. LaSalle St., Ste. 2910, Chicago, IL 60603, (312) 332-3400, aszot@millerlawllc.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:10-MD-02196-JZ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

## DEFINITIONS

The following definitions apply to the document production requests set forth below:

A.  "All" should be construed to include the collective as well as the singular, and means "each," "any," and "every."

B.  "Jennifer Convertibles," "You," and "Your" means Jennifer Convertibles, Inc., its predecessors, successors, subsidiaries, departments, divisions and/or affiliates, including without limitation any organization or entity that Jennifer Convertibles manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or any persons acting in whole or in part on its behalf or with the apparent authority to do so.

C.  "Document" or "Documents" has the same full meaning as construed by Federal Rule of Civil Procedure 34, and includes without limitation the original (or identical duplicate when the original is not available) and all non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notation, or highlighting of any kind) and drafts of all writing, whether handwritten, typed, printed or otherwise produced, and includes, without limitation, letters, correspondence, memoranda, legal pleadings, notes, reports, agreements, calendars, diaries, travel and expense records, summaries, records, messages or logs of telephone calls, conversations, interviews, speeches, presentations, historical overviews, studies, plans, minutes, marketing materials, newsletters, expert reports, strategic assessments, statistical analyses or compilations, surveys, evaluations, competitive analyses, investigative or other reports, telegrams, mailgrams, facsimile transmissions (including cover sheets and confirmations), electronic mail, minutes or records of meeting, compilations,

notebooks, laboratory notebooks, work papers, books, pamphlets, brochures, circulars, manuals, instructions, sales, advertising or promotional literature or materials, ledgers, graphs, charts, blue prints, drawings, sketches, photographs, film and sound reproductions, tape recordings, or any other tangible materials on which there is any recording or writing of any sort. The term also includes the file, folder tabs, and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy of all Documents requested herein.

  D. "Electronically stored information" ("ESI") has the same full meaning as in Federal Rules of Civil Procedure 26 and 34 and includes, without limitation, the following: (a) activity listings of electronic mail receipts and/or transmittals; (b) output resulting from the use of any software program, including without limitation word processing Documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, instant messengers (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment; (c) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, DVD, flash drive, network drive, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation, servers, desktop computers, flash memory devices, wireless communication devices, smartphones, pagers, workstations, cell phones and personal digital assistants, e.g., Blackberry, iPhone, or other device.

  E. The term "Identify," when referring to a person, means to give, to the extent known: the person's full name, present or last known residential address, social security number, and present or last known place of employment. The term "person" or "persons" is defined to

mean any natural person, corporation, or partnership, or any business, legal, or government entity, organization, or association.

F. "Relating to," "referring to," "regarding" or "with respect to" mean without limitation discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, embodying, identifying, constituting, concerning, containing, mentioning, stating, evidencing, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

G. The term "Relevant Time Period" means the period from January 1, 1996 through December 31, 2012.

H. "Product" refers to any product consisting of, comprised of, or containing flexible polyurethane foam.

## INSTRUCTIONS

In addition to the requirements set forth in the Federal Rules of Civil Procedure, which Plaintiffs incorporate herein, the following instructions apply to each of the discovery requests set forth below, and are deemed to be incorporated in each of said requests:

A. Responsive data maintained electronically should be produced in one of the following electronic formats: Excel, Comma Separated Values, or Text File (either tab delimited or pike delimited). For each data field of transaction data produced, a complete description of the contents of that data field and the units of measurement used should be supplied. Each data field should be reported using a common unit of measure. If the data field contains coded values, then provide a table or code sheet sufficient to understand or interpret those values. If transaction data is produced with different data fields arranged in separate database tables or files, then insure that the data fields exist in each table or file so that the tables or files can be linked together. Also provide a description of which data fields in each database table or file can

3

be used to perform that link. If responsive data maintained electronically cannot be produced in Excel, Comma Separated Values, or Text File format, You should produce the data in their native, electronic form, and produce any manuals, Documents, or software sufficient to operate, display, read, and interpret the programs and data on a personal computer running Windows XP or higher.

B. These Document requests shall be deemed to be continuing in nature so that if You or any person acting on Your behalf subsequently discover or obtain possession, custody or control of any Document previously requested or required to be produced, You shall promptly make such Document available. Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of the further information.

C. These requests include data and information stored electronically or magnetically. To the extent responsive Documents or data are maintained in an electronic format, including but not limited to on a disk, tape, hard drive, flash drive, steady state drive, or other magnetic or machine-readable format, please produce the electronic version along with manuals and all other Documents sufficient to operate, display, read and interpret the programs, Documents or data.

D. You should construe these requests as follows: (a) the singular includes the plural and the plural includes the singular; (b) the masculine, feminine, or neuter pronoun includes the other genders; (c) the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (d) the words "any" and "all" shall include each and every; and (e) the present tense of a verb includes its past tense and vice versa.

E. These Document requests require that all Documents created, generated or dated during the Relevant Time Period, as well as Documents created, generated or dated outside this

period, but which contain information concerning this period or were referred to by Documents responsive to these discovery requests, be produced by You.

F. In producing Documents and ESI, You are to furnish all Documents or ESI in Your possession, custody or control, regardless of the physical location of the Documents or whether such Documents or materials are possessed directly by You; Your assistants, office administrative personnel, direct reports, or employees; or by Your attorneys or their agents, employees, representatives, or investigators.

G. In producing Documents and ESI, You are requested to produce the original of each Document or item of ESI requested, together with all non-identical copies and drafts of such Document. If the original of any Document or item of ESI cannot be located, a copy shall be produced in lieu thereof, and shall be legible and, for a Document, bound or stapled in the same manner as the original.

