IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re Polyurethane Foam Antitrust Litigation

This document relates to:
ALL CASES

Case No. 1:10 MD 2196

O R D E R

JUDGE JACK ZOUHARY

Pending before this Court is a discovery dispute centered on three interrogatories: specifically, Defendant FXI's refusal to answer Interrogatory Nos. 4–6 with "information relating to FXI's predecessor Old Foamex." These interrogatories ask FXI to complete charts related to how prices were set, capacity and production levels for plants, and meetings or discussions with other Defendants.

FXI purchased Old Foamex's assets in 2009 bankruptcy proceedings in exchange for a release of liability "of any kind . . . including . . . antitrust . . . related to the operation . . . prior to the Closing." FXI has produced to Plaintiffs Old Foamex documents in FXI's possession. It is Plaintiffs' burden to prove FXI engaged in an illegal conspiracy after the demise of Old Foamex in June 2009. Then, FXI, like any other "guilty" defendant, will be jointly and severally responsible for Old Foamex's liability, if any, as a co-conspirator.

**Successor Responsibility**

FXI objects on the grounds that it cannot be required to respond to interrogatories concerning Old Foamex. However, FXI has an obligation to respond to interrogatories concerning Old Foamex to the extent it has information responsive to the request.

As a general rule, a party answering Federal Civil Rule 33 interrogatories "must furnish information that is available to it and that can be given without undue labor and expense." Wright & Miller, 8B *Federal Practice & Procedure* § 2174 (3d ed. 2012). A corporation responding to interrogatories must provide not only the information contained in its own files and possessed by its own employees, it must also provide "all information under its control." *Twentieth Century Fox Film Corp. v. Marvel Enters.*, 2002 WL 1835439, at *3 (S.D.N.Y. 2002) (holding that in responding to interrogatories, it is no defense for a parent corporation to claim the information sought is within the possession of a wholly owned subsidiary). "A party served with interrogatories is obliged to respond by 'furnishing such information *as is available to the party*,'" and the responding party must "'respond to the interrogatories not only by providing the information it has, but also the information within its control or otherwise obtainable by it.'" *Id.* (quoting *In re Auction House Antitrust Litig.*, 196 F.R.D. 444, 445 (S.D.N.Y. 2000) (emphasis in original)).

In the *Auction House Antitrust Litig.*, a party moved to compel defendant Christie's auction house to answer interrogatories about the meaning of handwritten notes authored by Christie's former chief executive officer. 196 F.R.D. at 444–45. Christie's responded that it was unable to answer the interrogatories because the person with knowledge, the former CEO, was no longer available or within Christie's control. *Id.* The court ordered Christie's to respond to the interrogatories because it found Christie's was in a position to exert pressure over the former CEO to obtain the necessary

information. *Id.* at 445–46. *See also Erone Corp. v. Skouras Theatres Corp.*, 22 F.R.D. 494, 499 (S.D.N.Y. 1958) (rejecting defendants' objection to interrogatories requesting information from its predecessor); *Sol S. Turnoff Drug Distribs., Inc. v. N.V. Nederlandsche Combinatie Voor Chemische Industrie*, 55 F.R.D. 347, 349 (E.D. Pa. 1972) (holding that "interrogatories addressed to a corporate party may properly seek information which is in the possession of subsidiaries or predecessors in name of that party").

Accordingly, to the extent FXI has information responsive to these requests, it generally would be obligated to respond.

**Burden and Expense Balance**

FXI also objects on the grounds that the charts requested in the interrogatories are unduly burdensome; specifically, that responding to the interrogatories would require FXI to engage in a burdensome and expensive process, a process which Plaintiffs are equally well-suited to complete. On this point, this Court agrees with FXI.

Federal Civil Rule 33 does not compel a party to complete the interrogating party's investigation for him. *See Olmert v. Nelson*, 60 F.R.D. 369, 370 (D.D.C. 1973); Wright & Miller at § 2174.

Plaintiffs have the same information FXI would presumably use to generate responses to the interrogatories -- i.e., the Old Foamex documents. This Court also surmises that responses from FXI would be properly qualified by a statement that the responses were premised on a review of the available Old Foamex documents alone. This Court sees no reason why Plaintiffs are unable to construct the charts from a review of the Old Foamex documents already in their possession. Plaintiffs are just as well-positioned as FXI to construct the requested charts.

In this context, this Court finds ordering FXI to respond to Interrogatory Nos. 4–6 would cause undue labor and expense. Further, the information Plaintiffs seek is best and most expediently accomplished by deposing Old Foamex employees, wherever they may be. If many are employed by FXI, as alleged by Plaintiffs, then FXI will undoubtedly cooperate in making these employees available for questioning, including questions relating to their time with Old Foamex.

Plaintiffs' request that FXI answer Interrogatory Nos. 4–6 on behalf of Old Foamex is therefore denied. This Court also denies as moot FXI's request for oral hearing.

IT IS SO ORDERED.

                                                 s/ *Jack Zouhary*
                                                 JACK ZOUHARY
                                                 U. S. DISTRICT JUDGE

                                                 April 2, 2013