# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: POLYURETHANE FOAM ANTITRUST LITIGATION | MDL Docket No. 2196 |
| | Index No. 10-MD-2196 (JZ) |
| This document relates to: ALL CASES | |

## NOTICE OF SERVICE OF SUBPOENA

**Notice is hereby given**, pursuant to Federal Rule of Civil Procedure 45(b)(1), that the Indirect Purchaser Plaintiffs in the above-captioned action shall serve the enclosed subpoenas for the production of documents upon the following third-parties:

*Exh. A*: American Home Furnishings Alliance, Inc.

Dated: May 8, 2013

Respectfully submitted,

By: /s/ *Marvin A. Miller*
Marvin A. Miller, Esq.
**Miller Law LLC**
115 S. LaSalle St., Ste. 2910
Chicago, IL 60603
tel: (312) 332-3400
fax: (312) 676-2676
email: mmiller@millerlawllc.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I, Marvin Miller, an attorney, certify that a copy of the foregoing has been electronically filed today, May 8, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and in accordance with local rules and the Federal Rules of Civil Procedure.

                */s/ Marvin A. Miller*

# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| In re: Polyurethane Foam Antitrust Litigation ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:10-MD-02196-JZ |
| ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Northern District of Ohio ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: American Home Furnishings Alliance, Inc., 317 W. High Ave., High Point, NC 27261

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
　　See attached Schedule A

| Place: S.I.N.C. | Date and Time: |
|---|---|
| 607 Overbrook Dr. | |
| High Point, NC 27262 | 05/22/2013 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

　　The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/08/2013

　　　　　　　　*CLERK OF COURT*
　　　　　　　　　　　　　　　　　　　　OR　　　　　_____
　　　_____　　　　　　　　　　　　　　　*Attorney's signature*
　　　*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Indirect Purchaser Plaintiffs
_____, who issues or requests this subpoena, are:
Andrew Szot, Esq., Miller Law LLC, 115 S. LaSalle St., Ste. 2910, Chicago, IL 60603, (312) 332-3400, aszot@millerlawllc.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:10-MD-02196-JZ

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

**DEFINITIONS**

The following definitions apply to the document production requests set forth below:

A. "All" should be construed to include the collective as well as the singular, and means "each," "any," and "every."

B. "Polyurethane foam or products containing polyurethane foam " means flexible polyurethane foam of any shape, size, or blend, and including without limitation rebond and bonded foam and prime, scrap and recycled foam, as well as any products that contain flexible polyurethane foam.

C. "AHFA," "You," and "Your" means the American Home Furnishings Alliance, Inc., its predecessors, successors, subsidiaries, departments, divisions, trade names through which they do business, and/or affiliates, including without limitation any organization or entity that the AHFA manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or any persons acting in whole or in part on its behalf or with the apparent authority to do so, including without limitation the American Furniture Manufacturers Association, Inc.

D. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

E. "Defendants" means The Carpenter Company, Flexible Foam Products, Inc., FXI-Foamex Innovations, Inc., Future Foam, Inc., Hickory Springs Manufacturing Co., Mohawk Industries, Inc., Leggett & Platt, Inc., Scottdel Inc., Woodbridge Foam Corporation, Woodbridge Sales & Engineering, Inc., Woodbridge Foam Fabricating, Inc., Louis Carson, and David Carson, individually and collectively, together with their respective or collective representatives,

1

employees, subsidiaries, agents, consultants, officers, directors, parents, affiliates, and predecessors and successors in interest.

   F. "Document" or "Documents" has the same full meaning as construed by Federal Rule of Civil Procedure 34, and includes without limitation the original (or identical duplicate when the original is not available) and all non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notation, or highlighting of any kind) and drafts of all writing, whether handwritten, typed, printed or otherwise produced, and includes, without limitation, letters, correspondence, memoranda, legal pleadings, notes, reports, agreements, calendars, diaries, travel and expense records, summaries, records, messages or logs of telephone calls, conversations, interviews, speeches, presentations, historical overviews, studies, plans, minutes, marketing materials, newsletters, expert reports, strategic assessments, statistical analyses or compilations, surveys, evaluations, competitive analyses, investigative or other reports, telegrams, mailgrams, facsimile transmissions (including cover sheets and confirmations), electronic mail, minutes or records of meeting, compilations, notebooks, laboratory notebooks, work papers, books, pamphlets, brochures, circulars, manuals, instructions, sales, advertising or promotional literature or materials, ledgers, graphs, charts, blue prints, drawings, sketches, photographs, film and sound reproductions, tape recordings, or any other tangible materials on which there is any recording or writing of any sort. The term also includes the file, folder tabs, and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy of all Documents requested herein.

