IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:10 MD 2196 |
| Polyurethane Foam Antitrust Litigation | ORDER GRANTING FINAL APPROVAL OF VOLUNTARY DISMISSAL AND SETTLEMENT WITH DEFENDANT DOMFOAM AND OTHERS |
| This document related to: ALL CASES | |
| | JUDGE JACK ZOUHARY |

### INTRODUCTION

This matter is before this Court on Direct Purchaser (Class) Plaintiffs' Motion for Final Approval of Settlement with Defendants Vitafoam, Inc. and Vitafoam Products Canada Limited ("Vitafoam"), and for Final Approval of Voluntary Dismissal and Settlement with: Defendants Domfoam International Inc. ("Domfoam"), Valle Foam Industries (1995) Inc. ("Valle Foam"), and A-Z Sponge & Foam Products Ltd. (collectively, "Voluntary Dismissal Defendants"); and non-defendants Bruce Bradley, Dean Brayiannis, Michael Cappuccino, Peter Foti, Duke Greenstein, John Howard, Dale McNeill, James William Sproule, Robert Rochietti-Valle, Tony Vallecoccia, and Fred Zickmantel (collectively, "Individual Settling Parties") (Doc. 538).

Class Plaintiffs Ace Foam, Inc., Adams Foam Rubber Co., a/k/a Adams Foam Rubber Company, Inc., Cambridge of California, Inc., GCW Carpet Wholesalers, Inc. t/a Floors USA, Foam Factory, Inc., J&S Packaging, Inc., VFP Acquisitions d/b/a Vanguard Foam and Packaging Company entered into a settlement agreement with Vitafoam on October 19, 2011, and with the Voluntary Dismissal Plaintiffs and Individual Settling Parties on January 3, 2013 (together, the "Settlement

Agreements"). Notice was provided to the Class pursuant to the Preliminary Approval Orders and the November 29, 2012 Order (Doc. 457). The 90-day period for federal officials to request a hearing under the Class Action Fairness Act expired on February 19, 2012 for the Vitafoam Settlement, and on June 12, 2012 for the Domfoam Settlement. This Court held a Fairness Hearing on May 7, 2013.

This Court, having reviewed the Motion, the Settlement Agreements, and related filings, finds this Court has jurisdiction over the subject matter of this Action (and all actions and proceedings consolidated in this Action). Terms used in the Order that are defined in the Settlement Agreements are, unless noted, as defined in the Settlement Agreements.

### NOTICE SATISFIES DUE PROCESS

1. The Preliminary Approval Orders and November 29, 2012 Order outlined the form and manner by which Plaintiffs would provide the Settlement Classes with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice to members of the Class who could be identified through reasonable effort, as well as extensive publication of a summary notice. Proof that the mailing and publication conformed with this Court's prior Orders has been filed with this Court. The Notice constituted the most effective and best notice practicable under the circumstances of the Settlement Agreements, and constituted due and sufficient notice for all other purposes to all persons and entities entitled to receive notice. *See Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 422–23 (6th Cir. 2012).

### FINAL APPROVAL OF SETTLEMENT AGREEMENT

2. After an analysis of the appropriate factors, this Court has determined that the Settlement Agreements are "fair, reasonable, and adequate" to the Settlement Classes. *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 593 (E.D. Mich. 2006); *In re Packaged Ice Antitrust Litig.*, 2011

WL 6209188, at *7 (E.D. Mich. Dec. 13, 2011).  Final approval of the Settlement Agreements, therefore, is granted pursuant to Federal Civil Rule 23(e).

## CERTIFICATION OF THE SETTLEMENT CLASSES

3. Pursuant to Rule 23, and in light of the proposed Settlements, this Court finds that the prerequisites for a class action have been met for settlement purposes and certifies the following settlement class in connection with the Vitafoam settlement (the "Vitafoam Settlement Class"):

> All Direct Purchaser Plaintiffs that purchased flexible polyurethane foam in the United States directly from a Defendant or Co-conspirator from January 1, 1999 to August 2010.  Excluded from the Settlement Class are (1) Defendants and Co-conspirators and their respective parents, subsidiaries, and affiliates; and (2) any Direct Purchaser Plaintiff who timely elects to be excluded from this settlement.

