UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) ) | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |
| This document relates to:<br><br>ALL CASES | ) ) ) ) ) | |

### DEFENDANTS' RULE 30(b)(6) DEPOSITION NOTICE
### TO PLAINTIFF DRIFTWOOD HOSPITALITY MANAGEMENT, LLC

**TO:  ALL COUNSEL OF RECORD**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, please take notice that Defendants, by and through their undersigned counsel, will take the oral deposition of **Driftwood Hospitality Management, LLC,** on the subject matters set forth in Exhibit A, attached hereto.

The deposition will commence **at 9:30 a.m. on August 2, 2013**, at the offices of **Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., New River Center, 200 East Las Olas Boulevard, 21st Floor (Penthouse A), Fort Lauderdale, Florida, 33301**. The deposition shall continue from day to day until completed in accordance with the Federal Rules of Civil Procedure and the orders of this Court.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Driftwood Hospitality Management, LLC shall designate a person or persons prepared to testify about the topics set forth in Exhibit A. All parties are invited to attend. The deposition will be conducted under oath and will be recorded by stenographic means and by videotape.

Dated: July 22, 2013                                Respectfully submitted,

/s/   James H. Walsh                                /s/   Kendall Millard
James H. Walsh                                      Kendall Millard
Howard Feller                                       BARNES & THORNBURG, LLP
Bethany Lukitsch                                    11 South Meridian Street
MCGUIREWOODS LLP                                    Indianapolis, IN 46204-3535
One James Center                                    Phone: (317) 231-7461
901 East Cary Street                                Fax:    (317) 231-7433
Richmond, VA 23219-4030                             kmillard@btlaw.com
Phone: (804) 775-4356
Fax:    (804) 698-2200                              /s/   Michael D. Mustard
jwalsh@mcguirewoods.com                             Michael D. Mustard
hfeller@mcguirewoods.com                            BARNES & THORNBURG LLP
blukitsch@mcguirewoods.com                          600 One Summit Square
                                                    Fort Wayne, IN 46802-3119
*Counsel for Carpenter Co., E.R. Carpenter,*        Phone:  (260) 423-9440
*L.P., and Carpenter Holdings, Inc.*                Fax:    (260) 424-8316
                                                    mmustard@btlaw.com

                                                    *Counsel for Flexible Foam Products, Inc.*


/s/   Francis P. Newell                             /s/   Edward G. Warin
Francis P. Newell                                   Edward G. Warin
Peter M. Ryan                                       John P. Passarelli
COZEN O'CONNOR                                      KUTAK ROCK LLP
1900 Market Street                                  1650 Farnam Street
Philadelphia, PA 19103                              Omaha, NE  68102
Phone:  (215) 665-2118                              Phone:  (402) 346-6000
Fax:    (215) 665-2013                              Fax:    (402) 346-1148
fnewell@cozen.com                                   edward.warin@kutakrock.com
pryan@cozen.com                                     john.passarelli@kutakrock.com

*Counsel for Foamex Innovations, Inc.*              *Counsel for Future Foam, Inc.*

2

/s/   Frank A. Hirsch, Jr.
Frank A. Hirsch, Jr.
Matthew P. McGuire
ALSTON & BIRD LLP
4721 Emperor Blvd.
Suite 400
Durham, NC  27703
Phone:  (919) 862-2200
Fax:      (919) 852-2260
frank.hirsch@alston.com
matt.mcguire@alston.com

*Counsel for Hickory Springs Manufacturing Company*


/s/   Randall L. Allen
Randall L. Allen
Teresa T. Bonder
Allison S. Thompson
ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree St.
Atlanta, GA 30309
Phone:  (404) 881-7000
Fax:      (404) 881-7777
randall.allen@alston.com
teresa.bonder@alston.com
allison.thompson@alston.com

*Counsel for Mohawk Industries, Inc.*

/s/   Daniel R. Warncke
Daniel R. Warncke
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone:  (513) 381-2838
Fax:  (513) 381-0205
warncke@taftlaw.com

Joe Rebein
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone:  (816) 559-2227
jrebein@shb.com

