# Exhibit 4

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| In re Polyurethane Foam Antitrust Litigation ) <br> *Plaintiff* ) <br> v. ) <br> ) <br> ) <br> *Defendant* ) | Civil Action No. 10-MD-2196 (JZ) <br><br> (If the action is pending in another district, state where: <br> Northern District of Ohio ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Claire E. Newton, Registered Agent, Federal International, Inc., 7935 Clayton Rd., St. Louis, MO 63117-1369

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Schedule "A"

| Place: Midwest Litigation, Attn: Alicia Leighton <br> 711 North 11th Street <br> St. Louis, MO 63101 | Date and Time: <br><br> 08/20/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8/5/13

*CLERK OF COURT*

OR _____

_____     _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Direct Purchaser (Class) Plaintiffs, Direct Action Plaintiffs Indirect Purchaser (Class) Plaintiffs, who issues or requests this subpoena, are:
Robert G. Eisler, Esq., Grant & Eisenhofer P.A., Wilmington, DE 19801. Ph.: (302) 622-7000, reisler@gelaw.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10-MD-2196 (JZ)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case: 1:10-md-02196-JZ Doc #: 649-4 Filed: 08/05/13 4 of 15. PageID #: 14891

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE "A"

# DEFINITIONS

The following definitions apply to these Requests:

1. "Person" means any natural person, corporation, association, partnership, government agency, or other entity and its officers, directors, partners, employees, agents, and representatives.

2. "You" or "Your" means the Person responding to this Request, as well as such Person's employees, agents, representatives, attorneys and accountants, or anyone else acting under the Person's direction or control.

3. "All" should be construed to include the collective as well as the singular, and means "each," "any," and "every."

4. "Communication(s)" means any oral or written transmission or receipt of words or information, by whatever manner or means, directly or indirectly, regardless of how or by whom the communication was initiated, including without limitation:  (i) any written contact by means such as letter, memorandum, telegram, telex, e-mail, instant message or facsimile and (ii) oral contact by any means including face-to-face meetings and telephone.  Communications with any entity includes communications by or with its subsidiaries, divisions, subdivisions, affiliates, predecessor and successor entities, partners, officers, directors, employees, agents, legal counsel or any other person acting on its behalf.

5. "Defendant" means Carpenter Co., E.R. Carpenter, L.P. (f/k/a Carpenter Chemical, L.P.), Carpenter Holdings, Inc., Ohio Decorative Products, Inc., Flexible Foam, FXI-Foamex Innovations, Inc., Future Foam, Inc., Hickory Springs Manufacturing Company, Leggett & Platt Inc., Mohawk Industries Inc., Valle Foam Industries (1995), Inc., Domfoam

International, Inc., Vitafoam ,Inc., Vitafoam Products Canada Limited, British Vita Unlimited, Woodbridge Sales & Engineering, Inc., Woodbridge Foam Fabricating, Inc., and Woodbridge Foam Corporation.

  6. "Document" or "Documents" has the same full meaning as construed by Federal Rule of Civil Procedure 34, and includes without limitation the original (or identical duplicate when the original is not available) and all non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notation, or highlighting of any kind) and drafts of all writing, whether handwritten, typed, printed or otherwise produced, and includes, without limitation, letters, correspondence, memoranda, legal pleadings, notes, reports, agreements, calendars, diaries, travel and expense records, summaries, records, messages or logs of telephone calls, conversations, interviews, speeches, presentations, historical overviews, studies, plans, minutes, marketing materials, newsletters, expert reports, strategic assessments, statistical analyses or compilations, surveys, evaluations, competitive analyses, investigative or other reports, telegrams, mailgrams, facsimile transmissions (including cover sheets and confirmations), electronic mail, minutes or records of meeting, compilations, notebooks, laboratory notebooks, work papers, books, pamphlets, brochures, circulars, manuals, instructions, sales, advertising or promotional literature or materials, ledgers, graphs, charts, blueprints, drawings, sketches, photographs, film and sound reproductions, tape recordings, or any other tangible materials on which there is any recording or writing of any sort.  The term also includes the file, folder tabs, and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy of all documents requested herein.

