UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) | MDL Docket No. 2196 Index No. 10-MD-2196 (JZ) |
| This document relates to: ALL CASES | ) ) ) ) ) | |

## RESPONSES AND OBJECTIONS TO DEFENDANTS' RULE 30(b)(6) DEPOSITION NOTICE TO PLAINTIFF DRIFTWOOD HOSPITALITY MANAGEMENT, LLC

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Driftwood Hospitality Management, LLC ("DHM" or "Plaintiff"), by its undersigned counsel, hereby responds and objects to Defendants' Rule 30(b)(6) Deposition Notice to Plaintiff the Driftwood Hospitality Management, LLC (the "Notice") dated July 22, 2013 and amended August 1, 2013.

## II. GENERAL OBJECTIONS

Plaintiff generally objects to the Notice on the following grounds, each of which is incorporated by reference in the responses to the individual topics for examination below.  All responses set forth herein are subject to and without waiver of any of these General Objections.

1.     Plaintiff objects to the Notice to the extent that it purports to impose any obligations on Plaintiff that are not imposed by law, or are otherwise inconsistent with Rule 30 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Ohio ("Local Civil Rules") or any other applicable statutes or regulations.

2.      Plaintiff objects to the definition of the "Time Period" to the extent it calls for the disclosure of information from a period after August 1, 2010.

3.      Plaintiff objects to the definition in paragraph 7 as it potentially encompasses an overly broad set of entities going far beyond DHM.  To the extent DHM states herein that it will provide a witness, and provides any witness for deposition under Fed. R. Civ. P. 30(b)(6), it shall be understood as providing a witness on its own behalf and on behalf of the entities listed in paragraphs 21-29 of the Indirect Purchasers' Corrected Second Amended Class Action Complaint.

4.      Plaintiff objects to the Notice to the extent it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection.  Inadvertent disclosure of any such information is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part and is otherwise subject to Federal Rule of Evidence 502.

5.      Plaintiff objects to the Notice to the extent it seeks information not within Plaintiff's possession, custody or control.  Plaintiff objects to the Notice on the ground of undue burden to the extent it seeks information that is equally available to Defendants or is in Defendants' possession, custody or control.

6.      Plaintiff objects to the Notice to the extent it seeks information that can be found in the pleadings in this action.

7.      Plaintiff objects to the Notice to the extent that it is overly broad and unduly burdensome.

8.      Plaintiff objects to the Notice to the extent it is vague, ambiguous, complex or confusing as to make a meaningful or complete response impossible.

9.      Plaintiff objects to the Notice to the extent it fails to state with sufficient particularity the information and categories of information to be provided.

10.     Plaintiff objects to the Notice to the extent it call for legal conclusion, a legal argument or constitutes a contention discovery request that is invasive of the attorney work product doctrine.

11.     Plaintiff objects to the Notice to the extent it seeks information neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

12.     Plaintiff generally objects to the Definitions to the extent they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

13.     Plaintiff objects to the definition of "You," "Your" or "Your Company" as overly broad because: (1) it includes all predecessors without regard to time frame, and (2) the phrase "the respective representatives of each of them" is vague and ambiguous.

14.      Plaintiff objects to the term "Principal" as vague and ambiguous.

15.     Plaintiff objects to the definition of "Indirect Purchaser Class Member(s)" as overly broad, vague and ambiguous.

16.     DHM's decision to provide a designee to testify, notwithstanding the objectionable nature of the Areas of Examination, should not be construed as: (a) an admission that the material is relevant; (b) a waiver of the General Objections or the objections asserted in response to a specific request; or (c) an agreement that a request for similar information in this or any other related proceedings will be treated in a similar manner.

