IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re Polyurethane Foam Antitrust Litigation | Case No. 1:10 MD 2196 |
| This document relates to: ALL CASES | RULING ON OBJECTIONS DURING HENSON AND WILSON DEPOSITIONS |
| | JUDGE JACK ZOUHARY |

This Court has been provided with the attached summaries of Plaintiffs' instructions not to answer certain questions posed by Defendants during the depositions of David Henson (Henson Sleep Relief) and Thomas Wilson (Ace Foam). Plaintiffs' instructions not to answer are based on relevancy to the price-fixing claims (and/or breach of contract claims with respect to Direct Action Plaintiff Henson Sleep Relief) which are the subject of these lawsuits. Plaintiffs rely on prior rulings by this Court (Docs. 420 & 458) holding that downstream discovery is curtailed based on the *Hanover Shoe* line of cases, and that these questions fall outside the scope of permissible discovery. *See* Federal Civil Rule 30(c)(2) ("a person may instruct a deponent not to answer only when necessary to . . . enforce a limitation ordered by the court . . ."). Defendants raise various arguments why these questions might be relevant, as reflected on the attached summaries. This Court's rulings have been added and highlighted on the summaries (Attachments 1–2).

Some general observations may be appropriate to further assist counsel in upcoming depositions. First, this Court believes that future disputes might be avoided if counsel would briefly explain their respective positions during the deposition so that each side understands the basis for an

objection and whether the question has the potential for some relevancy to one or more claims. Keep in mind that boundaries are broader during a pretrial discovery deposition than they are at trial. Also, if counsel can articulate a legitimate reason (e.g., "my question is not downstream discovery but rather seeks . . ."), this might assist in allowing the witness to answer. Second, certain areas are appropriate for inquiry, such as what role, if any, do price lists -- upstream and downstream -- play in the sale of poured foam. And some questions might be relevant for damage issues even if not for liability issues. Also, simply because a document was produced in discovery, does not mean the document will be admissible at trial and, similarly, does not mean that counsel can inquire at will about the document. Questions still must meet the relevancy tests under Federal Civil Rule 26(b)(1).

Finally, any follow-up questioning occasioned by this Order should be minimal and preferably by phone or video so as not to further inconvenience the witnesses. This Court hopes that remaining depositions can take place without numerous "disruptions." In this regard, this Court again urges counsel to cooperate in a civil manner, and to comply with Local Rule 30.1 regarding deposition conduct. (Some of the reported repartee between counsel was inappropriate.) Counsel for both sides appear to have been acting in good faith, the problem being more one of communication than misbehavior. If questions continue to arise, this Court and Magistrate Judge Knepp remain available for discussion and clarification, and calls to this Court and/or Magistrate Judge Knepp during the depositions may be an efficient way to resolve objections.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 23, 2013

2