IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re: POLYURETHANE FOAM ANTITRUST     MDL Docket No. 2196 Index
    LITIGATION     No. 10-MD-2196 (JZ)

This document relates to:

ALL CASES

## RESPONSES AND OBJECTIONS OF PLAINTIFF, SCOTT FOAM, TO DEFENDANTS' NOTICE OF DEPOSITION PURSUANT TO FED.R.CIV.P. 30(b)(6)

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of Ohio, Plaintiff Scott Foam. ("Plaintiff"), by and through its undersigned counsel, hereby objects to the Notice of Deposition served upon Plaintiff by the Defendants pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

## General Objections

Plaintiff makes the following General Objections which are applicable to all subject areas, areas of examination definitions, instructions, parts and sub-parts of the Notice (hereinafter collectively referred to as the "Notice"), as follows:

1.      Plaintiff objects to the Notice to the extent that it purports to place a greater burden upon Plaintiff than that imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of Ohio, or the applicable Orders of this Court.

2.      Plaintiff objects to the Notice to the extent it purports to require depositions in excess of the seven hours permitted by Rule 30(d)(1).

3.      Plaintiff objects to the Notice to the extent it seeks the disclosure of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.

4.      Plaintiff objects to the Notice to the extent that it seeks information that constitutes trade secrets, proprietary commercial information, or information that is otherwise confidential and protected, without a sufficient showing of compelling need for and legal entitlement to such information.

5.      Plaintiff objects to the Notice to the extent that it impermissibly seeks "downstream" data, documents or information (i.e., data, documents or information relating to "downstream" markets, including the downstream business of Plaintiff or others), including data, documents or information relating to Plaintiff's marketing or sale of products; Plaintiff's costs of production of such products unrelated to the cost of Polyurethane Foam; Plaintiff's revenue, financial condition or performance; or Plaintiff's customers. Such data, documents or information is not discoverable as previously determined by the Court and set forth in its Orders dated September 7, 2012 (Dkt. 420) and November 29, 2012 (Dkt. 458). For the sake of brevity, this objection shall be referred to herein as "[I]mpermissible downstream discovery", and Plaintiff objects to the Notice to the extent that it utilizes the term "Polyurethane Foam Products" to seek impermissible downstream discovery.

6.      Plaintiff objects to the Notice to the extent that it purports to require Plaintiff to bring to the deposition copies of all documents, notes or statements in Plaintiff's custody or control related to the subjects or areas of examination set forth in the Notice. Plaintiff has already provided to Defendants written responses and objections to propounded discovery and has already produced to Defendants the documents and information in its possession which are discoverable. Requiring Plaintiff to duplicate its responses and objections, and its document production, at the deposition is unduly burdensome. Plaintiff

2

responds and objects to any requests for document production in the Notice in the same manner and on the same grounds as it responded and objected in response to Defendants' requests for document production propounded in this matter.

All responses set forth herein are subject to and without waiver of any of these General Objections.

Responses and Objections to Areas of Examination

Area No. 1:

The history, corporate structure, ownership, executive leadership, employees, and management structure of your company.

Response:

Plaintiff will make a designee available subject to the General Objections stated herein.

Area No. 2:

The allegations in your Complaint and the Direct Purchaser Class Complaint.

Response:

Objection. The Direct Purchaser Class Complaint is not relevant to Plaintiff's claim, and questions related to allegations made by Direct Purchaser Class plaintiffs are not reasonably calculated to lead to the discovery of admissible evidence. Further, some allegations of Plaintiff's Complaint are legal, rather than factual, in nature and would call for inadmissible legal opinion or analysis from a lay witness. Without waiving such objections, Plaintiff will make a designee available pertinent to the factual allegations of Plaintiff's Complaint and subject to the General Objections.

Area No. 3:

The statements and information contained in your initial disclosures in this Action pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Response:

Plaintiff objects to this area to the extent that it calls for legal opinion or analysis by a lay witness. Without waiving such objection, Plaintiff will make a designee available pertinent to factual allegations contained within the Initial Disclosures and subject to the General Objections.

Area No. 4:

The statements and information contained in your disclosures concerning transactional data in this Action pursuant to the Court's Transactional Data Protocol Order, ECF No. 242.

