IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) ) ) ) MDL Docket No. 2196 ) |
| This document relates to: GENERAL MOTORS LLC v. CARPENTER COMPANY, et al. | ) Index No. 10-MD-2196 (JZ) ) ) ) |
| Case No. 3:12-pf-10027-JZ | ) ) |

**WOODBRIDGE'S OPPOSITION TO GENERAL MOTORS LLC'S MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Pursuant to Local Civil Rule 7.1(d), Woodbridge Foam Corporation, Woodbridge Sales & Engineering, and Woodbridge Foam Fabricating, Inc. (collectively, "Woodbridge"), by their undersigned counsel, respectfully submit this opposition to the Motion for Issuance of Request for International Judicial Assistance ("GM Motion") filed by plaintiff General Motors LLC ("GM").  GM seeks the issuance of the Request for International Judicial Assistance in order to compel the deposition of Woodbridge employee, Robert Sager ("Mr. Sager"), in the People's Republic of China.  As set forth below, the Court should order GM to withdraw or modify its application because it is prejudicial to Mr. Sager and Woodbridge as currently written.

Mr. Sager is currently employed by Woodbridge at Wuxi Woodbridge Jixing Advanced Polymer Technology Co., Ltd. located in Wuxi City, Jiangsu Province, China.  As an initial matter, Woodbridge disputes GM's allegation that "Woodbridge is unwilling to discuss alternatives to deposing Mr. Sager in the People's Republic of China." GM Motion at 3. Woodbridge has engaged in an extensive meet and confer process with GM regarding the

depositions of several Woodbridge employees and former employees, including Mr. Sager. Woodbridge proposed various alternatives, including deferring the deposition until Mr. Sager returns to the U.S. or sharing the costs of Mr. Sager's travel back to the U.S.  In addition, seven of Woodbridge's employees or former employees have already appeared for depositions in this case and Woodbridge has produced to Plaintiffs the transcript of every individual and corporate deposition of Woodbridge taken in *In re Urethane Antitrust Litig.*, MDL 1616 (D. Kan.) (the "Urethanes matter").

Second, GM's proposed Request for International Judicial Assistance contains language that would be prejudicial to Woodbridge and Mr. Sager if submitted to Chinese foreign officials. For instance, GM's proposed request characterizes many of the unfounded and untested allegations in GM's complaint as undisputed facts.  *See e.g.*, GM Motion, Ex. 1, Attach. A at ¶ 4 ("As a direct result of Defendants' unlawful conduct, GM paid artificially inflated prices for Polyurethane Foam used in the manufacture of GM vehicles.").  Furthermore, GM's proposed request makes detailed allegations about Mr. Sager's purported involvement in the alleged "unlawful conduct," but presents these allegations as established fact. *Id.* ¶ 7 ("During the Conspiracy Period Mr. Sager, acting as Woodbridge's agent, engaged in the following illegal conduct: (1) participated in a scheme to fix and stabilize prices in the market for Polyurethane Foam in North America; and (2) participated in a scheme to allocate customers and/or markets for Polyurethane Foam in North America."); *see also* GM Motion, Ex. 1, Attach. B at ¶ 15-16 (seeking information concerning "[c]ommunications between Mr. Sager and competitors . . . relating to Polyurethane Foam pricing" and "market and/or customer allocation"); ¶ 18 (seeking information concerning "Mr. Sager's involvement in the illegal conspiracy alleged in the complaint.").

These biased and untested allegations masquerading as facts would be prejudicial to Woodbridge and Mr. Sager in any situation, but are especially so here where such "facts" are to be presented to foreign officials – who may not understand the United States legal system and have no background information concerning Woodbridge, Mr. Sager, or this litigation – under the authority of the United States District Court for the Northern District of Ohio.  The submission of GM's proposed request to Chinese officials will undoubtedly result in unwarranted, adverse business implications for Mr. Sager and Woodbridge, as well as irreparably damage Mr. Sager's personal and professional reputation in China and elsewhere.

To be clear, Woodbridge would *not* object to the Court's issuance of a Request for International Judicial Assistance concerning Mr. Sager's deposition, *so long as* the request did not contain prejudicial and unfounded characterizations of Woodbridge and Mr. Sager's conduct. Because GM's proposed request is rife with such unsupported and factually inaccurate characterizations, which would unfairly prejudice both Woodbridge and Mr. Sager, Woodbridge requests that the Court order GM to withdraw or modify its Motion for Issuance of Request for International Judicial Assistance.

Dated: October 31, 2013

 /s/ Daniel G. Swanson
Daniel G. Swanson
Dhananjay S. Manthripragada
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071
(213) 229-7000
dswanson@gibsondunn.com
dmanthripragada@gibsondunn.com

Cynthia E. Richman
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW

Washington, DC 20036
(202) 955-8500
crichman@gibsondunn.com

Allison C. Kop
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
(415) 393-8320
akop@gibsondunn.com

Robert F. Ware
Matthew E. Liebson
Thompson Hine
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
(216) 566-5500
Matthew.Liebson@ThompsonHine.com

*Attorneys for Woodbridge Foam Corporation, Woodbridge Sales & Engineering, Inc. and Woodbridge Foam Fabricating, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 31, 2013, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipts. Parties may access this filing through the Court's system.

                                                    /s/ Allison C. Kop

101618516.1