UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |
| This document relates to:<br>ALL CASES | |

**RESPONSES AND OBJECTIONS OF PLAINTIFF,**
**THE BEDDING GROUP, INC.**
**TO DEFENDANTS'** *FED.R.CIV.P.* **30(b)(6) DEPOSITION NOTICE**

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of Ohio, Plaintiff The Bedding Group, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby objects to the Notice of Deposition served upon Plaintiff by the Defendants pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

**General Objections**

Plaintiff makes the following General Objections which are applicable to <u>all</u> subject areas, areas of examination definitions, instructions, parts and sub-parts of the Notice (hereinafter collectively referred to as the "Notice"), as follows:

1. Plaintiff objects to the Notice to the extent that it purports to place a greater burden upon Plaintiff than that imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of Ohio, or the applicable Orders of this Court.

2. Plaintiff objects to the Notice to the extent it purports to require depositions in

excess of the seven hours permitted by Rule 30(d)(1).

3. Plaintiff objects to the Notice to the extent it seeks the disclosure of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.

4. Plaintiff objects to the Notice to the extent that it seeks information that constitutes trade secrets, proprietary commercial information, or information that is otherwise confidential and protected, without a sufficient showing of compelling need for and legal entitlement to such information.

5. Plaintiff objects to the Notice to the extent that it impermissibly seeks "downstream" data, documents or information (*i.e.*, data, documents or information relating to "downstream" markets, including the downstream business of Plaintiff or others), including data, documents or information relating to Plaintiff's marketing, sale or pricing of products; Plaintiff's revenue, financial condition or performance; or Plaintiff's customers and communications with customers. Such data, documents or information are not discoverable as previously determined by the Court and set forth in its Orders dated September 7, 2012 (Dkt. 420); November 29, 2012 (Dkt. 458); and the Court's clarification of these Orders as set forth in its Order and attachments dated August 23, 2013 (Dkt. 671, 671-1, and 671-2). For the sake of brevity, this objection shall be referred to herein as "[I]mpermissible downstream discovery", and Plaintiff objects to the Notice to the extent that it utilizes the term "Polyurethane Foam Products" to seek impermissible downstream discovery.

6. Plaintiff objects to the Notice to the extent that it purports to require Plaintiff to bring to the deposition copies of all documents, notes or statements in Plaintiff's custody or

control related to the subjects or areas of examination set forth in the Notice. Plaintiff has already provided to Defendants written responses and objections to propounded discovery and has already produced to Defendants the documents and information in its possession which are discoverable. Requiring Plaintiff to duplicate its responses and objections, and its document production, at the deposition is unduly burdensome. Plaintiff responds and objects to any requests for document production in the Notice in the same manner and on the same grounds as it responded and objected in response to Defendants' requests for document production propounded in this matter.

All responses set forth herein are subject to and without waiver of any of these General Objections.

## Responses and Objections to Areas of Examination

1. The allegations in your Complaint.

    Response: Plaintiff will make a designee available subject to the General Objections stated herein.

2. The statements and information contained in your initial disclosures in this Action pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, and your disclosures pursuant to the Transactional Data Protocol Order, ECF No. 242, and the Order Regarding Electronically Stored Information, ECF No. 245.

    Response: Plaintiff will make a designee available subject to the General Objections stated herein.

3. Your document production in this Action.

    Response: Plaintiff will make a designee available subject to the General

Objections stated herein.

4. Your document retention practices, policies, and procedures.

   Response: Plaintiff will make a designee available subject to the General Objections stated herein.

5. The history, corporate structure, organization, ownership, executive leadership, and management structure of your company.

   Response: Plaintiff will make a designee available subject to the General Objections stated herein.

6. The identity and employment history of any management or supervisory person currently or formerly employed by your company whose employment related to the manufacture, purchase, fabrication, use, and/or sale of Polyurethane Foam and/or Polyurethane Foam Products.

   Response: Plaintiff will make a designee available subject to the General Objections stated herein.

7. Your persons responsible for the purchasing of Polyurethane Foam and/or Polyurethane Foam Products and raw materials for Polyurethane Foam and/or Polyurethane Foam Products.

   Response: Plaintiff will make a designee available subject to the General Objections stated herein.

8. The nature and geographic scope of your company's business operations, and the location, size, scope, organization, function, and purpose of your business locations or units.

   Response: Plaintiff will make a designee available subject to the General

Objections stated herein.

9. Your annual requirements of Polyurethane Foam and/or Polyurethane Foam Products.

   Response: Plaintiff will make a designee available subject to the General Objections stated herein.

