UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

_____
                                        )
In re POLYURETHANE FOAM ANTITRUST        )
LITIGATION                               )    MDL Docket No. 2196
_____)      Index No. 10-MD-2196 (JZ)
                                        )
This document relates to:                )
                                        )
ALL CASES                                )
_____)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
FOR ISSUANCE OF LETTERS ROGATORY TO MICHAEL CALDERONI,
ANTHONY DACOSTA, DOUG DOLPHIN, AND AL ZINN**

**Introduction and Relevant Background**

Direct Purchaser (Class) Plaintiffs, Indirect Purchaser (Class) Plaintiffs, and Direct Action Plaintiffs (collectively, "Plaintiffs") request that the Court issue the accompanying Letters Rogatory to Michael Calderoni, Anthony Dacosta, Doug Dolphin, and Al Zinn in Canada, which request deposition testimony and documents regarding each individual's participation in the alleged price-fixing conspiracy from these consolidated actions.  Plaintiffs met and conferred with FXI-Foamex Innovations, Inc. ("FXI") before filing this motion.  After reviewing the instant motion and attached letters rogatory, FXI indicated that it will take no position, whether in support or opposition.

The issuance of Letters Rogatory is necessary because the requested information is highly relevant to Plaintiffs' claims in this litigation, but is currently unavailable from parties to these consolidated actions.  Vitafoam employees specifically named Messrs. Dacosta, Dolphin, and Zinn (all former employees of Foamex) as co-conspirators to governmental authorities.  Domfoam employees have identified Mr. Calderoni in declarations filed with the Court as another co-conspirator.  Nevertheless, in discovery, Defendant FXI-Foamex Innovations, Inc. ("FXI")—which is the only party that potentially had possession, custody, or control over the

four individuals' documents since it purchased all of Foamex International, Inc. and its subsidiaries' assets in June 2009—informed Plaintiffs that it no longer possesses any documents from throughout the alleged conspiracy period for Messrs. Dacosta, Dolphin, and Zinn, and that its documents for Mr. Calderoni were limited by time.[1] Moreover, according to FXI, Messrs. Dacosta, Dolphin, and Zinn each left Foamex International's employ by, latest, 2006, Mr. Calderoni left FXI's subsidiary, FXI Canada's, employ by 2011, and all are located in Canada. This effectively precludes Plaintiffs from issuing a notice for their deposition absent some aid from Canadian courts.

For these reasons, and as further discussed below, Plaintiffs thus respectfully request that the Court grant this motion and issue the Letters Rogatory.

## Argument

### I.  LETTERS ROGATORY ARE THE PROPER METHOD FOR A U.S. COURT TO SEEK DISCOVERY IN A FOREIGN JURISDICTION

A letter rogatory is a formal written request sent by a court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action before the requesting court. *Marroquin-Manriquez v. I.N.S.,* 699 F.2d 129 (3rd Cir. 1983); *U.S. v. Reagan,* 453 F.2d 165, 168 (6th Cir. 1971) (affirming district court's issuance of letters rogatory seeking documents from investigation conducted by German authorities); Wright, Miller, & Marcus, Federal Practice and Procedure (2007), § 2083. The decision to issue such a letter is within the Court's discretion, *U.S. v. Mason,* 1990 WL

---

[1] FXI represents it did search for and produce those documents it was able to locate from Mr. Calderoni's files. Plaintiffs believe that meet and confers between the parties, however, make clear that, the further back in time FXI searched, the more limited the available documents were due to FXI's warehousing of certain records when it purchased Foamex International's assets in June 2009. By the proposed letter rogatory, Plaintiffs therefore seek any additional materials Mr. Calderoni may have in his possession, custody, and control that FXI does not.

185894, at *3 (4th Cir. 1990), and the proper inquiry for issuance is whether the discovery sought complies with the liberal standard of Federal Rule of Civil Procedure 26. *DBMS Consultants Ltd. v. Comp. Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); *see also Barnes & Noble, Inc. v. LSI Corp.*, No. 11–02709, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012) ("A court's decision whether to issue a letter rogatory [compelling deposition testimony] … require[s] an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure.")

Here, Plaintiffs' use of Letters Rogatory is the appropriate and sanctioned method of obtaining discovery from former Foamex employees Michael Calderoni, Anthony Dacosta, Doug Dolphin, and Al Zinn.[2] Where a document custodian/deponent is located in a nation, like Canada, that is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters,[3] letters rogatory are particularly appropriate. *See*, *e.g.*, *Bakeer v. Nippon Cargo Airlines, Co.*, 2011 U.S. Dist. LEXIS 90102, *61-62 (E.D.N.Y. 2011) (noting that "[s]ince Japan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters…, [t]he only method for obtaining the testimony of an unwilling Japanese witness is through 'a letter rogatory executed by a Japanese court'"); *U.S. v. Walus*, 616 F.2d 283, 304 (7th Cir. 1980) (district court should have granted request by defendant for use of

---

[2] *See* Federal Rule of Civil Procedure 4(f)(2)(B); the All Writs Act, 28 U.S.C. §§1651, 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); Article 5(j), Vienna Convention on Consular Relations, April 24, 1963; 21 U.S.T. 77; 596 U.N.T.S. 261; T.I.A.S. 6820.

[3] *See, e.g.*, U.S. Department of State, http://travel.state.gov/law/judicial/judicial_682.html (noting that Canada is not a party to the Hague Convention on the "Taking of Evidence Abroad in Civil or Commercial Matters") (last visited Nov. 6, 2013); Hague Convention, http://www.hcch.net/index_en.php?act=states.details&sid=28 (listing Conventions Canada has ratified, but "Taking of Evidence Abroad in Civil or Commercial Matters" is not among them) (last visited Nov. 6, 2013).

