**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION )<br>)<br>)<br>)<br>This document relates to: )<br>)<br>ALL CASES )<br>) | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |

### LETTER ROGATORY TO MICHAEL CALDERONI

TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE STATE OF CANADA:

The United States District Court for the Northern District of Ohio presents its compliments to the Appropriate Judicial Authority of the State of Canada and requests international judicial assistance to obtain documents and deposition testimony for use at trial from Michael Calderoni, who is located in Canada.

This request is made pursuant to Rule 4(f)(2)(B) of the Federal Rules of Civil Procedure; the All Writs Act, 28 U.S.C. §1651 and 28 U.S.C. §1781 (permitting the transmittal of letters rogatory through the district courts and the Department of State); Article 5(j), Vienna Convention on Consular Relations, April 24, 1963; 21 U.S.T. 77; 596 U.N.T.S. 261; T.I.A.S. 6820. The United States District Court for the Northern District of Ohio is a competent court of law and equity that properly has jurisdiction over this proceeding and the power to compel the production of documents both within and outside its jurisdiction. Mr. Calderoni has in his possession, custody, and control the documents specified in the requests in Schedule A.

The production of these documents and Mr. Calderoni's deposition testimony is intended for use in a civil trial, and the documents are highly relevant to the claims and defenses in the case. The various plaintiff groups in these consolidated actions (collectively, "Plaintiffs") have sued a number of flexible polyurethane foam manufacturers for violating the United States antitrust laws by colluding to fix the prices for flexible polyurethane foam. Mr. Calderoni

worked for an entity owned and operated by one of the accused conspirators, Foamex International, Inc., and was specifically named to United States and Canadian authorities as an individual who directly communicated and conspired with the named Defendants.

Schedule A sets out requests for specific documents directly related to Mr. Calderoni's participation in the alleged conspiracy.

Schedule B sets out Plaintiffs' best understanding of Mr. Calderoni's current address.

This letter rogatory request is made with the understanding that it will in no way require any person to violate any laws of Canada. In the proper exercise of its authority, this court has determined that the documents described in Schedule A and Mr. Calderoni's deposition cannot be secured except by intervention of the Appropriate Judicial Authority of the State of Canada.

### Letter Rogatory

TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE STATE OF CANADA:

| | | |
|---|---|---|
| 1. | Sender: | *Stephen R. Neuwirth*<br>*Quinn Emanuel Urquhart & Sullivan LLP*<br>*51 Madison Avenue*<br>*New York, New York 10010*<br>*Telephone: +1 212 849 7000*<br><br>*As authorized by:*<br>*The Honorable Jack Zouhary*<br>*United States District Judge*<br>*United States District Court for*<br>*the Northern District of Ohio*<br>*1716 Spielbusch Avenue*<br>*Toledo, Ohio 43604 U.S.A.*<br>*Telephone: +1 419 213 5500* |
| 2. | Person to whom the executed Letter Rogatory is to be returned: | *Stephen R. Neuwirth*<br>*Quinn Emanuel Urquhart & Sullivan LLP*<br>*51 Madison Avenue*<br>*New York, New York 10010*<br>*Telephone: +1 212 849 7000* |
| 3. | Date by which the requesting authority requires receipt of response to the Letter Rogatory: | *December 20, 2013, or as soon thereafter as possible.* |
| | Reason for urgency: | *To allow the parties enough time to analyze the requested documents for their use at trial, a response to the Letter Rogatory is requested by December 20, 2013.* |

