**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION _____ This document relates to: ALL DIRECT PURCHASER ACTIONS _____ | ) ) ) ) ) ) ) ) ) |

MDL Docket No. 2196
Index No. 10-MD-2196 (JZ)

**MOHAWK INDUSTRIES, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR LEAVE TO
AMEND ANSWER TO DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15 and other applicable law, Mohawk Industries, Inc. ("Mohawk") respectfully moves this Court to enter an order granting Mohawk leave to amend its answer to the Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint.  Mohawk seeks to amend its Answer by adding the following affirmative defense:

**SIXTEENTH DEFENSE**

Plaintiffs' claims on behalf of putative class members are barred due to the presence of mandatory, binding arbitration agreements between Mohawk certain putative class members.

As set forth more fully below, Mohawk's Motion For Leave to Amend Answer to Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint (the "Motion") should be granted because such requests must be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).

## I.    <u>Relevant Facts</u>

The Direct Purchaser Plaintiffs ("Plaintiffs") filed their Consolidated Amended Class Action Complaint (the "Complaint") on February 28, 2011.  (Dkt. No. 46).  Plaintiffs filed the Complaint on behalf of themselves and unnamed members of a class of persons and entities who "purchased flexible polyurethane foam directly from Defendants and/or their co-conspirators from January 1, 1999 to the present."  (*Id.* at ¶ 142).  Mohawk filed its answer to the Complaint (the "Answer") on September 26, 2011.[1]  (Dkt. No. 269).  Mohawk's Answer included sixteen affirmative defenses.  Although Mohawk inadvertently failed to assert an affirmative defense regarding arbitration, several other defendants asserted an arbitration defense, including: Plastomer Corporation (*see* Dkt. No. 252 at 64); Domfoam International Inc. and Valle Foam Industries (1995) Inc. (*see* Dkt. No. 272 at 38); Woodbridge Sales & Engineering, Inc. (*see* Dkt. No. 276 at 18); Woodbridge Foam Corporation (*see* Dkt. No. 277 at 18); and Woodbridge Foam Fabricating, Inc. (*see* Dkt. No. 281 at 19).

On June 11, 2013, Plaintiffs filed a motion seeking to certify a class of all "persons or entities that purchased flexible polyurethane foam (but excluding molded foam) directly from Defendants and/or their co-conspirators from January 1, 1999 to July 31, 2010 for purchase from or delivery into the United States."  (Dkt. No. 584 at 1).  Defendants, including Mohawk, filed a response to Plaintiffs' class certification motion on August 29, 2013, noting the existence of arbitration agreements with several putative class representatives and Defendants' intent to enforce those provisions at the appropriate juncture:

> Several putative class members have entered into binding arbitration agreements precluding class-wide adjudication of their claims. Defendants intend to enforce these agreements at the

---

[1] Mohawk's answer was timely filed pursuant to this Court's orders setting deadlines to answer the Complaint.  (*See* Dkt. Nos. 229 and 244).

> appropriate time if necessary. *See In re Titanium Dioxide Antitrust Litig.*, No. 10-0318, 2012 WL 5947283, at *3 (D. Md. 2012) ("A resolution of [arbitration issues] requires that the class composition be known. . . .").

(Dkt. No. 682 at 10 n.2).  This Court has scheduled a hearing on the Plaintiffs' motion for class certification for January 15, 2014, (Dkt. No. 783 ¶ 8), but, to date, no class has been certified and members of the proposed class are therefore not currently parties to this case.  Fact discovery in this case is scheduled to end on February 14, 2014.  (Dkt. No. 814  at ¶ 2).

## II.  Argument and Citation of Authorities

### A.  Rule 15 Should Be Liberally Applied and Leave to Amend Should be Freely Granted.

Federal Rule of Civil Procedure 15 allows parties to amend their pleadings "with the opposing party's written consent or the court's leave,"[2] and further instructs that courts "**should freely give leave when justice so requires**."  Fed. R. Civ. P. 15(a)(2) (emphasis added).  The United States Supreme Court has confirmed that this "mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962).  "Generally speaking, the Sixth Circuit is very liberal in allowing amendments . . . ." *Nw. Nat'l Ins. Co. of Milwaukee, Wis. v. Joslyn*, No. 93-4266, 1995 WL 270995, at *6 (6th Cir. May 8, 1995) (citing *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (explaining that the policy in favor of granting leave "'is to be applied with extreme liberality'").  Consistent with the Supreme Court's view that litigation is <u>not</u> "a game of skill in which one misstep by counsel may be decisive to the outcome," *Conley v. Gibson*, 355 U.S. 41, 48 (1957), liberal application of Rule 15(a) allows parties to test their "claim[s] on the merits." *Forman*, 371 U.S. at 182.  Accordingly, as the Sixth Circuit has explained, "[t]he thrust of the

---

[2] Mohawk notes that it met and conferred with counsel for Plaintiffs to obtain consent to file an amended answer pursuant to Federal Rule of Civil Procedure 15(a)(2).  Counsel for Plaintiffs refused consent.

provision 'is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings.'" *Bendix*, 823 F.2d at 951 (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (holding that Rule 15(a) *"facilitate[s] determination of claims on the merits and . . . prevent[s] litigation from becoming a technical exercise in the fine points of pleading").

