IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re Polyurethane Foam Antitrust Litigation

This document relates to:
ALL CASES

Case No.

O R D E R

JUDGE JACK ZOUHARY

This Court held a record Status Phone Conference on December 18, 2013 (Court Reporter: Tracy Spore) on Defendants' "Motion to Reconsider the Structure of the Hearing on Plaintiffs' Motions for Class Certification" (Doc. 852) and other matters. Indirect Purchaser Plaintiffs opposed that Motion. During the phone call, Direct Purchaser Plaintiffs stated they endorsed the arguments contained in the Indirect Purchaser Plaintiffs' Opposition.

See attached roll call sheet for counsel in attendance.

**Motion to Reconsider and *Daubert* Filings**

For the reasons discussed during the phone conference, and expanded on below, this Court denies Defendants' Motion. This Court granted the request of Defendants Leggett & Platt Inc. and Mohawk Indus. Inc. to have an additional witness present at the January 15 hearing. Therefore, the hearing will proceed as previously structured, subject to amendments reflected in the "Revised Order re Class Certification Motions Hearing Format," filed contemporaneously with this order.

The call included a discussion of the impact of *Comcast Corp. v. Behrend*, — U.S. — , 133 S. Ct. 1426 (2013), on two issues posed by Defendants' recent filings. First, Defendants argued *Comcast* holds that if a party does not move to strike expert testimony offered in support of a motion for class

certification before that motion is decided, later objections to admissibility of the expert testimony are waived.

*Comcast* imposes no such rule. The question there presented was: "Whether a district court may certify a class action without resolving whether the plaintiff class had introduced admissible evidence, including expert testimony, to show that the case is susceptible to awarding damages on a class-wide basis." *Id*. at 1431 n.4. That phrasing was the Court's, a reworking of the question for which *certiorari* was originally sought. Petition for Writ of Certiorari, Comcast v. Behrend, 11-864, 2012 WL 105558, at *i ("The question presented is whether a district court may certify a class action without resolving 'merits arguments' that bear on Rule 23's prerequisites for certification, including whether purportedly common issues predominate over individual ones under Rule 23(b)(3).").

Apparently focusing on the question-presented phrase "introduced admissible evidence," the parties, according to the dissent, "responsively[] devoted much of their briefing to the question whether the standards for admissibility of expert evidence set out in Federal Rule of Evidence 702 and *Daubert*, apply in class certification proceedings." *Id.* at 1435 (Ginsburg, J., dissenting) (citation omitted). Moreover, "respondents confirmed at oral argument that they understood [the Court's] rewritten question to center on admissibility." *Id*. The dissent then went on to find that the proceedings below did constitute waiver. *Id*. at 1436.

But while a "large segment" of justices -- four justices, to be exact -- may have reached that conclusion, a majority did not. After reciting respondent's waiver argument, the Court observed:

> Such a [Rule 702] forfeit would make it impossible for petitioners to argue that [a damages expert's] testimony was not 'admissible evidence' under the Rules; but it does not make it impossible for them to argue that the evidence failed 'to show that the case is susceptible to awarding damages on a class-wide basis.' Petitioners argued below, and continue to argue here, *that certification was improper because respondents had failed to establish that damages could be measured on a classwide basis. That is the question we address here*.

2

133 S. Ct. at 1431 n.4 (emphasis added). In other words, the Court in *Comcast* addressed and resolved petitioner's argument regarding the susceptibility of that particular case to class-wide proof on damages, not respondent's waiver argument. Even if the damages expert's testimony had been deemed admissible by default owing to a *Daubert* waiver -- a point the majority clearly did not resolve, given its use of the conditional tense when discussing the possible consequences of a forfeit -- petitioner still would have prevailed because that expert's testimony did not fit the only theory of antitrust impact for which class treatment had been allowed. *See id.* at. 1433–35. *See also* Pierre N. Laval, *Judging under the Constitution: Dicta about Dicta*, 81 N.Y.U. L. REV. 1249, 1256 (2006) (noting that "[i]f the court's judgment and the reasoning which supports it would remain unchanged, regardless of the proposition in question, that proposition plays no role in explaining why the judgment goes for the winner. It is superfluous to the decision and is dictum."). Nowhere else in the majority opinion do "*Daubert*," "Rule 702," or related allusions appear.

