IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION )<br>)<br>)<br>)<br>This document relates to: )<br>)<br>ALL DIRECT PURCHASER ACTIONS )<br>) | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |

**MOHAWK INDUSTRIES, INC.'S REPLY BRIEF IN
SUPPORT OF ITS MOTION FOR LEAVE TO
AMEND ANSWER TO DIRECT PURCHASER PLAINTIFF'S CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT**

Federal Rule of Civil Procedure 15 requires that leave to amend a pleading must be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the party opposing leave to amend bears the burden of demonstrating why leave should not be granted. *See, e.g.*, *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (allowing leave to amend when the non-movant had "failed to demonstrate prejudice"). In opposing Mohawk Industries, Inc.'s ("Mohawk") motion to amend, Direct Purchaser Plaintiffs ("Plaintiffs") argue that amendment would be futile since Mohawk has waived its right to arbitrate against unnamed class members. However, the United States Supreme Court has made clear that, as a matter of federal policy, all doubts regarding waiver must "be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983), and Plaintiffs have not overcome the strong presumption against a finding of waiver. First, unnamed class members' claims are not currently before the Court, meaning that Mohawk cannot have acted "inconsistently" with its intent to arbitrate with them. Second, Plaintiffs cannot demonstrate they would suffer actual prejudice if Mohawk is allowed to compel arbitration of only a small fraction of the claims at issue.

- 1 -

Accordingly, Plaintiffs have failed to show that amendment would be futile and Mohawk's motion to amend should be granted.

## I. Leave to Amend Should be Granted Because Mohawk Has Not Waived Its Right to Arbitrate.

Mohawk's proposed amendment, which applies to the claims of certain putative class members, is not futile because it asserts a valid arbitration defense and, as explained in greater detail below, this defense has not been waived.[1] The United States Supreme Court has made clear that, as a matter of federal policy, all doubts must "be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25. Consistent with this strong presumption in favor of arbitration, the "waiver of the right to arbitration is not to be lightly inferred." *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 355 (6th Cir. 2003) (quotation marks omitted). Accordingly, Plaintiffs bear a heavy burden in demonstrating that Mohawk waived its ability to compel arbitration: only "the most compelling fact patterns" will justify a finding of waiver. *JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 393 (6th Cir. 2008); *see also Systran Fin. Servs. Corp. v. Giant Cement Holding, Inc.*, 252 F. Supp. 2d 500, 508 (N.D. Ohio 2003) ("[T]he party seeking to prove waiver has a heavy burden.").

Under Sixth Circuit precedent, Plaintiffs must satisfy a two-prong test to demonstrate waiver. First, Plaintiffs must show that Mohawk took "actions that are completely inconsistent with any reliance on an arbitration agreement." *Johnson Assocs. Corp. v. HL Operating Corp.*,

---

[1] Plaintiffs argue that the "affirmative defense of arbitration is now asserted against the class representatives only." (Brief in Opp. at 12). This is plainly wrong, as Mohawk is only seeking to amend its answer to assert the defense against unnamed putative class members: "Plaintiffs' claims on behalf of putative class members are barred due to the presence of mandatory, binding arbitration agreements between Mohawk [and] certain putative class members." (Dkt. No. 828 at 1).

680 F.3d 713, 717 (6th Cir. 2012) (quotation marks omitted). Second, Plaintiffs must also establish that Mohawk "delay[ed] its assertion to such an extent that the opposing party incur[red] actual prejudice." *Id.* (quotation marks omitted); *see also Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002). Despite Plaintiffs' suggestions to the contrary, these are not separate "bas[es]" under which waiver can be found. (Brief in Opp. at 8). Both prongs must be satisfied for there to be waiver. Plaintiffs have not satisfied either.

### A. Because Unnamed Putative Class Members Are Currently Not Parties to this Case, Mohawk Cannot Have Taken Actions That Are "Completely Inconsistent" With Its Intent to Arbitrate Claims Against Them.

