UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) ) | MDL Docket No. 2196 Index No. 10-MD-2196 (JZ) |
| This document relates to: All Direct and Indirect Purchaser Class Cases | ) ) ) ) ) |  |

**DEFENDANTS' POSITION ON THE RELATIVE TIMING OF
THE COURT'S DECISIONS ON PLAINTIFFS' MOTIONS FOR
CLASS CERTIFICATION AND DEFENDANTS' *DAUBERT* MOTIONS**

Pursuant to the Court's instructions during the December 18, 2013 telephone conference, the undersigned defendants ("Defendants") provide below arguments in support of their position that the Court must decide Defendants' motions pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), with respect to each of Plaintiffs' class certification expert witnesses, ECF Nos. 844, 846, 848 & 850, prior to deciding the Direct Purchaser (Class) Plaintiffs ("DPPs") and Indirect Purchaser Class Plaintiffs' ("IPPs" and, collectively with DPPs, "Plaintiffs") respective motions for class certification, ECF Nos. 577 & 584.

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), *Amgen, Inc. v. Connecticut Retirement Plans & Trust Funds*, 133 S. Ct. 1184 (2013), and *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), indisputably require plaintiffs seeking class certification to proffer *factual* evidence *proving* their fulfillment of each applicable element of Rule 23 of the Federal Rules of Civil Procedure.  As detailed in Defendants' Memorandum in Opposition to Direct Purchaser (Class) Plaintiffs' Motion for Class Certification, ECF No. 682 (filed under seal) (the

"Opposition"), in antitrust cases, that evidence must include proof *common to the class* of both antitrust impact (i.e., injury) and damages to all or virtually all members of the proposed class. *Id.* 11–14.  Plaintiffs' *only* evidence of common impact and damages lies in the reports and testimony of their economic experts.  Consequently, Plaintiffs' expert evidence is *indispensable* to their motions for class certification.

Defendants have advanced two separate but related arguments regarding Plaintiffs' expert evidence.  First, Defendants' *Daubert* motions detail numerous reasons why Plaintiffs' expert evidence is *unreliable* and *inadmissible* under Rule 702 of the Federal Rules of Evidence and the *Daubert* standard.  In order for Plaintiffs to fulfill Rule 23's elements, they must provide *facts* with respect to each Rule 23 element, and in order for those *facts* to constitute *evidence* on which the Court can rely, they must be *admissible*.  *See Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 418 (6th Cir. 2012) (holding that it is "clearly wrong" for a district court to conduct a "'limited factual inquiry'" because it "does not constitute the required 'rigorous analysis,'" but finding only harmless error because "[t]he district court probed behind the pleadings, considering all of the relevant documents that were in evidence").  If Plaintiffs' expert evidence is inadmissible under *Daubert*, Plaintiffs are left without *any* evidence of common impact and damages.

Second, Plaintiffs' proof in support of their motions for class certification must be *sufficient* to meet their burden.  *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996) ("[The] unequivocal pronouncements by the Supreme Court and this court [confirm] that the burden of establishing the elements of a class action rests on the party seeking certification.").  As Defendants' Opposition shows, Plaintiffs' expert evidence, even if deemed admissible, is insufficient to satisfy Plaintiffs' Rule 23 obligations for a variety of independent reasons.

Fulfilling the *Daubert* standard, in other words, is a necessary but not sufficient predicate for meeting Plaintiffs' Rule 23 requirements for class certification; unless *both* standards are met, Plaintiffs' proposed classes *cannot be certified*. It necessarily follows that in order for the Court's decisions on class certification to have the requisite evidentiary basis, *both* arguments must be addressed *prior* to those decisions.

As previously discussed in Defendants' *Daubert* motions, *see, e.g.*, ECF No. 845 at 2–3 (filed under seal), although courts historically have diverged on the application of *Daubert* at the class certification stage, and the Supreme Court has not yet had occasion to rule directly on the issue, the Court's decisions in *Wal-Mart* and *Comcast* strongly indicate that the approach of the United States Courts of Appeals for the Seventh, Ninth, and Eleventh Circuits and other courts— i.e., treating a full-blown *Daubert* analysis as a separate, distinct *prerequisite* to class certification[1]—is the correct one. The Court made this very clear in *Wal-Mart*, noting that although the parties had "dispute[d] whether [the plaintiffs' expert] testimony even met the standards for the admission of expert testimony under Federal Rule of Evidence 702 and" *Daubert*, "[t]he District Court concluded that *Daubert* did not apply to expert testimony at the certification stage of class-action proceedings," 131 S. Ct. at 2553–54 (internal citation omitted), but adding, "We doubt that is so." *Id.* at 2554.

