# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

_____
                                            )
In re POLYURETHANE FOAM ANTITRUST    )
LITIGATION                                  )   MDL Docket No. 2196
_____)   Index No. 10-MD-2196 (JZ)
                                            )
This document relates to:                   )
                                            )
ALL CASES                                   )
_____)


# **PLAINTIFFS' MOTION TO STRIKE THE SUR-REBUTTAL EXPERT REPORTS OF DRS. JANUSZ ORDOVER AND MICHELLE BURTIS**

Direct Purchaser (Class) Plaintiffs and Indirect Purchaser Plaintiffs (collectively, "Plaintiffs") hereby move to strike the sur-rebuttal expert reports of Drs. Janusz Ordover and Michelle Burtis, which Defendants filed with the Court and served on Plaintiffs on January 8, 2014. (*See* Dkt. 892 & 893.)

Under the Court's controlling scheduling order, the parties agreed to a clear cut expert discovery process in connection with Plaintiffs' class certification motions: (1) Plaintiffs were to file any opening expert reports with their class certification motion papers; (2) Defendants were to file any opposition expert reports with their class certification opposition papers; and (3) Plaintiffs were to file any rebuttal expert reports with their class certification reply papers. (Dkt. 417 ¶¶ 3-8.) There was no provision (nor permission) for Defendants to file sur-rebuttal expert reports following Plaintiffs' class certification reply papers. (*Id.*; *see also* Dkt. 814 (Third Amended Scheduling Order).) Their decision to do so—which is a blatant violation of the scheduling order—is impermissible and warrants striking the sur-rebuttal reports from the record. *See*, *e.g.*, *Cason-Merenda v. Detroit Med. Ctr.*, 2013 WL 1721651, at *8 (E.D. Mich. Apr. 22, 2013) ("While Defendants point to Professor Rubinfeld's sur-rebuttal report [in *Daubert* motion against the plaintiffs' expert in price-fixing class action], the Court has determined that this sur-rebuttal report was untimely produced and cannot be considered."); *Carroll v. Allstate Fire and Cas. Ins. Co.*, 2013 WL 3810864, at *6-7 (D. Colo. July 22, 2013) (striking sur-rebuttal expert reports that were filed without leave of court and in violation of case scheduling order); *Brannan v. Northwest Permanente, P.C.*, 2006 WL 5349606, at *1 (W.D. Wash. Sept. 21, 2006) (granting motion to strike sur-rebuttal testimony because "[t]here was no agreement nor leave of court to name a sur-rebuttal witness.").

When Defendants filed their sur-rebuttal reports on January 8, 2014, they stated in their Notice of Filing that they did so "pursuant to the Court's instructions during the December 18,

2013 telephone conference." (Dkt. 892 & 893.) Plaintiffs have reviewed the record and cannot identify any such "instructions." Presumably, Defendants have seized on the Court's statements at pp. 10:23-11:10 of the December 18, 2013 transcript as support for this assertion, but there are several problems with their claim.

*First*, Defendants did not request sur-rebuttal expert reports, nor did the Court invite them. A "written submission" is far different than 235 pages of dense sur-rebuttal expert opinion served less than a week before the long-scheduled class certification hearing.

*Second*, the Court noted that any written submissions Defendants felt compelled to submit must be "timely and sufficiently ahead of the hearing for it to be digested by me and others on the case." (*Id.* at 11:6-8.) These late-filed expert reports cannot satisfy that criterion. The official expert discovery schedule permitted the parties *months* to assess expert arguments and respond in briefs submitted to the Court. (*See* Dkt. 417 ¶¶ 3-8 (providing roughly two months between each set of class certification-related briefs, and approximately a full month to depose experts after service of their reports).) Defendants now seek to introduce new expert testimony at the last minute without affording Plaintiffs the opportunity to depose their experts on these new sur-rebuttal opinions. Moreover, Defendants served these reports literally on the eve of the deposition of Direct Purchaser (Class) Plaintiffs' expert, Dr. Leitzinger, thereby denying both Dr. Leitzinger and Plaintiffs any reasonable time to review those reports before the deposition, which is proceeding concurrently with the filing of this motion.[1]

*Third*, Defendants blithely ignore the remainder of the hearing. Mr. Walsh, for example, admitted, "I understand the Court's conclusion that it has heard enough and it has enough and it

---

[1] Defendants did not even serve Dr. Burtis' sur-reply report until approximately 9:30 pm on January 8, 2014. As a result, Dr. Leitzinger never even saw Dr. Burtis' sur-reply report prior to his deposition.

