UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) ) | MDL Docket No. 2196 |
| THIS DOCUMENT APPLIES TO: | ) ) | Index No. 10-MD-2196 (JZ) |
| ALL INDIRECT PURCHASER ACTIONS | ) ) ) | Hon. Jack Zouhary |

## NOTICE OF FILING

Please take notice that Indirect Purchaser Plaintiffs herewith file the attached letter to Judge Zouhary.

Dated: January 22, 2014

Respectfully submitted,

*/s/* Marvin A. Miller
Marvin A. Miller
Matthew E. Van Tine
Andrew Szot
Lori A. Fanning
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Tele: (312) 332-3400
Fax: (312) 676-2676
Email: MMiller@MillerLawLLC.com
        MVantine@MillerLawLLC.com
        ASzot@MillerLawLLC.com
        LFanning@MillerLawLLC.com
*Interim Lead Counsel for Indirect Purchasers*

Richard M. Kerger (0015864)
Kimberly Conklin (0074726)
**KERGER & HARTMAN, LLC**
33 S. Michigan Street, Suite 100
Toledo, OH 43604
Telephone: (419) 255-5990
Fax: (419) 255-5997
Email: Rkerger@kergerlaw.com
Kconklin@kergerlaw.com
*Executive Committee for Indirect Purchasers*

Shpetim Ademi
Guri Ademi
David Syrios
**ADEMI & O'REILLY, LLP**
3620 East Layton Avenue
Cudahy, Wisconsin 53110
(414) 482-8000
Email:  SAdemi@ademilaw.com
            GAdemi@ademilaw.com
            DSyrios@ademilaw.com

Jay B. Shapiro
Samuel O. Patmore
Abigail E. Corbett
Matthew Dates
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
150 West Flagler Street
Miami, Florida 33130
(305) 789-3200
Email: JShapiro@stearnsweaver.com
           SPalmore@stearnsweaver.com
           ACorbett@stearnsweaver.com
           MDates@stearnsweaver.com

Martin D. Holmes
M. Reid Estes
**DICKINSON WRIGHT PLLC**
424 Church Street
Suite 1401
Nashville, TN 37219
(615) 244-6538
Email:  MDHolmes@dickinsonwright.com
            MREstes@dickinsonwright.com


Daniel Lynch
Avidan J. Stern
**LYNCH & STERN LLP**
150 South Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 346-1600
Email: Dan@lynchandstern.com
           Avi@lynchandstern.com

Eric D. Barton
**WAGSTAFF CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100
Email: EBarton@wagstaffcartmell.com

David Schiller
**SCHILLER & SCHILLER, PLLC**
Professional Park at Pleasant Valley
5540 Munford Road • Suite 101
Raleigh, North Carolina 27612
Telephone: (919) 789-4677
Email: DSchiller@yahoo.com

Susan Bernstein
Attorney at Law
200 Highland Avenue, Suite 306
Needham, MA 02494
Telephone: (781) 290-5858
Email: Susan@sabernlaw.com

*Counsel for Indirect Purchaser Plaintiffs*



115 South LaSalle Street     Suite 2910     Chicago, Illinois 60603

Tel: 312. 332.3400     Telecopier:   312.676.2676

Marvin A. Miller
mmiller@millerlawllc.com
(also admitted in New York)

January 21, 2014

Judge Jack Zouhary
United States District Judge
Northern District of Ohio
Toledo, OH

Re:  MDL Docket No. 2196
In re Polyurethane Foam Antitrust Litigation
(Indirect Purchaser Actions)

Dear Judge Zouhary,

I write in response to the email sent to you earlier today by Wesley Mullen, one of the counsel for Vitafoam. Vitafoam's citation to *Gariety v. Grant Thornton, LLP*, 368 F.3d 356 (4th Cir. 2004), has nothing to do with ACPERA and only holds that if a plaintiff in a securities class action alleges that common questions will predominate under Rule 23(b)(3) through the use of the fraud-on-the-market theory to establish reliance, the court should satisfy itself that the plaintiff has a basis for those allegations.  In contrast, Vitafoam seeks a preliminary determination that its ACPERA partial defense to damages will be successful.  There is no basis in ACPERA or the case law for this unnecessary preliminary determination. As discussed at the class certification hearing, *LCD* held that "the Court's assessment of an applicant's [ACPERA] cooperation occurs at the time of imposing judgment." *TFT-LCD (Flat Panel) Antitrust Litig*., 618 F. Supp. 2d 1194, 1196 (N.D. Cal. 2009).  In light of the Court's extensive discussion with Mr. Coleman and Dr. Lamb at the class certification hearing regarding methodologies for calculating damages as to Vitafoam, *Gariety* does not address that issue and does not have any relevance to questions 16 and 18 which the Court posed in advance of the hearing.

Respectfully submitted,

s/*Marvin A. Miller*

Marvin A. Miller

## CERTIFICATE OF SERVICE

I, Marvin A. Miller, certify that on January 22, 2014, I caused to be served the foregoing document in accordance with Paragraph 9 of the Initial Case Management Order entered January 20, 2011.

/s/Marvin A. Miller