**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | MDL Docket No. 2196 |
| This document relates to:<br><br>ALL CASES | Index No. 10 MD 2196 (JZ) |

**VITAFOAM'S BRIEF IN OPPOSITION TO CERTAIN DEFENDANTS'**
**RENEWED MOTION TO COMPEL 30(b)(6) TESTIMONY**

Pursuant to the Order dated February 7, 2014, (Doc. 998), defendants Vitafoam, Inc.,

Vitafoam Products Canada Limited, and British Vita Unlimited (collectively, "Vitafoam") respectfully

oppose Certain Defendants' ("Defendants") Motion to Compel the Deposition Pursuant to Rule

30(b)(6) of Vitafoam (Doc. 988).and Defendants' renewal thereof.

Defendants' initial Motion made two arguments supporting Defendants' need for a deposition of

Vitafoam pursuant to Rule 30(b)(6).  First, Defendants argued that they had not received all

information that Vitafoam provided to Plaintiffs; and second, Defendants argued that they need to

cross-examine Vitafoam's responses to requests for admission served by Plaintiffs.  Neither argument

meets Defendants' burden to show that the likely benefit of the discovery they propose would outweigh

the substantial burden such a deposition would impose on Vitafoam.

In response to Defendants' initial Motion, Vitafoam offered:  (1) to confirm that Vitafoam had produced to Defendants all formal discovery responses that have been produced to plaintiffs; and (2) to provide Defendants with the same factual proffer that Vitafoam has provided to Plaintiffs.  The Court ordered that Vitafoam do both. (Doc. 998)

Vitafoam promptly confirmed to Defendants that all formal discovery responses produced to Plaintiffs have also been produced to Defendants.  Vitafoam also confirmed that all documents or information produced or disclosed to Plaintiffs have also been produced to Defendants.

On February 18, Vitafoam provided the same detailed proffer to Defendants that it has provided to Plaintiffs.  The proffer lasted approximately five hours.  Defendants had the opportunity to test and to cross-examine the facts provided during the proffer.

Defendants now have all of the information Vitafoam has provided to Plaintiffs in these consolidated actions.  Accordingly, there would be no benefit, in terms of obtaining additional information, in requiring Vitafoam to provide the same facts in the form of a deposition.

Defendants' second argument is that they desire to cross-examine Vitafoam's responses to requests for admissions propounded by Plaintiffs.  Defendants have characterized Vitafoam's responses as "accusations" against them.  Yet Vitafoam's responses to Plaintiffs' requests for admissions are only admissible against Vitafoam.  They are not admissible against other defendants. Wright, Miller & Marcus, *Federal Practice and Procedure* § 2264 ("Admissions obtained under Rule 36 may be offered in evidence . . . but they are subject to all pertinent objections to admissibility that may be interposed at the trial. . . . It is only when the admission is offered against the party who made it that it comes within the exception to the hearsay rule for admissions of a party opponent."); *Castiglione v. U.S. Life Ins. Co. in NYC*, 262 F.Supp. 2d 1025, 1030 (D. Ariz. 2003) ("codefendants are not bound by another defendant's admission.")  Were Vitafoam's RFA responses admitted in

evidence *against Vitafoam* at trial, any potential spillover prejudice to Defendants could be avoided by a limiting instruction.  Accordingly, there is no conceivable benefit to Defendants in attempting to discredit those responses through cross-examination of Vitafoam's trial counsel in the context of a deposition.

The burdens on Vitafoam of a Rule 30(b)(6) deposition would be substantial.  Vita would be required to designate one of its lawyers as a witness.  Such testimony would risk inadvertent disclosure of privileged information.

Because Defendants cannot establish that any benefit of a Rule 30(b)(6) deposition would outweigh the substantial burden and prejudice that it would impose on Vitafoam, we respectfully submit that the motion should be denied in all respects.

Dated:  February 20, 2014                    Respectfully submitted,


                                             /s/ Wesley. M. Mullen_____
                                             Wesley M. Mullen
                                             Timothy J. Coleman
                                             Bruce McCulloch
                                             FRESHFIELDS BRUCKHAUS DERINGER US LLP
                                             701 Pennsylvania Avenue, NW
                                             Suite 600
                                             Washington, DC 20004-2692
                                             Phone: (202) 777-4500

                                             *Counsel for Vitafoam Defendants*

*Of Counsel*:
Robert J. Gilmer, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2014, a copy of the foregoing was served electronically via ECF.

                                             /s/ Wesley M. Mullen_____
                                             Wesley M. Mullen