IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM ANTIRUST LITIGATION | ) ) ) **MDL Docket No. 2196** ) ) **Index No. 10-MD-2196 (JZ)** |
| This document relates to: ALL CASES | ) ) ) ) ) |

## AMENDED NOTICE OF SERVICE OF SUBPOENA

TO:  ALL COUNSEL OF RECORD

Please take notice that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the undersigned Defendants in the above-captioned case will serve the enclosed subpoena and attached schedule on the following third party:

Timothy Toole
1115 South Chattanooga Street
LaFayette, Georgia 30728

Dated: February 21, 2014

/s/ James H. Walsh
James H. Walsh
Howard Feller
Bethany Lukitsch
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: (804) 775-4356
Fax: (804) 698-2200
jwalsh@mcguirewoods.com
hfeller@mcguirewoods.com
blukitsch@mcguirewoords.com

*Counsel for Carpenter Co., E.R. Carpenter, L.P., and Carpenter Holdings, Inc.*

Respectfully submitted,

/s/ Kendall Millard
Kendall Millard
Bradley R. Love
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Phone: (317) 231-7461
Fax: (317) 231-7433
kmillard@btlaw.com
blove@btlaw.com

Michael D. Mustard
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN 46802-3119
Phone: (260) 423-9440
Fax:    (260) 424-8316
mmustard@btlaw.com

*Counsel for Flexible Foam Products, Inc.*

/s/ Francis P. Newell
Francis P. Newell
Peter M. Ryan
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2118
Fax:    (215) 665-2013
fnewell@cozen.com
pryan@cozen.com

*Counsel for Foamex Innovations, Inc.*

/s/ Edward G. Warin
Edward G. Warin John
P. Passarelli
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE 68102
Phone: (402) 346-6000
Fax:    (402) 346-1148
edward.warin@kutakrock.com
john.passarelli@kutakrock.com

*Counsel for Future Foam, Inc.*

2

/s/ Frank A. Hirsch, Jr.
Frank A. Hirsch, Jr.
Matthew P. McGuire
ALSTON & BIRD LLP
4721 Emperor Blvd.
Suite 400
Durham, NC 27703
Phone: (919) 862-2200
Fax:    (919) 852-2260
frank.hirsch@alston.com
matt.mcguire@alston.com

*Counsel for Hickory Springs Manufacturing Company*

/s/ Randall L. Allen
Randall L. Allen
Teresa T. Bonder
Allison S. Thompson
Valarie C. Williams
Kara F. Kennedy
Matt Dowell
ALSTON & BIRD LLP
One Atlantic Center 1201
W. Peachtree St.
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:    (404) 881-7777
randall.allen@alston.com
teresa.bonder@alston.com
allison.thompson@alston.com
valarie.williams@alston.com
kara.kennedy@alston.com
matt.dowell.@alston.com

*Counsel for Mohawk Industries, Inc.*

/s/ Daniel R. Warncke
Daniel R. Warncke
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205
warncke@taftlaw.com

Joe Rebein
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 559-2227
jrebein@shb.com

*Counsel for Leggett & Platt, Incorporated*

/s/ Daniel G. Swanson
Daniel G. Swanson
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Phone: (213) 229-6690
Fax: (213) 229-6919
dswanson@gibsondunn.com

Cynthia Richman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Phone: (202) 530-8500
Fax:    (202) 530-9651
crichman@gibsondunn.com

*Counsel for Woodbridge Foam Corporation, Woodbridge Sales & Engineering, Inc., and Woodbridge Foam Fabricating, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2014, a copy of the foregoing Amended Notice of Service of and attachment was served electronically on lead counsel for Plaintiffs pursuant to Paragraph 10 of this Court's January 20, 2011 Initial Case Management Conference Order, ECF. No. 17.

/s/ Matt Dowell
ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree St.
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
matt.dowell@alston.com

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL CASES | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Timothy Toole
1115 South Chattanooga Street
LaFayette, Georgia 30728

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1000 Volunteer Bldg.<br>Chattanooga, TN 37402 | Date and Time:<br><br>02/28/2014 10:00 am |
|---|---|

The deposition will be recorded by this method: __Stenographically and videographer__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __02/21/2014__

*CLERK OF COURT*

OR

/s/ Allison Thompson

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Defendants__ _____, who issues or requests this subpoena, are:

Allison Thompson, Alston & Bird:1201 W. Peachtree St, Atlanta, GA 30309;404-881-4536,allison.thompson@alston.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL Docket No. 2196
Index No. 10-MD-2196 (JZ)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).