IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) ) |
| This document relates to: ALL DIRECT PURCHASER ACTIONS | ) ) ) ) ) ) MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |

**MOHAWK INDUSTRIES, INC.'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendant Mohawk Industries, Inc. ("Mohawk") responds to the Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint ("CAC") as follows:[1]

1. Mohawk denies that it is required to respond to Plaintiffs' description of the nature of the case they purport to allege in Paragraph 1, but denies every allegation contained therein.

2. Mohawk denies that the alleged class is appropriate pursuant to Fed. R. Civ. P. 23. To the extent that Paragraph 2 asserts any factual allegations – including the existence of a conspiracy – Mohawk denies them.

3. Mohawk denies the allegations in Paragraph 3.

4. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 4, except that it denies the existence of the alleged "Class." Mohawk denies the remaining allegations in Paragraph 4.

5. Mohawk states that Paragraph 5 states only legal conclusions to which no

---

[1] The Court granted Mohawk leave to file an amended complaint on February 25, 2014. (*See* Dkt. No. 1035).

1

response is required. To the extent that Paragraph 5 asserts any factual allegations, Mohawk denies them.

6. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 6. Mohawk denies the remaining allegations in Paragraph 6.

7. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 7. Mohawk denies the remaining allegations contained in Paragraph 7.

8. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 8. Mohawk denies the remaining allegations contained in Paragraph 8.

9. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9. Mohawk denies the remaining allegations contained in Paragraph 9.

10. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 10. Mohawk denies the remaining allegations contained in Paragraph 10.

11. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 11. Mohawk denies the remaining allegations contained in Paragraph 11.

12. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 12. Mohawk denies the remaining allegations contained in Paragraph 12.

LEGAL02/34698050v2

13. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Mohawk lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 24.

25. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Mohawk admits that it is a Delaware corporation with its principal place of business located at 160 S. Industrial Boulevard, Calhoun, Georgia 30701. Mohawk denies that it manufactures flexible polyurethane foam, but it admits that it manufactured and sold polyurethane foam carpet cushion, and other flooring products, during the alleged Class Period.

Mohawk denies the remaining allegations contained in Paragraph 34.

35. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. Mohawk denies the allegations in Paragraph 48.

49. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, expect that Mohawk denies the existence of any conspiracy, and denies that Mohawk participated in any conspiracy.

50. Mohawk denies the allegations in Paragraph 50.

51. Mohawk denies the allegations in Paragraph 51.

52. Mohawk states that Paragraph 52 states only legal conclusions to which no response is required.

53. Mohawk states that Paragraph 53 states only legal conclusions to which noresponse is required.

54. Mohawk states that Paragraph 54 states only legal conclusions to which no response is required, except admits that this case was consolidated by the Judicial Panel for Multidistrict Litigation for pre-trial purposes in this District.

55. Mohawk states that allegations in Paragraph 55 call for a legal conclusion to which no response is required. Mohawk therefore denies the allegations in Paragraph 55.

56. Mohawk denies the allegations in Paragraph 56.

57. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, but notes that Mohawk does not manufacture flexible polyurethane foam.

LEGAL02/34698050v2

58. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62. Mohawk denies any participation in the alleged "cartel." Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63. Mohawk denies the allegations in Paragraph 63.

64. Mohawk denies the allegations in Paragraph 64, and specifically denies that it is a "foamer."

65. Mohawk denies the allegations in Paragraph 65.

66. Mohawk denies the allegations in Paragraph 66.

67. Mohawk denies that it participated in any conspiracy, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68. Mohawk denies the allegations in Paragraph 68.

69. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 70. Mohawk denies the remaining allegations

in Paragraph 70.

71. Mohawk denies the allegations in Paragraph 71.

72. Mohawk denies that it participated in any such "discussions." Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 72.

73. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 73, except that Mohawk denies that it participated in any "conspiracy."

74. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 74, except that Mohawk denies that it participated in any "conspiratorial conduct."

75. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 75, except that Mohawk denies that it participated in any such "discussions."

76. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 76, but to the extent the allegations pertain to Mohawk, Mohawk denies them.

77. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 77, but to the extent the allegations in Paragraph 77 pertain to Mohawk, Mohawk denies them.

78. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 78. Mohawk also lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of

Paragraph 78, but to the extent the allegations in the second sentence of Paragraph 78 pertains to Mohawk, Mohawk denies them.

79. Mohawk denies the allegations in Paragraph 79.

80. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 80. Mohawk also lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 80, but to the extent those allegations pertain to Mohawk, Mohawk denies them.

81. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 81, but to the extent those allegations pertain to Mohawk, Mohawk denies them.

82. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 82, but to the extent those allegations pertain to Mohawk, Mohawk denies them.

83. Paragraph 83 purports to quote from the July 21, 2010 sworn affidavit by Pierre-Yves Guay, the content of which speaks for itself.

