UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | MDL Docket No. 2196<br>Index No. 10-MD2196 (JZ) |
| This document relates to: | |
| ALL CASES | |

## THIRD AMENDED NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, the Direct Purchaser (Class) Plaintiffs, the Direct Action Plaintiffs, and the Indirect Purchaser (Class) Plaintiffs ("Plaintiffs") will take a deposition of **Charles L. "Lewie" Moeller**, formerly of Flexible Foam Products, at **Courtyard by Marriott – Lima, 936 Greely Chapel Road, Lima , Ohio 45804** on **March 17, 2014 at 9:00 a.m.** The deposition shall continue from day to day until completed in accordance with the Federal Rules of Civil Procedure and the orders of this Court. All parties are invited to attend. The testimony will be recorded by stenographic and videotaped means by a person authorized to administer oaths.

The deponent is further commanded to bring and produce at his deposition the documents listed in Appendix A of his *subpoena duces tecum* (attached).

Pursuant to the Court's order at the October 24, 2012 hearing (ECF No. 436 at 77-78), Plaintiffs provide a brief description of the deponent, to extent allowed by the protective order in this matter, as follows: **former President**.

ME1 17310098v.1

Dated: February 28, 2014

  /s/ Eric W. Wiechmann  
Eric W. Wiechmann  
MCCARTER ENGLISH, LLP  
185 Asylum Street  
Hartford, CT  06103  
Phone: 860-275-6731  
Fax:    860-724-3397  


  /s/ William J. Blechman  
William J. Blechman  
KENNY NACHWALTER, P.A.  
201 South Biscayne Blvd., Suite 1100  
Miami, FL  33131  
Phone: 305-373-1000  
Fax:    305-372-1861  
*Liaison Counsel for Direct Action Plaintiffs*

  /s/ William A. Isaacson  
William A. Isaacson  
BOIES, SCHILLER & FLEXNER LLP  
5301 Wisconsin Avenue, NW  
Washington, DC  20015  
Phone: 202-237-5607  
Fax:    202-237-6131  

  /s/ Stephen R. Neuwirth  
Stephen R. Neuwirth  
QUINN EMANUEL URQUHART  
  & SULLIVAN, LLP  
51 Madison Avenue, 22nd Floor  
New York, NY  10010  
Phone: 212-849-7165  
Fax:    212-849-7100  
*Interim Co-Lead Counsel for Direct Purchaser (Class) Plaintiffs*

  /s/ Marvin A. Miller  
Marvin A. Miller  
MILLER LAW LLC  
115 South LaSalle Street, Suite 2910  
Chicago IL  60603  
Phone: 312-332-3400  
Fax:    312-676-2676  
*Interim Lead Counsel for Indirect Purchaser Class Plaintiffs*

ME1 17310098v.1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| In re Polyurethane Foam Antitrust Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:10-MD-2196-JZ |
| (re: ALL CASES) | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Charles L. "Lewie" Moeller

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Courtyard by Marriott – Lima, 936 Greely Chapel Road, Lima, Ohio 45804 | Date and Time: 03/17/2014 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographic and videotaped means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Appendix A, attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/28/2014

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*              Vanessa Roberts Avery
                                                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Consolidated Bedding, Inc., Spring Air International, LLC and related entities, who issues or requests this subpoena, are:

Vanessa Roberts Avery, Esq., McCarter & English LLP, 185 Asylum St., Hartford, CT 06103
Tel: (860) 275-6700; Fax: (860) 724-3397; Email - vavery@mccarter.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:10-MD-2196-JZ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A

## DEFINITIONS

The following definitions apply to these Requests:

1. "All" should be construed to include the collective as well as the singular, and means "each," "any," and "every."

