UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| In re POLYURETHANE FOAM ANTITRUST | ) | MDL Docket No. 2196 |
| LITIGATION | ) | Index No. 10-MD-2196 (JZ) |
| | ) | |
| | ) | |
| This document relates to: | ) | |
| | ) | |
| ALL CASES | ) | |
| | ) | |

**SECOND AMENDED NOTICE OF DEPOSITION PURSUANT TO
RULE 30(B)(6) TO VITAFOAM, INC.,
VITAFOAM PRODUCTS CANADA LIMITED AND BRITISH VITA UNLIMITED**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the undersigned

Defendants, by and through counsel, will take the oral deposition of Vitafoam, Inc., Vitafoam

Products Canada Limited, and British Vita Unlimited on the subject matters set forth in Exhibit

A, attached hereto.

The deposition will commence at 9:00 a.m. local time on March 18, 2014, at the offices

of Freshfields Bruckhaus Deringer US LLP, 701 Pennsylvania Ave NW #600, Washington, DC

20004.  The deposition shall continue from day to day until completed in accordance with the

Federal Rules of Civil Procedure and the orders of this Court.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Vitafoam, Inc.,

Vitafoam Products Canada Limited, and British Vita Unlimited shall designate a person or

persons prepared to testify about the topics set forth in Exhibit A.  All parties are invited to

attend. The deposition will be conducted under oath and will be recorded by stenographic means

and by videotape.

Dated:  March 6, 2014

/s/   James H. Walsh
James H. Walsh
Howard Feller
Bethany Lukitsch
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: (804) 775-4356
Fax:     (804) 698-2200
jwalsh@mcguirewoods.com
hfeller@mcguirewoods.com
blukitsch@mcguirewoods.com

*Counsel for Carpenter Co., E.R. Carpenter,
L.P., and Carpenter Holdings, Inc.*

/s/   Francis P. Newell
Francis P. Newell
Peter M. Ryan
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Phone:  (215) 665-2118
Fax:     (215) 665-2013
fnewell@cozen.com
pryan@cozen.com

*Counsel for Foamex Innovations, Inc.*

Respectfully submitted,

/s/   Kendall Millard
Kendall Millard
Bradley R. Love
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Phone: (317) 231-7461
Fax:     (317) 231-7433
kmillard@btlaw.com
blove@btlaw.com

Michael D. Mustard
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN 46802-3119
Phone:  (260) 423-9440
Fax:     (260) 424-8316
mmustard@btlaw.com

*Counsel for Flexible Foam Products, Inc.*

/s/   Edward G. Warin
Edward G. Warin
John P. Passarelli
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE  68102
Phone:  (402) 346-6000
Fax:     (402) 346-1148
edward.warin@kutakrock.com
john.passarelli@kutakrock.com

*Counsel for Future Foam, Inc.*

/s/   Frank A. Hirsch, Jr.
Frank A. Hirsch, Jr.
Matthew P. McGuire
ALSTON & BIRD LLP
4721 Emperor Blvd.
Suite 400
Durham, NC  27703
Phone:  (919) 862-2200
Fax:     (919) 852-2260
frank.hirsch@alston.com
matt.mcguire@alston.com

*Counsel for Hickory Springs Manufacturing Company*

/s/   Daniel R. Warncke
Daniel R. Warncke
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone:  (513) 381-2838
Fax:  (513) 381-0205
warncke@taftlaw.com

Joe Rebein
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone:  (816) 559-2227
jrebein@shb.com

*Counsel for Leggett & Platt, Incorporated*

**EXHIBIT A**

**DEFINITIONS**

The following words and phrases shall have the meanings set forth below whenever used in any request for admission listed below:

1.      "Action" refers to the lawsuits that currently are consolidated and pending for pretrial purposes in the United States District Court for the Northern District of Ohio, Western Division as part of *In re Polyurethane Foam Antitrust Litigation,* Case No. 1:10-md-02196-JZ.

2.      "Defendants" means Carpenter Co., E.R. Carpenter, L.P., Carpenter Holdings, Inc., Flexible Foam Products, Inc., Foamex Innovations, Inc., Future Foam, Inc., Hickory Springs Manufacturing Company, Leggett & Platt, Incorporated, Mohawk Industries, Inc., Woodbridge Foam Corporation, Woodbridge Sales & Engineering, Inc., and Woodbridge Foam Fabricating, Inc., and their respective predecessors, successors, parent organizations, subsidiaries, affiliates, insurers and assigns, and their respective officers, directors, members, principals, employees, agents, attorneys, consultants and investigators.

