UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION<br><br>This document relates to:<br>*Park Place Corp. v. Carpenter Co., et al.*, No. 3:13-pf-10010-JZ; *Am. Bedding Co., et al. v. Carpenter Co., et al.*, No. 3:13-pf-10009-JZ | MDL Docket No. 2196<br><br>Index No. 10 MD 2196 (JZ) |

**STIPULATION AND ORDER**

Plaintiffs Park Place Corporation; American Bedding Company, Inc.; Diamond Mattress Company; and Rest Master Bedding Company (collectively, "Plaintiffs") and Defendant Otto Bock Polyurethane Technologies, Inc. ("Otto Bock") (the Plaintiffs and Otto Bock are referred herein collectively as "the Parties") stipulate as follows:

WHEREAS, Plaintiffs have named Otto Bock as a defendant in *Park Place Corp. v. Carpenter Co., et al.*, No. 3:13-pf-10010-JZ; and *Am. Bedding Co., et al. v. Carpenter Co., et al.*, No. 3:13-pf-10009-JZ (collectively, the "Actions"), alleging violations of law, including the existence of an unlawful conspiracy to fix, raise, maintain, or stabilize the prices of polyurethane foam and allocate customers for polyurethane foam in the United States in violation of federal and state antitrust and other law;

WHEREAS, Otto Bock denies: (1) each and all of the allegations of wrongdoing made by Plaintiffs in the Actions against Otto Bock and maintains furthermore that it has meritorious defenses; (2) all allegations of wrongdoing or liability against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Actions; and (3) the

allegations that Plaintiffs was harmed by Otto Bock's conduct, as alleged in the Actions or otherwise;

WHEREAS, Plaintiffs have decided to dismiss Otto Bock without prejudice from the Actions under the circumstances set forth below;

WHEREAS, the Parties agree that neither this Stipulation nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing, or of the truth of any of the claims or allegations alleged in the Actions;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs and Otto Bock, by and through their respective and undersigned counsel, as follows:

1. The Parties hereby stipulate pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) to dismiss Otto Bock without prejudice from the Actions, with each side to bear its own attorneys' fees and costs.

2. Should Plaintiffs elect to re-assert their claims against Otto Bock either by seeking to amend their complaint(s) currently pending in MDL 2196 (in which instance Plaintiffs shall provide Otto Bock the opportunity to respond) or by the commencement of new action(s) if those complaints are no longer pending, Otto Bock agrees to waive formal service of such amended or new complaint(s), and service on it or its counsel will be effective.

3. The Parties agree that all statutes of limitations, statute of repose, or other time-related defense based on federal, state or other law, or the common law, whether at law, at equity, or otherwise (including but not limited to, the doctrines of waiver, laches, acquiescence, or estoppel), for the filing of any claims, defenses, counterclaims, and/or third-party claims

concerning the matters alleged in the complaint filed by Plaintiffs in the Actions shall be tolled for a period of the later of:

    a. six (6) months from the date of this Stipulation, or

    b. sixty (60) days after completion of fact discovery in all cases currently pending in MDL 2196 or transferred into MDL 2196 subsequent to the filing of this Stipulation, but prior to the Court's decision on certification of any class.

4.     The Parties agree that by entering into this Stipulation, the Parties expressly preserve and do not waive, prejudice, release, or otherwise lose any available claims or defenses (including jurisdictional defenses) that may be available under the Federal Rules of Civil Procedure or any other rules or statutory or common law. Neither the execution of this Stipulation nor anything contained herein is intended to be, nor shall be deemed to be, an admission of any liability or defense by anyone, or an admission of the existence of facts upon which liability or a defense could be based or contested.

| | |
|---|---|
| Dated: March 14, 2014 | /s/ Dennis J. Lynch |
| | David C. Eddy |
| | Dennis J. Lynch |
| | NEXSEN PRUET, LLC |
| | 1230 Main Street, Suite 700 |
| | P.O. Drawer 2426 |
| | Columbia, SC 29202 |
| | Telephone: (803) 771-8900 |
| | Facsimile: (803) 253-8277 |
| | |
| | *Counsel for Plaintiffs Park Place Corp.; American Bedding Co., Inc.; Diamond Mattress Co.; and Rest Master Bedding Co.* |
| | |
| Dated: March 14, 2014 | /s/ Richard A. Duncan |
| | Richard A. Duncan |
| | Emily E. Chow |
| | FAEGRE BAKER DANIELS LLP |
| | 2200 Wells Fargo Center |
| | 90 South Seventh Street |
| | Minneapolis, MN 55402-3901 |
| | Telephone: (612) 766-7000 |
| | Facsimile: (612) 766-1600 |
| | |
| | Robert A. Bunda |
| | BUNDA STUTZ & DEWITT PLL |
| | 3295 Levis Commons Boulevard |
| | Perrysburg, OH 43551 |
| | Telephone: (419) 241-2777 |
| | Facsimile: (419) 241-4697 |
| | |
| | *Counsel for Defendant Otto Bock Polyurethane Technologies, Inc.* |

**IT IS SO ORDERED.**

| | |
|---|---|
| Dated: __March 19__, 2014 | s/Jack Zouhary |
| | Honorable Jack Zouhary |
| | United States District Judge |

dms.us.53822868.02

4