UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL DIRECT PURCHASER CLASS CASES | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |

[     ORDER

For the reasons set forth in the Court's Class Certification Memorandum Opinion and Order (Dkt. 1102), which is incorporated by reference into this Order, the Court finds that the Direct Purchaser Plaintiffs have established that they satisfy all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). Based on these findings, it is hereby ORDERED that:

1.     The Direct Purchaser Plaintiffs' motion for class certification (Dkt. 584) is GRANTED;

2.     This case is certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure for purposes of litigation and trial.

3.     The Direct Purchaser Class is defined as follows:

All persons or entities that purchased flexible polyurethane foam (but excluding molded foam) directly from Defendants and/or their co-conspirators from January 1, 1999 to July 31, 2010 for purchase from or delivery into the United States. Excluded from the Class are governmental entities, Defendants, their co-conspirators, and their officers, employees, agents, representatives, parents, subsidiaries and affiliates.

4. The class claim is the direct purchaser plaintiffs' claim for price fixing in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. This claim is certified for class treatment.

5. The seven named plaintiffs — Ace Foam, Inc.; Adams Foam Rubber Co.; Cambridge of California, Inc.; Foam Factory Inc.; GCW t/a Floors USA; J&S Packaging, Inc; and VFP Acquisitions, Inc. d/b/a Vanguard Foam & Packaging — are designated as the Direct Purchaser class representatives.

6. Under Rules 23(c)(1)(B) and 23(g) of the Federal Rules of Civil Procedure, the Court appoints Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and Boies, Schiller & Flexner LLP ("BSF") as co-lead class counsel for the class. The Court finds that the designation of Quinn Emanuel and BSF as co-lead class counsel is in the best interests of the class because both firms (a) have zealously represented the interests of the class in litigating this case while serving as interim co-lead class counsel; (b) have extensive relevant experience in complex antitrust litigation and knowledge of the law applicable to this case; and (c) are willing to commit the resources necessary to represent the class. The duties of co-lead class counsel shall be the same as the duties designated to those firms while serving as interim co-lead class counsel, as set forth in the Court's Orders of January 20, 2011 (Dkt. 18), and January 28, 2011 (Dkt. 29).

SO ORDERED,

DATED: April 16, 2014

s/Jack Zouhary
_____
JACK ZOUHARY
U.S. DISTRICT JUDGE