UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) ) MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |
| This document relates to:<br>ALL CASES | ) ) ) ) ) ) |

## NOTICE OF SERVICE OF AMENDED SUBPOENA DUCES TECUM

**TO: COUNSEL OF RECORD**

Please take notice that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the undersigned Defendants in the above-captioned case will serve the enclosed amended subpoena duces tecum and attached schedules on the following third party:

Premier Foam, Inc.
c/o Deborah S. Cameron, Registered Agent
5605 Glenridge Dr., Suite 900, Atlanta, GA 30342

Dated: April 16, 2014

/s/   James H. Walsh
James H. Walsh
Howard Feller
Bethany Lukitsch
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: (804) 775-4356
Fax:    (804) 698-2200
jwalsh@mcguirewoods.com
hfeller@mcguirewoods.com
blukitsch@mcguirewoods.com

*Counsel for Carpenter Co., E.R. Carpenter, L.P., and Carpenter Holdings, Inc.*

Respectfully submitted,

/s/   Kendall Millard
Kendall Millard
Bradley R. Love
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Phone: (317) 231-7461
Fax:    (317) 231-7433
kmillard@btlaw.com
blove@btlaw.com

Michael D. Mustard
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN 46802-3119
Phone:  (260) 423-9440
Fax:    (260) 424-8316
mmustard@btlaw.com

*Counsel for Flexible Foam Products, Inc.*

/s/   Francis P. Newell
Francis P. Newell
Peter M. Ryan
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Phone:  (215) 665-2118
Fax:    (215) 665-2013
fnewell@cozen.com
pryan@cozen.com

*Counsel for Foamex Innovations, Inc.*

/s/   Edward G. Warin
Edward G. Warin
John P. Passarelli
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE  68102
Phone:  (402) 346-6000
Fax:    (402) 346-1148
edward.warin@kutakrock.com
john.passarelli@kutakrock.com

*Counsel for Future Foam, Inc.*

/s/ Frank A. Hirsch, Jr.
Frank A. Hirsch, Jr.
Matthew P. McGuire
ALSTON & BIRD LLP
4721 Emperor Blvd.
Suite 400
Durham, NC 27703
Phone: (919) 862-2200
Fax: (919) 852-2260
frank.hirsch@alston.com
matt.mcguire@alston.com

*Counsel for Hickory Springs Manufacturing Company*

/s/ Randall L. Allen
Randall L. Allen
Teresa T. Bonder
Allison S. Thompson
ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree St.
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
randall.allen@alston.com
teresa.bonder@alston.com
allison.thompson@alston.com

*Counsel for Mohawk Industries, Inc.*

/s/ Daniel R. Warncke
Daniel R. Warncke
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205
warncke@taftlaw.com

Joe Rebein
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 559-2227
jrebein@shb.com

*Counsel for Leggett & Platt, Incorporated*

/s/ Daniel G. Swanson
Daniel G. Swanson
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Phone: (213) 229-6690
Fax: (213) 229-6919
dswanson@gibsondunn.com

Cynthia Richman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Phone: (202) 530-8500
Fax: (202) 530-9651
crichman@gibsondunn.com

*Counsel for Woodbridge Foam Corporation, Woodbridge Sales & Engineering, Inc., and Woodbridge Foam Fabricating, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2014, copies of the foregoing Amended Notice of Service of Subpoena Duces Tecum and attachment was served electronically on lead counsel for Plaintiff Premier Foam, Inc. pursuant to Paragraph 10 of this Court's January 20, 2011 Initial Case Management Conference Order, ECF No. 17.

/s/   Meghan M. Blinn
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE  68102
Phone:  (402) 346-6000
Fax:     (402) 346-1148
meghan.blinn@kutakrock.com

4

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION ) <br> _____ ) <br> ) <br> This document relates to: ) <br> ) <br> ALL CASES ) | MDL Docket No. 2196 <br> Index No. 10-MD-2196 (JZ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Premier Foam, Inc., c/o Deborah S. Cameron, Registered Agent
5605 Glenridge Dr., Suite 900, Atlanta, GA 30342

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Mozley, Finlayson & Loggins LLP<br>5605 Glenridge Drive, Suite 900<br>Atlanta, GA 30342 | Date and Time: <br> 04/23/2014 9:00 am |
|---|---|---|

The deposition will be recorded by this method: Stenographically and videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: (See Schedule A)

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/16/2014

CLERK OF COURT

OR

/s/ Meghan M. Blinn

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants , who issues or requests this subpoena, are:

Meghan M. Blinn, Kutak Rock LLP, Omaha, NE 68102, meghan.blinn@kutakrock.com, 402-346-6000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

  I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

  ❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

  ❒ I returned the subpoena unexecuted because: _____
_____ .

  Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

  I declare under penalty of perjury that this information is true.

