THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION ) ) ) ) | MDL Docket No. 2196 |
| This document relates to: ) ) ) | Index No. 10-MD-2196 (JZ) |
| ALL INDIRECT PURCHASER CASES ) ) ) | |

**INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN
SUPPORT OF THEIR MOTION FOR APPROVAL OF THEIR
FORM OF CLASS NOTICE AND NOTICE PLAN, AND TO SET A FINAL
APPROVAL HEARING ON THE SETTLEMENT WITH DOMFOAM AND VALLE**

On April 9, 2014, this Court granted Plaintiffs' motion for class certification. [Doc. # 1102] Plaintiffs now seek approval of their forms of class notice and their notice plan. In addition, pursuant to this Court's Order dated March 26, 2012 [Doc. #355], Indirect Purchaser Plaintiffs ("IPPs") also move now for approval of the same proposed Long and Short form notices in order to give notice of the settlement entered into between IPPs and Domfoam and Valle Foam, the setting of dates for opting out and/or objecting to the settlement, and for the scheduling of a final approval hearing on that settlement.

No list exists of the millions of members of the IPP Class. Therefore, IPPs propose, after consultation with a claims administrator and notice expert, that publication is the most efficient, effective and best practicable notice under the circumstances. The IPP notice expert has advised that a multi-facet program including a dedicated website, internet banner advertisements, and media publications, including Parade Magazine which has a national circulation and other magazines is appropriate to provide adequate notice. Some of these publications require approximately 45-60 days advance notice to reserve ad space before publication. In order to

meet the deadlines established in this case and still allow sufficient time for members of the Class to receive notice and exercise their opt-out rights, the exigencies require that notice be disseminated to the Class promptly.

## ARGUMENT

**A.** **Plaintiffs' Proposed Notice Is Appropriate**

The Federal Rules of Civil Procedure outline the requirements for notice to the class:

For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances….The notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;
(ii) the definition of the class certified;
(iii) the class claims, issues, or defenses;
(iv) that a class member may enter an appearance through an attorney if the member so desires;
(v) that the court will exclude from the class any member who requests exclusion;
(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Rule 23(c)(2)(B).

"[T]he purpose of class notice is to 'present a fair recital of the subject matter of the suit and to inform all class members of their opportunity to be heard.'" *In re Brand Name Prescription Drugs Antitrust Litigation*, No. 94 C 897, 1995 WL 23058, at *1 (N.D. Ill. Jan. 17, 1995) (quoting *Gypsum Antitrust Cases v. United States Gypsum Co.*, 565 F.2d 1123, 1125 (9th Cir. 1977)). *Accord, In re FedEx Ground Package System, Inc., Employment Practices Litigation*, No. 3:05-MD-527, 2008 WL 927654, at *2 (N.D. Ind. April 4, 2008).

The notice to the class is required to be clear and neutral in its terms and tone. *See, e.g., Midland Funding, LLC v. Brent,* 2011 WL 1882507, at *3 (N.D. Ohio 2011) (internal quotation

marks omitted) (finding notice "is designed to present the relevant facts in an unbiased format"); *Adoma v. University of Phoenix, Inc., No*. CIV.S-10-0059, 2010 WL 4054109, at *2 (E.D. Cal. Oct. 15, 2010) ("In addition to the Rule 23)(c) requirements, class notice must be neutral and must avoid endorsing the merits of the claim"); *Garcia v. Elite Labor Service, Ltd*., No. 95 C 2341, 1996 WL 33500122, at *3 (N.D. Ill. July 11, 1996) ("Class notices must contain neutral, clear and understandable language in order to be valid.").  See also *Hoffman La-Rouche v. Sperling*, 493 U.S. 165, 173 (1989) ("In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality."); *In re Deepwater Horizon—Appeals of the Economic and Property Damage Class Action Settlement*, 739 F. 3d 790, 819 (5th Cir. Jan. 10, 2014) ("The class notice must describe the proceedings in 'objective, neutral terms.'" (quoting *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1104 (5th Cir. 1977))); 7AA Charles Alan Wright, Arthur W. Miller & Mary Kay Kane, *Fed. Prac. & Proc. Civ*. §1787 (3d ed.) ("The best practical notice to absentee class members must contain an adequate description of the proceedings written in objective, neutral terms that, insofar as possible, may be understood by the average absentee class member").

The "class notice is not intended [to] serve as a complete source of information as to each and every alternative a class member may have in pursuing any potential claim against named defendants." *In re Brand Name*, 1995 WL 23058 at *1.  As the court noted in *Garcia*, the court "should not engage in a process of 'nit picking,' as the class notice should not be a long 'brief' of the parties' positions, precise in every detail and slanted in such fashion as to please every litigant." 1996 WL 33500122 at *3 (quoting *Goldwater v. Alston & Bird*, 673 F. Supp. 930, 931 (S.D. Ill. 1987)).  *See also* 7AA Charles Alan Wright, Arthur W. Miller & Mary Kay Kane, *Fed. Prac. & Proc. Civ*. §1787 (3d ed.) (notice requirement "does not require that [class members] be

3

cognizant of every material fact that has taken place prior to the mailing of their individual notice").

