**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) ) ) MDL Docket No. 2196 ) Index No. 10-MD-2196 (JZ) |
| This document relates to: | ) ) |
| ALL INDIRECT PURCHASER CASES | ) ) |

**DEFENDANTS' RESPONSE TO INDIRECT PURCHASER PLAINTIFFS' MOTION
FOR APPROVAL OF THEIR FORM OF CLASS NOTICE AND NOTICE PLAN**

Pursuant to the Court's April 24, 2014 Order [Dkt. 1138], the undersigned Defendants submit this Response to the Indirect Purchaser Plaintiffs' ("IPP") Motion for Approval of their Form of Class Notice and Notice Plan [Dkt. 1118] (the "Motion") and respectfully submit that it would be imprudent and prejudicial for the Court to approve the immediate dissemination of the Long Form and Short Form Notices pursuant to Notice Plan proposed by IPPs. Accordingly, Defendants ask that the Court stay issuance of any class notice and deny IPPs' current Motion in its entirety. In the alternative, if the Court decides to proceed with preparation of the class notice for publication before resolution of Defendants' 23(f) petition and any related appeal, Defendants ask that the Court order the parties to meet and confer regarding the form and content of the notices and the proposed method of publication and, following such discussions, that the parties jointly submit a revised notice plan and notice forms for the Court's review and consideration.

I. **The Court Should Stay Class Notice Pending Resolution of Defendants' Appeal of the Court's Class Certification Decision.**

A. **Courts Routinely Issue Stays of Class Notice Where, as Here, Sending Notice Before the Appeal is Resolved Could Result in Irreparable Harm to Defendants, Confusion to Class Members, and Wasted Resources.**

After filing a Rule 23(f) Petition for Permission to Appeal with the Sixth Circuit, Defendants filed their Motion for a Stay Pending Appeal [Dkt. 1145] in this Court asking that these proceedings be stayed in their entirety until the appeal is resolved or, at a minimum, that the Court stay the issuance of class notice during the pendency of the appeal. For all of the reasons set forth in Defendants' Stay Motion, this Court should stay dissemination of the class notice. First, sending out class notice at this juncture, which would involve nationally broadcasting IPP's sweeping allegation that Defendants have "engaged in a long running conspiracy to artificially inflate the cost of polyurethane foam used in carpet cushion, bedding products, and upholstered furniture" [Dkt. 1118, Ex. A; Dkt. 1119 at 1], would cause harm to Defendants' goodwill and reputations that could not be undone if Defendants prevail on appeal. *See, e.g., Basicomputer Corp. v. Scott*, 973 F.2d 507, 512 (6th Cir. 1992) ("The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute."). Second, if the Sixth Circuit decertifies or modifies the class *after* class notice is dispatched, it would result in duplicative notice publications, and possibly retractions, resulting in confusion to class members and needless time and expense wasted by the parties and the Court.[1]

---

[1] *See In re Urethane Antitrust Litig.*, No. 04-MD-1616, 2006 WL 3021126, at *2 (D. Kan. Oct. 23, 2006) (staying class notice because "the potential confusion that could result if the Tenth Circuit were to vacate or modify the class certification order after notice has already been disseminated to class members counsels against proceeding"); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) (staying class notice

2

For these reasons, numerous courts have stayed the issuance of class notice during the pendency of a class certification appeal. Defendants ask that the Court follow the same approach here. *See* Manual for Complex Litigation (4th) § 21.28 ("If the appeal is from a grant of certification, the district court should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination.").[2]

### B. The Need for a Stay of the IPP Class Notice Is Particularly Acute Given the Breadth of the IPP Class Definition and the Associated Difficulty of Crafting a Class Notice that Will Allow Class Members to Determine Whether They are in the Class.

Staying issuance of the notice is particularly justified for the IPP case given that some of the issues on appeal are inextricably intertwined with the content of the notice. In particular, the IPP class is patently unascertainable. Class representatives have already conceded that there

---

and holding that a "curative notice to the class, perhaps many months or more after the initial class notice was disseminated . . . would not be sufficient to stem the confusion that would arise in the event of a change to the class definition or decertification of the class altogether"); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012) ("Defendants correctly note that proceeding with class notice while the Rule 23(f) petition is pending could lead to confusion among the public and the absent class members"); *Jenkins v. Hyundai Motor Fin. Co.*, No. C2-04-720, 2008 WL 2268319, at *5 (S.D. Ohio 2008) (recognizing public interest in minimizing confusion resulting from potentially erroneous notices).

