**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) | |
| THIS DOCUMENT APPLIES TO: | ) ) | MDL Docket No. 2196 |
| ALL INDIRECT PURCHASER ACTIONS | ) ) ) ) | Hon. Jack Zouhary |

**REPLY IN SUPPORT OF PROPOSED NOTICE PLAN**

**INTRODUCTION**

The Indirect Purchaser Plaintiff Class (the "IPP Class") submits this reply to Defendants' response to the IPP Class's proposed notice and notice plan, which Defendants filed on Friday, May 2, 2014.

As Plaintiffs explained in their motion seeking approval of the Notice and Notice Plan, and as acknowledged by this Court during the April 23rd conference call, given the schedule in place for the remainder of the case and the need for IPP Class to reserve media space so that members of the Class will have an opportunity to be informed of their rights, the parties need to move swiftly to finalize the notice plan. For those reasons, the Defendants were given additional time to provide constructive comments (they had the Notices and Notice Plan since April 16) and the Court indicated it would rule by May 5th. Rather than a constructive response, Defendants continued their mantra of delay and their response provides little more than annotations to why notice should be further delayed.

Defendants complain that the notice includes typographical errors and lists dismissed Defendants but those do not render IPP Class's entire plan improper. Those statements are correct factually. Any typographical errors could have been provided by Defendants but they

choose to request that this Court order more drafts, and after those, more meetings. Developing a class notice is formulaic and is based on considerable precedent. There is no reason other than attempting to derail the October trial date for Defendants to have failed to substantively respond to Plaintiffs' proposal.

## ARGUMENT

### I. A Stay Is Not Appropriate

Defendants' response to the Notice and Notice Plan is a rehash of their class certification response and a loosely disguised motion for reconsideration. It fails in that regard. But given the schedule relating to motions, trial, and the need to reserve media space and allow sufficient time for opt outs, the exigencies militate in favor of proceeding with disseminating notice to the Class.

Defendants' response presumes a forgone conclusion that the Sixth Circuit will accept the Rule 23(f) petition. Based on this Court's scrutiny of the record and rigorous analysis, the presumption is a fantasy.

There will not be confusion among members of the Class. Actual publication will not occur for a matter of months. And to the extent the Sixth Circuit grants Defendants' petition, it is very likely to do so before notice is publicized. It would be premature to derail notice, and in particular the timing of notice, simply based upon what *might* happen at some point in the future, especially when adjustments to the notice plan can be made if circumstances change.

Defendants' argument that notice will impact their goodwill is without merit. Their goodwill was sullied when the Department of Justice raided Defendants' offices, when three participants in the conspiracy admitted to wrongful conduct, when the numerous complaints were filed in this MDL proceeding, and most recently when the European Union broadcast

2

worldwide the fines imposed. It is uncontested that Defendants have more than 90% of the market and purchasers of flexible polyurethane foam have very few alternatives for supply.

Furthermore, notice of the certification of a class is *required* under Rule 23. Fed. R. Civ. P. 23(c)(2). The very purpose of such notice is to provide class members with an opportunity to opt-out of the class *before* a trial on the merits.

For these reasons, the required Class notice should not be stayed.

## II. The IPP's Notice Plan Accomplishes Its Limited Purpose

Defendants' argument that Plaintiffs' notice fails because it does not specifically identify class members likewise falls flat. This argument is a rehash of the opposition to IPP Class' motion for class certification and this Court rejected it. As certainability turns on whether class membership is based upon objective criteria, not whether the inquiry "entail[s] a large number of individual determinations." *Young v. Nationwide Mutual Ins. Co., et al.*, 693 F.3d 532, 537-38 (6th Cir. 2012).

## III. Defendants' Request To Meet And Confer About Plaintiffs' Proposed Notice Plan Is Simply A Delay Tactic

Rather than submitting any counter affidavit to that of IPP Class' notice expert to contest the appropriateness of the Notice Plan, Defendants nit-pick the wording of the proposed publication notice. These minor edits, if indeed necessary, can be remedied quickly. If this Court believes that such meeting is required, Class Counsel is prepared on less than one hour notice, to participate in a conference call to resolve any issues.

## CONCLUSION

For the foregoing reasons, this Court should approve Plaintiffs' slightly revised notice plan and grant Plaintiffs any additional relief deemed just and proper.

Dated: May 5, 2014                    Respectfully submitted,

/s/  Marvin A. Miller
Marvin A. Miller
Matthew E. VanTine
Lori A. Fanning
Andrew Szot
**Miller Law LLC**
115 S. LaSalle St., Suite 2910
Chicago, IL  60603
(312) 332-3400
mmiller@millerlawllc.com

*Class Counsel For Indirect Purchaser Plaintiffs*

/s/ Richard M. Kerger
Richard M. Kerger (0015864)
**KERGER & HARTMAN, LLC**
33 S. Michigan Street, Suite 100
Toledo, OH 43604
(419) 255-5990
Fax: (419) 255-5997

*Executive Committee for Indirect Purchasers*

Shpetim Ademi
Guri Ademi
David Syrios
**ADEMI & O'REILLY, LLP**
3620 East Layton Avenue
Cudahy, Wisconsin 53110
(414) 482-8000
Email:  SAdemi@ademilaw.com
           GAdemi@ademilaw.com
           DSyrios@ademilaw.com

Jay B. Shapiro
Samuel O. Patmore
Abigail E. Corbett
Matthew Dates
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
150 West Flagler Street
Miami, Florida 33130
(305) 789-3200
Email: JShapiro@stearnsweaver.com
           SPalmore@stearnsweaver.com

4

ACorbett@stearnsweaver.com
MDates@stearnsweaver.com

Martin D. Holmes
M. Reid Estes
**DICKINSON WRIGHT PLLC**
424 Church Street
Suite 1401
Nashville, TN 37219
(615) 244-6538
Email: MDHolmes@dickinsonwright.com
MREstes@dickinsonwright.com

Daniel Lynch
Avidan J. Stern
**LYNCH & STERN LLP**
150 South Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 346-1600
Email: Dan@lynchandstern.com
Avi@lynchandstern.com

Eric D. Barton
**WAGSTAFF CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100
Email: EBarton@wagstaffcartmell.com

David Schiller
**SCHILLER & SCHILLER, PLLC**
Professional Park at Pleasant Valley
5540 Munford Road • Suite 101
Raleigh, North Carolina 27612
Telephone: (919) 789-4677
Email: DSchiller@yahoo.com

Susan Bernstein
Attorney at Law
200 Highland Avenue, Suite 306
Needham, MA 02494
Telephone: (781) 290-5858
Email: Susan@sabernlaw.com

*Counsel for Indirect Purchaser Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 5, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, pursuant to Local Rule 5.1(b)-(c) and Initial Case Management Conference Order dated January 20, 2011 (Dkt. 17). Parties may access this filing through the Court's system.

                                              /s/ Marvin A. Miller