H. All Documents or things that respond in whole or in part to any portion of these requests are to be produced in their entirety, including all attachments and enclosures. Documents attached to each other, and email messages and their attachments, should not be separated.

I. Documents or ESI not otherwise responsive to these Requests shall be produced if such Documents or ESI mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluations, or similar materials.

J. All Documents and ESI shall be produced in the same order as they are or were kept or maintained by You in the ordinary course of Your business. If any Documents or items

of ESI have been removed from the files in which they were found for purposes of producing them in response to these requests, indicate for each Document the file(s) from which the Document(s) was (were) originally located.

K. All Documents shall be produced in the file folder, envelope, or other container in which the Documents are kept or maintained by You. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks.

L. Documents and ESI shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document custodian(s).

M. Documents attached to each other should not be separated, including, but not limited to, email attachments.

N. If a Document or item of ESI once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

O. All Documents produced in paper form should be numbered sequentially, with unique number on each page, and with a prefix identifying the party producing the Document.

P. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document's custodian.

Q. If You object to any part of these Document Requests, please (a) state each objection you assert in sufficient detail to permit the Court to determine the validity of the objection; and (b) produce all responsive Documents to which Your objection does not apply.

R. If You claim that any part of these Document Requests is vague or ambiguous, please identify the specific language you consider vague or ambiguous and state the interpretation of the language in question you used to frame your response.

S. If any Documents are redacted on a basis other than privilege, provide the information and reason for redacting that Document in sufficient detail to allow other parties to assess the validity of the claim for redaction.

T. If You redact any portion of the Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted.

U. If You claim the attorney-client privilege or any other privilege or work-product protection for any Document, provide a detailed privilege log that contains at least the following information for each Document or portion of Document withheld or redacted on such grounds: (a) the date of the Document or item of ESI; (b) the identity of each and every author of the Document or item of ESI; (c) the identity of each and every person who prepared or participated in the preparation of the Document or item of ESI; (d) the identity of each and every person who received the Document or item of ESI; (e) the identity of each and every person from whom the Document or item of ESI was received; (f) a general description of the subject matter; (g) the present location of the Document or item of ESI and all copies thereof; (h) the identity of each and every person having custody or control of the Document or item of ESI and all copies thereof; (i) the identity of the numbered request(s) to which the Document or item of ESI is responsive; and (j) sufficient information concerning the Document or item of ESI and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

V.  If You assert privilege with respect to part of a responsive Document or item of ESI, redact the privileged portion and indicate clearly on the Document where the material was redacted. Produce the redacted Document or item of ESI even if You believe that the nonredacted portion is not responsive. Identify the redacted portions on the privilege log in the same manner as withheld Documents. Non-responsiveness of a portion of a Document or item of ESI is not a sufficient basis for redaction.

W.  Unless a different time period is specified, the Relevant Time Period is January 1, 1996 to the present. These Requests seek all responsive Documents and materials applicable to or concerning the United States' market during the Relevant Time Period, regardless of whether the particular responsive Document or item of ESI was created or generated during the Relevant Time Period.

## DOCUMENTS TO BE PRODUCED

Request No. 1:

Produce Documents sufficient to Identify each and every type of Product purchased by You in the United States during the Relevant Time Period.

Request No. 2:

Produce Documents sufficient to Identify each and every type of Product sold by You in the United States during the Relevant Time Period.

Request No. 3:

For the Relevant Time Period, produce data identifying and fully describing Your sales of Products sold or delivered in the United States. The data must be produced on a transaction-by-transaction (*i.e.*, per sale) basis, as opposed to a month, quarterly or annual summary basis, and must identify the currency applicable to each sale. Further, with respect to each sale, You must Identify the product sold (including any SKU number), the date of purchase, the purchaser, the date of invoice, the "bill to" address, the "ship to" address, the quantity of product sold, the unit, units and total price of product sold, the credits, rebates, returns, and/or discounts (if any) affecting the purchase price of the product sold, the freight charges (if any) associated with the product sold, the type of contract pursuant to which the sales transaction occurred, and all other charges (itemized) associated with the product sold.

Request No. 4:

For the Relevant Time Period, produce data identifying and fully describing Your purchases of Products sold and delivered to You in the United States. The data must be on a transaction-by-transaction (*i.e.*, per purchase) basis, as opposed to a month, quarterly or annual summary basis, and must identify the currency applicable to each purchase. Further, with respect to each purchase, You must Identify the product purchased (including any SKU number), the date of purchase, the seller, the date of invoice, the "bill to" address, the "ship to" address, the quantity of product purchased, the price of product purchased (both the total price and per unit price), the freight charges (if any) affecting the purchase price of the product purchased, the type of contract pursuant to which the purchase transaction occurred, the credits, rebates, returns, and/or discounts (if any) affecting the price of the product purchased, and all other charges (itemized) associated with the product purchased.


Request No. 5:

For the Relevant Time Period, produce data and Documents that fully describe and identify the costs incurred by You in producing (*i.e.*, preparing for final sale) each type of Product sold by You during the Relevant Period. The information requested pertaining to each product includes any and all transaction specific costs and non-transaction specific costs included in each price of the Product during each point of the Relevant Time Period. Documents responsive to this request include Documents and data that provide a description of the production process and inputs (*e.g.*, labor, type of wood, type of flexible polyurethane foam, etc.) used to produce each final product sold by You, as well as Documents that contain information from which a description of the production process and inputs used to produce each final product sold by You can be derived.