   G. "Electronically stored information" ("ESI") has the same full meaning as in Federal Rules of Civil Procedure 26 and 34 and includes, without limitation, the following: (a)

2

activity listings of electronic mail receipts and/or transmittals; (b) output resulting from the use of any software program, including without limitation word processing Documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, instant messengers (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment; (c) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, DVD, flash drive, network drive, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation, servers, desktop computers, flash memory devices, wireless communication devices, smartphones, pagers, workstations, cell phones and personal digital assistants, e.g., Blackberry, iPhone, or other device.

  H. The term "Identify," when referring to a person, means to give, to the extent known: the person's full name, present or last known residential address, social security number, and present or last known place of employment. The term "person" or "persons" is defined to mean any natural person, corporation, or partnership, or any business, legal, or government entity, organization, or association.

  I. "Meeting" means the contemporaneous presence, whether in person or by telephone or other device, of any natural persons whether such presence was by chance or prearranged and whether the meeting was formal, informal or occurred in connection with some other activity.

  J. "Member" means any form of affiliation with your organization, including but not limited to members, manufacturing members, and associate members.

K.  "Policy" refers to any rule, procedure, practice, or course of conduct, whether formal or informal, written or oral, recorded or unrecorded, which was recognized or followed, explicitly or implicitly.

L.  "Relating to," "referring to," "regarding" or "with respect to" mean without limitation discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, embodying, identifying, constituting, concerning, containing, mentioning, stating, evidencing, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

M.  "Relevant Time Period" means January 1, 1999 through the present.

N.  "Trade Association" means any group or entity, whether formal or informal, designed or organized to promote common interests, including past and present parents, subsidiaries, departments, committees, affiliates, predecessors, and successors of any such group or entity, and including all past or present officers, directors, members, partners, agents, employees, attorneys, representatives, investigators, successors, or predecessors thereof, and all other persons in whole or in part acting on its behalf or in connection with such group or entity.

**INSTRUCTIONS**

In addition to the requirements set forth in the Federal Rules of Civil Procedure, which Plaintiffs incorporate herein, the following instructions apply to each of the discovery requests set forth below, and are deemed to be incorporated in each of said requests:

A.  Responsive data maintained electronically should be produced in one of the following electronic formats:  Excel, Comma Separated Values, or Text File (either tab delimited or pike delimited).  For each data field of transaction data produced, a complete description of the contents of that data field and the units of measurement used should be supplied. Each data field should be reported using a common unit of measure.  If the data field contains coded

4

values, then provide a table or code sheet sufficient to understand or interpret those values. If transaction data is produced with different data fields arranged in separate database tables or files, then insure that the data fields exist in each table or file so that the tables or files can be linked together. Also provide a description of which data fields in each database table or file can be used to perform that link. If responsive data maintained electronically cannot be produced in Excel, Comma Separated Values, or Text File format, You should produce the data in their native, electronic form, and produce any manuals, Documents, or software sufficient to operate, display, read, and interpret the programs and data on a personal computer running Windows XP or higher.

      B.     These Document requests shall be deemed to be continuing in nature so that if You or any person acting on Your behalf subsequently discover or obtain possession, custody or control of any Document previously requested or required to be produced, You shall promptly make such Document available. Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of the further information.

      C.     These requests include data and information stored electronically or magnetically. To the extent responsive Documents or data are maintained in an electronic format, including but not limited to on a disk, tape, hard drive, flash drive, steady state drive, or other magnetic or machine-readable format, please produce the electronic version along with manuals and all other Documents sufficient to operate, display, read and interpret the programs, Documents or data.

      D.     You should construe these requests as follows: (a) the singular includes the plural and the plural includes the singular; (b) the masculine, feminine, or neuter pronoun includes the other genders; (c) the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the request all information that might otherwise be

construed to be outside its scope; (d) the words "any" and "all" shall include each and every; and (e) the present tense of a verb includes its past tense and vice versa.

  E. These Document requests require that all Documents created, generated or dated during the Relevant Time Period, as well as Documents created, generated or dated outside this period, but which contain information concerning this period or were referred to by Documents responsive to these discovery requests, be produced by You.

  F. In producing Documents and ESI, You are to furnish all Documents or ESI in Your possession, custody or control, regardless of the physical location of the Documents or whether such Documents or materials are possessed directly by You; Your assistants, office administrative personnel, direct reports, or employees; or by Your attorneys or their agents, employees, representatives, or investigators.

  G. In producing Documents and ESI, You are requested to produce the original of each Document or item of ESI requested, together with all non-identical copies and drafts of such Document. If the original of any Document or item of ESI cannot be located, a copy shall be produced in lieu thereof, and shall be legible and, for a Document, bound or stapled in the same manner as the original.