4. Pursuant to Rule 23, and in light of the proposed Settlements, this Court finds that the prerequisites for a class action have been met for settlement purposes and certifies the following settlement class in connection with the Domfoam settlement (the "Domfoam Settlement Class," collectively with the Vitafoam Settlement Class, the "Settlement Classes"):

> All persons who purchased polyurethane foam in the United States directly from the Defendants in the Action and/or an Alleged Co-Conspirator (as defined above) from January 1, 1999 through the present (defined as the "Class Period").  As reflected in the class notices approved by this Court, excluded from the Class are the Voluntary Dismissal Defendants and their representatives, parents, subsidiaries and affiliates, and any of their officers, directors, or employees, and the Non-Settling Defendants and their representatives, parents, subsidiaries and affiliates, and any of their officers, directors, or employees.  Also excluded from the Class are all federal, state, and local governmental entities, judicial officer and judicial staffs presiding over this matter and the members of their immediate families.

5. This Court finds that the certification of the Settlement Classes is warranted in light of the Settlement Agreements because: (a) the Settlement Classes are so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Classes; (c) Plaintiffs and Lead Counsel (defined below) will fairly and adequately represent the Settlement

Classes; and (d) common issues predominate over any individual issues affecting the members of the Settlement Classes. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007). This Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes, and that settlement on a class basis is superior to other means of resolving the matter. *See Beattie*, 511 F.3d at 563, 567.

6. The persons and entities identified in Exhibit A (attached) have timely and validly requested exclusion from the specified Settlement Classes and therefore are excluded from the Settlement Class and not bound by this Order, and may not make any claim or receive any benefit from the settlement(s), whether monetary or otherwise. These excluded persons and entities may not pursue any Released Claims on behalf of those who are bound by this Order. Each Settlement Class member who has not requested to be excluded from the Settlement Class(es), and is not listed in Exhibit A, is bound by this Order, and will remain forever bound.

### APPOINTMENT OF LEAD COUNSEL AND CLASS REPRESENTATIVES

7. This Court hereby appoints Stephen Neuwirth of Quinn Emanuel Urquhart & Sullivan, LLP and William Isaacson of Boies, Schiller & Flexner LLP as Lead Counsel for the Settlement Class, having previously determined that the requirements of Federal Civil Rule 23(g) are fully satisfied by this appointment. *See Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294, 320–22 (N.D. Ohio 2009).

8. Plaintiffs Ace Foam, Inc., Adams Foam Rubber Co., a/k/a Adams Foam Rubber Company, Inc., Cambridge of California, Inc., GCW Carpet Wholesalers, Inc. t/a Floors USA, Foam Factory, Inc., J&S Packaging, Inc., VFP Acquisitions d/b/a Vanguard Foam and Packaging Company will serve as Class Representatives on behalf of the Settlement Classes.

### RELEASE AND COVENANT NOT TO SUE

9. As to the Released Parties, as defined in the Settlement Agreements, any and all currently pending class action lawsuits directly related to the subject matter of this litigation are dismissed with prejudice and in their entirety, on the merits, and, except as provided for in the Settlement Agreements, without costs.  This dismissal shall not affect, in any way, Plaintiffs' right to pursue claims, if any, outside the scope of the Releases set forth in the Settlement Agreements.

10. The Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Claims released in the Settlement Agreements against any Released Party, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other forum wherever located.

11. The Releasing Parties release, forever discharge, and covenant not to sue the Released Parties from and for Claims as set forth in the Settlement Agreements.

12. This Order does not settle or compromise any claims by Class Representatives or the Settlement Classes against the Defendants or other persons or entities other than the Released Parties, and all rights against any other Defendant or other person or entity are specifically reserved.  The sales of Polyurethane Foam to members of the Settlement Classes by the Released Parties shall remain against the non-settling Defendants as a basis for damage claims, and shall be part of any joint and several liability claims against any non-settling Defendant or other person or entity other than the Released Parties.

**FINAL JUDGMENT**

13. Pursuant to Federal Civil Rule 54(b), this Court directs the entry of final judgment of dismissal as to the Released Parties.

**OTHER PROVISIONS**

14. Without affecting the finality of this Order, this Court retains exclusive jurisdiction over the Actions and the Settlement Agreements, including the administration, interpretation, consummation, and enforcement of the Settlement Agreements.

15. The escrow account established by certain of the parties, and into which Vitafoam has deposited the amounts required by the Vitafoam Settlement and into which it will deposit the remainder of the settlement amounts upon this Order, plus accrued interest, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and related Treasury Regulations.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 21, 2013