*Counsel for Leggett & Platt, Incorporated*


/s/   Daniel G. Swanson
Daniel G. Swanson
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Phone: (213) 229-6690
Fax:     (213) 229-6919
dswanson@gibsondunn.com

Cynthia Richman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Phone:  (202) 530-8500
Fax:      (202) 530-9651
crichman@gibsondunn.com

*Counsel for Woodbridge Foam Corporation, Woodbridge Sales & Engineering, Inc., and Woodbridge Foam Fabricating, Inc.*

## **EXHIBIT A**

A.  **DEFINITIONS**

For purposes of this deposition notice, the following words and phrases shall have the meanings set forth below whenever used in any Definition or Area of Examination:

1. The terms "and/or" shall be read in the disjunctive, conjunctive or both, as the case may be, consistent with an interpretation that results in the more extensive response.

2. The term "all" shall be construed to include the collective as well as the singular, and means "each," "any," and "every."

3. The terms "concerning" or "concern" shall mean relating to, referring to, describing, evidencing or constituting the referenced matter.

4. "Person" or "persons" means all natural persons or entities, including, without limitation, any individual, employee, firm, association, organization, partnership, business, trust, corporation, team, group or other entity of any nature whatsoever.

5. "Communication," or any variant thereof, means the transmittal or attempted transmittal of information or knowledge between Persons whether oral, written, electronic or otherwise; whether in-person or telephonic; whether direct or through an intermediary.

6. "Action" refers to the lawsuits that are currently consolidated and pending for pretrial purposes in the United States District Court for the Northern District of Ohio, Western Division as part of *In re Polyurethane Foam Antitrust Litigation,* Case No. 1:10-md-02196-JZ.

7. "You," "your," "your company" and similar terms means Driftwood Hospitality Management, LLC and all predecessors, successors, parent organizations, subsidiaries, affiliates, insurers and assigns, and the respective representatives of each of them, and includes, without limitation, their respective officers, directors, members, principals, employees, agents, attorneys,

consultants and investigators, and all persons acting or purporting to act on behalf of any of them for any purpose whatsoever.

8. "Principal" refers to any entity for which you are identified as an agent in your Complaint.

9. "Your Complaint" refers to the document styled "Indirect Purchasers' Corrected Second Amended Class Action Complaint" filed on May 7, 2012 in the Action.

10. "Direct Purchaser Class Complaint" refers to the document styled "Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint" filed on February 28, 2011 in *In re Polyurethane Foam Antitrust Litigation,* Case No. 1:10-md-02196-JZ (N.D. Ohio).

11. "Indirect Purchaser Class Member(s)" means any Person(s) that are not currently named in Your Complaint, but are potential members of the putative class that Indirect Purchaser Class Plaintiffs purport to represent, and all predecessors, successors, parent organizations, subsidiaries, affiliates, insurers and assigns, and the respective representatives of each of them, and includes, without limitation, their respective officers, directors, members, principals, employees, agents, attorneys, consultants and investigators, and all persons acting or purporting to act on behalf of any of them for any purpose whatsoever.

12. "Document" is coextensive with the meanings of the terms "document" and "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, any writing, notes, photograph, chart, graph, film, video tape, audio tape, computer disk or electronically stored information (including electronic e-mail) which is in your actual or constructive possession, custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent) or other non-conforming copies of every kind.

13. "Defendants" means each Defendant identified in your Complaint, the Direct Purchaser Class Complaint and/or any Direct Action Plaintiff's complaint in the Action and all predecessors, successors, parent organizations, subsidiaries, affiliates, insurers and assigns, and the respective representatives of each of them, and includes, without limitation, their respective officers, directors, members, principals, employees, agents, attorneys, consultants and investigators, and all persons acting or purporting to act on behalf of any of them for any purpose whatsoever.

14. "Polyurethane Foam" means any type, grade or form of "flexible polyurethane foam" and "flexible polyurethane foam products" as those terms are defined and used in your Complaint and/or the Direct Purchaser Class Complaint, and includes, without limitation, "slabstock and molded polyurethane foam," as those terms are used and defined in your Complaint and/or the Direct Purchaser Class Complaint.