7. "Electronically stored information" ("ESI") has the same full meaning as in Federal Rules of Civil Procedure 26 and 34 and includes, without limitation, the following:

(a) activity listings of electronic mail receipts and/or transmittals;

(b) output resulting from the use of any software program, including without limitation word  processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, instant messengers (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;

(c) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, DVD, flash drive, network drive, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation/ servers/ desktop computers/ flash memory devices, wireless communication devices, smartphones, pagers, workstations/ cell phones and personal digital assistants, e.g.  Palm Pilot, Blackberry, Treo, or other device.

8. The term "employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of the respondent Defendant as defined here.

9. The term "identify," when referring to a person, means to giver to the extent known:  the person's full name, present or last known residential address, social security number, and present or last known place of employment.  The term "person" or "persons" is defined to

mean any natural person, corporation, or partnership, or any business, legal, or government entity, organization, or association.

10. "Relating to," "referring to/" "regarding" or "with respect to" mean without limitation discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, embodying, identifying, constituting, concerning, containing, mentioning, stating/ evidencing, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

11. The term "Relevant Time Period" means the period from January 1, 1999 through the present.

12. "Polyurethane Foam" refers to flexible polyurethane foam of any size, shape or blend, including all products manufactured by Defendants containing flexible polyurethane foam.

13. "Trade Association" means individuals and companies in the Polyurethane Foam business or industry organized to promote common interests, including, but not limited to the Polyurethane Foam Association ("PFA"), the International Sleep Products Association ("ISPA"), surfaces, and the American Furniture Manufacturers Association, and the organization's past or present parents, subsidiaries, departments, committees and subcommittees, affiliates, predecessors, or successors, and all past or present officers, directors, members, partners, agents, employees, attorneys, representative, investigators, successors, or predecessors thereof, and all other persons in whole or in part acting on its behalf or in conjunction or connection with it.

14. "Producer" shall mean any person or entity that manufactures Polyurethane Foam for sale to customers.

4

5

15. The geographic scope of this Schedule "A" is North America, including the United States and Canada.

**INSTRUCTIONS**

1. You shall produce all responsive documents that are in your possession, custody or control.  A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

2. Pursuant to the Federal Rules of Civil Procedure, you are to produce, for inspection and copying by Plaintiff, original documents as they are kept in the usual course in their original folders, binders, covers, and containers or facsimile thereof, or, with respect to electronic data, in their native format.  Alternatively, you shall organize and label the documents to correspond with the categories in these requests.  If the original is not in your custody, then a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

3. These requests are specifically intended to encompass any data or information maintained in any form of computer memory or on computer hard drives, diskettes or back-up tapes, including any word processing or spread sheet programs or electronic mail systems, or in any form of electronic or computer-related storage, whether or not you currently have "hard copy" printouts of the same.

4. All documents that are stored in electronic or computer format shall be produced on a CD where possible as well as in hard copy where possible.  Documents stored in electronic form or format of any kind are to be produced in their original native format, including all "metadata" or other electronic components of the information relating to or comprising such documents in their entirety, including all information concerning the date(s)

6

the document was created, modified or distributed, and the author(s) and recipient(s) of the document. Documents stored in electronic form shall not be converted to any different form, such as paper, "TIF" or "PDF" images.

5. If you claim any form of privilege or any other objection, whether based on statute, common law or otherwise as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information:

    (i) the privilege being asserted;

    (ii) the person on whose behalf the privilege is asserted;

    (iii) a precise statement of the facts upon which the claim of privilege is based;

    (iv) the following information describing each purported privileged document:

        (1) a brief description sufficient to identify the document's nature, i.e. agreement, letter, memorandum, tape, etc.;

        (2) the subject matter and purpose of the document;

        (3) the date the document was prepared;

        (4) the date the document bears;

        (5) the date the document was sent;

        (6) the date the document was received;

        (7) the identity of the person preparing the document;

        (8) the identity of the person sending the document;

        (9) the names of the persons who received the document;

   (10) the identity of each person to whom the document was sent or was intended to be sent or was intended to have been sent, including all addressees and all recipients of copies;

   (11) the identity of each person to whom the document's contents have been disclosed;

   (12) a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such a file; and

   (13) a statement as to whom each identified person represented or purported to represent at all relevant times.