17.     In responding to the Notice, Plaintiff does not in any way waive or intend to waive any privilege or objection, but rather intends to preserve and is preserving the following:

a. All objections as to the competency, relevancy, materiality and admissibility of any subject matter of the deposition examination;

b. All objections as to vagueness, ambiguity or other infirmity in the form of the subject matter of the deposition examination, and any objections based on the undue burden imposed by the subject matter of the deposition examination;

c. All rights to object on any ground to the use of any of the responses, or the subject matter, in any subsequent proceedings, including the trial of this or any other action;

d. All rights to object on any ground in any further notice of deposition or other discovery requests involving or related to the subject matter of the notice of deposition;

e. The right to supplement testimony in response to the notice of deposition prior to trial, if necessary; and

f. Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, the Local Civil Rules or other statutes, guidelines or common law.

18.     The failure to object on a particular ground or grounds, other than objection to form of question, shall not be construed as a waiver of Plaintiff's right to object on any additional grounds.

19.     Plaintiff reserves the right to supplement and/or amend the specific objections and responses set forth below.

4

III.     **SPECIFIC OBJECTIONS AND RESPONSES TO AREAS OF EXAMINATION INTRODUCTION:**

You are requested to designate to Defendants, at least ten (10) days prior to the deposition, one or more officers, directors or other individuals who consent to testify on your behalf, and provide all information known or reasonably available to you, as the person most knowledgeable, with respect to the following subjects for the period of January 1, 1999 through the present (the "Relevant Time Period"):

**RESPONSE TO INTRODUCTION:**

Plaintiff objects that compliance with this request within the ten-day timeframe is unduly burdensome and fails to comply with Fed. R. Civ. P. 30(b), as the Notice was not served until July 22, 2013, a mere 11 days before the deposition as originally noticed, and the Amended Notice was not served until August 1, 2013, a mere 8 days before the new deposition date. Furthermore, to the extent that the introduction seeks to impose requirements on the witness beyond those in Fed. R. Civ. P. 30(b)(6) and seeks information beyond August 10, 2010.

**SUBJECT OF EXAMINATION No. 1:**

The history, corporate structure, ownership, executive leadership, employees, and management structure of your company.

**RESPONSE TO SUBJECT OF EXAMINATION No. 1:**

Plaintiff incorporates each of the General Objections above as if set forth herein. Plaintiff further objects to the relevance of any of the information about DHM in Subject of Examination No. 1 as none of it is reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, DHM responds that it will make available a designee to testify regarding this Subject of Examination.

**SUBJECT OF EXAMINATION No. 2:**

The allegations in your Complaint.

**RESPONSE TO SUBJECT OF EXAMINATION No. 2:**

Plaintiff incorporates each of the General Objections above as if set forth herein.

Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the

attorney-client privilege and/or attorney work product doctrine.  Plaintiff also objects to the

phrase "allegations in your Complaint" as overly broad, as it fails to "describe with reasonable

particularity" the matters on which examination is sought as required by Fed. R.Civ. P. 30(b)(6).

**SUBJECT OF EXAMINATION No. 3:**

The statements and information contained in your initial disclosures in this Action

pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**RESPONSE TO SUBJECT OF EXAMINATION No. 3:**

Plaintiff incorporates each of the General Objections above as if set forth herein.

Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the

attorney-client privilege and/or attorney work product doctrine.  Subject to and without waiving

the foregoing objections, DHM responds that it will make available a designee to testify

regarding this Subject of Examination.

**SUBJECT OF EXAMINATION No. 4:**

The statements and information contained in your disclosures concerning transactional

data in this Action pursuant to the Court's Transactional Data Protocol Order, ECF No. 242.

**RESPONSE TO SUBJECT OF EXAMINATION No. 4:**

Plaintiff incorporates each of the General Objections above as if set forth herein.

Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the

attorney-client privilege and/or attorney work product doctrine.  Subject to and without waiving the foregoing objections, DHM responds that it will make available a designee to testify regarding this Subject of Examination.

**SUBJECT OF EXAMINATION No. 5:**

The statements and information contained in your disclosures concerning electronically stored information pursuant to the Court's Order Regarding Electronically Stored Information, ECF No. 245.