Response:

Plaintiff objects to this area to the extent that it calls for legal opinion or analysis by a lay witness. Without waiving such objection, Plaintiff will make a designee available pertinent to factual allegations contained within any documents referenced by Area No. 4 and subject to the General Objections.

Area No. 5:

The statements and information contained in your disclosures concerning electronically stored information pursuant tot he Court's Order Regarding Electronically Stored Information, ECF No. 245.

Response:

Plaintiff objects to this area to the extent that it calls for legal opinion or analysis by a lay witness. Without waiving such objection, Plaintiff will make a designee available pertinent to factual allegations contained within any documents referenced by Area No. 5 and subject to the General Objections.

4

Area No. 6:

The statements and information contained in your objections and responses to Defendants' First Request for Production of Documents and Things to All Plaintiffs in this Action.

Response:

Plaintiff objects to this area to the extent that it calls for legal opinion or analysis by a lay witness. Without waiving such objection, Plaintiff will make a designee available pertinent to factual allegations contained within any documents referenced by Area No. 6 and subject to the General Objections.

Area No. 7:

The employment histories of any Person currently or formerly employed by your company whose employed related to the manufacture, purchase, fabrication, use and/or sale of Polyurethane Foam and/or Polyurethane Foam Products, including, without limitation:

a.  the positions and titles that each such Person has held during his/her employment with your company;

b.  the duties and responsibilities of each such Person in each position or title that he/she has held;

c.  the facts and circumstances surrounding and the reasons for each Person who has been put on leave or terminated by you, or otherwise has left your company; and

d.  the current or last known address and contact information for each Person who is no longer employed by your company.

Response:

Plaintiff objects to this Area as overly broad, vague and ambiguous since it seeks information about former employees and topics not reasonably calculated to lead to the discovery of admissible evidence, such as "the facts and circumstances surrounding, and the reasons for each Person who has been put on leave or terminated by you, or otherwise has left your company ... " Plaintiff also objects to

5

the extent this Area seeks information which is impermissible downstream discovery, such as information concerning the "sale of Polyurethane Foam and/or Polyurethane Foam Products ..." Without waiving such objections and subject to the General Objections, Plaintiff will make available a designee to testify regarding Plaintiff's employment of persons whose employment related to the purchase of Polyurethane Foam.

Area No. 8:

The nature and geographic scope of your company's business operations, including, without limitation, your product and/or service offerings, your manufacturing and/or fabricating operations and practices, your purchasing practices, your negotiating practices with suppliers, your pricing practices, your price increase practices, raw materials purchased, and the identity of your customers for each product and/or service offering.

Response:

Plaintiff objects to the inquiry concerning the "nature" of its business operations as vague and ambiguous. Plaintiff objects to inquiry into its "pricing practices" and "price increase practices" as impermissible downstream discovery. Plaintiff objects to inquiry into its "suppliers" and "raw materials purchased" as not reasonably calculated to lead to the discovery of admissible evidence, unless such inquiry is limited to suppliers of Polyurethane Foam and raw materials are limited to Polyurethane Foam or Polyurethane Foam substitutes. Without waiving such objections and subject to the General Objections, Plaintiff will make a designee available to testify to general information concerning the business in which it engages; the geographic scope of its business; its general products and services; its manufacturing and fabricating operations and practices; its practices pertinent to purchasing Polyurethane Foam; its practices pertinent to negotiating with Polyurethane Foam suppliers; its purchase

6

of Polyurethane Foam or substitute raw materials; and the types of businesses in which its customers engage.

Area No. 9:

The financial performance of your company, including, without limitation, your company's profitability, revenues, operating expenses, raw material costs, investments, and any other metric used by your company to evaluate its performance.

Response:

Plaintiff objects to the inquiry set forth in this Area which is not reasonably calculated to lead to the discovery of admissible evidence and which seeks, directly or indirectly, impermissible downstream discovery. Without waiving such objections and subject to the General Objections, Plaintiff will make a designee available to testify concerning its Polyurethane Foam costs.

Area No. 10:

Your company's purchase negotiations for, actual purchases of, and purchase prices received for each category of Polyurethane Foam and/or Polyurethane Foam Products, including, without limitation, the identity of the companies from which you purchased, the identity of the companies which made offers to you or solicited your business, and all rebates, discounts, allowances, and/or promotional programs received in connection with your purchase of Polyurethane Foam and/or Polyurethane Foam Products.