10. Your annual production of Polyurethane Foam and/or Polyurethane Foam Products.

    Response: Plaintiff will make a designee available subject to the General Objections stated herein.

11. Your inventory capacities, practices, and procedures.

    Response: Plaintiff will make a designee available subject to the General Objections stated herein.

12. The financial performance of your company.

    Response: Plaintiff objects to this area of inquiry on grounds of relevancy and reserves the right to instruct the deponent not to answer this inquiry pursuant to the ruling of the Court set forth in Dkt. No. 671-1.

13. Any prior lawsuits, claims, or complaints claiming antitrust violations, injury to competition, or unfair competition in which you have been involved or named as a party.

    Response: Plaintiff will make a designee available subject to the General Objections stated herein.

14. The companies or suppliers from which you purchased Polyurethane Foam and/or Polyurethane Foam Products, the products purchased, and the quantities, prices, terms and conditions of sale, including any contracts governing prices or the terms and conditions of sale.

    Response: Plaintiff will make a designee available subject to the General

Objections stated herein.

15. Your suppliers of raw materials for Polyurethane Foam and/or Polyurethane Foam Products, including chemicals and scrap foam.

    <u>Response</u>: Plaintiff will make a designee available subject to the General Objections stated herein.

16. Potential suppliers to you of Polyurethane Foam and/or Polyurethane Foam Products.

    <u>Response</u>: Plaintiff will make a designee available subject to the General Objections stated herein.

17. Your negotiations with, purchases from, and purchase prices quoted or received from any Defendant or other supplier of Polyurethane Foam and/or Polyurethane Foam Products.

    <u>Response</u>: Plaintiff will make a designee available subject to the General Objections stated herein.

18. Your receipt of Price Increase Letters concerning Polyurethane Foam and/or Polyurethane Foam Products from any Defendant or other supplier and the effects of such Price Increase Letters on the prices offered to or paid by you for Polyurethane Foam and/or Polyurethane Foam Products.

    <u>Response</u>: Plaintiff will make a designee available subject to the General Objections stated herein.

19. Your sharing of any Price Increase Letter or other pricing information received from a Defendant or other supplier of Polyurethane Foam and/or Polyurethane Foam Products with any other Defendant, other supplier of Polyurethane Foam and/or Polyurethane Foam Products, or any of your customers.

>    Response: Plaintiff will make a designee available subject to the General Objections stated herein.

20. Your receipt of price increase letters concerning raw materials for Polyurethane Foam and/or Polyurethane Foam Products from any supplier and the effects of such price increase letters on your costs of producing Polyurethane Foam and/or Polyurethane Foam Products, or prices paid for Polyurethane Foam and/or Polyurethane Foam Products.

>    Response: Plaintiff will make a designee available subject to the General Objections stated herein.

21. Your use of Price Increase Letters with your customers for the Polyurethane Foam and/or Polyurethane Foam Products sold by you.

>    Response: Plaintiff will make a designee available subject to the General Objections stated herein.

22. Your transactional prices from any Defendant or other supplier of Polyurethane Foam and/or Polyurethane Foam Products or raw materials for Polyurethane Foam and/or Polyurethane Foam Products, including chemicals and scrap foam.

>    Response: Plaintiff will make a designee available subject to the General Objections stated herein.

23. The Polyurethane Foam and/or Polyurethane Foam Products that have been sold by you or your company, the customers to whom the products were sold, the amount of product sold to each customer, and the prices paid by such customers for the products.

>    Response: Plaintiff objects to that part of the area of inquiry which seeks information regarding "the prices paid by such customers for the products" and reserves

7

the right to instruct the witness not to answer pursuant to the rulings of the Court in Dkt. Nos. 671-1 and 671-2. Without waiving such objection, Plaintiff will make a designee available to the remainder of the area of inquiry subject to the General Objections stated herein.

24. Any changes in your supplier(s) of Polyurethane Foam and/or Polyurethane Foam Products, or raw materials for Polyurethane Foam and/or Polyurethane Foam Products, and the reason(s) for such changes.

> Response: Plaintiff will make a designee available subject to the General Objections stated herein.

25. Your participation in any promotional programs, cooperative advertising programs, discount pass-through programs, or similar program offered by any Defendant or other supplier of Polyurethane Foam and/or Polyurethane Foam Products.

> Response: Plaintiff will make a designee available subject to the General Objections stated herein.

26. The costs and methods of shipment, transportation, and/or delivery of Polyurethane Foam and/or Polyurethane Foam Products purchased by you.

> Response: Plaintiff will make a designee available subject to the General Objections stated herein.