3

letter rogatory to obtain evidence located abroad that was relevant to defendant's case); *U.S. v. Paraffin Wax*, 23 F.R.D. 289 (E.D.N.Y. 1959); *Danisch v. Guardian Life Ins., Co.*, 19 F.R.D. 235 (S.D.N.Y. 1956); *Branyan v. KLM*, 13 F.R.D. 425 (S.D.N.Y. 1953).

1. **LETTERS ROGATORY ARE APPROPRIATE UNDER CANADIAN LAW**

    Plaintiffs' request also complies with Canadian law. The Canada Evidence Act specifically provides that a court outside of Canada may serve letters rogatory upon a Canadian court. R.S.C.1985, c. C-5 §. 46. Judicial assistance between the United States and Canada is also governed by Article 5 of the Vienna Convention on Consular Relations, dated April 24, 1963 ("Vienna Convention"), which provides that a letter rogatory is an appropriate method for requesting evidence located in a foreign state. Vienna Convention, Art. 5(j); 21 U.S.T. 77; 596 U.N.T.S. 261; T.I.A.S. 6820; *see also* U.S. Department of State, http://travel.state.gov/law/judicial/judicial_682.html (last visited Nov. 6, 2013). Pursuant to these parallel authorities, once a Letter Rogatory is sent by the State Department to the Appropriate Judicial Authority of Canada, the Judicial Authority of Canada has the power to transmit the Letter to MDA. *Id.*; R.S.C.1985, c. C-5 § 46.

2. **PLAINTIFFS SEEK RELEVANT DISCOVERY VIA THE PROPOSED LETTERS ROGATORY**

    As the proposed Letters Rogatory attached hereto as Exhibits 1-4 demonstrate, Plaintiffs request four discrete categories of documents that go directly to Messrs. Calderoni, Dacosta, Dolphin, and Zinn's participation in the alleged conspiracy. This is certainly reasonably calculated to lead to the discovery of admissible evidence and, moreover, is not unduly burdensome, overbroad, or unnecessarily cumulative of other discovery in this case since (a) FXI has informed Plaintiffs that it no longer possesses any of Messrs. Dacosta, Dolphin, and Zinn's ESI and cannot determine whether it still possesses their hard copy files without undue burden and expense, (b) it appears FXI also does not possess certain of Mr. Calderoni's older documents

4

and potentially others from the relevant time period, and (c) the requested documents include targeted requests for production. The requested depositions are similarly aimed at obtaining relevant evidence to this dispute since each of the individuals was personally named by Vitafoam as competitor employees who participated in the alleged conspiracy. (*E.g.*, Dkt. 46 (Direct Purchaser (Class) Plaintiffs' Consolidated Amended Complaint) ¶¶ 72, 74.) Plaintiffs obviously cannot obtain this deposition testimony from any other source. Accordingly, there are multiple reasons for the requested discovery.

## Conclusion

For the foregoing reasons, Plaintiffs request that the court approve, date, sign, and seal the proposed Letters Rogatory accompanying Plaintiffs' Motion. The documents requested by Plaintiffs are set forth in Exhibit A of the each of the proposed Letters Rogatory. After the court signs the Letters Rogatory, Plaintiffs further request that the clerk authenticate the court's signature by affixing the court's seal thereto, and that the Letters Rogatory be thereafter returned by the clerk to counsel for Plaintiffs. Counsel for Plaintiffs will promptly have the Letters Rogatory transmitted to the United States Department of State for delivery to the Appropriate Judicial Authority of Canada for execution.

DATED: November 18, 2013

                                                                            Respectfully Submitted,

/s/ William A. Isaacson  
William A. Isaacson  
BOIES, SCHILLER & FLEXNER LLP  
5301 Wisconsin Avenue, NW  
Washington, DC 20015  
Phone: 202-237-5607  
Fax:    202-237-6131  

/s/ Stephen R. Neuwirth  
Stephen R. Neuwirth  
QUINN EMANUEL URQUHART  
   & SULLIVAN, LLP  
51 Madison Avenue, 22nd Floor  
New York, NY 10010  
Phone: 212-849-7165  
Fax:    212-849-7100  

*Direct Purchaser (Class Action) Plaintiffs' Interim Lead Counsel*

/s/ William J. Blechman
William J. Blechman
Douglas H. Patton
**KENNY NACHWALTER, P.A.**
201 South Biscayne Boulevard
Suite 1100
Miami, Florida 33131-4327
Phone: 305-373-1000
Fax: 305-372-1861
Email: wblechman@kennynachwalter.com

*Counsel for Direct Purchaser (Non-Class) Plaintiffs*

/s/ Marvin A. Miller
Marvin A. Miller
MILLER LAW LLC
115 South LaSalle St., Suite 2910
Chicago, Illinois 60603
Phone:  312-332-3400
Fax:    312-676-2676

*Indirect Purchaser Plaintiffs' Interim Lead Counsel*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 18, 2013, in accordance with Paragraphs 5 and 9 of the Initial Case Management Order entered January 20, 2011, the foregoing **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF LETTERS ROGATORY TO MICHAEL CALDERONI, ANTHONY DACOSTA, DOUG DOLPHIN, AND AL ZINN**, and exhibits thereto, were filed electronically using the Court's ECF system, which will send notification of such filing to counsel of record.

      */s/* Adam B. Wolfson
      Adam B. Wolfson
      QUINN EMANUEL URQUHART
         & SULLIVAN, LLP
      51 Madison Avenue, 22nd Floor
      New York, NY 10010
      Phone: 212-849-7000
      Fax:    212-849-7100