| | | |
|---|---|---|
| 4. | Requesting U.S. judicial authority: | *United States District Court for the Northern District of Ohio*<br>*1716 Spielbusch Avenue*<br>*Toledo, Ohio 43604 U.S.A.* |
| 5. | To appropriate judicial authority of: | *State of Canada* |
| 6. | Parties to case and case number: | *In re Polyurethane Foam Antitrust Litigation, 10-md-2196-JZ (N.D. Ohio)* |
| | Plaintiff Group: | *Direct Purchaser (Class) Plaintiffs* |
| | Plaintiff's representative: | *Stephen R. Neuwirth*<br>*Quinn Emanuel Urquhart & Sullivan LLP*<br>*51 Madison Avenue*<br>*New York, New York 10010*<br>*Telephone: +1 212 849 7000* |
| | Plaintiff Group: | *Indirect Purchaser (Class) Plaintiffs* |
| | Plaintiff's representative: | *Marvin Miller*<br>*Miller Law LLC*<br>*115 S. La Salle Street #2910*<br>*Chicago, Illinois 60603*<br>*Telephone: +1 312 332 3400* |
| | Plaintiff Group: | *Direct Action Plaintiffs* |
| | Plaintiff's representative: | *William Blechman (Liaison Counsel)*<br>*Kenny Nachwalter, P.A.*<br>*1100 Miami Center*<br>*201 South Bicayne Boulevard*<br>*Miami, Florida 33131*<br>*Telephone: +1 305 373 1000* |
| | Defendants related to this request: | *FXI-Foamex Innovations, Inc.*[1] |
| | Defendants' representative: | *Francis P. Newell*<br>*Cozen O'Connor LLP*<br>*1900 Market Street*<br>*Philadelphia, Pennsylvania 19103*<br>*+1 215 665 2000* |

---

[1] Foamex International, Inc. went through Chapter 11 bankruptcy in 2009. On June 12, 2009, FXI-Foamex Innovations, Inc. ("FXI") purchased all of Foamex International, Inc.'s assets, including Mr. Dacosta's former employer. FXI subsequently sold off that particular asset, but also has retained control or had access to documents that potentially included Mr. Dacosta's old files and/or other materials.

|   |   |
|---|---|
| Other Defendants in case: | *Carpenter Co.; E.R. Carpenter, L.P.; Carpenter Holdings, Inc.; Flexible Foam Products, Inc.; Hickory Springs Manufacturing Company; Future Foam, Inc.; Leggett & Platt, Incorporated; Mohawk Industries, Inc.; Vitafoam, Inc.; Vitafoam Products Canada Ltd.; British Vita Unlimited; Woodbridge Foam Corporation; Woodbridge Sales & Engineering, Inc.; Woodbridge Foam Fabricating, Inc.* |

8. Facts of the case, summary of complaint, defenses, and counterclaims:

*The requested documents and deposition testimony will be used in a civil trial involving alleged violations of the United States antitrust laws. Plaintiffs allege that, from at least 1999 through at least August 2010, Defendants colluded to fix prices for flexible polyurethane foam in the United States. The Defendants in these consolidated actions represent the major flexible polyurethane foam manufacturers in North America, and the allegations involve substantial conduct in both Canada and the United States. For example, one Defendant, Domfoam, as a part of a settlement agreement with Plaintiffs, provided details about the conspiracy that implicated, among others, Mr. Calderoni's former employer and Mr. Calderoni himself. Based on these facts and others collected over the past several years, Plaintiffs continue to pursue Defendants for their illegal conduct.*

*In response, Defendants have denied Plaintiffs' allegations and asserted various legal and factual defenses. Those defenses—and, in limited instances, counterclaims—are too voluminous to report here, but generally assert that (a) Defendants did not engage in the alleged conspiracy, and (b) even if Defendants did engage in some of the alleged conduct, it was either not illegal or does not result in damage or legal claims to Plaintiffs for a variety of reasons.*

*The parties are currently engaged in discovery, with a discovery cutoff of February 14, 2014.*

| | | |
|---|---|---|
| 9. | Judicial assistance to be performed: | *It is respectfully requested that the Appropriate Judicial Authority of the State of Canada compel Michael Calderoni to produce to Plaintiff the documents requested in Schedule A, and to sit for deposition on a date and time before February 14, 2014.* |
| 10. | Purpose of judicial assistance: | *Plaintiffs have requested evidence that consists* |