Courts have therefore placed the burden on the party opposing leave to demonstrate why leave should not be granted.  *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (allowing leave to amend when the non-movant had "failed to demonstrate prejudice"); *Dussouy*, 660 F.2d at  598 ("Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."); *Morgan v. F.A.A.*, 262 F.R.D. 5, 8 (D.D.C. 2009) ("Under Rule 15(a), the nonmovant generally carries the burden in persuading the court to deny leave to amend." (citing *Dussouy*)).  Specifically, the nonmoving party must show special circumstances to resist granting leave:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Forman*, 371 U.S. at 182.  Notably, however, "[d]elay by itself is not sufficient reason to deny a motion to amend."  *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (citation omitted); *see also Bendix*, 823 F.2d at 951 ("Delay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend." (citing *Tefft*, 689 F.2d at 639 n.2)).

### B.    No Special Circumstances Exist to Justify Denying Leave to Amend.

Because no special circumstances are present in this case, leave to amend should be granted.  It cannot be said that Mohawk delayed asserting an arbitration affirmative defense out

of bad faith.  Indeed, Mohawk is only seeking to compel arbitration with putative class members, i.e., persons who are not yet – and may never be – parties to this litigation.  *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 (2011) (noting that it would be a "novel and surely erroneous argument [to suggest] that a nonnamed class member is a party to the class-action litigation *before the class is certified*." (quoting *Devlin v. Scardelletti*, 536 U.S. 1, 16 n.1 (2002)) (emphasis in original); *In re Vertrue Inc. Mktg. and Sales Pracs. Litig.*, 719 F.3d 474, 479 n.1 (6th Cir. 2013) ("[U]nnamed class members are not parties to a putative class action . . . .") (citations omitted); *Dorsey v. Commonwealth Land Title Ins. Co.*, No. 1:08-CV-1103, 2008 WL 5071894, at *3 (N.D. Ohio Nov. 24, 2008) ("Unnamed class members are not technically a part of an action until the court certifies the class.") (citations omitted).  As a result, and because a class has not been certified at this time, Mohawk's assertion of this additional defense against absent putative class members is timely and, at the very least, should not be considered "undue." *See Mora v. Harley-Davidson Credit Corp.*, No. 1:08-CV-1453, 2012 WL 1189769, at *15 (E.D. Cal. Apr. 9, 2012) (allowing defendant to move to compel arbitration with absent class members after a class was certified because "until a class is certified and the opt-out period has expired, unnamed Class members are not parties to this action, and their claims are not at issue."), *report and recommendation adopted*, 1:08-CV-1453 AWI BAM, 2012 WL 3245518 (E.D. Cal. Aug. 7, 2012).  Moreover, allowing Mohawk to assert this defense against putative class members will have no effect on the claims of the proposed class representatives.  *Contra Jones v. W. Reserve Transit Auth.*, 455 F. App'x 640, 645 (6th Cir. 2012) (affirming denial of leave to amend when plaintiff sought to strip court of federal jurisdiction by removing all federal claims).  Neither would amendment be "futile" as the presence of an arbitration agreement is a valid defense.  *See*

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

### C.    Plaintiffs Cannot Demonstrate Undue Prejudice.

Importantly, Plaintiffs will not be prejudiced by any amendment to Mohawk's Answer. In evaluating a party's motion to amend a pleading, "there must be 'at least some significant showing of prejudice to the opponent' if the motion is to be denied." *Bendix*, 823 F.2d at 951 (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)); *see also Jordan v. L.A. County*, 669 F.2d 1311, 1324 (9th Cir. 1982) ("The crucial factor in determining whether leave to amend should be granted is the resulting prejudice to the opposing party." (citing *Howey v. U.S.*, 481 F.2d 1187 (9th Cir. 1973)), *vacated on other grounds,* 459 U.S. 810 (1982). Prejudice only becomes "undue," however, if the amendment would:

> require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps*, 30 F.3d at 663. Because none of these circumstances are present here, Plaintiffs cannot demonstrate that they will suffer undue prejudice if Mohawk is granted leave to amend its answer.

First, granting leave to amend would not require the Plaintiffs to expend significant additional resources to conduct discovery or prepare for trial. Any additional discovery related to this defense is likely to be minimal. Additionally, to the extent that Plaintiffs would like to cover this issue through deposition of Mohawk witnesses, they will have the opportunity to do so during the 30(b)(6) deposition of Mohawk tentatively scheduled to occur next month. Moreover, because Mohawk only seeks to compel arbitration with absent class members, and because

Mohawk's motion would not impact Plaintiffs' claims against other defendants, amendment of Mohawk's answer would not impact Plaintiffs' preparation for trial.