In any event, *Daubert* Motions have been filed, and must be dealt with at some point. Therefore, this Court orders the following:

> (1) Parties will complete briefing of the *Daubert* Motions in accordance with the following schedule: Plaintiff Oppositions with respect to each *Daubert* Motion (Docs. 844, 846, 848, & 850) are due by **January 3, 2014.**. Defendants' Replies are due by **January 10, 2014**.
>
> (2) Parties shall meet and confer regarding the need for amendments to the case schedule in light of Defendants' *Daubert* filings. If amendments are necessary, counsel will, by **January 15, 2014**, propose amendments to the scheduling order. The October 2014 trial date is firm.

Second, Defendants during the phone call argued *Comcast* (or other installments of the Court's recent class-action jurisprudence) speaks to the question of whether an evidentiary hearing must be held at the class certification stage.

3

That argument appeared to proceed in one of three ways: (1) *Comcast* now requires that, as a matter of law, this Court hold an evidentiary hearing in conjunction with a class certification hearing; (2) for "simple" cases, the decision to hold an evidentiary hearing rests with the discretion of the district court, but for "complex" cases, the district court must as a matter of law hold an evidentiary hearing in conjunction with a hearing on class certification; or (3) that in all cases the decision to hold an evidentiary hearing rests with the discretion of the district court, but that it would be an abuse of discretion in *this* case not to allow the additional testimony requested by Defendants.

This Court finds legal support for only the third statement of the general rule, but not in *Comcast*, *Wal-mart Stores, Inc. v. Dukes*, 564 U.S. — , 131 S. Ct. 2541 (2011), or *Amgen v. Conn. Retirement Plans and Trust Funds*, — U.S. — , 133 S. Ct. 1184 (2013). *See, e.g.*, *In re Initial Pub. Offerings Sec.. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) (noting "a district judge has ample discretion to circumscribe both the extent of discovery concerning Rule 23 requirements and the extent of a hearing to determine whether such requirements are met in order to assure that a class certification motion does not become a pretext for a partial trial of the merits."). The *Dukes* line of cases speaks to the rigor with which this Court must, and will, scrutinize Plaintiffs' attempt at carrying their Rule 23 burden. The cases do not prescribe a particular procedural mechanism for making that determination.

This Court disagrees with Defendants regarding the necessity of a full-blown evidentiary hearing. With respect to the pending Motions for Class Certification only, the parties have submitted volumes of Motions, Briefs in Support of Motions, Oppositions, Replies, Reports, Declarations, Reply Reports, affidavits, and appendix materials to all of the above culled by scores of experienced attorneys on both sides from a discovery record that dwarves those Motion materials many, many times over. That discovery record includes, according to the phone conference, depositions of all class certification experts, with the exception of Leitzinger, conducted *after* the pending Motions for Class

4

Certification were fully briefed (Leitzinger's deposition will be taken in early January.  As mentioned during the call, this Court will entertain a request for leave to file further materials discussing new matters raised in Leitzinger's deposition.  This Court granted an oral stipulation, proposed by Direct Purchasers and Defendants, to allow additional time for Leitzinger's deposition to be taken.).  That pile will grow owing to Defendants' *Daubert* Motions, which will be fully briefed before the hearing on class certification.  If, despite all of that work, any party feels it has not sufficiently articulated its position in support of or in opposition to the pending Motions, it has a chance to do so at the January 15 hearing.  For present purposes, that record suffices.  And should this Court conclude that the record requires supplementing or clarifying in the process of writing its Memorandum Opinion and Order resolving the pending Motions, it will inform the parties.

    IT IS SO ORDERED.

                                                                            s/ *Jack Zouhary*

                                                                JACK ZOUHARY
                                                                U. S. DISTRICT JUDGE

                                                                December 20, 2013