Plaintiffs have not demonstrated that Mohawk took "actions that are completely inconsistent with any reliance on an arbitration agreement." *Johnson Assocs.*, 680 F.3d at 717 (quotation marks omitted). Plaintiffs argue that "Mohawk actively participated in extensive discovery and motion practice for three years without mentioning arbitration" and that Mohawk made a "conscious decision not to arbitrate until now." (Brief in Opp. at 7-8). This ignores the fact that Mohawk is seeking leave to assert a defense against unnamed putative class members—not against the named Plaintiffs. In the context of class actions, the law is clear that, "until a class is certified and the opt-out period has expired, unnamed Class members are not parties to this action, and their claims are not at issue." *Mora v. Harley-Davidson Credit Corp.*, No. 1:08-cv-1454, 2012 WL 1189769, at *15 (E.D. Cal. Apr. 9, 2012), *findings and recommendations adopted*, 2012 WL 3245518 (E.D. Cal. Aug. 7, 2012). Accordingly, a party does "not have a right to compel arbitration against unnamed Class members prior to class certification." *Mora*, 2012 WL 1189769, at *15; *see also Laguna v. Coverall N. Am., Inc.*, No. 09-cv-2131, 2011 WL 3176469, at *8 (S.D. Cal. July 26, 2011) ("Defendants cannot move to compel arbitration against putative class members prior to certification of a class."); *McLeod v. Ford Motor Co.*, No. 5:04-

cv-1255, 2005 WL 3763354, at *3 (C.D. Cal. Apr. 15, 2005) ("Defendants' argument for a stay of these claims on the basis of putative class members' arbitration agreements is premature."); *Whittington v. Taco Bell of Am., Inc.*, No. 10-cv-1884, 2011 WL 1772401, at *5 (D. Colo. May 10, 2011) ("The court finds no procedure or authority under 9 U.S.C. § 4 to compel putative class members, who are not currently before the court and, because a class has not yet been certified, have not even received notice of the litigation, to arbitrate their potential claims against Defendants."). No class has been certified in this case. Mohawk therefore does not presently have the right to compel arbitration against unnamed class members, and thus could not have waived that right.

To date, Mohawk has only litigated claims brought by individual class representatives. Contrary to Plaintiffs' arguments, Mohawk is not seeking to arbitrate any claims against these named representatives and whether Mohawk has waived its right to arbitrate against named plaintiffs is irrelevant to the inquiry of whether Mohawk has waived its right to arbitrate against unnamed class members. *See, e.g.*, *Gregory v. Preferred Fin. Solutions*, No. 5:11-cv-422, 2013 WL 6632322, at *8 (M.D. Ga. Dec. 17, 2013) ("[T]he waiver of a party's right to enforce an arbitration clause against a class representative does not affect the right to enforce a valid arbitration clause against a putative class member."). Moreover, because Mohawk has never had the right to compel arbitration with unnamed class members, it cannot have acted inconsistently with its intent to arbitrate claims of unnamed putative class members: "In the context of a class action, however, the Defendants could not have waived their rights to enforce the contractual clauses at issue until the class composition was final." *In re Titanium Dioxide Antitrust Litig.*, __ F. Supp. 2d. __, No. 1:10-cv-318, 2013 WL 4516472, at *9 (D. Md. Aug. 26, 2013); *see also In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 08-1827, 2011 WL 1753784, at *4 (N.D. Cal. May

9, 2011) ("Defendants' failure to raise arbitration against absent members of the DPP class prior to that time, although puzzling for the reasons discussed above, was not so inconsistent with their present assertion of the right that waiver must be found."); *In re Evanston Nw. Corp. Antitrust Litig.*, No. 07-cv-4446, 2013 WL 6490152, at *4 (N.D. Ill. Dec. 10, 2013) (holding that defendant had not waived its right to arbitrate against putative class members because "the waiver principle presupposes that the target of a potential motion to compel arbitration is actually a party to the case"). Mohawk "obviously cannot be faulted for not moving to compel arbitration with respect to [unnamed class members] prior to their joining the litigation." *Khadera v. ABM Indus. Inc.*, No. 08-cv-417, 2011 WL 7064235, at *4 (W.D. Wash. Dec. 1, 2011).

The litigation conduct of Mohawk is in line with – or even less substantial – than the conduct of defendants who have successfully sought to compel arbitration against unnamed class members later in litigation. For example, in *Mora* the parties had already fully briefed cross-motions for partial summary judgment. *See* 2012 WL 1189769, at *2-3. In *In re Titanium Dioxide*, the defendants had filed a motion to dismiss, opposed class certification, and sought to amend the class definition once before moving to compel arbitration. (*See* No. 1:10-cv-318, D. Md., Dkt. Nos. 84, 293, 352). In *TFT-LCD*, the defendants had filed two motions to dismiss, opposed class certification, and "engag[ed] in extensive discovery." 2011 WL 1753784, at *3. Yet in all these cases, the courts ultimately concluded that the defendants could not have waived their right to arbitrate against unnamed class members. *See also Allied Sanitation, Inc. v. Waste Mgmt. Holdings, Inc.*, 97 F. Supp. 2d 320, 328 (E.D.N.Y. 2000) ("Waste Management's conduct in opposing Mowbray's initial summary judgment motion, opposing class certification, waiting for just about two months after the district court certified the class before invoking the arbitration clause, and thereafter opposing the second summary judgment motion, does not rise to the level

of waiver."). The litigation conduct identified by Plaintiffs in this case, therefore, is irrelevant to the waiver inquiry.