---

[1] *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 812 (7th Cir. 2012) ("When an expert's report or testimony is 'critical to class certification,' we have held that a district court must make a *conclusive* ruling on any challenge to that expert's qualifications or submissions *before it may rule on a motion for class certification*.") (quoting *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815–16 (7th Cir. 2010)) (emphasis added); *accord Sher v. Raytheon Co.*, 419 F. App'x 887, 890–91 (11th Cir. 2011) (holding that a district court's refusal to review expert evidence under *Daubert* precluded the court from making the requisite factual findings to support class certification); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011); *Cannon v. BP Prods. N. Am., Inc.*, Civ. Action No. 3:10-CV-00622, 2013 U.S. Dist. LEXIS 142394, at *18 (S.D. Tex. Sept. 30, 2013) ("When considering expert opinions at the class certification stage, 'court[s] should rely on the admissibility standards for expert evidence as construed by the Supreme Court in *Daubert* and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).'") (citations omitted); *Coleman v. Union Carbide Corp.*, Civ. Action No. 2:11-0366, 2013 U.S. Dist. LEXIS 140613, at *61 (S.D. W. Va. Sept. 30, 2013) ("The court is . . . not prohibited from addressing the defendants' *Daubert* challenge at the class certification stage. To the extent any doubt remained on that point . . . , it was laid to rest in *Comcast*.") (internal citation omitted).

The import and relevance of that statement, which may be self-evident, become even clearer when one looks at precisely what conclusion the Supreme Court was rejecting. The statement was directed to the district court's conclusion that "courts should not even apply the full *Daubert* 'gatekeeper' standard at [the class certification] stage. Rather, 'it is clear to the Court that a lower *Daubert* standard should be employed at this [class certification] stage of the proceedings.'" *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 191 (N.D. Cal. 2004) (quoting *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159, 162–63 (C.D. Cal. 2002)) (internal citation omitted) (second alteration in original). The Supreme Court was not merely rejecting the proposition that *Daubert* does not apply at the class certification stage, but *also rejecting the proposition that anything less than "the full Daubert 'gatekeeper' standard" is acceptable at that stage*.[2] Although the Court ultimately determined that it did not need to decide the case on the basis of *Daubert*, it did so only because "even if properly considered [i.e., even if reliable and admissible under Rule 702 and *Daubert*], [the plaintiffs' expert] testimony [did] nothing to advance [the plaintiffs'] case," resulting in the same conclusion: class certification was inappropriate. *Wal-Mart*, 131 S. Ct. at 2554. Since the plaintiffs' expert evidence was *insufficient*, even if allowed, there simply was no reason for the Court to comment further on the *Daubert* issue.

This straightforward reading of *Wal-Mart* is consistent with the Supreme Court's more recent decision in *Comcast*. As in *Wal-Mart*, the procedural history of the case and the nature of the Court's opinion reinforce that the *Daubert* standard, when invoked, is a distinct *prerequisite* to class certification. As detailed in Defendants' *Daubert* motions, *see, e.g.*, ECF No. 845 at 4

---

[2] This statement thus undermines the "relaxed" or "tailored" *Daubert* analysis that certain other Courts of Appeals have suggested would be applicable at the class certification stage. *See In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 614 (8th Cir. 2011); *Behrend v. Comcast Corp.*, 655 F.3d 182, 204 n.13 (3d Cir. 2011), *rev'd*, 133 S. Ct. 1426 (2013).

n.1 (filed under seal), the defendants in *Comcast* did not file *Daubert* motions in the district court. The Supreme Court acknowledged that failing to "make an objection to the admission of [the] testimony [of the plaintiffs' expert] under the Federal Rules of Evidence," as the defendants did in *Comcast*, "would make it impossible for [the defendants] to argue that [the] testimony [of the plaintiffs' expert] was not 'admissible evidence' under the Rules." 133 S. Ct. at 1431 n.4. The Court did not, however, question the appropriateness of such an argument regarding admissibility at that stage; instead, the defendants' default operated to foreclose an *otherwise procedurally appropriate and possibly meritorious* argument from further consideration. Nevertheless, because satisfying *Daubert* did not *ipso facto* mean that the plaintiffs' evidence was *sufficient* to meet Rule 23's requirement, "[s]uch a forfeit" did "not make it impossible for them to argue that the evidence failed 'to show that the case is susceptible to awarding damages on a class-wide basis,'" or "that certification was improper because respondents had failed to establish that damages could be measured on a classwide basis." *Id.*

Because the expert evidence offered by the plaintiffs in both *Wal-Mart* and *Comcast* was insufficient to support class certification for reasons independent of the *Daubert* admissibility and reliability requirements, it simply was unnecessary for the Court to premise its decisions on *Daubert* in those cases. While Defendants believe that Plaintiffs' "proof" likewise is insufficient to meet their Rule 23 obligations, it is just as clear that Plaintiffs' proof cannot survive *Daubert*'s insistence on reliability and admissibility, and Defendants have timely challenged Plaintiffs' motions for class certification on all of these grounds. If the Court determines that Plaintiffs' expert reports and testimony are inadmissible under *Daubert*, then the analysis need go no further. Without their expert evidence, Plaintiffs have *no evidence* of common impact and *cannot* fulfill the requirements of Rule 23(b). However, even if the Court were to find that the