2

can make that decision." (12/18/13 Hr'g Tr. at 14:23-25.)  More importantly, after further discussion, the Court stated:

> No, Jim, I'm going to respond because I have something to add.  And the disruption of the schedule is another factor that I haven't commented on.  And back in November when this was discussed, you did not raise this issue.  And everyone understood – at least I understood, I'll put it that way, not everyone, I certainly was not expecting the recent barrage of motions and the request for an evidentiary hearing at this stage.
>
> …
>
> There was no indication in November in the briefing that this was coming our way.  So I was a bit surprised, frankly, to see it.  And then when I sat down and reviewed the schedule and the November hearing and all the other matters that have preceded this, I was not expecting it, I guess, is all I'm going to say.
>
> And so what I'm going to do is I'm going to continue on the track.  You may have your objection for the record.  We're going to hold the January hearing as ordered.  And at the end of that day you will certainly have the opportunity to tell me what else I have not allowed that you feel I should allow in order to make the right decision, and we can have a further discussion at that point.

(*Id.* at 16:14-17:16.)  Just as they did with the *Daubert* motions, Defendants have unilaterally decided they can flout the scheduling order despite the Court's express statements to the contrary.

*Finally*, regardless of whether Defendants in good faith believed they had "instructions" to file sur-rebuttal expert reports, it clearly prejudices Plaintiffs to permit this eleventh hour discovery.  The case schedule plainly contemplated that the record would be complete long before the hearing.  Defendants' sur-rebuttal reports are a transparent attempt to sandbag Plaintiffs and disrupt the agreed case schedule.

The "sandbagging" of Dr. Leitzinger on the eve of his rebuttal deposition is all the more suspect given the circumstances that gave rise to the timing of his deposition.  As reflected in the attached contemporaneous emails, (Exs. A & B), Defendants had originally requested that Dr. Leitzinger be deposed on November 26, 2013, within the deadline set by the Court for taking that deposition.  As that date approached, Defendants' liaison counsel, Mr. Walsh, advised Plaintiffs

3

in writing that he was the only person from among all of Defendants' counsel who could take Dr. Leitzinger's deposition, and that for personal reasons he would be unavailable on November 26. Specifically, Mr. Walsh wrote on November 20, 2013: "When the 26 the was offered, I was available to take the deposition. In the interim, a family circumstance had arisen that precludes me from taking the deposition and despite trying to find someone else to take it, I have not been able to do so." At today's deposition of Dr. Leitzinger, however, Mr. Walsh did not even appear and counsel for other Defendants are questioning Dr. Leitzinger.

Given Defendants' repeated complaints in their *Daubert* motion papers that Plaintiffs are somehow trying to shift the burden of proof, (*see*, *e.g.*, Krieger *Daubert* Mot. at 10-11), it is particularly misplaced, at best, for Defendants to assume they not only get the final word on class certification submissions, but that they can simply drop lengthy new expert reports on Plaintiffs (and the Court) just days before the class certification hearing.

## Conclusion

For the above reasons, Plaintiffs respectfully request that the Court strike the sur-rebuttal reports of Drs. Janusz Ordover and Michelle Burtis (Dkt. 892 & 893). Plaintiffs also respectfully note that the Court may order Defendants to show cause why their conduct is not designed solely to harass, cause unnecessary delay, or needlessly increase the cost of litigation. *See* Fed. R. Civ. P. 11(b) &(c).