84. Paragraph 84 purports to quote from the July 21, 2010 sworn affidavit by Pierre-Yves Guay, the content of which speaks for itself. Mohawk denies that it engaged in the alleged "violations of law," that it was ever contacted by the Canadian antitrust authorities, or that the facts alleged in the affidavit refer to any conduct by Mohawk.

85. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86. Mohawk denies the allegations in Paragraph 86.

87. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 90. To the extent the allegations in the third sentence of Paragraph 90 pertain to Mohawk, Mohawk denies them.

91. Mohawk denies the allegations in Paragraph 91.

92. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 92. Mohawk also lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 92, but to the extent the allegations pertain to Mohawk, Mohawk denies them.

93. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94. Mohawk denies the allegations in Paragraph 94.

95. Mohawk denies the allegations in Paragraph 95.

96. Mohawk denies the allegations in Paragraph 96.

97. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 97.

98. Mohawk lacks knowledge and information sufficient to form a belief as to the

truth of the allegations in Paragraph 98.

99. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 100.

101. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 102.

103. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 103.

104. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

105. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 105, except that Mohawk denies that it participated in any such conversations.

106. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 106, except that Mohawk denies that it participated in any such conversations.

107. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 107.

108. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 108.

109. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 109.

110. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 111.

112. Mohawk denies that it participated in the alleged conspiratorial conduct or communications about pricing. Mohawk lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112.

113. Mohawk denies the allegations in Paragraph 113.

114. Mohawk denies the allegations in Paragraph 114.

115. Mohawk denies the allegations as for itself, and otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116. Mohawk denies the allegations in Paragraph 116.

117. Mohawk denies the allegations in Paragraph 117.

118. Mohawk denies the allegations in Paragraph 118.

119. Mohawk denies the allegations in Paragraph 119.

120. Mohawk denies the allegations contained in Paragraph 120.

121. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and its subparts.

122. Mohawk states that the term "elasticity" is a legal term of art, the meaning of which speaks for itself.

123. Paragraph 123 states legal conclusions to which no response is required, and is

therefore denied.

124. Paragraph 124 states legal conclusions to which no response is required, and is therefore denied.

125. Mohawk denies the allegations in Paragraph 125.

126. Mohawk denies the allegations in Paragraph 126.

127. Mohawk denies the allegations in Paragraph 127.

128. Mohawk lacks knowledge or information sufficient to form a belief regarding Defendants' trade association memberships, and therefore denies the allegations in Paragraph 128. Mohawk notes that it does not manufacture flexible polyurethane foam.

129. Mohawk denies the allegations in Paragraph 129.

130. Mohawk denies the allegations in Paragraph 130.

131. Mohawk denies the allegations in Paragraph 131.

132. Mohawk denies the allegations in Paragraph 132.

133. Mohawk denies the allegations in Paragraph 133.

134. Mohawk denies the allegations in Paragraph 134.

135. Mohawk denies the allegations in Paragraph 135 and its subparts.

136. Mohawk denies the allegations in Paragraph 136 and its subparts.

137. Mohawk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, except that it denies the existence of the alleged "contact, combination, or conspiracy."

138. Mohawk denies the allegations in Paragraph 138.

139. Mohawk denies the allegations in Paragraph 139.

140. Mohawk denies the allegations in Paragraph 140.

141. Mohawk realleges and incorporates by reference its responses to Paragraphs 1 through 140.

142. Mohawk denies the allegations in Paragraph 142.

143. Mohawk denies that Plaintiffs have alleged a class that may be properly certified pursuant to Fed. R. Civ. P. 23, or that the allegations in the CAC would support any proper Rule 23 class.

144. Mohawk denies that Plaintiffs have alleged a class that may be properly certified pursuant to Fed. R. Civ. P. 23.

145. Mohawk denies the allegations in Paragraph 145.

146. Mohawk denies the allegations in Paragraph 146.

147. Mohawk denies the allegations in Paragraph 147.

148. Mohawk denies the allegations in Paragraph 148 and each of its subparts.

149. Paragraph 149 contains legal conclusions to which no response is required, and therefore they are denied.

150. Mohawk denies the allegations in Paragraph 150.

151. Mohawk denies the allegations in Paragraph 151.

152. Mohawk denies the allegations in Paragraph 152.

153. Mohawk denies the allegations in Paragraph 153 and each of its subparts.

154. Mohawk realleges and incorporates by reference its responses to Paragraphs 1 through 153.

155. Mohawk denies the allegations in Paragraph 155.

156. Mohawk denies the allegations in Paragraph 156 and each of its subparts.

157. Mohawk denies the allegations in Paragraph 157 and each of its subparts.

LEGAL02/34698050v2

158. Mohawk denies the allegations in Paragraph 158.

159. Mohawk denies the allegations in Paragraph 159.

160. Mohawk denies the allegations in Paragraph 160.

Mohawk denies every allegation of the Direct Purchaser Plaintiffs' Consolidated Amended Complaint not expressly admitted herein.