2. "Communication(s)" means any oral or written transmission or receipt of words or information, by whatever manner or means, directly or indirectly, regardless of how or by whom the communication was initiated, including without limitation: (i) any written contact by means such as letter, memorandum, telegram, telex, e-mail, instant message or facsimile and (ii) oral contact by any means including face-to-face meetings and telephone. Communications by or with any entity includes communications by or with its subsidiaries, divisions, subdivisions, affiliates, predecessor and successor entities, partners, officers, directors, employees, agents, legal counsel or any other person acting on its behalf.

3. "Defendant" means Carpenter Co., E.R. Carpenter, L.P. (f/k/a Carpenter Chemical, L.P.), Carpenter Holdings, Inc., Ohio Decorative Products, Inc., Flexible Foam, FXI-Foamex Innovations, Inc., Future Foam, Inc., Hickory Springs Manufacturing Company, Leggett & Platt Inc., Mohawk Industries Inc., Valle Foam Industries (1995), Inc., Domfoam International/ Inc., Vitafoam Inc., Vitafoam Products Canada Limited, British Vita Unlimited, Woodbridge Sales & Engineering, Inc./Woodbridge Foam Fabricating, Inc., and Woodbridge Foam Corporation.

4. "Document" or "Documents" has the same full meaning as construed by Federal Rule of Civil Procedure 34, and includes without limitation the original (or identical duplicate when the original is not available) and all non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks/ transmission notation/ or

highlighting of any kind) and drafts of all writing, whether handwritten, typed, printed or otherwise produced, and includes, without limitation, letters, correspondence, memoranda, legal pleadings, notes, reports, agreements, calendars, diaries, travel and expense records, summaries, records, messages or logs of telephone calls, conversations, interviews, speeches, presentations, historical overviews, studies, plans, minutes, marketing materials, newsletters, expert reports, strategic assessments, statistical analyses or compilations, surveys, evaluations, competitive analyses, investigative or other reports, telegrams, mailgrams, facsimile transmissions (including cover sheets and confirmations), electronic mail, minutes or records of meeting, compilations, notebooks, laboratory notebooks, work papers, books, pamphlets, brochures, circulars, manuals, instructions, sales, advertising or promotional literature or materials, ledgers, graphs, charts, blue prints, drawings, sketches, photographs, film and sound reproductions, tape recordings, or any other tangible materials on which there is any recording or writing of any sort. The term also includes the file, folder tabs, and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy of all documents requested herein.

5. "Flexible Foam" means Flexible Foam Products, Inc., Ohio Decorative Products, Inc.; and/or NuFoam Products, Inc.

6. "Electronically stored Information" ("ESI") has the same full meaning as in Federal Rules of Civil Procedure 26 and 34 and includes, without limitation, the following:

    (a)    activity listings of electronic mail receipts and/or transmittals;

    (b)    output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts/graphs, outlines/electronic mail, instant messengers (or similar programs) or bulletin board programs/operating systems, source code,

        (c)      PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;

        (c)      any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, DVD, flash drive, network drive, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation, servers, desktop computers, flash memory devices, wireless communication devices, smartphones, pagers, workstations cell phones and personal digital assistants, *e.g.,* Palm Pilot, Blackberry, Treo, or other device.

6.     The term "employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of the respondent Defendant as defined here.

7.     The term "identify," when referring to a person, means to give, to the extent known: the person's full name, present or last known residential address, social security number, and present or last known place of employment. The term "person" or persons" is defined to mean any natural person, corporation, or partnership, or any business, legal, or government entity, organization, or association.

8.     "Relating to," "referring to," "regarding" or "with respect to" mean without limitation discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, embodying, identifying, constituting, concerning, containing, mentioning, stating, evidencing, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

9.     The term "Relevant Time Period" means the period from January 1, 1996 through the present.

10. "Polyurethane Foam" refers to flexible polyurethane foam of any size, shape or blend, including all products manufactured by Defendants containing flexible polyurethane foam.