3.      "Direct Action Plaintiff(s)" means each plaintiff that has filed a standalone complaint in this Action and their respective predecessors, successors, parent organizations, subsidiaries, affiliates, insurers and assigns, and their respective officers, directors, members, principals, employees, agents, attorneys, consultants and investigators.

4.      "Direct Purchaser Class Complaint" refers to the document styled "Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint" filed on February 28, 2011 in this Action.

5.      "Indirect Purchaser Class Complaint" refers to the document styled "Indirect Purchasers' Corrected Second Amended Class Action Complaint" filed on May 7, 2012 in this Action.

6.      "Plaintiffs" refers to any and all Direct Action Plaintiffs, the named plaintiffs in the Direct Purchaser Class Complaint, the named plaintiffs in the Indirect Purchaser Class Complaint, and their respective predecessors, successors, parent organizations, subsidiaries, affiliates, insurers and assigns, and their respective officers, directors, members, principals, employees, agents, attorneys, consultants and investigators.

7.      "Polyurethane Foam" means any type, grade, or form of "flexible polyurethane foam" and "flexible polyurethane foam products" as those terms are defined and used in the Direct Purchaser Class Complaint, the Indirect Purchaser Class Complaint, and/or any Direct Action Plaintiff's complaint in this Action, and includes, without limitation, slabstock and molded polyurethane foam.

8.      "Polyurethane Foam Products" means any product containing Polyurethane Foam as those terms are used and defined in the Direct Purchaser Class Complaint, the Indirect Purchaser Class Complaint, and/or any Direct Action Plaintiff's complaint in this Action, including carpet cushion or carpet underlay products.

9.      "Relevant Time Period" means the period of January 1, 1999 through August 1, 2010.

10.     "You," "your," "your company" and similar terms means Vitafoam, Inc., Vitafoam Products Canada Limited, and British Vita Unlimited and their predecessors, successors, parent organizations, subsidiaries, affiliates, insurers and assigns, and their respective

officers, directors, members, principals, employees, agents, attorneys, consultants and investigators.

## AREAS OF EXAMINATION

1.      Your manufacture of Polyurethane Foam or Polyurethane Foam Products in the United States or any of its territories since January 2006.

2.      Vitafoam Products Canada Limited manufacture of Polyurethane Foam or Polyurethane Foam Products in the United States or any of its territories during the Relevant Time Period.

3.      Vitafoam Products Canada Limited's sales of Polyurethane Foam and Polyurethane Foam Products to customers located in the United States or any of its territories during the Relevant Time Period and their percentage of Vitafoam Products Canada Limited's total sales of Polyurethane Foam and Polyurethane Foam Products during the Relevant Time Period.

4.   Your investigation of any agreement(s), contract(s), combination(s), understanding(s), conspirac(ies), "tacit understandings," or possible tacit or other understandings related to the sale of Polyurthane Foam and Polyurethane Foam Products during the Relevant Time Period, between or involving Vitafoam, Inc. or Vitafoam Products Canada Limited, and any of the Defendants in this Action.

5.      The factual basis for your substantive responses to Plaintiffs' requests for admission in this Action and the additional statements and information included with same.

6.      Your interrogatory responses in this Action.

7.      Your cooperation with Plaintiffs in this Action, including without limitation the details of any proffers and presentations made to Plaintiffs.

8.      The statements and information contained in any objections, responses, pleadings and/or motions you file concerning this deposition notice and the areas of examination listed in Exhibit A.

9.      Based on your investigation to date, your knowledge of any agreement(s), contract(s), combination(s), understanding(s), or conspirac(ies) between you and any Defendant during the Relevant Time Period to fix, raise, maintain, coordinate and/or stabilize prices of Polyurethane Foam and/or Polyurethane Foam Products in the United States or any of its territories; to allocate customers, geographic markets, sales volume, market shares, contracts, and/or accounts for Polyurethane Foam and/or Polyurethane Foam Products in the United States or any of its territories; to control or reduce the output and/or capacity to produce Polyurethane Foam and/or Polyurethane Foam Products in the United States or any of its territories; and/or to engage in any other anticompetitive and/or unlawful activities in the United States or any of its territories alleged in the Direct Purchaser Class Complaint, Indirect Purchaser Class Complaint, or any Direct Action Plaintiff's complaint filed in this Action.