Date: _____

                _____
                      *Server's signature*

                _____
                      *Printed name and title*

                _____
                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## A. DEFINITIONS

For purposes of this subpoena duces tecum and Schedule, the following words and phrases shall have the meanings set forth below whenever used in any Definition, Instruction, Area of Examination, or Request for Production:

1. "Action" refers to the lawsuits that are currently consolidated and pending for pretrial purposes in the United States District Court for the Northern District of Ohio, Western Division as part of *In re Polyurethane Foam Antitrust Litigation,* Case No. 1:10-md-02196-JZ.

2. "Defendants" means each Defendant identified in the Direct Purchaser Class Complaint and/or any Direct Action Plaintiff's complaint in the Action.

3. "Direct Action Plaintiff(s)" means each Direct Purchaser Plaintiff that filed a standalone complaint in the Action.

4. "Direct Purchaser Class Complaint" refers to the document styled "Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint" filed on February 28, 2011 in in the Action.

5. "Direct Purchaser Class Member(s)" means any person(s) that are not currently named in the Direct Purchaser Class Complaint, but are potential members of the putative class that Direct Purchaser Class Plaintiffs purport to represent.

6. "Direct Purchaser Class Plaintiff(s)" means each Plaintiff identified in the Direct Purchaser Class Complaint.

7. "Document" is coextensive with the meanings of the terms "document" and "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, any writing, notes, photograph, chart, graph, film, video tape, audio

tape, computer disk or electronically stored information (including electronic e-mail) which is in your actual or constructive possession, custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent) or other non-conforming copies of every kind.

8. "Indirect Purchaser Class Complaint" refers to the document styled "Indirect Purchasers' Corrected Second Amended Class Action Complaint" filed on May 7, 2012 in the Action.

9. "Indirect Purchaser Class Member(s)" means any person(s) that are not currently named in the Indirect Purchaser Class Complaint, but are potential members of the putative class that Indirect Purchaser Class Plaintiffs purport to represent.

10. "Indirect Purchaser Class Plaintiff(s)" means each Plaintiff identified in the Indirect Purchaser Class Complaint.

11. "Polyurethane Foam" means any type, grade or form of "flexible polyurethane foam" and "flexible polyurethane foam products" as those terms are defined and used in the Direct Purchaser Class Complaint, and includes, without limitation, slabstock, fabricated foam and molded polyurethane foam, as those terms are used and defined in the Direct Purchaser Class Complaint.

12. "Polyurethane Foam Products" means any product containing Polyurethane Foam as those terms are used and defined in the Direct Purchaser Class Complaint, including carpet cushion or carpet underlay products.

13. "Price Increase Letter" means any communication or document containing or reflecting an announcement or notification of a price increase for any Polyurethane Foam and/or Polyurethane Foam Products.

14. "Relevant Time Period" means the period of January 1, 1999 through the present.

6

15. "You," "your," "your company" and similar terms means Premier Foam, Inc. and all predecessors, successors, parent organizations, subsidiaries, affiliates, insurers and assigns, and the respective representatives of each of them, and includes, without limitation, their respective officers, directors, members, principals, employees, agents, attorneys, consultants and investigators, and all persons acting or purporting to act on behalf of any of them for any purpose whatsoever.

B. **AREAS OF EXAMINATION**

You are requested to designate and make available for deposition on the date specified in the Subpoena, one or more officers, directors or other individuals who consent to testify on your behalf, and provide all information known or reasonably available to you, as the person most knowledgeable, with respect to the following subjects for the Relevant Time Period:

1. Your document production in response to this subpoena duces tecum and Schedule, including without limitation the Requests for Production contained in this Schedule.

2. The history, corporate structure, organization, ownership, executive leadership, and management structure of your company.

3. The identity of any management or supervisory person currently or formerly employed by your company whose employment related to the manufacture, purchase, fabrication, use, and/or sale of Polyurethane Foam and/or Polyurethane Foam Products.

4. The nature and geographic scope of your company's business operations, and the location, size, scope, organization, function, and purpose of your business locations or units that purchase, manufacture or use Polyurethane Foam and/or Polyurethane Foam Products.

5. Your annual sales of Polyurethane Foam and/or Polyurethane Foam Products.

7

6. Your contracts or other agreements related to sales of Polyurethane Foam and/or Polyurethane Foam Products.

7. Your pricing of Polyurethane Foam and/or Polyurethane Foam Products.

8. The customers to whom you sold Polyurethane Foam and/or Polyurethane Foam Products.

9. Your production of Polyurethane Foam and/or Polyurethane Foam Products, including but not limited to your production methods, the number and location of plants or facilities operated by you, in whole or in part, for the pouring, fabrication, manufacture and/or production of Polyurethane Foam or Polyurethane Foam Products.

10. Your costs of production and delivery of Polyurethane Foam and/or Polyurethane Foam Products, including but not limited to your costs of TDI, MDI, polyols and/or scrap or trim foam.

11. Your suppliers of raw materials for your production of Polyurethane Foam and/or Polyurethane Foam Products, including but not limited to TDI, MDI, polyols, and scrap or trim foam, the products purchased, and the terms and conditions of purchases of such raw materials.

12. Potential suppliers to you of raw materials for your production of Polyurethane Foam and/or Polyurethane Foam Products.