Notice should be given promptly after the certification order. 3 *Newberg on Class Actions* § 8:11 (5th ed.) (citing Manual for Complex Litigation, Fourth, § 21.311). Rule 23 contemplates that all class members are to be provided with timely notice because "due process … requires that notice be [given] 'to apprise interested parties of the pendency of the action ….'" 3 *Newberg on Class Actions* § 8:5 (5th ed.) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950). Indeed, this Court has determined the "dissemination of class notice is crucial to the entire scheme of Rule 23." *Midland Funding, LLC v. Brent*, 2011 WL 1882507, at *3 (N.D. Ohio 2011) (internal quotation marks omitted). *See also Bremiller v. Cleveland Psychiatric Institute,* 898 F. Supp. 572, 581 (N.D. Ohio 1995) (holding "notice must be distributed to all class members at the earliest possible time."); *Sanders v. John Nuveen & Co., Inc.*, 463 F.2d 1075, 1082 (7th Cir. 1972) ("The purpose of the mandatory notice and disclosure requirements of Rule 23(c)(2) is to advise all class members of their rights and privileges…."). *Cf. Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 51 (1st Cir. 2010) ("[t]he purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated" ) (citations and quotation marks omitted).

Here, there are rapidly approaching deadlines which will impact the decisions that members of the Class must take before there is any ruling on the contemplated motions for summary judgment and trial. As the schedule now provides, motions for summary judgment will be fully briefed by August 27, 2014, and the trial is scheduled to commence on October 15, 2014. Because some publications require advance reservations of space time of approximately

4

45-60 days and allowing at least 45 days for members of the Class to exercise their rights to remain in the Class or seek exclusion, prompt approval of the forms and manner of dissemination of the notice to the Class is essential.

**B.     A Combination of Media Publication, Digital, Internet, Earned Media, Website, and Call Center Satisfies Due Process and Is the Best Notice Practicable**

Federal Rule of Civil Procedure 23(c)(2)(B) requires the Court to "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443, 448 (6th Cir. 2002) (Rule 23(b)(3) only requires that potential class members be provided *reasonable* notice and the opportunity to decline to participate in the action.). Furthermore, Rule 23 permits a district court "wide discretion" as to the form and content of the notice. *In re General Tire and Rubber Co. Securities Litig.*, 726 F. 2d 1075, 1086 (6th Cir. 1984). Plaintiffs have proposed that notice be given through a combination of (1) online digital media notices, (2) local, regional and national publication notices, (3) dedicated informational website, and (4) earned media.

Rule 23 requires only such notice as is practicable under the circumstances and that '[w]hen reasonable effort would not suffice to identify the class members, notice by publication, imperfect though it is, may be substituted." *Hughes v. Kore*, 731 F.3d 672, 677 (7th Cir. 2013). Similarly, in *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 786 (7th Cir. 2004), the court held that "when individual notice is infeasible" a combination of publication in a newspaper of national circulation and online would be sufficient alternatives. *See also Fidel v. Farley*, 534 F.3d 508, 513-514 (6th Cir. 2008) (finding "[d]ue process does not, however, require *actual* notice to each party intended to be bound by the adjudication of a representative action."); *Biechele v. Norfolk & W. Ry. Co.,* 309 F. Supp. 354, 356 (N.D. Ohio 1969) (finding the best

5

possible notice to class members would be by publication); *Burns v. Elrod*, 757 F.2d 151, 153 (7th Cir. 1985) (notice is not required to "exhaust every conceivable method of identifying potential class members"); *In re Domestic Air Transportation Antitrust Litig.*, 141 F.R.D. 534 (N.D. Ga. 1992) (rejecting defendants' claims that plaintiffs had to go through expensive and lengthy process of identifying individual class members and finding publication notice sufficient).

In this case, Plaintiffs propose a comprehensive and robust notice plan which provides for publication notice to the Class who are dispersed across the country and whose names and addresses are not readily identifiable. The Class likely contains millions of members. Even if the names of all of the Class members could be determined, since the Class Period now stretches back fourteen years, the contact information for many if not most of them would be inaccurate. Most class members will have changed addresses during that period, some will have died, and others will have changed names.

Because of these difficulties, publication notice is the most effective, efficient and reasonable manner to advise the Class of the pendency of the litigation and of their rights. Moreover, given that many in the Class will have relatively small claims for an overcharge on the foam content of bedding, carpet underlay or upholstered furniture they purchased, the cost of tracking them down and the delays of conducting discovery to try to ascertain their identities, would be prohibitive and would outweigh any benefit given the tight schedule in this proceeding.