[2] *See also*, *e.g.*, *Wachtel v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 183 (3d Cir. 2006) ("grant[ing] a temporary stay of class notice . . . [and] later extend[ing] [the stay] indefinitely pending the resolution of the Rule 23(f) appeal"); *In re Rail Freight*, 286 F.R.D. at 94; *In re Se. Milk Antitrust Litig.*, No. 2:08-MD-1000, 2011 U.S. Dist. LEXIS 5590, at *40 (E.D. Tenn. Jan. 19, 2011); *Jenkins v. Hyundai Motor Fin. Co.*, No. C2-04-720, 2008 WL 2268319, at *1 (S.D. Ohio June 2, 2008); *Powell v. Tosh*, No. 5:09-CV-121, 2012 WL 1202289, at *5 (W.D. Ky. Apr. 10, 2012) ("Because a potential plaintiff in a Rule 23(b)(3) action is bound unless he or she opts out, voiding a previously issued class notice could create significant issues regarding whether additional action must be taken after any corrective notice is received by the class members."); *Whitlock v. FSL Management, LLC*, No. 3:10-cv-562, 2012 WL 6675124, at *3-4 (W.D. Ky. Dec. 21, 2012) (citing *Powell*); *Brown*, 2012 WL 5818300, at *5; *In re Urethane Antitrust Litig.*, 2006 WL 3021126, at *2-3; *Dukes v. Wal-Mart Stores, Inc.*, No. 01-2252 (N.D. Cal. Sept. 27, 2004) (order on motion to stay), ECF No. 655.

simply is no way of determining *who* produced the foam contained in the products they purchased. [Dkt. 960–2 at 140]. In this situation, it simply is not possible to craft a class notice that will comport with due process, as most class members will have no way of knowing whether they fall within the class definition. *See* Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges* 11 (3rd ed. 2010) (hereinafter "*Pocket Guide*") ("Class members, particularly unknown ones, must be able to understand that they are included. This could be a problem, for example, if the class member must recall making modest retail purchases in certain places, or know that a certain component is contained in a product."); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 595 (1997) (casting significant doubt on the constitutionality of notice where many class members did not know of their exposure to asbestos or appreciate the extent of harm they may incur); *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996) ("[M]any potential members of the classes cannot yet know if they are part of the class. We therefore have serious due process concerns about whether adequate notice under Rule 23(c)(2) can be given to all class members to enable them to make an intelligent choice as to whether to opt out."); *Alberghetti v. Corbis Corp.*, 263 F.R.D. 571, 577 (C.D. Cal. 2010) (holding that "adequate notice is simply impossible" because "[e]ven if the Court and the parties were able to inform every living person about this lawsuit, it is unlikely that many of putative class members would realize that their images are being used by Defendant").

In short, "[i]f the class member cannot quickly and easily determine whom the notice is directed to, and whether he or she is affected, there is a problem." Todd B. Hilsee et al., *Do You Really Want Me to Know My Rights? The Ethics Behind Due Process in Class Action Notice Is More Than Just Plain Language: A Desire to Actually Inform*, 18 Geo. J. Legal Ethics 1359,

4

1368 (2005). Clearly, this is a problem in this case. A class member reading this notice would have no way to determine whether their couch (or chair or mattress or carpet cushion) contains polyurethane foam manufactured by one of the listed entities, and therefore whether the notice even applied to them. This confusion is compounded by the fact that the Long Form Notice describes class membership in different ways in different parts of the Notice. [*Compare* Dkt. 1118, Ex. A ("Are You Affected?") *with id.* ("Who is a Member of the Class?")].

Defendants have raised the ascertainability issue in their Rule 23(f) Petition, and it would be premature to issue the proposed notice in light of the pending challenge.