  H. All Documents or things that respond in whole or in part to any portion of these requests are to be produced in their entirety, including all attachments and enclosures. Documents attached to each other, and email messages and their attachments, should not be separated.

  I. Documents or ESI not otherwise responsive to these Requests shall be produced if such Documents or ESI mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests

and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluations, or similar materials.

      J.      All Documents and ESI shall be produced in the same order as they are or were kept or maintained by you in the ordinary course of Your business. If any Documents or items of ESI have been removed from the files in which they were found for purposes of producing them in response to these requests, indicate for each Document the file(s) from which the Document(s) was (were) originally located.

      K.      All Documents shall be produced in the file folder, envelope, or other container in which the Documents are kept or maintained by You. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks.

      L.      Documents and ESI shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document custodian(s).

      M.      Documents attached to each other should not be separated, including, but not limited to, email attachments.

      N.      If a Document or item of ESI once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

      O.      All Documents produced in paper form should be numbered sequentially, with unique number on each page, and with a prefix identifying the party producing the Document.

P. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document's custodian.

Q. If You object to any part of these Document Requests, please (a) state each objection you assert in sufficient detail to permit the Court to determine the validity of the objection; and (b) produce all responsive Documents to which Your objection does not apply.

R. If You claim that any part of these Document Requests is vague or ambiguous, please identify the specific language you consider vague or ambiguous and state the interpretation of the language in question you used to frame your response.

S. If any Documents are redacted on a basis other than privilege, provide the information and reason for redacting that Document in sufficient detail to allow other parties to assess the validity of the claim for redaction.

T. If You redact any portion of the Document, stamp the word "REDACTED" beside the redacted information on each page of the Document, which You have redacted.

U. If You claim the attorney-client privilege or any other privilege or work-product protection for any Document, provide a detailed privilege log that contains at least the following information for each Document or portion of Document withheld or redacted on such grounds: (a) the date of the Document or item of ESI; (b) the identity of each and every author of the Document or item of ESI; (c) the identity of each and every person who prepared or participated in the preparation of the Document or item of ESI; (d) the identity of each and every person who received the Document or item of ESI;  (e) the identity of each and every person from whom the Document or item of ESI was received; (f) a general description of the subject matter; (g) the present location of the Document or item of ESI and all copies thereof;  (h) the identity of each

and every person having custody or control of the Document or item of ESI and all copies thereof; (i) the identity of the numbered request(s) to which the Document or item of ESI is responsive; and  (j) sufficient information concerning the Document or item of ESI and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

      V.    If You assert privilege with respect to part of a responsive Document or item of ESI, redact the privileged portion and indicate clearly on the Document where the material was redacted. Produce the redacted Document or item of ESI even if You believe that the nonredacted portion is not responsive. Identify the redacted portions on the privilege log in the same manner as withheld Documents. Non-responsiveness of a portion of a Document or item of ESI is not a sufficient basis for redaction.

### DOCUMENTS TO BE PRODUCED

1. All documents relating to AHFA's relationship to each, any, and all Defendants, including all documents relating to the involvement of each Defendant in the AHFA during the Relevant Time Period.

2. All documents relating to any and all AHFA Meetings that occurred during the Relevant Time Period, where any aspect concerning, involving, or relating to the manufacturing, pricing, demand, or supply of polyurethane foam or products containing polyurethane foam was addressed or discussed, including without limitation any meeting of any AHFA committee, subcommittee, division, sub-divisions, groups, sub-groups, boards, panels or task forces, and including, but not limited to, agendas, attendance lists, registration lists, flyers, speaker lists or announcements, press releases, hand-outs, minutes, notes, and presentations.

3. All documents reflecting or referring to any Meeting relating to polyurethane foam or products containing polyurethane foam of any Trade Association other than the AHFA, during the Relevant Time Period, including without limitation any meeting of any committee, subcommittee, division, sub-divisions, groups, sub-groups, boards, panels of task forces, and including, but not limited to, agendas, attendance lists, registration lists, flyers, speaker lists or announcements, press releases, hand-outs, minutes, notes, and presentations.

4. All documents reflecting or referring to any Meetings attended by any of the AHFA's directors, officers, agents, or employees, with or without authorization, and any director, officer, agent, representative or employee of any Defendant during the Relevant Time Period, including without limitation all diaries, calendars, travel and related expense vouchers and reports.

5. All documents relating to the AHFA's involvement in any communications regarding the manufacturing, pricing, demand, supply, market, or trends concerning polyurethane foam or products containing polyurethane foam during the Relevant Time Period.

6. All documents relating to the AHFA's positions, recommendations, and Policies regarding the establishment of, and/or changes to, the pricing of polyurethane foam or products containing polyurethane foam during the Relevant Time Period.