15. "Polyurethane Foam Products" means any product containing Polyurethane Foam as those terms are used and defined in your Complaint and/or the Direct Purchaser Class Complaint.

### B. AREAS OF EXAMINATION

You are requested to designate to Defendants, at least ten (10) days prior to the deposition, one or more officers, directors or other individuals who consent to testify on your behalf, and provide all information known or reasonably available to you, as the person most knowledgeable, with respect to the following subjects for the period of January 1, 1999 through the present (the "Relevant Time Period"):

1. The history, corporate structure, ownership, executive leadership, employees, and management structure of your company.

2. The allegations in your Complaint.

3. The statements and information contained in your initial disclosures in this Action pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

4. The statements and information contained in your disclosures concerning transactional data in this Action pursuant to the Court's Transactional Data Protocol Order, ECF No. 242.

5. The statements and information contained in your disclosures concerning electronically stored information pursuant to the Court's Order Regarding Electronically Stored Information, ECF No. 245.

6. The statements and information contained in your objections and responses to Defendants' First Request for Production of Documents and Things to All Plaintiffs in this Action.

7. The employment histories of any Person currently or formerly employed by your company whose employment related to the purchase, use, and/or sale of Polyurethane Foam and/or Polyurethane Foam Products, including, without limitation:

   a. the positions and titles that each such Person has held during his/her employment with your company;

   b. the duties and responsibilities of each such Person in each position or title that he/she has held;

   c. the facts and circumstances surrounding, and the reasons for each Person who has been put on leave or terminated by you, or otherwise has left your company; and

   d. the current or last known address and contact information for each Person who is no longer employed by your company.

8. The nature and geographic scope of your company's business operations, including, without limitation, your product and/or service offerings, your purchasing practices,

4

your negotiating practices with suppliers, your pricing practices, your price increase practices, raw materials purchased, and the identity of your customers for each product and/or service offering.

      9.      The relationship between your company and each Principal, including, without limitation, the services performed for each Principal and the manner in which your company is compensated for those services.

      10.      The financial performance of your company, including, without limitation, your company's profitability, revenues, operating expenses, raw material costs, investments, and any other metric used by your company to evaluate its performance.

      11.      Your company's purchase negotiations for, actual purchases of, and purchase prices received (whether on your own behalf or on behalf of a Principal) for each category of Polyurethane Foam and/or Polyurethane Foam Products, including, without limitation, the identity of the companies from which you purchased, the identity of the companies which made offers to you or solicited your business, and all rebates, discounts, allowances, and/or promotional programs received in connection with your purchase of Polyurethane Foam and/or Polyurethane Foam Products.

      12.      The Polyurethane Foam and/or Polyurethane Foam Products that have been sold by your company (whether on your own behalf or on behalf of a Principal), including, without limitation, the prices you have offered, quoted or charged to each customer for Polyurethane Foam and/or Polyurethane Foam Products, the products that have been sold by you to each customer, the identity of each customer to whom the products were sold, and the amount of each product sold to each customer.

13. All communications between you and any Defendant and/or other suppliers of Polyurethane Foam and/or Polyurethane Foam Products concerning the pricing, characteristics, and/or availability of Polyurethane Foam and/or Polyurethane Foam Products, regardless of whether such Polyurethane Foam and/or Polyurethane Foam Products were actually purchased by your company (whether on your own behalf or on behalf of a Principal).

14. The availability, benefits, costs, and pricing of all products that are considered to be competitive with or substitutes for Polyurethane Foam and/or Polyurethane Foam Products in the products your company purchases and/or sells (including any purchases or sales on behalf of a Principal).

15. All communications between you and any Defendant and/or other suppliers of products that are considered to be competitive with or substitutes for Polyurethane Foam and/or Polyurethane Foam Products, concerning the pricing, characteristics, and/or availability of such competitive or substitute products.

16. All memberships, participation, and/or other involvement in any trade or industry associations or organizations, including, but not limited to, your participation in or attendance at any trade shows or industry conventions.