  6. If a portion of any document responsive to these requests is withheld under claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.  Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

  7. You are to produce each document requested herein in its entirety, with attachments and enclosures without deletion or excision (except as qualified by Instructions 5 and 6 above) regardless of whether you consider the entire document to be relevant or responsive to the requests.  All pages now stapled or fastened together should be produced, stapled or fastened together, and each document that you cannot legibly copy should be

produced in its original form.  Documents not otherwise responsive to any of the discovery requests herein must be produced if such documents are attached to a document called for by these requests.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

8. If a document responsive to these requests was at any time in your possession, custody or control, but is no longer available for production, as to each such document, state the following information:

   (i)  whether the document is missing or lost;

   (ii)  whether the document has been destroyed;

   (iii)  whether the document has been transferred or delivered to another person, and, if so, to whom the document was transferred and at whose request;

   (iv)  whether the document has been otherwise disposed of; and

   (v)  a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

9. Unless a different time period is specified, the Relevant Time Period is January 1, 1999 to the present.  These Requests seek all responsive documents and materials applicable to or concerning the United States' market during the Relevant Time Period, regardless of whether the particular responsive document or item of ESI was created or generated during the Relevant Time Period.

10. Plaintiffs reserve the right to supplement this Schedule "A" with respect to definitions, instructions or document requests.

**DOCUMENT REQUESTS**

**Request No. 1**:

For the period January 1, 1999 to the present, all documents reflecting or referring to David Charak's oral or written communications with any person employed by a polyurethane foam manufacturer, polyurethane foam scrap dealer, or supplier of raw materials used in polyurethane foam regarding:  (i)  the price, prices, pricing, fixing of prices, or setting of prices of polyurethane foam sold to any customer or potential customer; (ii) selling or not selling polyurethane foam to any customer or potential customer; (iii) soliciting or not soliciting the sale of polyurethane foam to any customer or potential customer; (iv) the production, quantity of production, production level, or capacity to produce polyurethane foam; (v) producing or not producing polyurethane foam or (vi) the cost of urethane chemicals used to manufacture flexible polyurethane foam.

.

**Request No. 2**:

For the period January 1, 1999 to the present, all documents reflecting or referring to Nancy Swoboda's oral or written communications with any person employed by a polyurethane foam manufacturer, polyurethane foam scrap dealer, or supplier of raw materials used in polyurethane foam regarding:  (i) the price, prices, pricing, fixing of prices, or setting of prices of polyurethane foam sold to any customer or potential customer; (ii) selling or not selling polyurethane foam to any customer or potential customer; (iii) soliciting or not soliciting the sale of polyurethane foam to any customer or potential customer; (iv) the production, quantity of production, production level, or capacity to produce polyurethane foam; or (v) producing or not producing polyurethane foam.

**Request No. 3**:

David Charak's personal and business day timers, calendars, land-line and cellular telephone logs, travel and expense reports, and any other functionally similar documents that reflect his respective business meetings, travel or telephone calls (incoming or outgoing) while he was employed by Federal International, Inc. or any other entity affiliated with Federal International, Inc.

**Request No. 4**:

Nancy Swoboda's personal and business day timers, calendars, land-line and cellular telephone logs, travel and expense reports, and any other functionally similar documents that reflect her respective business meetings, travel or telephone calls (incoming or outgoing) while she was employed by Federal International, Inc. or any other entity affiliated with Federal International, Inc.

**Request No. 5**:

Documents sufficient to identify any polyurethane foam manufacturers for which David Charak was responsible as part of his ordinary job duties while he was employed by Federal International, Inc. or any other entity affiliated with Federal International, Inc.

**Request No. 6**:

Documents sufficient to identify any polyurethane foam manufacturers for which Nancy Swoboda was responsible as part of her ordinary job duties while she was employed by Federal International, Inc. or any other entity affiliated with Federal International, Inc.