**RESPONSE TO SUBJECT OF EXAMINATION No. 5:**

Plaintiff incorporates each of the General Objections above as if set forth herein. Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Subject to and without waiving the foregoing objections, DHM responds that it will make available a designee to testify regarding this Subject of Examination.

**SUBJECT OF EXAMINATION No. 6:**

The statements and information contained in your objections and responses to Defendants' First Request for Production of Documents and Things to All Plaintiffs in this Action.

**RESPONSE TO SUBJECT OF EXAMINATION No. 6:**

Plaintiff incorporates each of the General Objections above as if set forth herein. Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Plaintiff further objects to the extent that Defendants can easily obtain these statements and information from the documents already produced in this action and to the extent that Plaintiff did not produce the statements or

information in question.  Subject to and without waiving the foregoing objections, DHM

responds that it will make available a designee to testify regarding this Subject of Examination as

it relates to DHM specifically.

**SUBJECT OF EXAMINATION No. 7:**

The employment histories of any Person currently or formerly employed by your

company whose employment related to the purchase, use, and/or sale of Polyurethane Foam

and/or Polyurethane Foam Products, including, without limitation:

      a.   the positions and titles that each such Person has held during his/her
           employment with your company;

      b.   the duties and responsibilities of each such Person in each position or title
           that he/she has held;

      c.   the facts and circumstances surrounding, and the reasons for each Person
           who has been put on leave or terminated by you, or otherwise has left your
           company; and

      d.   the current or last known address and contact information for each Person
           who is no longer employed by your company.

**RESPONSE TO SUBJECT OF EXAMINATION No. 7:**

Plaintiff incorporates each of the General Objections above as if set forth herein.

Plaintiff objects to this Subject of Examination as overly broad and ambiguous because it seeks

information about former employees and about topics not reasonably calculated to lead to

discoverable information, such as "the facts and circumstances surrounding, and the reasons for

each Person who has been put on leave or terminated by you, or otherwise has left your

company."  Plaintiff further objects to the request for testimony "related to the purchase, use,

and/or sale of Polyurethane Foam" as Plaintiff was not a direct purchaser or seller of

polyurethane foam.   Subject to and without waiving the foregoing objections, DHM responds

that it will make available a designee to testify regarding persons currently or formerly employed

by DHM whose employment related to the purchase, use, and/or sale of Polyurethane Foam Products.

**SUBJECT OF EXAMINATION No. 8:**

The nature and geographic scope of your company's business operations, including, without limitation, your product and/or service offerings, your purchasing practices, your negotiating practices with suppliers, your pricing practices, your price increase practices, raw materials purchased, and the identity of your customers for each product and/or service offering.

**RESPONSE TO SUBJECT OF EXAMINATION No. 8:**

Plaintiff incorporates each of the General Objections above as if set forth herein. Plaintiff objects to this Subject of Examination and vague and overly broad as to the "nature" of Plaintiff's "business operations."  Plaintiff objects to the request for testimony on anything listed in this Subject of Examination after the first comma as vague and irrelevant, as DHM purchased finished products on behalf of its customers and is not in the business of selling polyurethane products.  Subject to and without waiving the foregoing objections, DHM responds that it will make available a designee to testify regarding this Subject of Examination to the extent it can.

**SUBJECT OF EXAMINATION No. 9:**

The relationship between your company and each Principal, including, without limitation, the services performed for each Principal and the manner in which your company is compensated for those services.

**RESPONSE TO SUBJECT OF EXAMINATION No. 9:**

Plaintiff incorporates each of the General Objections above as if set forth herein. Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Subject to and without waiving

9

the foregoing objections, DHM responds that it will make available a designee to testify regarding this Subject of Examination.

**SUBJECT OF EXAMINATION No. 10:**

The financial performance of your company, including, without limitation, your company's profitability, revenues, operating expenses, raw material costs, investments, and any other metric used by your company to evaluate its performance.