Response:

Subject to the General Objections, Plaintiff will make a designee available.

Area No. 11:

The Polyurethane Foam and/or Polyurethane Foam Products that have been manufactured, fabricated, used and/or sold by your company, including, without limitation, the prices you have offered, quoted or charged to each customer for Polyurethane Foam and/or Polyurethane Foam Products, the products that have been sold by you to each customer, the identity of each customer to whom the products were sold, and the amount of each product sold to each customer.

Response:

Plaintiff objects to the inquiry in this Area on the ground that it seeks impermissible downstream discovery. Without waiving such objection and subject to the General Objections, Plaintiff will make a designee available to testify regarding the general types of products which Plaintiff manufactures or fabricates out of Polyurethane Foam and the general types of businesses conducted by Plaintiff's customers.

Area No. 12:

All communications between you and any Defendant and/or other suppliers of Polyurethane Foam and/or Polyurethane Foam Products concerning the pricing, characteristics, and/or availability of Polyurethane Foam and/or Polyurethane Foam Products, regardless of whether such Polyurethane Foam and/or Polyurethane Foam Products were actually purchased by your company.

Response:

Subject to the General Objections, Plaintiff will make a designee available to testify to this Area of inquiry.

Area No. 13:

8

The availability, benefits, costs, and pricing of all products that are not Polyurethane Foam and/or do not contain Polyurethane Foam that can be used as raw materials or other inputs by your company or that have been manufactured, purchased, fabricated, and/or sold by your company, including, without limitation, products that are considered to be competitive with or substitutes for Polyurethane Foam and/or Polyurethane Foam Products in the products your company manufactures, produces and/or sells.

Response:

Plaintiff objects to the inquiry of this Area as not reasonably calculated to lead to the discovery of admissible evidence, unless the inquiry is limited to raw materials which are Polyurethane Foam or substitutes for Polyurethane Foam. Plaintiff also objects to this Area to the extent that it seeks impermissible downstream discovery. Without waiving such objections and subject to the General Objections, Plaintiff will make a designee available to testify concerning the availability, benefits, and costs to Plaintiff of raw materials which are Polyurethane Foam and/or Polyurethane Foam substitutes.

Area No. 14:

All communications between you and any Defendant and/or other suppliers of products that are considered to be competitive with or substitutes for Polyurethane Foam and/or Polyurethane Foam Products, concerning the pricing, characteristics, and/or availability of such competitive or substitute products, regardless of whether such competitive or substitute products were actually purchased by your company.

Response:

Subject to the General Objections, Plaintiff will make a designee available to testify to this Area of inquiry.

9

Area No. 15:

All communications between you and any Defendant(s), Direct Purchaser Class Plaintiff(s),

Direct Action Plaintiff(s), Direct Purchaser Class Member(s), and/or any other supplier of Polyurethane

Foam and/or Polyurethane Foam Products in which any of the following subjects was referred to or

discussed:

a. a price increase announcement by any Defendant for Polyurethane Foam and/or any Polyurethane Foam Products sold by any Defendant;

b. any correspondence or notice sent by a Defendant regarding a price increase for Polyurethane Foam and/or any Polyurethane Foam Products;

c. any correspondence sent by a Defendant regarding the increasing cost of raw materials for Polyurethane Foam and/or any Polyurethane Foam Products;

d. the timing of a future price increase announcement for Polyurethane Foam and/or Polyurethane Foam Products;

e. information relating to prices to be charged in the future for Polyurethane Foam, Polyurethane Foam Products, and/or substitutes for Polyurethane Foam or Polyurethane Foam Products;

f. the coordination of future price increase announcements for Polyurethane Foam, Polyurethane Foam Products, and/or substitutes for Polyurethane Foam or Polyurethane Foam Products;

g. the negotiation, acceptance, rejection or reduction of a price increase for Polyurethane Foam, Polyurethane Foam Products, and/or substitutes for Polyurethane Foam or Polyurethane Foam Products;

h. the allocation of Polyurethane Foam, Polyurethane Foam products, and/or substitutes for or Polyurethane Foam Polyurethane Foam Products (sic);

I. An increase in the price of Polyurethane Foam and/or Polyurethane Foam Products sold by any Defendant;

j. An increase in the costs of raw materials used to product Polyurethane Foam and/or Polyurethane Foam Products sold by any Defendant;

k. A price increase for Polyurethane Foam and/or Polyurethane Foam Products that was yet to be announced;