27. Any formulas, indices, or other means of determining the prices or price ranges at which you or your company would buy Polyurethane Foam and/or Polyurethane Foam Products from any Defendant or other supplier, or sell such products to any customer.

> Response: To the extent that questions under this area of inquiry do not concern a

"competitive overlap" situation (See Dkt. No. 671-2), Plaintiff objects to that part of the area of inquiry which seeks information regarding "any formulas, indices, or other means of determining the prices or price ranges at which" Plaintiff sold "products to any customer". Plaintiff reserves the right to instruct the deponent not to answer pursuant to the rulings of the Court in Dkt. Nos. 671-1 and 671-2. Without waiving such objection, Plaintiff will make a designee available to testify to the remainder of the area of inquiry subject to the General Objections stated herein.

28. Contracts, agreements, understandings or other arrangements, written or oral, between you and any Defendant or other suppliers governing or relating to the terms and conditions of sale and/or the purchase prices for Polyurethane Foam and/or Polyurethane Foam Products.

Response: Plaintiff will make a designee available subject to the General Objections stated herein.

29. Any cost-plus, fixed mark-up, most favored nation, "market to market" price guarantee, bid support, or other price guarantee, price freeze, price support, or pricing concession, written or oral, between you and any Defendant or other supplier of Polyurethane Foam and/or Polyurethane Foam Products, or given or offered by you to any of your customers for Polyurethane Foam and/or Polyurethane Foam Products.

Response: Plaintiff objects to that part of the area of inquiry which seeks information regarding price guarantees or like arrangements (as described in the area of inquiry) which Plaintiff gave or offered to any of its customers, pursuant to the ruling of the Court in Dkt. No. 671-1, and Plaintiff reserves the right to instruct the deponent not to

answer. Without waiving this objection, Plaintiff will make a designee available to testify to the remainder of the area of inquiry subject to the General Objections stated herein.

30. Your method(s) for determining the price(s) to be quoted or charged to your customers for Polyurethane Foam and/or Polyurethane Foam Products, and the range of prices quoted or charged by you to your customers for substantially similar Polyurethane Foam and/or Polyurethane Foam Products.

> Response: To the extent that questions under this area of inquiry do not concern a "competitive overlap" situation (See Dkt. No. 671-2), Plaintiff objects to this area of inquiry and reserves the right to instruct the deponent not to answer.

31. Your efforts or undertakings to determine, confirm, check, or otherwise verify the competiveness of any price quoted to you by any Defendant or other supplier for Polyurethane Foam and/or Polyurethane Foam Products or raw materials for Polyurethane Foam and/or Polyurethane Foam Products.

> Response: Plaintiff will make a designee available subject to the General Objections stated herein.

32. Your monitoring, tracking, observation, or knowledge of prices for Polyurethane Foam and/or Polyurethane Foam Products.

> Response: Plaintiff will make a designee available subject to the General Objections stated herein.

33. Your monitoring, tracking, observation, or knowledge of prices for raw materials, including chemicals and scrap foam, used in the manufacture of Polyurethane Foam and/or

Polyurethane Foam Products.

>Response: Plaintiff will make a designee available subject to the General Objections stated herein.

34. Your purchase and/or sale of Polyurethane Foam and/or Polyurethane Foam Products pursuant to any competitive bid, auction, reverse auction, or similar process.

>Response: Plaintiff objects to the area of inquiry to the extent it does not involve a "competitive overlap" situation (See Dkt. No. 671-2) and to the extent it seeks the terms of sales, including pricing, by Plaintiff of its products to its customers. Plaintiff reserves the right to instruct the deponent not to answer pursuant to the rulings of the Court in Dkt. Nos. 671-1 and 671-2. Without waiving such objection, Plaintiff will make a designee available to testify to the remainder of the area of inquiry subject to the General Objections stated herein.

35. Your purchase and/or sale of raw materials, including chemicals and scrap foam, used in the manufacture of Polyurethane Foam and/or Polyurethane Foam Products.

>Response: Plaintiff objects to that part of the area of inquiry referencing Plaintiff's sales to the extent it does not involve a "competitive overlap" situation (See Dkt. No. 671-2) and to the extent it seeks the terms of sales, including pricing, by Plaintiff of its products to its customers. Plaintiff reserves the right to instruct the deponent not to answer pursuant to the rulings of the Court in Dkt. Nos. 671-1 and 671-2. Without waiving such objection, Plaintiff will make a designee available to testify to the remainder of the area of inquiry subject to the General Objections stated herein.