|  |  | *of documents and tesitmony relating to Mr. Calderoni's participation in the alleged conspiracy. Plaintiffs will use this evidence to support their claims in these consolidated actions.* |
|---|---|---|
| 11. | Documents to be inspected: | *See Schedule A.* |
|  |  | *This Court requests that the documents in question either be produced to Plaintiffs directly or be made available at a location either in the United States or in Canada for inspection and copying by legal and technical representatives of the concerned parties.* |
| 12. | Requirement that the evidence be given under oath or affirmation and special form to be used: | *United States law requires that documents used as evidence at trial be authenticated. Accordingly, it is requested that Mr. Calderoni be required to testify under oath regarding whether the documents:* |
|  |  | *(A) were kept in the course of the regularly conducted business activity of Mr. Calderoni's employer; and* |
|  |  | *(B) were made in the course of the regularly conducted business activity of Mr. Calderoni's employer as a regular practice.* |
|  |  | *The testimony must be provided in a manner that, if falsely made, would subject the maker to criminal penalty under the laws of the country where the testimony is provided.* |
| 13. | Request for notification of the time and place for the execution of the Letter Rogatory and address of persons to be notified: | *The court requests that notification of the time and place for execution of the Letter Rogatory be sent to the following representatives of the court and concerned parties:* |
|  |  | *United States District Court for the Northern District of Ohio Attn: The Honorable Jack Zouhary United States District Judge United States District Court for the Northern District of Ohio 1716 Spielbusch Avenue Toledo, Ohio 43604 U.S.A.* |
|  |  | *Direct Purchaser (Class) Plaintiffs Attn: Stephen R. Neuwirth Quinn Emanuel Urquhart & Sullivan LLP 51 Madison Avenue New York, New York 10010* |
|  |  | *Indirect Purchaser (Class) Plaintiffs* |

Attn: Marvin Miller
Miller Law LLC
115 S. La Salle Street #2910
Chicago, Illinois 60603

Direct Action Plaintiffs
Attn: William Blechman (Liaison Counsel)
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Bicayne Boulevard
Miami, Florida 33131

and

FXI-Foamex Innovations, Inc.
Attn: Francis P. Newell
Cozen O'Connor LLP
1900 Market Street
Philadelphia, Pennsylvania 19103

| | | |
|---|---|---|
| 14. | Specification of privilege or duty to refuse to give evidence under the laws of Canada: | Mr. Calderoni may refuse to produce any documents requested if such production would disclose a confidential communication between Mr. Calderoni and his attorneys. |
| 15. | Reimbursement of fees and costs incurred: | Plaintiffs will reimburse the Appropriate Judicial Authority of the State of Canada for all expenses incurred in executing the Letter Rogatory. |

Please direct requests for reimbursement to:

Stephen R. Neuwirth
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue
New York, New York 10010
Telephone: +1 212 849 7000

| | | |
|---|---|---|
| 16. | Reciprocity regarding Letter Rogatory: | The United States District Court for the Northern District of Ohio will honor similar appropriate requests from the Appropriate Judicial Authority of the State of Canada. |
| 16. | Date of Request: | November 20, 2013 |
| 17. | Signature and seal of the requesting authority: | |

_____
The Honorable Jack Zouhary
United States District Judge

_____
Clerk

## SCHEDULE A

## REQUEST FOR DOCUMENTS FOR USE AT TRIAL

It is requested that the Appropriate Judicial Authority of the State of Canada compel the production of the following documents, or in the alternative, compel the following documents to be made available for inspection by the parties and their representatives, either in the United States or in Canada. The documents should be produced or made available in the manner in which they are kept in the normal course of business, including in electronic format if applicable.

Documents requested:

1. For the time period from 1998 through when you ceased being an employee of Foamex Canada Co., any and all documents concerning your communications with any competitor or employee of any competitor regarding pricing, sales, sales terms, sales volumes, sale conditions, supply, demand, and/or output of flexible polyurethane foam.

2. For the time period from 1998 through when you ceased being an employee of Foamex Canada Co., any and all documents concerning your communications with any competitor or employee of any competitor regarding the timing, amount, and/or scope of any price increase announcements for flexible polyurethane foam.

3. For the time period from 1998 through when you ceased being an employee of Foamex Canada Co., any and all calendars reflecting meetings you held with any employee of a competing manufacturer of flexible polyurethane foam.

4. For the time period from 1998 through when you ceased being an employee of Foamex Canada Co., any and all phone records for any cellular or other mobile phone(s) you used.

## **SCHEDULE B**

Michael Calderoni
Ontario, Canada