Second, granting leave to amend would not significantly delay resolution of this dispute. Most notably, Mohawk only intends to seek to compel arbitration with putative class members and it cannot seek to compel arbitration with putative class members until a class is certified. *See In re Titanium Dioxide Antitrust Litig.*, No. 10-0318, 2012 WL 5947283, at *3 (D. Md. Nov. 27, 2012) ("A resolution of [arbitration issues] requires that the class composition be known . . . ."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 78-CV-1827, 2011 WL 1753784, at *4 (N.D. Cal. May 9, 2011) (holding that, even though litigation had been ongoing for more than four years, defendants had not waived right to compel arbitration against unnamed plaintiffs because class had previously not been certified); *Mora*, 2012 WL 1189769, at *15 ("Harley does not have a right to compel arbitration against unnamed Class members prior to class certification."); *Midland Funding, LLC v. Brent*, No. 3:08-CV-1434, 2010 WL 4628593, at *4 n.1 (N.D. Ohio Nov. 4, 2010) (Katz, J.) ("Any arbitration-related defenses that Midland and MCM have to claims of certain class members may be dealt with pursuant to Fed. R. Civ. P. 23 at a later stage in the litigation, through the creation of subclasses, or by eliminating some members of the class.").  Because Mohawk has not yet had an opportunity to compel arbitration with putative class members, amendment of Mohawk's Answer to assert a defense against these unnamed putative class members cannot delay resolution of this dispute.

Third, Plaintiffs have been on notice of the presence of arbitration agreements with some putative class members for over 2 years.  Several Defendants asserted arbitration defenses in their answers to Plaintiffs' Complaint.  (*See* Dkt. Nos. 252 at 64, 272 at 38, 276 at 18, 277 at 18, and 281 at 19).  Defendants, including Mohawk, also notified Plaintiffs that Defendants intended

to seek to compel arbitration in their response to Plaintiffs' class certification motion in August 2013.  (Dkt. No. 682 at 10 n.2) ("Several putative class members have entered into binding arbitration agreements precluding class-wide adjudication of their claims. Defendants intend to enforce these agreements at the appropriate time if necessary.").  Because Plaintiffs have been aware of Defendants' intent to seek to compel arbitration against some putative class members, they cannot suffer undue prejudice if Mohawk is granted leave to assert a defense based on similar agreements:

> The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it.  Thus, **if a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice**.

*Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993) (emphasis added) (citations and quotation marks omitted); *see also Head*, 870 F.2d at 1123 ("Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.") (citation omitted).

Finally, the addition of an arbitration affirmative defense would have no impact on Plaintiffs' litigation strategy to date.  Plaintiffs have not undertaken discovery or motions practice that they otherwise might have avoided.  Regardless of whether unnamed class members are required to litigate their claims against Mohawk, the named plaintiffs would still be litigating claims against Mohawk and the many other defendants in this case.  Additionally, as discussed above, Plaintiffs still have ample time to investigate this defense through discovery.  Fact discovery is ongoing and Plaintiffs have also not yet conducted a Rule 30(b)(6) deposition of Mohawk.  Given that there are two and a half months left in fact discovery, Plaintiffs have more than enough time to seek discovery regarding the limited issue of whether putative class

members have agreed to arbitrate claims with Mohawk. *Compare Chesler v. City of Fairview Park*, No. 1:13-CV-40, 2013 WL 2950562, at *2 (N.D. Ohio June 12, 2013) (Lioi, J.) (allowing party to amend pleading when there were "almost three months left in discovery") *with United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (denying leave to amend because defendant moved to amend "about a month before the beginning of trial and 18 months after discovery had been completed"). Plaintiffs therefore cannot demonstrate that they will suffer "undue prejudice" if Mohawk is granted leave to amend its Answer. *See Head*, 870 F.2d at 1123 ("Delay by itself is not sufficient reason to deny a motion to amend.").

## III.   Conclusion

For these reasons, Mohawk respectfully requests leave to amend its Answer to include an affirmative defense regarding the presence of mandatory arbitration agreements with putative class members.

Respectfully submitted this 6th day of December, 2013.

ALSTON & BIRD LLP

/s/ Randall L. Allen
Randall L. Allen
Georgia Bar No. 011436
Teresa T. Bonder
Georgia Bar No. 703969
Kara F. Kennedy
Georgia Bar No. 926006
Allison S. Thompson
Georgia Bar No. 779509
Matthew L.J.D. Dowell
Georgia Bar No. 236685
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777
randall.allen@alston.com

*Counsel for Defendant Mohawk Industries, Inc.*

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I hereby certify that the foregoing **MOHAWK INDUSTRIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER TO DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** complies with the page limitations of Local Rule 7.1(f) as this matter has been assigned to the complex track.  (Dkt. No. 17 ¶ 1).  I further certify that on this day I filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record in this case.


Dated:  December 6, 2013.

/s/ Matt Dowell
Matt Dowell