Plaintiffs concede that unnamed putative class members are currently not parties to the litigation, but they further argue that unnamed class members can never be parties to an action. (Brief in Opp. at 12). Whether or not unnamed class members are ever considered true "parties" to the case, it is clear that after certification unnamed class members who do not opt out of the litigation (*i.e.*, the persons whom Mohawk will seek to compel arbitration with if they signed an arbitration agreement) are bound by the decisions of the Court. *See Smith v. Bayer Corp*, 131 S. Ct. 2368, 2380 (2011) (noting that only a certified class – and not a proposed or rejected class action – can bind unnamed class members).[2] Perhaps recognizing this fact, Plaintiffs backtrack and concede that unnamed class members may be "treated like parties to the litigation for some purposes but not for others." (Brief in Opp. at 12) (citing Newberg on Class Actions § 1.5). Indeed, for the purpose of compelling arbitration, federal courts have consistently held that unnamed class members become "parties" after certification. The cases cited by Plaintiffs do not suggest otherwise. In one, the court actually agreed that the defendants "likely could not have moved to compel arbitration . . . until after the class was certified." *Edwards v. First Am. Corp.*, 289 F.R.D. 296, 307 (C.D. Cal. 2012). That court ultimately held the defendant had waived its right after waiting almost a year after the Ninth Circuit issued a mandate certifying a class before moving to compel arbitration. *Id.* In this case, no certification decision has been reached.

---

[2] Plaintiffs erroneously suggest that the motion to dismiss the class representatives' claims filed by Mohawk and several other defendants "would have precluded class members' claims in subsequent actions." (Brief in Opp. at 11). If the case had been dismissed, no class would have been certified and the case would have had no preclusive effect on unnamed class members. *See Smith*, 131 S. Ct. at 2380. Mohawk's conduct is therefore not "highly calculated." Instead, it merely reflects the fact that until a class is certified, no motion to compel arbitration is proper.

The other case relied on by Plaintiffs is an unpublished[3] California state court case applying California law. *Morgan v. AT&T Wireless Servs., Inc.*, No. B241242, 2013 WL 5034436, at *6 n.3 (Cal. Ct. App. Sept. 13, 2013) (refusing to apply federal law on point because "this state's Code of Civil Procedure, and our interpretation of its requirements, govern the procedure for invoking arbitration in California courts"). In addition, the *Morgan* court also applied a California waiver rule which, unlike the rule in the Sixth Circuit, does not require a showing of actual prejudice. Plaintiffs therefore present no justification to ignore the party/non-party distinction applied by federal courts in *Mora*, *TFT-LCD*, *In re Titanium Dioxide*, *Khadera*, *Evanston Northwest*, and *Gregory*.

### B. Plaintiffs Have Not Incurred Any "Actual Prejudice."

Regardless of whether Mohawk acted inconsistently with its right to arbitrate, Plaintiffs have also failed to demonstrate that they would suffer any actual prejudice, which is dispositive of Plaintiffs' waiver argument. *See Johnson Assocs.*, 680 F.3d at 717; *see also Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 587 (4th Cir. 2012) ("But, even in cases where the party seeking arbitration has invoked the litigation machinery to some degree, the dispositive question is whether the party objecting to arbitration has suffered *actual prejudice*.") (quotation marks omitted). A party can demonstrate actual prejudice by establishing that compelling arbitration late in litigation would cause it to "incur unnecessary delay or expense." *Johnson Assocs.*, 680 F.3d at 719 (quoting *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991)). There is "[n]o bright line" test to determine whether a party would suffer unnecessary delay or expense: "neither a particular time frame nor dollar amount automatically results in such a finding." *Kramer*, 943 F.2d at 179. Prejudice is instead "determined

---

[3] Pursuant to the California Rule of Court 8.1115, "an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action."

contextually, by examining the extent of the delay, the degree of litigation that has preceded the invocation of arbitration, the resulting burdens and expenses, and the other surrounding circumstances." *Id.*