5

methodologies of Plaintiffs' experts are sufficiently reliable to be admissible under *Daubert*, Plaintiffs are only part of the way to class certification. The Court then must subject Plaintiffs' expert reports and testimony to the separate "rigorous analysis" mandated by the Supreme Court to determine if that expert evidence is sufficient, as a matter of fact, to show antitrust impact and damages on all or virtually all members of Plaintiffs' proposed classes by proof common to the respective classes. *See, e.g.*, *Pedroza v. PetSmart, Inc.*, Case No. ED CV 11-298-GHK (DTBx), 2013 U.S. Dist. LEXIS 53794, at *9–11 (C.D. Cal. Jan. 28, 2013) ("If we find that the expert testimony is not admissible [under *Daubert*], the inquiry ends there; but if we find the testimony admissible, we must engage in further analysis of its persuasiveness under the relevant Rule 23 standard."). What this Court cannot do, however, is certify any class before it has considered and ruled on Defendants' *Daubert* motions.

Defendants also believe that the Court should hold evidentiary hearings on Defendants' *Daubert* motions. The arguments in favor of such hearings are much the same as the arguments in support of evidentiary hearings on Plaintiffs' class certification motions. Since the Court already has determined not to have evidentiary hearings with respect to the class certification motions, Defendants will not repeat or dwell on those arguments here. Defendants note, however, that in complex cases such as this, where the stakes are very high (allegedly involving billions of dollars in damages), the evidence is complex and technical, the motions for class certification are potentially outcome-determinative, the time required to conduct an evidentiary hearing is relatively modest, and the value of in-person cross-examination to the search for truth is unquestioned, an evidentiary hearing seems warranted.

For the reasons set forth above, Defendants respectfully request that the Court decide their *Daubert* motions prior to Plaintiffs' motions for class certification.

Dated:  January 7, 2014                    Respectfully submitted,

/s/ James H. Walsh                          /s/ Kendall Millard
James H. Walsh                              Kendall Millard
Howard Feller                               BARNES & THORNBURG, LLP
Bethany Lukitsch                            11 South Meridian Street
MCGUIREWOODS LLP                            Indianapolis, IN 46204-3535
One James Center                            Phone: (317) 231-7461
901 East Cary Street                        Fax:    (317) 231-7433
Richmond, VA 23219-4030                     kmillard@btlaw.com
Phone: (804) 775-4356
Fax:    (804) 698-2200                      /s/ Michael D. Mustard
jwalsh@mcguirewoods.com                     Michael D. Mustard
hfeller@mcguirewoods.com                    BARNES & THORNBURG LLP
blukitsch@mcguirewoods.com                  600 One Summit Square
                                            Fort Wayne, IN 46802-3119
*Counsel for Carpenter Co., E.R. Carpenter,* Phone: (260) 423-9440
*L.P., and Carpenter Holdings, Inc.*         Fax: (260) 424-8316
                                            mmustard@btlaw.com

                                            *Counsel for Flexible Foam Products, Inc.*


/s/ Francis P. Newell                       /s/ Edward G. Warin
Francis P. Newell                           Edward G. Warin
Peter M. Ryan                               John P. Passarelli
COZEN O'CONNOR                              KUTAK ROCK LLP
1900 Market Street                          1650 Farnam Street
Philadelphia, PA 19103                      Omaha, NE 68102
Phone: (215) 665-2118                       Phone: (402) 346-6000
Fax: (215) 665-2013                         Fax: (402) 346-1148
fnewell@cozen.com                           edward.warin@kutakrock.com
pryan@cozen.com                             john.passarelli@kutakrock.com

*Counsel for Foamex Innovations, Inc.*      *Counsel for Future Foam, Inc.*

7

/s/ Frank A. Hirsch, Jr.
Frank A. Hirsch, Jr.
Matthew P. McGuire
ALSTON & BIRD LLP
4721 Emperor Blvd.
Suite 400
Durham, NC 27703
Phone: (919) 862-2200
Fax:  (919) 852-2260
frank.hirsch@alston.com
matt.mcguire@alston.com

*Counsel for Hickory Springs Manufacturing Company*


/s/ Randall L. Allen
Randall L. Allen
Teresa T. Bonder
Allison S. Thompson
ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree St.
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:  (404) 881-7777
randall.allen@alston.com
teresa.bonder@alston.com
allison.thompson@alston.com

*Counsel for Mohawk Industries, Inc.*

/s/ Daniel R. Warncke
Daniel R. Warncke
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205
warncke@taftlaw.com

Joe Rebein
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 559-2227
jrebein@shb.com

*Counsel for Leggett & Platt, Incorporated*


/s/ Daniel G. Swanson
Daniel G. Swanson
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Phone: (213) 229-6690
Fax:  (213) 229-6919
dswanson@gibsondunn.com

Cynthia Richman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Phone: (202) 530-8500
Fax:  (202) 530-9651
crichman@gibsondunn.com

*Counsel for Woodbridge Foam Corporation, Woodbridge Sales & Engineering, Inc., and Woodbridge Foam Fabricating, Inc.*

### **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

/s/ Bethany G. Lukitsch
Bethany G. Lukitsch
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: (804) 775-4711
Fax:  (804) 698-2261
blukitsch@mcguirewoods.com