4

DATED: January 9, 2014

                                              Respectfully Submitted,

| /s/ William A. Isaacson | /s/ Stephen R. Neuwirth |
|---|---|
| William A. Isaacson | Stephen R. Neuwirth |
| BOIES, SCHILLER & FLEXNER LLP | QUINN EMANUEL URQUHART |
| 5301 Wisconsin Avenue, NW |    & SULLIVAN, LLP |
| Washington, DC  20015 | 51 Madison Avenue, 22nd Floor |
| Phone:  202-237-5607 | New York, NY  10010 |
| Fax:     202-237-6131 | Phone:  212-849-7165 |
| | Fax:     212-849-7100 |

*Direct Purchaser (Class Action) Plaintiffs' Interim Co-Lead Counsel*

/s/ Marvin A. Miller
Marvin A. Miller
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL  60603
Phone:  312-332-3400
Fax:     312-676-2676

*Interim Lead Counsel for Indirect Purchaser Class Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2014, in accordance with Paragraphs 5 and 9 of the Initial Case Management Order entered January 20, 2011, the foregoing **PLAINTIFFS' MOTION TO STRIKE THE SUR-REBUTTAL EXPERT REPORTS OF DRS. JANUSZ ORDOVER AND MICHELLE BURTIS,** and exhibits thereto, were filed electronically using the Court's ECF system, which will send notification of such filing to counsel of record.

        */s/* Adam B. Wolfson
        Adam B. Wolfson
        QUINN EMANUEL URQUHART
          & SULLIVAN, LLP
        51 Madison Avenue, 22nd Floor
        New York, NY 10010
        Phone: 212-849-7000
        Fax:    212-849-7100

# Exhibit A

```
From: Walsh, James H. [jwalsh@mcguirewoods.com]
Sent: Thursday, November 21, 2013 7:44 PM
To: Stephen Neuwirth
Cc: Stephen Neuwirth
Subject: Re: RE:
```

Steve thanks, I have been in depositions all day,  January 9 will be fine.  We will draft a stipulation for your review.

Sent from my iPhone

> On Nov 21, 2013, at 3:46 PM, "Stephen Neuwirth" <stephenneuwirth@quinnemanuel.com> wrote:
>
> Jim:  Please let us know today if you are accepting the proposal below, which was offered as a professional courtesy,  or if we should plan to proceed with the deposition this coming Tuesday.  Thanks.
>
> Steve
>
> Stephen R. Neuwirth
> Quinn Emanuel Urquhart & Sullivan, LLP
> _____
> From: Stephen Neuwirth
> Sent: Wednesday, November 20, 2013 6:56 PM
> To: 'jwalsh@mcguirewoods.com'
> Subject: Re:
>
> Jim: Defendants waited until the very end of the deposition period even to ask for Dr. Leitzinger's deposition, and after we worked to accommodate Bethany's request two weeks ago to proceed on November. 26, Defendants reversed course and asked for later dates (beyond the period in the schedule). We advised you that dates in early December did not work, and I can advise you that dates in late December also do not work. Please note that based on the schedule, there was no reason to expect dates in December to be needed. You have now requested dates in January, stating that you have a personal conflict on November 26, and that not a single other Defendants' counsel can take the deposition in your place. While we believe Defendants' position is very unreasonable under the circumstances, we are prepared, as a professional courtesy to you, to move the deposition to January, subject to Court approval. We have confirmed that Dr. Leitzinger can be available on Thursday, January 9. Please prepare a stipulation and proposed order for the Court's approval.
>
> Steve
>
> From: Walsh, James H. [mailto:jwalsh@mcguirewoods.com]
> Sent: Wednesday, November 20, 2013 11:10 AM