Mohawk denies each and every allegation in Plaintiffs' petition for relief, and denies that Plaintiffs are entitled to judgment or relief of any kind.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the allegations in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint, Mohawk alleges as follows:

## FIRST DEFENSE

The CAC fails to allege facts sufficient to state a cause of action against Mohawk.

## SECOND DEFENSE

The claims made by Plaintiffs and the putative class on whose behalf Plaintiffs purport to sue are barred, in whole or in part, because some or all of them lack standing to bring this action or seek the relief requested.

## THIRD DEFENSE

The claims made by Plaintiffs and the putative class on whose behalf Plaintiffs purport to sue are barred, in whole or in part, by waiver.

## FOURTH DEFENSE

The claims made by Plaintiffs and the putative class on whose behalf Plaintiffs purport to sue are barred, in whole or in part, by laches because they delayed an unreasonable period of time before bringing this action, thereby causing detriment and prejudice to Mohawk.

15

## FIFTH DEFENSE

The claims made by Plaintiffs and the putative class on whose behalf Plaintiffs purport to sue are barred, in whole or in part, by the applicable statutes of limitation.

## SIXTH DEFENSE

The claims made by Plaintiffs and the putative class on whose behalf Plaintiffs purport to sue are barred, in whole or in part, because Plaintiffs have not suffered any cognizable injury or antitrust injury as a result of Mohawk's conduct.

## SEVENTH DEFENSE

The equitable claims made by Plaintiffs and the putative class on whose behalf Plaintiffs purport to sue are barred, in whole or in part, because there is an adequate remedy at law.

## EIGHTH DEFENSE

The claims made by Plaintiffs and the putative class on whose behalf Plaintiffs purport to sue are barred, in whole or in part, to the extent that certification of this action as a class action would violate Mohawk's constitutional right to separate trials.

## NINTH DEFENSE

Mohawk incorporates by reference any affirmative defense asserted by any other defendant in this action, to the extent such affirmative defense applies to Mohawk.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to mitigate.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too speculative or remote, and because of the impossibility of the proof and allocation of these damages.

16

**TWELFTH DEFENSE**

To the extent recovery by Plaintiffs or the alleged class would subject Mohawk to multiple or duplicative liability, such recovery violates Mohawk's Due Process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any and all of Mohawk's actions challenged by Plaintiffs were lawful, justified, and procompetitive, constitute bona fide business practices, and were carried out in furtherance of Mohawk's legitimate business interests.

**FOURTEENTH DEFENSE**

Plaintiffs' class claims are barred, in whole or in part, because this action is not properly maintainable as a class action, or because Plaintiffs otherwise fail to meet the prerequisites of Rule 23 of the Federal Rules of Civil Procedure.

**FIFTEENTH DEFENSE**

The Complaint fails to allege fraudulent concealment with sufficient particularity.

**SIXTEENTH DEFENSE**

Plaintiffs' claims on behalf of putative class members are barred due to the presence of mandatory, binding arbitration agreements between Mohawk and certain putative class members.

**<u>DEFENSES RESERVED</u>**

By alleging the matters set forth in these defenses, Mohawk does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters. Mohawk presently lacks sufficient knowledge on which to form a belief as to whether it may have additional affirmative defenses, including whether Mohawk has additional affirmative defenses

17

to claims made by Plaintiffs and the putative class on whose behalf Plaintiffs purport to sue. For this reason, Mohawk reserves its rights to amend this pleading and assert additional affirmative defenses.

## OTHER DEFENDANTS

Mohawk lacks knowledge about the activities or conduct of other Defendants and therefore cannot answer allegations pertaining to other Defendants.

## DEFENDANT MOHAWK'S PRAYER FOR RELIEF

WHEREFORE, Mohawk prays that the Plaintiffs and the members of the putative class on whose behalf Plaintiffs purport to sue take nothing, and that the Court grants Mohawk such other, further, and additional relief as it deems just and proper.

DATED: February 28, 2014

**ALSTON & BIRD LLP**

/s/ Randall L. Allen
Randall L. Allen
Georgia Bar No. 011436
Teresa T. Bonder
Georgia Bar No. 703969
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
randall.allen@alston.com

*Counsel for Defendant Mohawk Industries, Inc.*

LEGAL02/34698050v2

**JURY DEMAND**

Defendant Mohawk Industries, Inc. demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure of all issues so triable.


Dated: February 28, 2014

Respectfully submitted,

ALSTON & BIRD LLP

/s/ Randall L. Allen
Randall L. Allen
Georgia Bar No. 011436
Teresa T. Bonder
Georgia Bar No. 703969
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
randall.allen@alston.com

*Counsel for Defendant Mohawk Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed a copy of the foregoing **MOHAWK INDUSTRIES, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record in this case.

Dated:  February 28, 2014

/s/ Matt Dowell
Matt Dowell

LEGAL02/34698050v2