11. "Trade Association" means Individuals and companies in the Polyurethane Foam business or industry organized to promote common interests, including, but not limited to the Polyurethane Foam Association ("PFA"), the International Sleep Products Association ("ISPA"), surfaces, and the American Furniture Manufacturers Association, and the organization's past or present parents, subsidiaries, departments, committees and subcommittees, affiliates, predecessors, or successors, and all past or present officers, directors members, partners, agents, employees, attorneys, representative, investigators, successors, or predecessors thereof, and all other persons in whole or in part acting on its behalf or in conjunction or connection with it.

12. "Producer" shall mean any person or entity that manufactures Polyurethane Foam for sale to customers.

13. "You" or "Your" means Charles L. Moeller and any person acting in whole or in part on his behalf or with the apparent authority to do so.

14. The geographic scope of this Appendix A is North America, including the United States and Canada.

### INSTRUCTIONS

In addition to the requirements set forth in the Federal Rules of Civil Procedure, which Plaintiffs incorporate herein, the following instructions apply to each of the discovery requests set forth below, and are deemed to be incorporated in each of said requests:

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests shall be deemed to be continuing in nature so that if Defendants, their directors,

officers, employees, agents, representatives or any person acting on behalf of Defendants, subsequently discover or obtain possession, custody or control of any document previously requested or required to be produced, Defendants shall promptly make such document available. Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of the further Information, and in no event shall any supplemental response be served later than 30 days before the first day of trial, absent leave of court.

2. These requests include all data and Information stored electronically or magnetically. To the extent responsive documents or data are maintained in an electronic format, Including but not limited to on a disk, tape, hard drive, flash drive, steady state drive, or other magnetic or machine-readable format, please produce the electronic version along with manuals and all other documents sufficient to operate, display, read and interpret the programs, documents or data.

3. You should construe these requests as follows:

   (a) the singular includes the plural and the plural Includes the singular;
   
   (b) the masculine, feminine, or neuter pronoun Includes the other genders;
   
   (c) the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the request all Information that might otherwise be construed to be outside Its scope;
   
   (d) the words "any" and "all" shall include each and every; and
   
   (e) the present tense of a verb Includes its past tense and vice versa.

4. These document requests require that all documents created, generated or dated during the Relevant Time Period, as well as documents created, generated or dated outside this period, but which contain information concerning this period or were referred to by documents responsive to these discovery quests, be produced by You.

5

5. In producing documents and ESI, You are to furnish all documents or ESI in Your possession, custody or control, regardless of the physical location of the documents or whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

6. In producing documents and ESI, You are requested to produce the original of each document or item of ESI requested, together with all non-identical copies and drafts of such document. If the original of any document or item of ESI cannot be located, a copy shall be produced in lieu thereof, and shall be legible and, for a document, bound or stapled in the same manner as the original.

7. All documents or things that respond in whole or in part to any portion of these requests are to be produced in their entirety, including all attachments and enclosures. Documents attached to each other, and email messages and their attachments, should not be separated.

8. Documents or ESI not otherwise responsive to these Requests shall be produced if such documents or ESI mention, discuss, refer to, or explain the documents that are called for by these Requests, or if such documents are attached to documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluations, or similar materials.

9. All documents and ESI shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any documents or items of ESI have been removed from the files in which they were found for purposes of producing them in response to these requests, indicate for each document the file(s) from which the document(s) was (were) originally located.

10. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained by You. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks.

11. Documents and ESI shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document custodian(s).

12. Documents attached to each other should not be separated, including, but not limited to, email attachments.

13. If a document or item of ESI once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss.

14. All documents produced in paper form should be numbered sequentially, with unique number on each page, and with a prefix identifying the party producing the document.

15. Documents shall be produced in such fashion as to identify Your department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian.

16. If you object to any part of these Document Requests, please (a) state each objection you assert in sufficient detail to permit the Court to determine the validity of the objection; and (b) produce all responsive documents to which your objection does not apply.