10.     Based on your investigation to date, your knowledge of any sales of Polyurethane Foam and/or Polyurethane Foam Products by you to customers located in the United States or any of its territories during the Relevant Time Period were made pursuant or subject to any agreement(s), contract(s), combination(s), understanding(s), or conspirac(ies) between you and any Defendant to fix, raise, maintain, coordinate and/or stabilize prices of Polyurethane Foam and/or Polyurethane Foam Products; to allocate customers, geographic markets, sales volume, market shares, contracts, and/or accounts for Polyurethane Foam and/or Polyurethane Foam Products; to control or reduce the output and/or capacity to produce Polyurethane Foam and/or Polyurethane Foam Products; and/or to engage in any other anticompetitive and/or unlawful

4

activities alleged in the Direct Purchaser Class Complaint, Indirect Purchaser Class Complaint, or any Direct Action Plaintiff's complaint filed in this Action.

11.     Based on your investigation to date, your knowledge of any agreement(s), contract(s), combination(s), understanding(s), or conspirac(ies) between any of the Defendants during the Relevant Time Period to fix, raise, maintain, coordinate and/or stabilize prices of Polyurethane Foam and/or Polyurethane Foam Products in the United States or any of its territories; to allocate customers, geographic markets, sales volume, market shares, contracts, and/or accounts for Polyurethane Foam and/or Polyurethane Foam Products in the United States or any of its territories; to control or reduce the output and/or capacity to produce Polyurethane Foam and/or Polyurethane Foam Products in the United States or any of its territories; and/or to engage in any other anticompetitive and/or unlawful activities in the United States or any of its territories alleged in the Direct Purchaser Class Complaint, Indirect Purchaser Class Complaint, or any Direct Action Plaintiff's complaint filed in this Action.

12.     Based on your investigation to date, your knowledge of any agreement(s), contract(s), combination(s), understanding(s), or conspirac(ies) between you and Carpenter Co., E.R. Carpenter, L.P., Carpenter Holdings, Inc. or any of their parents, subsidiaries, affiliates, employees or agents in or affecting the United States or any of its territories during the Relevant Time Period to fix, raise, maintain, coordinate and/or stabilize prices of Polyurethane Foam and/or Polyurethane Foam Products; to allocate customers, geographic markets, sales volume, market shares, contracts, and/or accounts for Polyurethane Foam and/or Polyurethane Foam Products; to control or reduce the output and/or capacity to produce Polyurethane Foam and/or Polyurethane Foam Products; and/or to engage in any other anticompetitive and/or unlawful

5

activities alleged in the Direct Purchaser Class Complaint, Indirect Purchaser Class Complaint, or any Direct Action Plaintiff's complaint filed in this Action.

13.     Based on your investigation to date, your knowledge of any agreement(s), contract(s), combination(s), understanding(s), or conspirac(ies) between you and Flexible Foam Products, Inc. or any of its parents, subsidiaries, affiliates, employees or agents in or affecting the United States or any of its territories during the Relevant Time Period to fix, raise, maintain, coordinate and/or stabilize prices of Polyurethane Foam and/or Polyurethane Foam Products; to allocate customers, geographic markets, sales volume, market shares, contracts, and/or accounts for Polyurethane Foam and/or Polyurethane Foam Products; to control or reduce the output and/or capacity to produce Polyurethane Foam and/or Polyurethane Foam Products; and/or to engage in any other anticompetitive and/or unlawful activities alleged in the Direct Purchaser Class Complaint, Indirect Purchaser Class Complaint, or any Direct Action Plaintiff's complaint filed in this Action.

14.     Based on your investigation to date, your knowledge of any agreement(s), contract(s), combination(s), understanding(s), or conspirac(ies) between you and Foamex Innovations, Inc. or any of its parents, subsidiaries, affiliates, employees or agents in or affecting the United States or any of its territories during the Relevant Time Period to fix, raise, maintain, coordinate and/or stabilize prices of Polyurethane Foam and/or Polyurethane Foam Products; to allocate customers, geographic markets, sales volume, market shares, contracts, and/or accounts for Polyurethane Foam and/or Polyurethane Foam Products; to control or reduce the output and/or capacity to produce Polyurethane Foam and/or Polyurethane Foam Products; and/or to engage in any other anticompetitive and/or unlawful activities alleged in the Direct Purchaser

Class Complaint, Indirect Purchaser Class Complaint, or any Direct Action Plaintiff's complaint filed in this Action.