13. Your receipt of price increase letters concerning raw materials for your production of Polyurethane Foam and/or Polyurethane Foam Products and the effects of such price increase letters on your costs of producing Polyurethane Foam and/or Polyurethane Foam Products, or prices paid for Polyurethane Foam and/or Polyurethane Foam Products.

14. Your use of Price Increase Letters with your customers for Polyurethane Foam and/or Polyurethane Foam Products.

8

15. Your monitoring, tracking, observation, or knowledge of prices for raw materials used in the manufacture of Polyurethane Foam and/or Polyurethane Foam Products, including Polyurethane Foam and/or Polyurethane Foam Products.

16. Your strategic plans regarding production and sales into and/or any inquiries, considerations, or investigations of entry or possible entry into any product, geographic, industry, and/or customer market(s) for the production and sale of Polyurethane Foam and/or Polyurethane Foam Products.

17. Competition between you and any of the Defendants in the sale of Polyurethane Foam and/or Polyurethane Foam Products, and the nature, results, and/or outcomes of the competitive situations.

18. Any assignment or transfer by you to any party of the right to sue Defendants (or any of them) for damages for any alleged overcharge on the direct or indirect purchase of Polyurethane Foam and/or Polyurethane Foam Products.

C. REQUESTS FOR PRODUCTION

*Please provide documents* ***sufficient to show and/or identify, for and/or during the Relevant Time Period***:

1. The corporate structure, ownership, and management structure of your company;

2. Your joint venture or cooperative activities with any Defendant or other supplier of Polyurethane Foam and/or Polyurethane Foam Products, or with any supplier of raw materials, used in your manufacture of Polyurethane Foam and/or Polyurethane Foam Products;

3. Your document retention and/or destruction policies, procedures, and practices;

4. Your suppliers of raw materials used in your production of Polyurethane Foam and/or Polyurethane Foam Products, including Polyurethane Foam and/or Polyurethane Foam Products;

5. Your contracts or other agreements related to purchases of raw materials used in your production of Polyurethane Foam and/or Polyurethane Foam Products, including Polyurethane Foam and/or Polyurethane Foam Products;

6. Your sales of Polyurethane Foam and/or Polyurethane Foam Products, including the amount and type of products sold and the dates and prices of the sales;

7. The customers to which you sold Polyurethane Foam and/or Polyurethane Foam Products;

8. Your contracts or other agreements related to sales of Polyurethane Foam and/or Polyurethane Foam Products;

9. The costs and materials for Polyurethane Foam and/or Polyurethane Foam Product sold by you;

10. Your financial performance and profitability in the manufacture and sale of Polyurethane Foam and/or Polyurethane Foam Products;

11. The products and services manufactured, offered, sold or distributed by you.

12. Communications between you and any Direct Purchaser Class Plaintiff, Indirect Purchaser Class Plaintiff, Direct Action Plaintiff, Direct Purchaser Class Member, and/or Indirect Purchaser Class Member regarding the subject matter of this Action, or the manufacture, price, availability, terms of sale, purchase, and/or sale of Polyurethane Foam and/or Polyurethane Foam Products;

13. Your competitors in the sale of Polyurethane Foam and/or Polyurethane Foam Products and the products, customers, and geographic territories in which each such competitor competed with you;

14. The conditions, limitations, standards, and/or performance requirements required or requested by your customers concerning Polyurethane Foam and/or Polyurethane Foam Products;

15. Price Increase Letters and/or price lists received by you for the raw materials used by you in the manufacture or production of Polyurethane Foam and/or Polyurethane Foam Products;

16. Price lists, Price Increase Letters, and/or other notices, announcements, letters, or communications made or sent by you concerning the prices of any Polyurethane Foam and/or Polyurethane Foam Products;

17. The reasons for changing (whether increasing or decreasing) prices for Polyurethane Foam and/or Polyurethane Foam Products sold by you, including without limitation documents how the prices were determined and how they were quoted and charged;

18. Your strategic plans, marketing and advertising plans, procurement plans, capital plans, forecasts, projections, and similar business reports for any of your businesses or business units that manufacture, produce, purchase, sell, and/or use Polyurethane Foam and/or Polyurethane Foam Products;

19. Communications between you and any Direct Purchaser Class Plaintiff, Indirect Purchaser Class Plaintiff, Direct Action Plaintiff, Direct Purchaser Class Member or Indirect Purchaser Class Member, regarding any matter related to or concerning the claims in this Action;

11

20. The alternatives to or substitutes for the Polyurethane Foam and/or Polyurethane Foam Products sold by you;

21. The geographic area(s) in which you sell, seek to sell, and/or can competitively sell Polyurethane Foam and/or Polyurethane Foam Products;

22. Your exportation from and/or importation to the United States of Polyurethane Foam and/or Polyurethane Foam Products;

23. The factors that impacted the price and/or availability of Polyurethane Foam and/or Polyurethane Foam Products; and

24. Any assignment or transfer by you to any party of the right to sue Defendants (or any of them) for damages for any alleged overcharge on the direct or indirect purchase of Polyurethane Foam and/or Polyurethane Foam Products.