The Declaration of Anya Verkhovskaya, and the accompanying notice plan, demonstrates that the comprehensive notice plan proposed by Plaintiffs satisfies due process and constitutes the most efficient and cost effective method of providing notice to the Class and is, therefore, the best practical notice under the circumstances.

The Court should approve Plaintiffs' plan of notice dissemination, which comports with the requirements of Rule 23 and due process.

C. **The Notice Plan Should Include the Domfoam and Valle Settlement**

Domfoam and Valle were in bankruptcy when they settled with IPPs, and the consideration for the settlement with IPPs was in the form of substantial cooperation rather than money. As a result, the settlement agreement which this Court has already preliminarily approved provides that defray the costs, notice to the class of the proposed settlement, and the final approval hearing, could be delayed until it was necessary to send out another notice to.

Now that the IPPs must publish and bear the cost of the Class Notice, and given that trial is approaching in less than six months, it is appropriate to combine the notice of the Domfoam Valle settlement with the class notice, and set a final approval hearing on the settlement so the Court can determine whether to approve the settlement before trial. In addition, Plaintiffs request that the Court set dates for opting out, objecting to the settlement, giving notice of intent to appear at the final approval hearing, and for the final approval hearing on that settlement.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order approving the class notice and Notice Plan submitted by Plaintiffs.

Dated: April 16, 2014            Respectfully submitted,

                                                    */s/* Marvin A. Miller
                                                    Marvin A. Miller
                                                    Matthew E. Van Tine
                                                   Andrew Szot
                                                   Lori A. Fanning
                                                   **MILLER LAW LLC**
                                                   115 S. LaSalle Street, Suite 2910
                                                   Chicago, IL 60603
                                                   Tele: (312) 332-3400
                                                   Fax: (312) 676-2676
                                                   Email: MMiller@MillerLawLLC.com
                                                               MVantine@MillerLawLLC.com
                                                               ASzot@MillerLawLLC.com
                                                               LFanning@MillerLawLLC.com

                                                *Interim Lead Counsel for Indirect Purchasers*

                                                  Richard M. Kerger (0015864)
                                                  Kimberly Conklin (0074726)
                                                  **KERGER & HARTMAN, LLC**
                                                  33 S. Michigan Street, Suite 100
                                                  Toledo, OH 43604
                                                  Telephone: (419) 255-5990
                                                  Fax: (419) 255-5997
                                                  Email: Rkerger@kergerlaw.com
                                                               Kconklin@kergerlaw.com

                                                *Executive Committee for Indirect Purchasers*

                                                  Jay B. Shapiro
                                                  Samuel O. Patmore
                                                  Abigail E. Corbett
                                                  Matthew Dates
                                                  **STEARNS WEAVER MILLER WEISSLER ALHADEFF**
                                                  **& SITTERSON, P.A.**
                                                  150 West Flagler Street
                                                  Miami, Florida 33130
                                                  (305) 789-3200
                                                  Email: JShapiro@stearnsweaver.com
                                                               SPalmore@stearnsweaver.com

Shpetim Ademi
Guri Ademi
David Syrios
**ADEMI & O'REILLY, LLP**
3620 East Layton Avenue
Cudahy, Wisconsin 53110
(414) 482-8000
Email: SAdemi@ademilaw.com
GAdemi@ademilaw.com
DSyrios@ademilaw.com

Martin D. Holmes
M. Reid Estes
**DICKINSON WRIGHT PLLC**
424 Church Street
Suite 1401
Nashville, TN 37219
(615) 244-6538
Email: MDHolmes@dickinsonwright.com
MREstes@dickinsonwright.com

Daniel Lynch
Avidan J. Stern
**LYNCH & STERN LLP**
150 South Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 346-1600
Email: Dan@lynchandstern.com
Avi@lynchandstern.com

Eric D. Barton
**WAGSTAFF CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100
Email: EBarton@wagstaffcartmell.com

David Schiller
**SCHILLER & SCHILLER, PLLC**
Professional Park at Pleasant Valley
5540 Munford Road • Suite 101
Raleigh, North Carolina 27612
Telephone: (919) 789-4677
Email: DSchiller@yahoo.com

Susan Bernstein
200 Highland Avenue, Suite 306
Needham, MA 02494
Telephone: (781) 290-5858
Email: Susan@sabernlaw.com

*Counsel for Indirect Purchaser Plaintiffs*

**CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

I, Marvin A. Miller, certify that on April 16, 2014, I caused to be served the foregoing document in accordance with Paragraph 9 of the Initial Case Management Order entered January 20, 2011.

                                               */s/    Marvin A. Miller*
                                                      Marvin A. Miller