## II. In the Alternative, the Court Should Order the Parties to Meet and Confer Regarding the Appropriate Content and Format of the Notice and the Method for Distributing Notice.

### A. Rule 23, Due Process, and Notions of Fairness Dictate that the Parties and the Court Carefully Scrutinize the Proposed Notice and Notice Plan to Ensure that They Meet the Requirements of Rule 23 and Comport with Due Process.

Federal Rule of Procedure 23(c)(2)(B)'s mandatory notice provision was "designed to fulfill requirements of due process to which the class action procedure is of course subject." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (quoting Fed. R. Civ. P. 23 advisory committee's note). Although IPPs argue that the Court should not "engage in 'nit-picking'" their proposed notice [Dkt. 1119 at 3], neither should the Court rubber-stamp whatever is put in front of it. "Rule 23 makes clear that the district court has a key role in the provision of notice, mandating that '*the court* shall direct' the appropriate notice to members of the class." 1 McLaughlin on Class Actions § 5:85 (quoting Fed. R. Civ. P. 23(c)(2)(B)). "The district court has an affirmative obligation in its capacity as fiduciary for absent class members to review the proposed notice to ensure that it meets the requirements of due process." *Id.* (citing *Schisler v. Heckler*, 787 F.2d 76, 86 (2d Cir. 1986) ("[T]he district court should examine that notice, and

5

fashion its own more effective notice, if necessary."), and *Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 57 (D. Conn. 2001) ("The Court bears the responsibility of directing the 'best notice practicable' to class members and of safeguarding them from 'unauthorized, misleading communications from the parties or their counsel.'")).

The parties similarly have a duty to comply with the requirements of Rule 23 and their own incentives to ensure that the notice is adequate. For IPPs, a defective notice, especially one that is sent out prior to resolution of the class certification appeal, could lead to incurring significant time and expense to prepare and publish a corrective notice. For Defendants, the incentive to ensure appropriate notice is even greater: ensuring finality in this litigation, whatever the outcome. *See* 7AA Federal Practice and Procedure § 1786 ("[E]ffective notice must be provided in a Rule 23(b)(3) action as a prerequisite to binding absent members of the class."); *see also Twigg v. Sears. Roebuck & Co.*, 153 F.3d 1222, 1228-29 (11th Cir. 1998) (holding that a second lawsuit for the same claims was not barred because the content of the class action notice did not satisfy due process standards); *Pearson v. Easy Living, Inc.*, 534 F. Supp. 884, 891-92 (S.D. Ohio 1981) (allowing class member in a subsequent suit to proceed on claims not included in the class notice).

### B. The Notice Forms and Notice Plan Proposed by IPPs Raise Issues That Warrant Consideration, Discussion, and Modification.

Expediency cannot trump the requirements of the Constitution. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (explaining that "when notice is a person's due, process which is a mere gesture is not due process"). The Court and the parties must ensure that no corners are cut in an attempt to quickly throw together a notice for publication. *See, e.g.*, *In re Domestic Air. Transp. Antitrust Litig.*, 141 F.R.D. 534, 538 n.2 (N.D. Ga. 1992) (explaining that the court conducted an evidentiary hearing to evaluate the reasonableness of the proposed

6

notice and notice plan, hearing from witnesses on both sides). IPP class members are entitled to a class notice and accompanying plan for dissemination that is not a "mere gesture," but one "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314, 315. "The notice should contain information reasonably necessary to make a decision whether to remain a class member and be bound by the final judgment or to opt out of the action. The standard is that notice must contain information a reasonable person would consider material in making an informed, intelligent decision of whether to opt out of or to remain a member of the class and be bound by a final judgment." *Bremiller v. Cleveland Psychiatric Inst.*, 898 F. Supp. 572, 581 (N.D. Ohio 1995) (citing *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088 (5th Cir. 1977); *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173 (9th Cir. 1977)).