7. All documents relating to discussions that occurred between or among the AHFA and each, any or all Defendants, during the Relevant Time Period, concerning the market, price, demand, and/or supply of polyurethane foam or products containing polyurethane foam.

8. All documents relating to information provided or made available to the AHFA by any of the Defendants, either individually or collectively, during the Relevant Time Period, which in any way relates to the market, manufacturing, pricing, demand, supply and/or usage of polyurethane foam or products containing polyurethane foam and/or trends concerning polyurethane foam or products containing polyurethane foam, including without limitation information concerning Defendants' individual and collective market share.

9. All documents relating to information provided or made available by the AHFA to each, any or all of the Defendants, during the Relevant Time Period, which in any way relates to the

manufacturing, pricing, demand, supply and/or usage of polyurethane foam or products containing polyurethane foam and/or trends concerning polyurethane foam or products containing polyurethane foam.

10. All documents relating to the AHFA's role in defining the Policies or goals of the Defendants, individually and/or collectively, during the Relevant Time Period, as they relate to the manufacturing, pricing, demand, supply or sales of polyurethane foam or products containing polyurethane foam.

11. All documents relating to AHFA's positions, recommendations, and Policies regarding the establishment of, and changes to, the manufacturing, pricing, demand, and/or supply of polyurethane foam or products containing polyurethane foam at any and all points in time during the Relevant Time Period.

12. Documents sufficient to show each and every AHFA officer and director at any and all points during the Relevant Time Period, as well as each officer's and director's affiliation with each of the Defendants, along with the dates that each AHFA officer and/or director served as such during this period.

13. Documents sufficient to show each and every AHFA member at any and all points during the Relevant Time Period, including the identification of and dates of membership of each member.

14. All documents reflecting or referring to the membership of your committees, subcommittees, divisions, sub-divisions, groups, sub-groups, boards, panels or task forces, including without limitation any document sufficient to identify the membership of such a group at any and all points during the Relevant Time Period.

15. Documents sufficient to show each and every director, officer, and member of the AHFA's Suppliers Division during the Relevant Time Period, along with the dates that each director, officer and member served as such during this period.

16. All documents relating to presentations (oral, written or electronic) made by or to each, any or all of the Defendants during the Relevant Time Period, relating to polyurethane foam or products containing polyurethane foam , including but not limited to manufacturing, pricing, demand, supply, and industry trends.

17. All documents relating to each, any or all of the Defendants participation in or attendance at presentations (oral, written, and electronic) during the Relevant Time Period, relating to polyurethane foam or products containing polyurethane foam , including but not limited to manufacturing, pricing, demand, supply, and industry trends.

18. All documents relating to presentations (oral, written, or electronic) made by or to each, any or all of the Defendants during the Relevant Time Period, relating to antitrust issues or document retention.

19. All documents relating to each, any or all of the Defendants participation in or attendance at presentations (oral, written, and electronic) during the Relevant Time Period, relating to antitrust issues or document retention.

20. Documents sufficient to show the topics discussed at any AHFA event or Meeting during the Relevant Time Period.

21. All of your antitrust policies.

22. All materials distributed at or in conjunction with any AHFA event or Meeting during the Relevant Time Period.

23. All documents relating to information that the AHFA has disseminated or made available, at any point during the Relevant Time Period, regarding the manufacturing, pricing, demand, supply of polyurethane foam or products containing polyurethane foam

24. All documents relating to all product identification numbers or codes relating to products manufactured, supplied, or distributed by each, any and all of the Defendants during the Relevant Time Period.

25. All documents relating to the sale, purchase, credit for purchase, price, supply, or demand of polyurethane foam or products containing polyurethane foam during the Relevant Time Period, including without limitation any market studies or financial reports.

26. All documents relating to AHFA's document retention Policies, including all written and oral Policies and the implementation of such Policies during the Relevant Time Period.

27. All documents relating to AHFA's guidelines, procedures, instructions, and Policies relating to the retention or destruction of Documents, including Policies relating to the retention or destruction of e-mail messages and other electronic media and the archiving and backing up of computer information and data during the Relevant Time Period.

28. All documents relating to AHFA's creation, modification, retention, archiving, purging, removal, destruction, and deletion of Internet and website content relating to current and historical manufacturing, pricing, demand, and supply information relating to polyurethane foam or products containing polyurethane foam during the Relevant Time Period.

29. All documents relating to information systems, computer systems, or any other electronic data processing systems used by AHFA now, or at any time during the Relevant Time Period, to store, process, or compile information or data relating to polyurethane foam or products containing polyurethane foam .

30. Documents sufficient to show all payments or contributions to the AHFA by each Defendant, including but not limited to dues, fees, and subscriptions, and donations made to the AHFA, and the overall budget of the AHFA.