17. All communications with other Persons that compete with your company or a Principal in the purchase, use, and/or sale of Polyurethane Foam and/or Polyurethane Foam Products.

18. Any facts, documents or other information that you believe support your claims in this Action.

19. With respect to each purchase of Polyurethane Foam and/or Polyurethane Foam Products during the Relevant Time Period by you (whether on your own behalf or on behalf of a Principal):

    a. the name and address of the supplier from which the product or products were purchased;

    b. the date of each purchase;

    c. the product or products purchased from each entity, including the brand name and/or trade name, product description, any SKU, and product numbers;

    d. the quantity purchased and the applicable units;

    e. with respect to Polyurethane Foam Products, the amount of Polyurethane Foam contained within the product;

    f. with respect to Polyurethane Foam Products, the type of Polyurethane Foam contained within the product;

    g. with respect to Polyurethane Foam Products, the manufacturer(s) of Polyurethane Foam contained within the product;

    h. the state, city, and ZIP or postal code for the "ship from" location;

    i. the state, city, and ZIP or postal code for the "purchased from" location;

    j. the state, city, and ZIP or postal code for the "ship to" location;

    k. the method of delivery that was used and any freight or transportation charges;

    l. the price paid, including list price and net unit price;

    m. any rebates, discounts, allowances, credits, chargebacks, freight allowances, or other incentives offered to or received by you in connection with the purchase, including any promotional allowances or sales programs; and

    n. the payment or credit terms.

20. The identity of all of your competitors for the purchase and/or sale of Polyurethane Foam and/or Polyurethane Foam Products and:

      a.      the dates of the existence of such competition;

      b.      the products purchased and/or sold by each such competitor;

      c.      the entity and location from which each such competitor purchased Polyurethane Foam and/or Polyurethane Foam Products;

      d.      the geographic area(s) in which each such competitor sells or attempts to sell Polyurethane Foam and/or Polyurethane Foam Products; and

      e.      the geographic area(s) in which you have competed with each such competitor.

21. The identities of, on an allegation-by-allegation basis, all persons with any knowledge concerning each allegation in your Complaint and all facts you contend support each allegation in your Complaint.

22. Details regarding the way in which you contend that you and/or your Principals were injured or have suffered damages and any steps that you and/or your Principals have taken to mitigate the damages you claim, including the costs and benefits of taking each such step.

23. The identity of each purchase of Polyurethane Foam and/or Polyurethane Foam Products during the Relevant Time Period as to which you claim there was a price overcharge because of the alleged contract, combination, or conspiracy and, for each purchase:

      a.      the name and address of the supplier from which the products were purchased;

      b.      the date of each purchase;

      c.      the products purchased from each entity, including the brand name and/or trade name, product description, any SKU and product numbers;

      d.      the quantity purchased and the applicable units;

      e.      the method of delivery that was used (*e.g.*, common carrier) and any freight or transportation charges;

      f.      the price paid, including list price and net unit price;

8

      g.      any rebates, discounts, allowances, credits, chargebacks, freight allowances, or other incentives offered to or received by you in connection with the purchase, including any promotional allowances or sales programs; and

      h.      the price that you allege you would have paid during the Relevant Time Period but for Defendants' alleged contract, combination, or conspiracy as described in your Complaint, and the basis for this "but for price" claim.

24.    Your involvement in this Action as a class representative.

The designated deponent(s) also shall bring copies of all documents, notes or statements in your company's custody or control related to the above-referenced topics.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2013, a copy of the foregoing Defendants' Rule 30(b)(6) Deposition Notice to Plaintiff Driftwood Hospitality Management, LLC and the attached Exhibit A were served electronically on lead counsel for Plaintiffs pursuant to Paragraph 10 of this Court's January 20, 2011 Initial Case Management Conference Order, ECF No. 17, as well as counsel for Plaintiff Driftwood Hospitality Management, LLC.

/s/ Bethany G. Lukitsch
Bethany G. Lukitsch
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: (804) 775-4711
Fax: (804) 698-2261
blukitsch@mcguirewoods.com