**RESPONSE TO SUBJECT OF EXAMINATION No. 10:**

Plaintiff incorporates each of the General Objections above as if set forth herein. Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Plaintiff further objects to this Subject of Examination as overly broad, vague and ambiguous because it seeks information related to Plaintiff's "financial performance" which is not reasonably calculated to lead to discoverable information.  Plaintiff also objects to this Subject of Examination because the terms "raw material costs" and "investments" are vague and ambiguous and it is unclear how they could apply to DHM.

**SUBJECT OF EXAMINATION No. 11:**

Your company's purchase negotiations for, actual purchases of, and purchase prices received (whether on your own behalf or on behalf of a Principal) for each category of Polyurethane Foam and/or Polyurethane Foam Products, including, without limitation, the identity of the companies from which you purchased, the identity of the companies which made offers to you or solicited your business, and all rebates, discounts, allowances, and/or promotional programs received in connection with your purchase of Polyurethane Foam and/or Polyurethane Foam Products.

**RESPONSE TO SUBJECT OF EXAMINATION No. 11:**

Plaintiff incorporates each of the General Objections above as if set forth herein.

Plaintiff further objects to the request for testimony on "your company's purchase … of

Polyurethane Foam" as Plaintiff was not a direct purchaser of polyurethane foam.   Plaintiff

objects to this Subject of Examination and vague and overly broad as to "each category."

Finally, Plaintiff objects to the relevance of the request for testimony on the "company's

purchase negotiations" as irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiving the foregoing objections, DHM responds

that it will make available a designee to testify regarding this Subject of Examination.

**SUBJECT OF EXAMINATION No. 12:**

The Polyurethane Foam and/or Polyurethane Foam Products that have been sold by your

company (whether on our own behalf or on behalf of a Principal), including, without limitation,

the prices you have offered, quoted or charged to each customer for Polyurethane Foam and/or

Polyurethane Foam Products, the products that have been sold by you to each customer, the

identity of each customer to whom the products were sold, and the amount of each product sold

to each customer.

**RESPONSE TO SUBJECT OF EXAMINATION No. 12:**

Plaintiff incorporates each of the General Objections above as if set forth herein.

Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the

attorney-client privilege and/or attorney work product doctrine.  Plaintiff further objects to this

Subject of Examination as overly broad, vague and ambiguous because it seeks information not

reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also objects to

this Subject of Examination to the extent it seeks information regarding the sale of "Polyurethane

11

Foam" or "Polyurethane Foam Products" because DHM does not sell polyurethane foam or polyurethane foam products.

**SUBJECT OF EXAMINATION No. 13:**

All communications between you and any Defendant and/or other suppliers of Polyurethane Foam and/or Polyurethane Foam Products concerning the pricing, characteristics, and/or availability of Polyurethane Foam and/or Polyurethane Foam Products, regardless of whether such Polyurethane Foam and/or Polyurethane Foam Products were actually purchased by your company (whether on your own behalf or on behalf of a Principal).

**RESPONSE TO SUBJECT OF EXAMINATION No. 13:**

Plaintiff incorporates each of the General Objections above as if set forth herein. Plaintiff further objects to the extent that Defendants can easily obtain such information from the documents and materials already produced in this action.  Plaintiff also objects to the extent that it asks for testimony on the purchase of "Polyurethane Foam," as Plaintiff was not a direct purchaser of polyurethane foam.  Finally, Plaintiff objects to the phrase "other suppliers" as vague and that such communications are not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, DHM responds that it will make available a designee to testify regarding this Subject of Examination.

**SUBJECT OF EXAMINATION No. 14:**

The availability, benefits, costs, and pricing of all products that are considered to be competitive with or substitutes for Polyurethane Foam and/or Polyurethane Foam Products in the products your company purchases and/or sells (including any purchases or sales on behalf of a Principal).

**RESPONSE TO SUBJECT OF EXAMINATION No. 14:**

Plaintiff incorporates each of the General Objections above as if set forth herein.

Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the

attorney-client privilege and/or attorney work product doctrine.  Plaintiff further objects to this

Subject of Examination as overly broad and vague as to the "availability" or "benefits" of "all

products that are considered to be competitive" with polyurethane foam products.  Plaintiff also

objects to the relevance of testimony regarding products that are "competitive" with, or

"substitutes" of, polyurethane foam products, as it is not reasonably calculated to lead to the

discovery of admissible evidence.  Plaintiff further objects to this Subject of Examination to the

extent it seeks information regarding the sale of "Polyurethane Foam" or "Polyurethane Foam

Products" because DHM does not sell polyurethane foam or polyurethane foam products.

Finally, Plaintiff objects to the extent Defendants seek testimony related to "Polyurethane Foam"

as Plaintiff is not a direct purchaser of polyurethane foam.  Subject to and without waiving the

foregoing objections, DHM responds that it will make available a designee to testify regarding

this Subject of Examination.

**SUBJECT OF EXAMINATION No. 15:**

All communications between you and any Defendant and/or other suppliers of products

that are considered to be competitive with or substitutes for Polyurethane Foam and/or

Polyurethane Foam Products, concerning the pricing, characteristics, and/or availability of such

competitive or substitute products.

**RESPONSE TO SUBJECT OF EXAMINATION No. 15:**

Plaintiff incorporates each of the General Objections and the objections in response to

Subject of Examination No. 13 above as if set forth herein.  Plaintiff further objects to the

request for testimony on "products considered to be competitive with or substitutes for Polyurethane Foam" as vague and ambiguous, and as not reasonably calculated to lead to discoverable information.

**SUBJECT OF EXAMINATION No. 16:**

All memberships, participation, and/or other involvement in any trade or industry associations or organizations, including, but not limited to, your participation in or attendance at any trade shows or industry conventions.

**RESPONSE TO SUBJECT OF EXAMINATION No. 16:**

Plaintiff incorporates each of the General Objections above as if set forth herein. Plaintiff further objects to this Subject of Examination as overly broad as to "*all* memberships, participation and/or other involvement" and vague as to the meaning of "other involvement." Plaintiff also objects to the relevancy of this Subject of Examination.  Subject to and without waiving the foregoing objections, DHM responds that it will make available a designee to testify regarding this Subject of Examination.

**SUBJECT OF EXAMINATION No. 17:**

All communications with other Persons that compete with your company or a Principal in the purchase, use, and/or sale of Polyurethane Foam and/or Polyurethane Foam Products.

**RESPONSE TO SUBJECT OF EXAMINATION No. 17:**

Plaintiff incorporates each of the General Objections and the objections in response to Subject of Examination Nos. 13 & 15 above as if set forth herein.  DHM further objects that this Subject of Examination is vague and ambiguous as to what it means to be competitive in the purchase or use of polyurethane foam or polyurethane foam products.  Moreover, DHM is not a

seller of polyurethane foam or polyurethane foam products and therefore does not compete with others as a seller.

**SUBJECT OF EXAMINATION No. 18:**

Any facts, documents or other information that you believe support your claims in this Action.

**RESPONSE TO SUBJECT OF EXAMINATION No. 18:**

Plaintiff incorporates each of the General Objections above as if set forth herein. Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Plaintiff further objects to this Subject of Examination as vague and ambiguous as to "other information you believe supports your claims."  Plaintiff also objects to the request for testimony in support of claims in the "Action" as it is defined to include other complaints and is not limited to Plaintiff's complaint. Finally, Plaintiff objects to this Subject of Examination as it fails to comply with Fed. R. Civ. P. 30(b)(6) because it does not "describe with reasonable particularity" the matters on which examination is sought.