10

l.     The effective date of a future price increase for any Polyurethane Foam and/or Polyurethane Foam Products;

m.    The actual and/or potential business ramifications of a price increase for Polyurethane Foam and/or Polyurethane Foam Products;

n.    Mutual customers for Polyurethane Foam and/or Polyurethane Foam Products;

o.    Market share levels or changes in market share levels for Polyurethane Foam and/or Polyurethane Foam Products; and/or

p.    Phe competitive conditions relating to the purchase and/or sale of Polyurethane Foam and/or Polyurethane Foam Products.

Response:

Plaintiff objects to the inquiries in this Area, including sub-parts (m) through (p), to the extent that the same seek impermissible downstream discovery. Without waiving such objection and subject to the General Objections, Plaintiff will make a designee available to testify to this Area of inquiry.

Area No. 16:

All communications concerning plans or instructions to contact any Defendant(s), Direct Purchaser Class Plaintiff(s), Direct Action Plaintiff(s), Direct Purchaser Class Member(s), and/or other suppliers of Polyurethane Foam and/or Polyurethane Foam Products to obtain or provide price increase letters and/or other information about price increases for Polyurethane Foam and/or Polyurethane Foam Products.

Response:

Plaintiff objects to this Area of inquiry as vague and ambiguous and to the extent it seeks impermissible downstream discovery. Without waiving such objections and subject to the General Objections, Plaintiff will make a designee available to testify to this Area of inquiry.

11

Area No. 17:

All memberships, participation, and/or other involvement in any trade or industry associations or organizations, including, but not limited to, your participation in or attendance at any trade shows or industry conventions.

Response:

Subject to the General Objections, Plaintiff will make a designee available to testify to this area of inquiry.

Area No. 18:

All communications with other Persons that compete with your company in the manufacture, purchase, fabrication, use and/or sale of Polyurethane Foam and/or Polyurethane Foam Products.

Response:

Plaintiff objects to this Area of inquiry to the extent it seeks information which is not reasonably calculated to lead to the discovery of admissible evidence and to the extent it seeks impermissible downstream discovery. Without waiving such objections and subject to the General Objections, Plaintiff will make a designee available to testify concerning any communications with competitors of Plaintiff concerning the cost of Polyurethane Foam and/or sales of such product by the Defendants.

Area No. 19:

All communications with Defendants, other suppliers of Polyurethane Foam and/or Polyurethane Foam Products and/or your company's competitors or customers regarding other Defendants, suppliers of Polyurethane Foam and/or Polyurethane Foam Products, and/or your company's competitors or customers.

Response:

Plaintiff objects to this Area of inquiry as overly broad, vague and ambiguous; as not reasonably calculated to lead to the discovery of admissible evidence; and as seeking impermissible downstream discovery, particularly information as to Plaintiff's customers. Without waiving such objections and subject to the General Objections, Plaintiff will make a designee available to testify concerning communications involving Polyurethane Foam, as sold by Defendants and/or as purchased by Plaintiff, with Defendants, suppliers of Polyurethane Foam other than Defendants, and Plaintiff's competitors.

Area No. 20:

Any facts, documents or other information that you believe support your claims in this Action.

Response:

Plaintiff objects to this Area of inquiry to the extent that discovery is ongoing and all factual bases for supporting the allegations in Plaintiff's Complaint may not be yet known. Without waiving such objection and subject to the General Objections, Plaintiff will make a witness available to testify to this Area of inquiry.

Area No. 21:

All instances in which you have competed with any of the Defendants for the sale of Polyurethane Foam and/or Polyurethane Foam Products, including, without limitation, the identity of the Defendants with whom you competed, the customers involved, the dates on which the competition occurred, the volume of customer business involved, the prices that you and the Defendants offered, and the results of the competitive situations.

Response:

13

Plaintiff objects to this Area of inquiry to the extent it seeks impermissible downstream discovery. Without waiving such objection and subject to the General Objections, Plaintiff will make a witness available to testify to this Area of inquiry.