36. Your physical, chemical, performance, or other specifications or requirements for

Polyurethane Foam and/or Polyurethane Foam Products purchased from any Defendant or other supplier.

> Response: Plaintiff will make a designee available subject to the General Objections stated herein.

37. Your purchase of fabricated and/or retail-ready products from any Defendant or other supplier of Polyurethane Foam and/or Polyurethane Foam Products.

> Response: Plaintiff will make a designee available subject to the General Objections stated herein.

38. Your sale and pricing of fabricated and/or retail-ready products purchased from any Defendant or other supplier of Polyurethane Foam and/or Polyurethane Foam Products.

> Response: Plaintiff objects to the area of inquiry to the extent it does not involve a "competitive overlap" situation (See Dkt. No. 671-2) and to the extent it seeks the terms of sales, including pricing, by Plaintiff of its products to its customers. Plaintiff reserves the right to instruct the deponent not to answer pursuant to the rulings of the Court in Dkt. Nos. 671-1 and 671-2. Without waiving such objection, Plaintiff will make a designee available to testify to the remainder of the area of inquiry subject to the General Objections stated herein.

39. Your advertising and promotion of Polyurethane Foam and/or Polyurethane Foam Products sold by you, including fabricated and retail-ready products.

> Response: Plaintiff objects to the area of inquiry to the extent it does not involve a "competitive overlap" situation (See Dkt. No. 671-2) and to the extent it seeks the terms of sales, including pricing, by Plaintiff of its products to its customers. Plaintiff reserves

the right to instruct the deponent not to answer pursuant to the rulings of the Court in Dkt. Nos. 671-1 and 671-2. Without waiving such objection, Plaintiff will make a designee available to testify to the remainder of the area of inquiry subject to the General Objections stated herein.

40. Any of your advertising or promotional costs paid for by any Defendant or any other supplier of Polyurethane Foam and/or Polyurethane Foam Products.

<u>Response:</u> Plaintiff will make a designee available subject to the General Objections stated herein.

41. Your investment in or ownership of any Defendant or other supplier of Polyurethane Foam and/or Polyurethane Foam Products or in any supplier of raw materials, including chemicals and scrap foam, used in the manufacture of Polyurethane Foam and/or Polyurethane Foam Products.

<u>Response:</u> Plaintiff will make a designee available subject to the General Objections stated herein.

42. Your joint venture or cooperative activities with any Defendant or other supplier of Polyurethane Foam and/or Polyurethane Foam Products, or with any supplier of raw materials, including chemicals and scrap foam, used in the manufacture of Polyurethane Foam and/or Polyurethane Foam Products.

<u>Response:</u> Plaintiff will make a designee available subject to the General Objections stated herein.

43. Any certification or other testing of Polyurethane Foam and/or Polyurethane Foam Products done by any Defendant or other supplier on your behalf.

<u>Response:</u> Plaintiff will make a designee available subject to the General Objections stated herein.

44. Communications between you and any Defendant and/or other suppliers of Polyurethane Foam and/or Polyurethane Foam Products concerning the pricing, specifications, and/or availability of Polyurethane Foam and/or Polyurethane Foam Products.

<u>Response:</u> Plaintiff will make a designee available subject to the General Objections stated herein.

45. Communications between you and any person or entity, in which any of the following subjects was referred to or discussed:

   a. a Price Increase Letter from any Defendant or other supplier for Polyurethane Foam and/or any Polyurethane Foam Products;

   b. any correspondence or notice sent by a Defendant or other supplier regarding a price increase for Polyurethane Foam and/or any Polyurethane Foam Products;

   c. any correspondence sent by a Defendant or other supplier regarding the increasing cost of raw materials for Polyurethane Foam and/or Polyurethane Foam Products;

   d. the timing or possibility of a future Price Increase Letter for Polyurethane Foam and/or Polyurethane Foam Products, or raw materials for Polyurethane Foam and/or Polyurethane Foam Products;

   e. prices to be charged in the future for Polyurethane Foam, Polyurethane Foam Products, or raw materials for Polyurethane Foam and/or Polyurethane Foam Products;

   f. the coordination of Price Increase Letters for Polyurethane Foam and/or Polyurethane Foam Products, or raw materials for Polyurethane Foam and/or Polyurethane Foam Products;

   g. the negotiation, acceptance, rejection, or reduction of a price increase for Polyurethane Foam and/or Polyurethane Foam Products or raw materials for Polyurethane Foam and/or Polyurethane Foam Products;