Delay alone is insufficient to establish prejudice. *See Johnson Assocs.*, 680 F.3d at 720 ("[P]retrial expense and delay—unfortunately inherent in litigation—without more, do not constitute prejudice sufficient to support a finding of waiver." (quoting *Leadertex Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 26 (2d Cir. 1995))). Plaintiffs' unsupported assertion that three years "is at the upper bounds of when courts even consider waiver," (Brief in Opp. at 8), is therefore insufficient to establish actual prejudice. Other class action cases demonstrate that three years is not exceptional. *See TFT-LCD*, 2011 WL 1753784, at *6 (allowing defendants to move to compel arbitration against unnamed class members three-and-a-half years after class action complaint filed); *In re Titanium Dioxide*, 2013 WL 4516472, at *9 (allowing defendants to compel arbitration with unnamed class members two years after class action complaint filed).

Plaintiffs have otherwise failed to demonstrate actual prejudice to either unnamed class members or the named class representatives. First, unnamed class members would suffer no prejudice if Mohawk were able to enforce valid, enforceable arbitration agreements. Unnamed class members have expended no resources in this case and have not participated in the litigation to date. Enforcing a contractual provision to which a party agreed cannot constitute prejudice. *See Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 230 (2d Cir. 2001) ("Prejudice does not refer to enforcing a bargained-for agreement . . . ."); *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) ("The Arbitration Act thus establishes a

federal policy favoring arbitration requiring that we rigorously enforce agreements to arbitrate." (internal citations and quotation marks omitted)).

Second, Plaintiffs cannot point to a single litigation event that would not have occurred if Mohawk sought to compel arbitration earlier (which, as explained above, Mohawk had no right to do). Plaintiffs allege they suffered prejudice by responding to "Mohawk's class-related motion practice and discovery." (Brief in Opp. at 9). But all the discovery and litigation activity that has occurred to date would have been unaffected by any motion to compel arbitration with Mohawk's customers, a small subset of the overall putative class. The Plaintiff class representatives and all of the same Defendants, including Mohawk, would still have been parties litigating the case. Discovery or litigation activity that would have occurred regardless of a motion to compel cannot constitute actual prejudice since it is not "unnecessary." *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-1827, 2011 WL 4017961, at *5 (N.D. Cal. Sept. 9, 2011) (holding that Costco did not suffer prejudice because "[a]lthough Costco may have incurred expenses in connection with the prosecution of its case, Costco would have incurred those expenses regardless of the arbitration demand"); *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 210 (E.D.N.Y. 2013) (refusing to find waiver when the party opposing arbitration identified no "other motion practice and/or discovery in this contentious and voluminous litigation that would have been avoided had the Defendants moved to compel arbitration sooner"). As detailed in the previous section, Mohawk is currently unable to compel arbitration with any unnamed class members as no class has been certified. As a result, Mohawk would have engaged in exactly the same litigation activity even if it had announced its intent to arbitrate earlier.

More fundamentally, Plaintiffs ignore the fact that they have brought a putative class action on behalf of a wide swath of purchasers of "polyurethane foam." (*See* Dkt. No. 584). Many of these putative class members (including most named representatives), never purchased carpet cushion – the only "polyurethane foam" product Mohawk manufactured.[4] Unnamed class members who entered into arbitration agreements with Mohawk (usually retail carpet stores purchasing Mohawk's carpet cushion products), represent only a fraction of the overall putative class. Regardless of whether Mohawk seeks to compel arbitration with these customers, Mohawk would have engaged in exactly the same litigation activity against the named class representatives and all unnamed class members with whom it has no arbitration agreement.[5] Mohawk has therefore not improperly gained any litigation advantage not available in arbitration.

Not only have Plaintiffs failed to identify any litigation activity that would not have been necessary if some unnamed class members were required to arbitrate their claims against Mohawk, but they have also not pointed to a single motion that Mohawk filed or opposed individually. What Plaintiffs call "Mohawk's expert report" was jointly prepared on behalf of Defendant Leggett & Platt and likely would have been prepared regardless of whether Mohawk was a party in this case. Every other motion Plaintiffs point to was similarly filed on behalf of multiple defendants who would have litigated the case with equal vigor without Mohawk.