1

```
> To: Stephen Neuwirth
> Subject: Re:
>
>
> Steve:
>
> If that is your position, then we need additional dates between now and December 12,
although with the class cer moved to February, I am not sure why we need to restrict the
timeline.  However, a single date is not reasonable.  To accommodate schedules, we are
willing to carry this over to January.  Thee have been dozens of depositions scheduled and
re- scheduled in this case, often at the last minute and after many plans had been made.
There are a lot of logistics involved.  When the 26 the was offered, I was available to take
the deposition.  In the interim, a family circumstance had arisen that precludes me from
taking the deposition and despite trying to find someone else to take it, I have not been
able to do so.  As I recall, we told you about the problems on the day or the day after you
told us Dr. Leitzinger could appear on the 26th, so not too much planning could have
occurred .  Regardless, a single date for an expert is simply not reasonable. Let me know if
we need to take this to the Court so we can do so promptly .
>
> Sent from my iPhone
>
> On Nov 20, 2013, at 1:52 PM, "Stephen Neuwirth"
<stephenneuwirth@quinnemanuel.com<mailto:stephenneuwirth@quinnemanuel.com>> wrote:
>
> Jim: the 11/26 date was picked in consultation with Bethany, and we made various plans
based on that. The. Judge has only given until December 12 for these depositions (assuming
his extension applied to Leitzinger).
>
> Steve
>
> From: Walsh, James H. [mailto:jwalsh@mcguirewoods.com]
> Sent: Wednesday, November 20, 2013 10:03 AM
> To: Stephen Neuwirth
> Subject: Re:
>
> I would like to, but we just do not have anyone available to do it that day because of
circumstances beyond our control.  Do you have a date in January?
>
> Sent from my iPhone
>
> On Nov 20, 2013, at 12:19 PM, "Stephen Neuwirth"
<stephenneuwirth@quinnemanuel.com<mailto:stephenneuwirth@quinnemanuel.com>> wrote:
>
> That we proceed on the agreed date.
>
> From: Walsh, James H. [mailto:jwalsh@mcguirewoods.com]
> Sent: Wednesday, November 20, 2013 09:17 AM
> To: Stephen Neuwirth
> Subject: Re:
>
> What do you suggest?
>
> Sent from my iPhone
>
> On Nov 20, 2013, at 12:08 PM, "Stephen Neuwirth"
<stephenneuwirth@quinnemanuel.com<mailto:stephenneuwirth@quinnemanuel.com>> wrote:
>
```

2

```
> Jim - that week doesn't work for us.
>
> Steve
>
> From: Walsh, James H. [mailto:jwalsh@mcguirewoods.com]
> Sent: Wednesday, November 20, 2013 05:50 AM
> To: Stephen Neuwirth
> Cc: Millard, Kendall
> (Kendall.Millard@btlaw.com<mailto:Kendall.Millard@btlaw.com>)
> <Kendall.Millard@btlaw.com<mailto:Kendall.Millard@btlaw.com>>;
> Lukitsch, Bethany Gayle
> <blukitsch@mcguirewoods.com<mailto:blukitsch@mcguirewoods.com>>;
> Reynolds, Matthew J.
> <MReynolds@mcguirewoods.com<mailto:MReynolds@mcguirewoods.com>>
> Subject:
>
> Steve:
>
>                 Would it be possible to take Dr. Leitzinger's deposition sometime during the
week of December 16 other than that Tuesday?
>
> James H. Walsh
> McGuireWoods LLP
> One James Center
> 901 East Cary Street
> Richmond, VA 23219-4030
> 804.775.4356 (Direct Line)
> 804.698.2200 (Direct FAX)
> jwalsh@mcguirewoods.com<mailto:jwalsh@mcguirewoods.com>
> http://www.mcguirewoods.com<http://www.mcguirewoods.com/>
> _____
> This e-mail may contain confidential or privileged information. If you are not the intended
recipient, please advise by return e-mail and delete immediately without reading or
forwarding to others.
```

# Exhibit B



_____
From: Walsh, James H. [jwalsh@mcguirewoods.com]
Sent: Tuesday, November 26, 2013 3:09 PM
To: Lukitsch, Bethany Gayle
Cc: Stephen Neuwirth; 'wisaacson@bsfllp.com' (wisaacson@bsfllp.com); Allen, Randall (Randall.Allen@alston.com); Millard, Kendall; Feller, Howard
Subject: Re: Leitzinger

I did let Steve know that Jan.  9 was fine on my calendar.

Sent from my iPhone

On Nov 26, 2013, at 12:59 PM, "Lukitsch, Bethany Gayle" <blukitsch@mcguirewoods.com<mailto:blukitsch@mcguirewoods.com>> wrote:

Steve

Jim has been traveling and out of the office and so I haven't been able to touch base with him directly about Leitzinger's new deposition date.  Before I left the office for the holiday, I wanted to confirm directly with you that Defendants are able to move forward on January 9 and I wanted to confirm that the 9th will also be in DC rather than New York.

Once you confirm the location, we will go ahead and issue a revised notice.

Hope you have a good Thanksgiving holiday.

Regards,
Bethany


Bethany Gayle Lukitsch
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
804.775.4711 (Direct Line)
804.698.2261 (Fax)
blukitsch@mcguirewoods.com<mailto:blukitsch@mcguirewoods.com>
http://www.mcguirewoods.com<http://www.mcguirewoods.com/>
_____
This e-mail may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.