17. If you claim that any part of these Document Requests is vague or ambiguous, please identify the specific language you consider vague or ambiguous and state the interpretation of the language in question you used to frame your response.

7

18. If any documents are redacted on a basis other than privilege, provide the information and reason for redacting that document in sufficient detail to allow other parties to assess the validity of the claim for redaction.

19. If You redact any portion of the document, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted.

20. Responsive data maintained electronically should be produced in its native electronic format. For each data field of transaction data produced, a complete description of the contents of that data field and the units of measurement used should be supplied. If the data field contains coded values, then provide a table or code sheet sufficient to understand or interpret those values. If transaction data is produced with different data fields arranged in separate database tables or files, then insure that the data fields exist in each table or file so that the tables or files can be linked together. Also provide a description of which data fields in each database table or file can be used to perform that link.

21. If You claim the attorney-client privilege or any other privilege or work-product protection for any document, provide a detailed privilege log that contains at least the following information for each document that You have withheld:

    (a) the date of the document or item of ESI;

    (b) the identity of each and author of the document or item of ESI;

    (c) the identity of each and every person who prepared or participated in the preparation of the document or item of ESI;

    (d) the identity of each and every person who received the document or item of ESI;

    (e) the identity of each and every person from whom the document or item of ESI was received.

    (f)    a general description of the subject matter;

    (g)    the present location of the document or item of ESI and all copies thereof;

    (h)    the identity of each and every person having custody or control of the document or item of ESI and all copies thereof;

    (i)    the identity of the numbered request(s) to which the document or item of ESI is responsive; and

    (j)    sufficient information concerning the document or Item of ESI and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

22. If You assert privilege with respect to part of a responsive document or item of ESI, redact the privileged portion and indicate clearly on the document where the material was redacted. Produce the redacted document or item of ESI even if You believe that the non-redacted portion is not responsive. Identify the redacted portions on the privilege log in the same manner as withheld documents. Non-responsiveness of a portion of a document or Item of ESI is not a sufficient basis for redaction.

23. Unless a different time period is specified, the Relevant Time Period is January 1, 1996 to the present. These Requests seek all responsive documents and materials applicable to or concerning the North American market during the Relevant Time Period regardless of whether the particular responsive document or item of ESI was created or generated during the Relevant Time Period.

24. Plaintiffs reserve the right to supplement this Appendix A with respect to definitions, instructions or document requests.

9

## DOCUMENT REQUESTS

### Request No. 1:

During the time period that You were an employee, officer or consultant to Flexible Foam company, please produce all documents reflecting or referring to Your oral or written communications with anyone employed by a customer of Flexible Foam or any other company that manufactured Polyurethane Foam, a supplier of chemicals to Flexible Foam or any other Manufacturer of polyurethane foams or any other third party, regarding any of the following subjects: (i) the price(s), pricing, fixing prices, or setting prices of polyurethane foam sold to any customer or potential customer; (ii) selling or not selling polyurethane foam to any customer or potential customer; (iii) soliciting or not soliciting the sale of polyurethane foam to any customer or potential customer; (iv) the production, quantity of production, production level, or capacity to produce polyurethane foam; or (v) producing or not producing polyurethane foam.

### Request No. 2:

All documents reflecting Your or Flexible Foam's membership in, involvement with or attendance at meetings with any Trade Association or industry organization including: Carpet Cushion Council, Polyurethane Foam Association or the International Sleep Products Association.

### Request No. 3:

Your personal and business daytimers, calendars, land-line and cellular telephone logs, travel and expense reports, and any other functionally similar documents that reflect Your business meetings, travel or telephone calls (incoming or outgoing) while You were employed by Flexible Foam, Inc. or any other Flexible Foam juridical entity.

**Request No. 4:**

Documents sufficient to identify the Polyurethane Foam customers to whom You and Flexible Foam sold products while you were an employee, officer of or consultant to Flexible Foam, Inc.