15.     Based on your investigation to date, your knowledge of any agreement(s), contract(s), combination(s), understanding(s), or conspirac(ies) between you and Foamex International, Inc., Foamex L.P. or any of their parents, subsidiaries, affiliates, employees or agents in or affecting the United States or any of its territories during the Relevant Time Period to fix, raise, maintain, coordinate and/or stabilize prices of Polyurethane Foam and/or Polyurethane Foam Products; to allocate customers, geographic markets, sales volume, market shares, contracts, and/or accounts for Polyurethane Foam and/or Polyurethane Foam Products; to control or reduce the output and/or capacity to produce Polyurethane Foam and/or Polyurethane Foam Products; and/or to engage in any other anticompetitive and/or unlawful activities alleged in the Direct Purchaser Class Complaint, Indirect Purchaser Class Complaint, or any Direct Action Plaintiff's complaint filed in this Action.

16.     Based on your investigation to date, your knowledge of any agreement(s), contract(s), combination(s), understanding(s), or conspirac(ies) between you and Future Foam, Inc. or any of its parents, subsidiaries, affiliates, employees or agents in or affecting the United States or any of its territories during the Relevant Time Period to fix, raise, maintain, coordinate and/or stabilize prices of Polyurethane Foam and/or Polyurethane Foam Products; to allocate customers, geographic markets, sales volume, market shares, contracts, and/or accounts for Polyurethane Foam and/or Polyurethane Foam Products; to control or reduce the output and/or capacity to produce Polyurethane Foam and/or Polyurethane Foam Products; and/or to engage in any other anticompetitive and/or unlawful activities alleged in the Direct Purchaser Class

Complaint, Indirect Purchaser Class Complaint, or any Direct Action Plaintiff's complaint filed in this Action.

17.    Based on your investigation to date, your knowledge of any agreement(s), contract(s), combination(s), understanding(s), or conspirac(ies) between you and Hickory Springs Manufacturing Company or any of its parents, subsidiaries, affiliates, employees or agents in or affecting the United States or any of its territories during the Relevant Time Period to fix, raise, maintain, coordinate and/or stabilize prices of Polyurethane Foam and/or Polyurethane Foam Products; to allocate customers, geographic markets, sales volume, market shares, contracts, and/or accounts for Polyurethane Foam and/or Polyurethane Foam Products; to control or reduce the output and/or capacity to produce Polyurethane Foam and/or Polyurethane Foam Products; and/or to engage in any other anticompetitive and/or unlawful activities alleged in the Direct Purchaser Class Complaint, Indirect Purchaser Class Complaint, or any Direct Action Plaintiff's complaint filed in this Action.

18.    Based on your investigation to date, your knowledge of any agreement(s), contract(s), combination(s), understanding(s), or conspirac(ies) between you and Woodbridge Foam Corporation, Woodbridge Sales & Engineering, Inc., or Woodbridge Foam Fabricating, Inc. or any of their parents, subsidiaries, affiliates, employees or agents in or affecting the United States or any of its territories during the Relevant Time Period to fix, raise, maintain, coordinate and/or stabilize prices of Polyurethane Foam and/or Polyurethane Foam Products; to allocate customers, geographic markets, sales volume, market shares, contracts, and/or accounts for Polyurethane Foam and/or Polyurethane Foam Products; to control or reduce the output and/or capacity to produce Polyurethane Foam and/or Polyurethane Foam Products; and/or to engage in any other anticompetitive and/or unlawful activities alleged in the Direct Purchaser Class

8

9

Complaint, Indirect Purchaser Class Complaint, or any Direct Action Plaintiff's complaint filed

in this Action.

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2014, a copy of the foregoing Second Amended Rule 30(b)(6) Deposition Notice to Vitafoam, Inc., Vitafoam Products Canada Limited, and British Vita Unlimited and the accompanying Exhibit A were served electronically on counsel for Vitafoam, Inc., Vitafoam Products Canada Limited, and British Vita Unlimited and lead counsel for Plaintiffs pursuant to Paragraph 10 of this Court's January 20, 2011 Initial Case Management Conference Order, ECF No. 17.

/s/  Bradley R. Love
BARNES & THORNBURG LLP
Bradley R. Love
bradley.love@btlaw.com
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:(317) 236-1313
Facsimile: (317) 231-7433

INDS01 1436969v3