One of the most critical aspects in evaluating whether a proposed notice will apprise absent class members of their legal rights is whether the format and layout used (including the use of headlines, spacing, font sizes and styles, etc.) will actually grab class members' attention. *See* Manual for Complex Litigation (4th) §21.31 ("Published notice should be designed to catch the attention of the class members to whom it applies . . . . Headlines and formatting should draw the reader's attention to key features of the notice."); *Pocket Guide* at 28 ("[I]t is important to give the class member a reason to *read* the notice. In a world in which junk mail and spam can easily drown out important messages, you may need to press the parties to look beyond the formal legal requirements and find a way to communicate the gist of a class action notice in an attention-getting and understandable format . . . . The headline of a notice should tell potential class members at a glance why they should—or should not—bother to read the notice; what the notice is about; and what benefit the reader might gain from reading the notice."); Shannon R.

7

Wheatman, Ph.D., Terri R. LeClercq, Ph.D., *Majority of Class Action Publication Notices Fail to Satisfy Rule 23 Requirements*, 30 Rev. Litig. 53, 58 (2010) ("There is more to a notice than just words on a page. The design or layout of a notice influences readability."); *see also Mullane*, 339 U.S. at 315 ("The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . . ."). As the Federal Judicial Center has explained: "It is best to see and approve the forms of notice the way they will be disseminated, in their actual sizes and designs." Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide at 4 (2010), *available at* http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck.pdf/$file/NotCheck.pdf; *id.* at 2 ("Draft forms of the notices should be developed, in the shape, size, and form in which they will actually be disseminated, for your approval before authorizing notice to the class."). IPPs' submission does not permit Defendants or the Court to evaluate this critical aspect of the proposed plan.

IPPs propose that notice be accomplished solely through publication in print and electronic media [Dkt. 1119 at 1], presumably using the Short and Long Form Notices [*see* Dkt. 1118 at Ex. D (Proposed Order in Connection With Class Notice and Notice of Settlement)]. The Notice Plan, however, contradicts the IPPs' proposed form, referring to a "plain-language Publication Notice that <u>will be developed</u> for this program" and that <u>will utilize</u> "a large, bold headline," "plain, easily understood language," " a case website address, a toll-free telephone number, and a mailing address," all displayed prominently. [Dkt. 1118, Verkhovskaya Declaration Ex. B at 22]. In other words, the format that IPPs' own notice consultant recommends differs from the notice submitted to this Court. The Court and Defendants are

8

entitled to review a version that appears in the same typeface, size, and formatting that will be provided to class members so that they can evaluate whether the notice will effectively communicate with class members. In short, the IPPs are asking the Court to approve a notice they have not yet seen. Moreover, IPPs have not provided the proposed text for the internet ads and banners called for by the Notice Plan at all.

In addition to these glaring omissions, which leave both Defendants and the Court unable to analyze the reasonableness of IPPs' Notice Plan, there are several other issues with the notice forms and the proposed plan that can and must be addressed by the parties and the Court before the Notice Plan is finalized. These issues include, but are not limited to, the following:

- Describing the class consistently and in a manner that will allow class members to determine whether they are members of the class and, therefore, that their legal rights may be implicated. *See, e.g.*, *Pocket Guide* at 11 ("Class members, particularly unknown ones, must be able to understand that they are included."); *see also* I.B., *supra*.

- Ensuring that the notice complies with Rule 23(c)(2)'s requirement that it be drafted in "plain, easily understood language." *See* Fed. R. Civ. P. 23 advisory committee's note ("The direction that class-certification notice be couched in plain, easily understood language is a reminder of the need to work unremittingly at the difficult task of communicating with class members."); *see also In re Domestic Air. Transp.*, 141 F.R.D. at 553 ("A notice that is confusing to class members is not the best practicable under the circumstances.").

- Adjusting the formatting and deleting the case caption at the beginning of the notice form to ensure that the notice captures readers' attention. *See, e.g.*, *Pocket*

9

> *Guide* at 29 ("Formal case captions should not be used in the summary notice as they are a turn-off to lay people.").