**SUBJECT OF EXAMINATION No. 19:**

With respect to each purchase of Polyurethane Foam and/or Polyurethane Foam Products during the Relevant Time Period by you (whether on your own behalf or on behalf of a Principal):

> a. the name and address of the supplier from which the product or products were purchased;
>
> b. the date of each purchase;
>
> c. the product or products purchased from each entity, including the brand name and/or trade name, product description, any SKU, and product numbers:

d.    the quantity purchased and the applicable units;

e.    with respect to Polyurethane Foam Products, the amount of Polyurethane Foam contained within the product;

f.    with respect to Polyurethane Foam Products, the type of Polyurethane Foam contained within the product;

g.    with respect to Polyurethane Foam Products, the manufacturer(s) of Polyurethane Foam contained within the product;

h.    the state, city, and ZIP or postal code for the "ship from" location;

i.    the state, city, and ZIP or postal code for the "purchased from" location;

j.    the state, city, and ZIP or postal code for the "ship to" location;

k.    the method of delivery that was used and any freight or transportation charges;

l.    the price paid, including list price and net unit price;

m.    any rebates, discounts, allowances, credits, chargebacks, freight allowances, or other incentives offered to or received by you in connection with the purchase, including any promotional allowances or sales programs; and

n.    the payment or credit terms.

**RESPONSE TO SUBJECT OF EXAMINATION No. 19:**

Plaintiff incorporates each of the General Objections above as if set forth herein.

Plaintiff further objects to the extent that Defendants can easily obtain this information from the

documents already produced in this action.  Finally, Plaintiff objects to the extent Defendants

seek testimony relating to "Polyurethane Foam" as Plaintiff was not a direct purchaser of

polyurethane foam.  Subject to and without waiving the foregoing objections, DHM responds

that it will make available a designee to testify regarding this Subject of Examination.

**SUBJECT OF EXAMINATION No. 20:**

The identity of all of your competitors for the purchase and/or sale of Polyurethane Foam

and/or Polyurethane Foam Products and:

16

a.   the dates of the existence of such competition;

b.   the products purchased and/or sold by each such competitor;

c.   the entity and location from which each such competitor purchased Polyurethane Foam and/or Polyurethane Foam Products;

d.   the geographic area(s) in which each such competitor sells or attempts to sell Polyurethane Foam and/or Polyurethane Foam Products; and

e.   the geographic area(s) in which you have competed with each such competitor.

**RESPONSE TO SUBJECT OF EXAMINATION No. 20:**

Plaintiff incorporates each of the General Objections above as if set forth herein.

Plaintiff further objects to the relevance of testimony on the DHM's competitors, as this information is not reasonably likely to lead to the discovery of admissible evidence. Furthermore, Plaintiff objects to the extent Defendants seek information relating to Plaintiff's "competitors," which is outside of Plaintiff's scope of knowledge and Defendants can easily obtain such information from the documents already produced in this action.  DHM further objects that this Subject of Examination is vague and ambiguous as to what it means to be competitors in the purchase or use of polyurethane foam or polyurethane foam products. Moreover, DHM is not a seller of polyurethane foam or polyurethane foam products and therefore does not compete with others as a seller.  Finally, Plaintiff objects to the extent Defendants seek testimony relating to "Polyurethane Foam" as Plaintiff was not a direct purchaser or seller of polyurethane foam.  Subject to and without waiving the foregoing objections, DHM responds that it will make available a designee to testify regarding this Subject of Examination.

17

**SUBJECT OF EXAMINATION No.  21:**

The identities of, on an allegation-by-allegation basis, all persons with any knowledge concerning each allegation in your Complaint and all facts you contend support each allegation in your Complaint.

**RESPONSE TO SUBJECT OF EXAMINATION No. 21:**

Plaintiff incorporates each of the General Objections above as if set forth herein. Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Plaintiff further objects to the extent the Subject of Examination seeks information outside of the scope of Plaintiff's knowledge as a class member in the Complaint.  Plaintiff objects to the Subject of Examination as overly broad requesting information from "*all* persons with *any* knowledge."  Finally, Plaintiff objects to this Subject of Examination as it fails to comply with Fed. R. Civ. P. 30(b)(6) because it does not "describe with reasonable particularity" the matters on which examination is sought.

**SUBJECT OF EXAMINATION No. 22:**

Details regarding the way in which you contend that you and/or your Principals were injured or have suffered damages and any steps that you and/or your Principals have taken to mitigate the damages you claim, including the costs and benefits of taking each such step.