Area No. 22:

With respect to each purchase of Polyurethane Foam or Polyurethane Foam Products during the Relevant Time Period by you:

a. the name and address of the supplier from which the product or products were purchased;

b. the date of each purchase;

c. the product or products purchased from each entity, including the brand name and/or trade name, product description, any SKU, and the product numbers;

d. the quantity purchased and the applicable units;

e. the state, city and ZIP or postal code for the "ship from" location;

f. the state, city, and ZIP or postal code for the "purchased from" location;

g. the state, city and ZIP or postal code for the "ship to" location;

h. the method of delivery that was used and any freight or transportation charges;

I. the price paid, including list price and net unit price;

j. any rebates, discounts, allowances, credits, chargebacks, freight allowances, or other incentives offered to or received by you in connection with the purchase, including any promotional allowances or sales programs; and

k. the payment or credit terms.

Response:

Plaintiff objects to this Area of inquiry as unduly burdensome, since it purports to require a designee to commit to memory a voluminous quantity of detailed information regarding each purchase, which information is more appropriately gathered by production of data obtained from Plaintiff's

14

documents, database or documents which are already within the possession of Defendants. Plaintiff also objects to this Area of inquiry to the extent it seeks impermissible downstream discovery. Without waiving such objections and subject to the General Objections, Plaintiff will produce a designee to testify to this Area of inquiry.

Area No. 23:

The identity of all of your competitors for the purchase and/or sale of Polyurethane Foam and/or Polyurethane Foam Products and:

a.   the dates of the existence of such competition;

b.   the products purchased and/or sold by each competitor;

c.   the entity and location from which each such competitor purchased Polyurethane Foam and/or Polyurethane Foam Products;

d.   the geographic area(s) in which each such competitor sells or attempts to sell Polyurethane Foam and/or Polyurethane Foam Products; and

e.   the geographic area(s) in which you have competed with each such competitor.

Response:

Plaintiff objects to this Area of inquiry as not reasonably calculated to lead to the discovery of admissible evidence and as seeking impermissible downstream discovery. Plaintiff further objects to the extent that this Area of inquiry seeks information which is not within the knowledge of Plaintiff. Without waiving such objections and subject to the General Objections, Plaintiff will produce a designee to testify concerning general information about the business in which Plaintiff engaged and Plaintiff's purchase of Polyurethane Foam.

Area No. 24:

15

The identity of all competitors of each Defendant in the manufacture and/or sale of Polyurethane Foam and/or Polyurethane Foam Products and:

a.  the dates of existence of such competition;

b.  the products sold by each such competitor; and
c.  the geographic area(s) in which each Defendant has competed with each such competitor.

Response:

Plaintiff objects to this Area of inquiry as not reasonably calculated to lead to the discovery of admissible evidence and as seeking impermissible downstream discovery. Plaintiff further objects to the extent that this Area of inquiry seeks information which is not within the knowledge of Plaintiff. Without waiving such objections and subject to the General Objections, Plaintiff will produce a designee to testify concerning this Area of inquiry.

Area No. 25:

The identities of, on an allegation-by-allegation basis, all persons with any knowledge concerning each allegation in your Complaint and all facts you contend support each allegation in your Complaint.

Response:

Subject to the General Objections, Plaintiff will produce a designee to testify to this area of inquiry.

Area No. 26:

Details regarding the way in which you contend that you were injured or have suffered damages and any steps that you have taken to mitigate the damages you claim, including the costs and benefits of taking each such step.

Response:

16

Plaintiff objects to this Area of inquiry as calling for legal opinion or analysis from a lay witness and as calling for testimony that is the subject of expert analysis or opinions. Plaintiff also objects to use of the phrase "costs and benefits" as vague and ambiguous. Plaintiff objects to this Area of inquiry, including "the steps that you have taken to mitigate the damages you claim, to the extent it seeks impermissible downstream discovery. Further, Plaintiff objects to inquiries into mitigation of damages as not reasonably calculated to lead to the discovery of admissible evidence in this case which alleges a horizontal price fixing conspiracy and seeks overcharge damages. Without waiving such objections and subject to the General Objections, Plaintiff will produce a designee to provide lay testimony concerning the manner in which Plaintiff contends it has been injured or damaged.