14

    h.    the allocation of customers, territories, or sales areas for Polyurethane Foam and/or Polyurethane Foam Products, or the allocation of Polyurethane Foam and/or Polyurethane Foam Products;

    i.    an increase in the price of Polyurethane Foam and/or Polyurethane Foam Products;

    j.    an increase in the prices or costs of raw materials, including chemicals used in the manufacture of Polyurethane Foam and/or Polyurethane Foam Products;

    k.    a price increase for Polyurethane Foam and/or Polyurethane Foam Products, or raw materials for Polyurethane Foam and/or Polyurethane Foam Products that was yet to be publicly announced or published;

    l.    the effective date of a future price increase for Polyurethane Foam and/or Polyurethane Foam Products;

    m.    the business ramifications to you or your company of a price increase for Polyurethane Foam and/or Polyurethane Foam Products or raw materials for Polyurethane Foam and/or Polyurethane Foam Products;

    n.    mutual customers for Polyurethane Foam and/or Polyurethane Foam Products;

    o.    market shares or changes in market shares for Polyurethane Foam and/or Polyurethane Foam Products; and/or

    p.    competitive conditions relating to the purchase and/or sale of Polyurethane Foam and/or Polyurethane Foam Products.

Response: Plaintiff objects to the area of inquiry to the extent it does not involve a "competitive overlap" situation (See Dkt. No. 671-2) and to the extent it seeks the terms of sales, including pricing, by Plaintiff of its products to its customers. Plaintiff reserves the right to instruct the deponent not to answer pursuant to the rulings of the Court in Dkt. Nos. 671-1 and 671-2. Without waiving such objection, Plaintiff will make a designee available to testify to the remainder of the area of inquiry subject to the General Objections stated herein.

46. Communications concerning plans or instructions to contact any Person to obtain, provide, or exchange Price Increase Letters and/or other information about prices or price increases for Polyurethane Foam and/or Polyurethane Foam Products.

    <u>Response</u>: Plaintiff will make a designee available subject to the General Objections stated herein.

47. Memberships, participation, and/or other involvement in any trade or industry associations or organizations, buying or selling cooperatives, or similar organizations relating to Polyurethane Foam and/or Polyurethane Foam Products.

    <u>Response</u>: Plaintiff will make a designee available subject to the General Objections stated herein.

48. Competition between you and any of the Defendants in the sale of Polyurethane Foam and/or Polyurethane Foam Products, and the nature, results, and/or outcomes of the competitive situations.

    <u>Response</u>: Plaintiff will make a designee available subject to the General Objections stated herein.

49. The facts, documents, and other information you believe support your claims and allegations in this Action.

    <u>Response</u>: Plaintiff will make a designee available subject to the General Objections stated herein.

50. The persons with knowledge concerning the allegations in your Complaint and the facts you contend support those allegations.

    <u>Response</u>: Plaintiff will make a designee available subject to the General

Objections stated herein.

51. The damages you claim to have suffered as a result of the events described in your Complaint and how those damages were calculated.

> Response: Plaintiff objects to this area of inquiry to the extent that it calls for Plaintiff to disclose information provided by any consulting economist or other expert witness prior to the date provided for designation of expert witnesses in this action. Without waiving such objection, Plaintiff will make a designee available subject to the General Objections stated herein.

52. Any steps or actions that you have taken to mitigate the damages you claim, including the costs and benefits of taking such steps.

> Response: Plaintiff objects to the area of inquiry to the extent it does not involve a "competitive overlap" situation (See Dkt. No. 671-2) and to the extent it seeks the terms of sales, including pricing, by Plaintiff of its products to its customers. Plaintiff reserves the right to instruct the deponent not to answer pursuant to the rulings of the Court in Dkt. Nos. 671-1 and 671-2. Without waiving such objection, Plaintiff will make a designee available to testify to the remainder of the area of inquiry subject to the General Objections stated herein.

53. Any steps or actions you have taken to discover any of the activities alleged in this Action.

> Response: Plaintiff will make a designee available subject to the General Objections stated herein.

Dated: November 15, 2013.

                                                                             <u>s/William Liston III</u>
                                                                             William Liston III (MSB #8482)
LISTON/LANCASTER PLLC
P. O. Box 14127
Jackson, MS 39236
Tel. (601) 981-1636
Email: wlist3@aol.com

Counsel for The Bedding Group, Inc.

---

**Certificate of Service**

I hereby certify that a copy of the above and foregoing document was served electronically on lead counsel for Defendants pursuant to Paragraph 10 of the Court's January 20, 2011 Initial Case Management Conference Order, ECF No. 17.

                                                                            <u>s/William Liston III</u>
                                                                             William Liston III