---

[4] Instead, the vast majority of polyurethane foam sales at issue in this case relate to slabstock or prime polyurethane foam, which is used primarily in the fabrication of mattresses, furniture, and automotive products. (*See, e.g.*, Dkt. No. 584 Exhibit L, Expert Report of Jeffrey J. Leitzinger, Ph.D. at ¶ 102). Indeed, Plaintiffs' own expert report shows that only 19% of polyurethane foam was used for flooring products (i.e., carpet cushion) and further estimates that Mohawk's sales only constituted 15% of the carpet cushion market. (*Id.*, Exs. 3 & 17).

[5] While it is nearly beside the point, Plaintiffs inaccurately characterize Mohawk's participation in this case. As a "focused and phased" defendant, Mohawk's role in this case to date has been largely passive. Mohawk brought only one motion pursuant to Rule 12(b)(6) and has not been significantly active in discovery except to respond to Plaintiffs' discovery. Moreover, Plaintiffs' own class certification expert essentially ignored Mohawk's data in his expert report. (Deposition of Dr. Jeffrey Leitzinger, at 44:2-9) (noting that Mohawk data was excluded from Dr. Leitzinger's impact analysis).

Plaintiffs also incorrectly suggest that they would suffer prejudice merely by responding to this motion or a future motion to compel arbitration. The prejudice inquiry focuses on litigation or discovery conduct not associated with the motion to compel. A contrary rule would result in automatic waiver in every case, because every party opposing arbitration suffers the "prejudice" of responding to a motion to compel arbitration. This is plainly not the law in the Sixth Circuit. *See Johnson Assocs.* 680 F.3d at 717 (requiring that party opposing arbitration must demonstrate that it "incur[red] actual prejudice"). Likewise, the fact that Plaintiffs may have to "expend additional resources to respond to a new defense" does not constitute prejudice. (Brief in Opp. at 10). Plaintiffs seek to mislead the Court on this point by citing to *Phelps v. McClellan*, 30 F.3d 658 (6th Cir. 1994). But in *Phelps*, the Sixth Circuit actually allowed a party to assert a new defense under Rule 15(a) because, "perhaps, most importantly, the amendment embodies a legally valid defense." *Id.* at 663. Nowhere does *Phelps* suggest that responding to a new, valid defense constitutes prejudice. Nor would Plaintiffs have to "scramble" to collect "new evidence" or to "formulat[e] new strategies." Plaintiffs would merely have to respond to a single motion to compel arbitration. As evidenced by Mohawk's motion to compel arbitration with direct action plaintiff CAP Carpet, Inc., the legal and factual issues presented by Mohawk's form arbitration agreements are straightforward. (No. 3:13-pf-10004, Dkt. Nos. 24, 26, 28). And Plaintiffs will have ample opportunity to inquire about these arbitration agreements at the Rule 30(b)(6) deposition of Mohawk, tentatively scheduled for early February.[6] For all these reasons, Plaintiffs would not suffer any actual prejudice if Mohawk is permitted to amend its answer.

---

[6] To the extent Plaintiffs need additional discovery on this issue, the Court may allow a limited extension of the discovery period. *See, e.g.*, *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 106 F. Supp. 2d 737, 745 (D.N.J. 2000) (concluding that the party opposing a Rule 15(a) amendment would not suffer prejudice because the court could allow "limited discovery, if warranted").

**Conclusion**

Because Plaintiffs cannot establish that Mohawk waived its right to arbitrate against unnamed class members, Mohawk must be granted leave to amend its answer to assert an arbitration defense against unnamed class members.

Respectfully submitted this 2nd day of January, 2014.

                                        ALSTON & BIRD LLP

                                        /s/ Randall L. Allen
                                        Randall L. Allen
                                        Georgia Bar No. 011436
                                        Teresa T. Bonder
                                        Georgia Bar No. 703969
                                        Kara F. Kennedy
                                        Georgia Bar No. 926006
                                        Allison S. Thompson
                                        Georgia Bar No. 779509
                                        Matthew L.J.D. Dowell
                                        Georgia Bar No. 236685
                                        1201 West Peachtree Street
                                        Atlanta, GA  30309-3424
                                        Telephone: (404) 881-7000
                                        Facsimile:  (404) 881-7777
                                        randall.allen@alston.com

                                        *Counsel for Defendant Mohawk Industries, Inc.*

## CERTIFICATE OF AND SERVICE

I hereby certify that on this day I filed a copy of the foregoing **MOHAWK INDUSTRIES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER TO DIRECT PURCHASER PLAINTIFF'S CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record in this case.

Dated: January 2, 2014.

        /s/ Matt Dowell
        Matt Dowell