**Request No. 5:**

All documents relating to the process by which you, Charles L. Moeller, Donald Jewars or other Flexible Foam officers decided:

(a) The price that would be charged to customers for polyurethane foam products.

(b) The amounts of increase in prices for polyurethane foam products that would be announced in the Price Increase Letters issued by Flexible Foam.

(c) The profit margin that Flexible Foam wanted to achieve with the manufacture and sale of its polyurethane foam products.

**Request No. 6:**

All documents relating to and including any reporting or monitoring by You of the manufacture, distributing, pricing, output, demand, supply or sale of Polyurethane Foam by Flexible Foam, and of Flexible Foam's use of equipment to manufacture Polyurethane Foam at any of its facilities, including: (a) analysis of the operation of any equipment at a facility; (b) analysis of the required maintenance (mechanical, electrical, mobile equipment) of the equipment used at a facility; (c) analysis of the overall performance of a facility; (d) analysis of the necessary expenditures at a facility; (e) analysis of the life expectancy of equipment used at a facility; (f) analysis of the cost of repair or replacement of equipment used at a facility; (g)

analysis of the cost of materials used to produce polyurethane foam at a facility; (h) analysis of the cost of goods sold by a facility.

**Request No. 7:**

All document relating to competitive conditions in the Polyurethane Foam market in North America, including but not limited to: (a) reports or analyses of the market share of Polyurethane Foam manufacturers; (b) reports or analyses of the production capacity of Polyurethane Foam manufacturers; (c) trends in manufacturing costs or pricing of Polyurethane Foam; (d) costs of entering and/or participating in the Polyurethane Foam market; (e) the history of the Polyurethane Foam market and the development of technological innovations for Polyurethane Foam manufacturers; (f) supply of and/or demand for Polyurethane Foam; (g) the price elasticity of Polyurethane Foam.

**Request No. 8:**

Your personal cellular telephone records reflecting Your incoming or outgoing business calls while employed by Flexible Foam Products, Inc. or any other company that manufactured polyurethane foam.

**Request No. 9:**

During the time period when You were employed by Flexible Foam Products, Inc. or any other company that manufactured Polyurethane Foam, please produce all documents reflecting or referring to any of the following subjects: (i) the price, prices, pricing/ fixing prices, or setting prices of polyurethane foam sold to any customer or potential customer; (ii) selling or not selling polyurethane foam to any customer or potential customer; (iii) soliciting or not soliciting the sale of polyurethane foam to any customer or potential customer (iv) the production, quantity of production, production level, or capacity to produce polyurethane foam; or (v) producing or not producing polyurethane foam.

**Request No. 10**:

All documents relating to Your dispute with Flexible Foam Products, Inc. over its termination of You as President of Flexible Foam Products, Inc. and member of the Board, including documents relating to the lawsuits pending in the Court of Common Pleas, Allen County, Ohio, between You and Flexible Foam Products, Inc. and related entities.

**Request No. 11**

All documents reflecting or referring to why you left or were terminated or suspended from the employ of Flexible Foam (whether as an officer, director, employee, or consultant) at any time during the Relevant Period.

**Request No. 12**

All documents reflecting or referring to the terms of any consultancy or employment agreement that you have or had with Flexible Foam, including all agreements, correspondence, financial payments you received, and documents reflecting the work you did.

**Request No. 13**

All documents reflecting or referring to the terms of any agreement that you had in the past or now have regarding your cooperation with Flexible Foam in connection with any private or government investigation, proceeding or lawsuit regarding the production, pricing, distribution or sale of flexible polyurethane foam.

**Request No. 14**

All written statements, declarations, affidavits or testimony that you have provided regarding your employment or consultancy at Flexible Foam; the production, pricing, distribution or sale of flexible polyurethane foam; or any agreement or understanding among manufacturers of flexible polyurethane foam to fix prices or allocate customers.

**Request No. 15**

An index identifying the Flexible Foam documents that you have in your possession, custody or control.

458648.1