- Considering whether the notice should be published or available in languages other than English or in periodicals designed to reach minority populations. *See, e.g.*, *Pocket Guide* at 29 ("Make sure the notice plan takes into account any cultural and language barriers to notifying class members."); *see also Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1351 (9th Cir. 1980) ("[Rule 23] reasonably demands that notice be given 'in a form and manner that does not systematically leave an identifiable group without notice.'") *disapproved of on other grounds by Evans v. Jeff D.*, 475 U.S. 717 (1986); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litig.*, No. 2:10-md-1203, 2000 WL 1222042, *36 (E.D. Pa. Aug. 28, 2000) ("[Some of t]hese newspapers were selected because . . . they were targeted to African American or Spanish speaking populations."), *enforcement of settlement denied on unrelated grounds by In re Diet Drugs*, 2003 WL 22594339 (E.D. Pa. Oct. 10, 2003), and *In re Diet Drugs*, 2007 WL 518549 (E.D. Pa. Feb. 12, 2007).

- Ensuring that the notice will adequately reach a majority of class members. *See Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008) ("To comport with the requirements of due process, notice must be 'reasonably calculated to reach interested parties.'" (quoting *Karkoukli's, Inc. v. Dohany,* 409 F.3d 279, 283 (6th Cir.2005)). In particular, the Notice Plan estimates that print publication will only reach 51.77% of class members. [Dkt. 1118, Verkhovskaya Declaration Ex. B at 22]. Factoring in online reach increases this number to 77.44%, *id.*, but the plan

10

does not indicate whether the 77.44% figure is based solely on internet banners and, if so, whether those internet banners meet the content requirements of Rule 23 and can therefore appropriately be considered in calculating reach.

- Avoiding inconsistent descriptions of the alleged conspiracy, which may be confusing to class members. *In re Domestic Air Transp.*, 141 F.R.D. at 553 (explaining that a confusing notice is not the best practicable notice under the circumstances).

- Ensuring that the description of the claims encompasses all of the allegations such that, consistent with due process, class members can be bound by any judgment or settlement reached in this case. 7AA Federal Practice and Procedure § 1786 ("[E]ffective notice must be provided in a Rule 23(b)(3) action as a prerequisite to binding absent members of the class.").

- Correcting the list of Defendants to conform to the operative IPP class action complaint. Specifically, Crest Foam and Ohio Decorative Products are listed as defendants in the Notice Forms, but are not named in the operative IPP complaint and were previously dismissed from the IPP case. [Dkt. 283].

- Ensuring that the notice clearly defines what is meant by the term polyurethane foam and accurately describes the facts of this case. For example, the Notice provides: "These companies [i.e., Defendants] produce most of the polyurethane foam sold in this country." Even assuming that is true for some Defendants, this statement is clearly incorrect for those Defendants that only manufacture rebond carpet cushion.

- Correcting all typographical errors.

11

### C. The Court Should Direct the Parties to Confer Regarding The Content and Method of Notice and Jointly Submit a Revised Notice and Plan.

Courts frequently allow parties to collaborate on the appropriate content, format, and dissemination method for class notice in order to ensure that the requirements of Rule 23 and due process are met. *See* 1 McLaughlin on Class Actions § 5:85 ("The prevailing practice is for the parties to confer on the content of a proposed notice under Rule 23(c)(2), and then for the plaintiffs to submit the notice to the district court for its approval."); *see also Miles v. Am. Online, Inc.*, 202 F.R.D. 297, 306 (M.D. Fla. 2001) (directing parties to file a joint submission regarding the appropriate written notice for the court's approval); *Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996) (holding that the notice proposed by plaintiffs was not sufficiently complete nor neutral to provide proper notice and ordering parties to confer and attempt to stipulate to a form of notice that then could be approved by the court); *In re Domestic Air Transp.*, 141 F.R.D. at 537 ("At the time the Court certified the class, it directed the parties to confer concerning the content, timing, and method of notice to be given to the class and to present to the Court written statements as to any agreements reached and the parties' respective positions concerning any areas of disagreement."). As explained above, it is in the parties' interests to ensure that the notice comports with due process. Moreover, allowing the parties to engage in candid discussions about the class notice will result in a revised and improved notice and notice plan while conserving judicial resources by limiting any remaining areas of dispute and assisting the Court in meeting its independent duty to ensure that Rule 23 and due process are satisfied.