**RESPONSE TO SUBJECT OF EXAMINATION No. 22:**

Plaintiff incorporates each of the General Objections above as if set forth herein. Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Plaintiff also objects to the use of the phrase "costs and benefits of taking each step" as vague and overly broad.  Plaintiff further

18

objects that this Subject of Examination calls for a legal conclusion and calls for testimony that is the subject of expert analysis or opinions.  Finally, Plaintiff objects to the Subject of Examination to the extent it imposes on DHM a duty to mitigate that is not supported in law.

**SUBJECT OF EXAMINATION No. 23:**

The identity of each purchase of Polyurethane Foam and/or Polyurethane Foam Products during the Relevant Time Period as to which you claim there was a price overcharge because of the alleged contract, combination, or conspiracy and, for each purchase:

      a.   the name and address of the supplier from which the products were purchased;

      b.   the date of each purchase;

      c.   the products purchased from each entity, including the brand name and/or trade name, product description, any SKU and product numbers;

      d.   the quantity purchased and the applicable units;

      e.   the method of delivery that was used (*e.g.*, common carrier) and any freight or transportation charges;

      f.   the price paid, including list price and net unit price;

      g.   any rebates, discounts, allowances, credits, chargebacks, freight allowances, or other incentives offered to or received by you in connection with the purchase, including any promotional allowances or sales programs; and

      h.   the price that you allege you would have paid during the Relevant Time Period but for Defendants' alleged contract, combination, or conspiracy as described in your Complaint, and the basis for this "but for price" claim.

**RESPONSE TO SUBJECT OF EXAMINATION No. 23:**

Plaintiff incorporates each of the General Objections and the objections in response to Subject of Examination No. 19 above as if set forth herein.  Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Subject to and without waiving the foregoing objections, DHM responds that it will make available a designee to testify regarding this Subject of Examination.

**SUBJECT OF EXAMINATION No.  24**

Your involvement in this Action as a class representative.

**RESPONSE TO SUBJECT OF EXAMINATION No. 24:**

Plaintiff incorporates each of the General Objections above as if set forth herein.

Plaintiff objects to this Subject of Examination to the extent it seeks information protected by the

attorney-client privilege and/or attorney work product doctrine.  Subject to and without waiving

the foregoing objections DHM responds that it will make available a designee to testify

regarding this Subject of Examination.

**CONCLUDING DOCUMENT REQUEST:**

The designated deponent(s) also shall bring copies of all documents, notes or statements

in your company's custody or control related to the above-referenced topics.

**RESPONSE TO CONCLUDING DOCUMENT REQUEST:**

Plaintiff objects as this is an improper document request served without sufficient notice

and in violation of the Federal Rules of Civil Procedure.  Plaintiff also objects to the extent

that DHM has already produced documents subject to the objections made in the Indirect

Purchasers' Response to Defendants' First Request for Production of Documents and Things to

All Plaintiffs.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2013, a copy of the foregoing Responses and

Objections to Defendants' Rule 30(b)(6) Deposition Notice to Plaintiff the Driftwood Hospitality

Management, LLC, were served electronically on lead counsel for Defendants pursuant to

Paragraph 10 of this Court's January 20, 2011 Initial Case Management Conference Order, ECF

No. 17.

**/s/ Lori A. Fanning_____**
Marvin A. Miller
Lori A. Fanning
Miller Law LLC
115 South LaSalle Street
Suite 2910
Chicago, IL 60603
Office: (312) 332-3400
Email: MMiller@millerlawllc.com
Email: LFanning@millerlawllc.com

*Interim Lead Counsel for Indirect Purchasers*

Avidan Stern
**Lynch & Stern LLP**
150 S. Wacker Drive, Suite 2600
Chicago, IL  60606
Office: (312) 442-9481
Email: avi@lynchandstern.com
http://www.lynchandstern.com

*Counsel for Driftwood Hospitality
Management LLC*