Area No. 27:

The identity of each purchase of Polyurethane Foam and/or Polyurethane Foam Products during the Relevant Time Period as to which you claim there was a price overcharge because of the alleged contract, combination, or conspiracy and, for each purchase:

a. the name and address of the supplier from which the products were purchased;

b. the date of each purchase;

c. the products purchased from each entity, including the brand name and/or trade name, product description, any SKU and product numbers;

d. the quantity purchased and the applicable units;

e. the method of delivery that was used (e.g., common carrier) and any freight or transportation charges;

f. the price paid, including list price and net unit price;

g. any rebates, discounts, allowances, credits, chargebacks, freight allowances, or other incentives offered to or received by you in connection with the purchase, including any promotional allowances or sales programs; and

17

h.    the price that you allege you would have paid during the Relevant Time Period but for Defendants' alleged contract, combination, or conspiracy as described in your Complaint, and the basis for this "but for price" claim.

Response:

Plaintiff objects to this Area of inquiry as overly broad and unduly burdensome in requesting information regarding "each purchase of Polyurethane Foam ... as to which you claim there was a price overcharge" since it purports to require a designee to commit to memory details regarding each purchase in issue. Plaintiff also objects to this Area of inquiry to the extent it calls for legal opinion or analysis from a lay witness and to the extent that it calls for testimony that is the subject of expert opinion or analysis. Without waiving such objections and subject to the General Objections, Plaintiff will produce a designee to give lay testimony with regard to this Area of inquiry.

Area No. 28:

Any steps that you have taken to mitigate the damages you claim, including the costs and benefits of taking each such step.

Response:

Plaintiff objects to this Area of inquiry as calling for legal opinion or analysis from a lay witness and as calling for testimony that is the subject of expert analysis or opinions. Plaintiff also objects to use of the phrase "costs and benefits" as vague and ambiguous. Plaintiff objects to this Area of inquiry, including "the steps that you have taken to mitigate the damages you claim", to the extent it seeks impermissible downstream discovery. Further, Plaintiff objects to inquiries into mitigation of damages as not reasonably calculated to lead to the discovery of admissible evidence in this case which alleges a horizontal price fixing conspiracy and seeks overcharge damages. Without waiving such objections and

18

subject to the General Objections, Plaintiff will produce a designee to provide lay testimony concerning the manner in which Plaintiff contends it has been injured or damaged.

Area No. 29:

Your company's manufacture and sale of Polyurethane Foam and/or Polyurethane Foam Products, including, without limitation, foam sheets, rolls, slabs and buns.

Response:

Plaintiff objects to this Area of inquiry, which seeks information regarding Plaintiff's "sale" of Polyurethane Foam Products, as seeking impermissible downstream discovery. Without waiving such objection and subject to the General Objections, Plaintiff will make a designee available to testify to its manufacture of products which contain Polyurethane Foam.

Area No. 30:

Your company's manufacture and sale of fabricated Polyurethane Foam Products, including, without limitation, to furniture manufacturers, automobile manufacturers, and/or bedding and mattress manufacturers.

Response:

Plaintiff objects to this Area of inquiry, which seeks information regarding Plaintiff's "sale" of fabricated Polyurethane Foam Products, as seeking impermissible downstream discovery. Plaintiff also objects to the identification of its customers on the ground of impermissible downstream discovery. Without waiving such objections and subject to the General Objections, Plaintiff will make a designee available to testify to its manufacture of products which contain Polyurethane Foam and to the types of businesses engaged in by Plaintiff's customers.

19

Area No. 31:

Your company's use of fabricated foam processes, including, without limitation, convolution, bullnose cutting, compression cutting, hot wire cutting, vertical contour cutting, horizontal contour cutting, carousel cutting, saw cutting, knife cutting, die cutting, water jet slicing, adhesive lamination, flame lamination, di-electric sealing, ultrasonic sealing, gluing, hole punching, loop slitting, and slitting.

Response:

Plaintiff objects to this Area of inquiry to the extent it seeks impermissible downstream discovery. Without waiving such objection and subject to the General Objections, Plaintiff will produce a designee to testify to this Area of inquiry. Dated: August 27, 2013.

> s/Michael B. McHenry
> Gleason & McHenry
> PO Box 7316
> Tupelo, MS 38802
> 662-690-9824
> michael.mchenry@gleason-mchenry.net

Certificate of Service

I hereby certify that a copy of the above and foregoing document was served electronically on lead counsel for Defendants pursuant to Paragraph 10 of the Court's January 20, 2011 Initial Case Management Conference Order, ECF No. 17.

s/Michael B. McHenry _____
Michael B. McHenry