## CONCLUSION

This Court should stay notice to class members pending resolution of Defendants' Rule 23(f) petition and any resulting appeal. In the alternative, if the Court finds that the form notice

and notice plan should be finalized prior to resolution of Defendants' appeal, then, in order to ensure that the requirements of Rule 23 and the Constitution are satisfied, the Court should direct the parties to negotiate the content and format of the form notices and proposed notice program and to submit a joint statement setting forth any agreements reached, with separate submissions regarding any areas of disagreement, no later than May 30, 2014.  At the very least, IPPs should be required to file the proposed notices in the format that they propose to make them available to class members, and Defendants should be given time and an opportunity to review and respond to the formatted version, to depose IPP's notice consultant Anya Verkhovskaya, and to obtain their own notice expert if necessary.

Dated:  May 2, 2014

/s/   James H. Walsh
James H. Walsh
Howard Feller
Bethany Lukitsch
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: (804) 775-4356
Fax:    (804) 698-2200
jwalsh@mcguirewoods.com
hfeller@mcguirewoods.com
blukitsch@mcguirewoods.com

*Counsel for Carpenter Co., E.R. Carpenter, L.P., and Carpenter Holdings, Inc.*

Respectfully submitted,

/s/   Kendall Millard
Kendall Millard
Bradley R. Love
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Phone: (317) 236-1313
Fax:    (317) 231-7433
kmillard@btlaw.com
blove@btlaw.com

/s/   Michael D. Mustard
Michael D. Mustard
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN 46802-3119
Phone:  (260) 423-9440
Fax:     (260) 424-8316
mmustard@btlaw.com

*Counsel for FFP Holdings LLC*

/s/ Francis P. Newell
Francis P. Newell
Peter M. Ryan
Lezlie Madden
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2118
Fax: (215) 665-2013
fnewell@cozen.com
pryan@cozen.com
lmadden@cozen.com

*Counsel for Foamex Innovations, Inc.*

/s/ Frank A. Hirsch, Jr.

Frank A. Hirsch, Jr.
Matthew P. McGuire
ALSTON & BIRD LLP
4721 Emperor Blvd.
Suite 400
Durham, NC 27703
Phone: (919) 862-2200
Fax: (919) 852-2260
frank.hirsch@alston.com
matt.mcguire@alston.com

*Counsel for Hickory Springs Manufacturing Company*

/s/ Edward G. Warin

Edward G. Warin
John P. Passarelli
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE 68102
Phone: (402) 346-6000
Fax: (402) 346-1148
edward.warin@kutakrock.com
john.passarelli@kutakrock.com

*Counsel for Future Foam, Inc.*

/s/ Daniel R. Warncke

Daniel R. Warncke
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205
warncke@taftlaw.com

Joe Rebein
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 559-2227
jrebein@shb.com

*Counsel for Leggett & Platt, Incorporated*

| | |
|---|---|
| /s/   Randall L. Allen | /s/   Daniel G. Swanson |
| Randall L. Allen<br>Teresa T. Bonder<br>Kara F. Kennedy<br>Allison S. Thompson<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 W. Peachtree St.<br>Atlanta, GA 30309<br>Phone:  (404) 881-7000<br>Fax:     (404) 881-7777<br>randall.allen@alston.com<br>teresa.bonder@alston.com<br>kara.kennedy@alston.com<br>allison.thompson@alston.com<br><br>*Counsel for Mohawk Industries, Inc.* | Daniel G. Swanson<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Phone: (213) 229-6690<br>Fax:     (213) 229-6919<br>dswanson@gibsondunn.com<br><br>Cynthia Richman<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Phone:  (202) 530-8500<br>Fax:     (202) 530-9651<br>crichman@gibsondunn.com<br><br>*Counsel for Woodbridge Foam Corporation,*<br>*Woodbridge Sales & Engineering, Inc., and*<br>*Woodbridge Foam Fabricating, Inc.* |

## CERTIFICATE OF SERVICE

      I hereby certify that on May 2, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                      /s/ Bethany G. Lukitsch
                                      Bethany G. Lukitsch
                                      McGuireWoods LLP
                                      One James Center
                                      901 East Cary Street
                                      Richmond, VA 23219-4030
                                      Phone: (804) 775-4711
                                      Fax: (804) 698-2261
                                      blukitsch@mcguirewoods.com