# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | MDL Docket No. 2196<br>Index No. 10-MD-2196 (JZ) |
| This document relates to:<br><br>ALL DIRECT PURCHASER CLASS CASES | |

# THE DIRECT PURCHASER CLASS'S
# OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES
# TO FIRST SET OF INTERROGATORIES

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................1

II.     ARGUMENT..............................................................................................................2

        A.      Contention Interrogatories are a Limited Discovery Vehicle and do not Require
                a Party to Identify or Summarize Every Piece of Evidence in the Case........................2

        B.      Defendants' Contention Interrogatories are Overbroad.............................................4

        C.      The Class Nevertheless Responded to Defendants' Contention
                Interrogatories in Good Faith and to the Best of Their Ability...............................6

        D.      Defendants Mischaracterize the Class's Interrogatory Responses. ........................9

                1.      The Class provided extensive examples of the alleged conspiracy
                        in action...............................................................................................9

                2.      The Class cannot be faulted for providing a more detailed answer
                        than Defendants expected. ........................................................................11

                3.      Defendants provide no authority that supports their Motion....................12

III.    CONCLUSION.........................................................................................................14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Continental Ill. Nat. Bank and Trust Co. of Chicago v. Caton*,
  136 F.R.D. 682 (D. Kan. 1991)................................................................13

*Cunningham v. Hamilton Cnty., Ohio*,
  527 U.S. 198, 119 S. Ct. 1915 (1999)...............................................2, 4

*General Motors, LLC v. Woodbridge Foam Corp.*
  Order, Case No. 3:12-pf-10027 (N.D. Ohio Jan. 29, 2014).......................5

*Hypertherm, Inc. v. Am. Torch Tip Co.*,
  72 Fed. R. Serv. 3d 612, 2008 WL 5423833 (D.N.H. Dec. 29, 2008).....................3

*Linde v. Arab Bank, PLC*,
  2012 WL 957970 (E.D.N.Y. Mar. 21, 2012)...................................2, 13

*Lucero v. Valdez*,
  240 F.R.D. 591 (D.N.M. 2007)..............................................................14

*Orthman v. Apple River Campground*,
  757 F.2d 909 (7th Cir. 1985) ...............................................................12

*Pasternak v. Dow Kim*,
  2011 WL 4552389 (S.D.N.Y. Sept. 28, 2011)........................................3

*Starcher v. Corr. Med. Sys., Inc.*,
  144 F.3d 418 (6th Cir. 1998) ............................................................2, 4

*Starlight Int'l, Inc. v. Herlihy*,
  186 F.R.D. 626 (D. Kan. 1999).............................................................13

*Steil v. Humana Kansas City, Inc.*,
  197 F.R.D. 445 (D. Kan. 2000).........................................................2, 3

*Stevens v. DeWitt County., Ill.*,
  2013 WL 819372 (C.D. Ill. Mar. 6, 2013).............................................3

*Wagner v. Fishing Company of Alaska, Inc.*,
  2008 WL 2813333 (W.D. Wash. July 18, 2008) ....................................12

*Wilcox v. Changala*,
  2012 U.S. Dist. LEXIS 5471 (E.D. Wash Jan. 18, 2012) .......................7

## Statutes

Fed. R. Civ. P. 26(a)(3).............................................................................................................1

Fed. R. Civ. P. 26(a)(3)(A)........................................................................................................3

Fed. R. Civ. P. 26(a)(3)(ii).......................................................................................................10

Fed. R. Civ. P. 33......................................................................................................................2

Fed. R. Civ. P. 33(d)................................................................................................................11

## Miscellaneous

Charles Alan Wright, 8A Fed. Practice & Procedure § 2054 (3d ed.)...........................................3

The Direct Purchaser Class (the "Class") respectfully submits this memorandum in opposition to Defendants' Motion to Compel Further Responses to First Set of Interrogatories (Dkt. # 1149) (the "Motion").

## I.  __INTRODUCTION__

Defendants' First Set of Interrogatories goes far beyond that which is permitted of contention interrogatories in the Sixth Circuit.  Collectively, the six interrogatories demand that the Class provide a list of ***every single fact and piece of evidence on which the Class might rely to support its claims***, as well as a ***description of the relevance of each and every fact and piece of evidence***.  (Dkt. # 1149, Ex. 2).  Defendants, however, misunderstand the appropriate scope and burden permitted for contention interrogatories.  Such interrogatories are permitted to help a party clarify the basis for its opponent's legal claims.  They are not an excuse to require an opponent to identify and summarize every single piece of evidence in support of its case, identify every possible witness for trial, nor mandate deposition designations before the time required by Rule 26(a)(3).

Despite this, in a good faith effort to respond to Defendants' overbroad and unduly burdensome interrogatories, the Class provided eighty-four pages of responses to the interrogatories.  These responses included a narrative description of the grounds for the Class's claims along with extensive lists of records, documents, reports, deposition testimony, and other evidence supporting the Class's claims.  Defendants appear not to have expected the depth of the Class's response, because they alternately claim that (1) the Class has not provided enough information and also (2) the Class has provided too much information.  This inconsistency undermines Defendants' Motion.

Defendants' Motion is meritless.  Beyond making vague and undifferentiated complaints about the Class's responses, Defendants do not identify how exactly the Class's responses are

actually deficient. Nor do Defendants credibly explain how or why they are unable to ascertain the scope of the Class's claims at this time, given the extensive interrogatory responses and the context in which they were made, which includes numerous rounds of briefing in which the Class provided heavily-supported motions for class certification and settlement approval (among others) that discussed, at length, the scope of the Class's allegations. In truth, Defendants have no basis for their complaints and the Motion should therefore be denied in its entirety.

## II.  ARGUMENT

### A.  Contention Interrogatories are a Limited Discovery Vehicle and do not Require a Party to Identify or Summarize Every Piece of Evidence in the Case.

The Sixth Circuit has made clear that contention interrogatories serve to require parties to "clarify the basis for or scope of [their] legal claims." *Starcher v. Corr. Med. Sys., Inc.,* 144 F.3d 418, 421 n.2 (6th Cir. 1998), *aff'd sub nom. Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 119 S. Ct. 1915 (1999). Such clarification "narrows and sharpens the issues" for trial. Fed. R. Civ. P. 33 Advisory Committee Notes, 1970 amendment, subdivision (b). Accordingly, while a party "may reasonably ask for the material or principal facts which support a party's contentions in the case," *Steil v. Humana Kansas City, Inc.,* 197 F.R.D. 445, 447 (D. Kan. 2000), "[c]ourts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may wish to offer concerning a given issue at trial." *Linde v. Arab Bank, PLC*, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012); *id.* at *3 (requiring only that "the defendant must provide a sufficiently detailed description of the nature of the proof that will be offered in support of the contentions about which information is sought such that the plaintiffs will understand the theory of their defenses and how they will be proved"). "Contention interrogatories that ask for 'each and every' or all documents, facts, activities, and actions that support a claim may be overly broad and unduly burdensome." *Hypertherm, Inc. v. Am. Torch*

*Tip Co.,* 72 Fed. R. Serv. 3d. 612, 2008 WL 5423833, at *4 (D.N.H. Dec. 29, 2008) (requiring only that responding party provide the "primary evidentiary basis" for its allegations).

As this Court stated earlier this year in response to a similar motion to compel from Woodbridge Foam Corp. against General Motors, LLC:

> "I don't like [contention interrogatories].  I think they – I think they unfairly cause busy work by folks…I don't think it gets you anywhere by saying, okay, tell me every fact and every document that supports the claim that I'm saying is overly broad. …we all know what the claims are here, and I think there's a massive amount of documents here."

(Ex. 1, Jan. 24, 2014 Hrg. Tr. 32:5-21); *see also Stevens v. DeWitt County., Ill.,* 2013 WL 819372, at *4 (C.D. Ill. Mar. 6, 2013) (finding that it was "unduly burdensome" to require a party to "sift through the voluminous materials produced in discovery to cite all facts that support each claim and each and every witness who may testify about any portion of each claim"); *Pasternak v. Dow Kim,* 2011 WL 4552389, at *2 (S.D.N.Y. Sept. 28, 2011) ("contention interrogatories should not 'simply [be] a vehicle for requiring an adversary to regurgitate all factual information obtained in discovery'") (citation omitted) (brackets in original); *Steil,* 197 F.R.D. at 447 ("The scope of the interrogatories seeking 'every fact and document,' however, is overly broad and unduly burdensome on plaintiff.").

Consistent with the above, contention interrogatories are not to be used to compel early disclosure of trial witnesses, deposition designations, and exhibits as such disclosures are more properly addressed through the district court's pretrial order.  *See Pasternak*, 2011 WL 4552389, at *3 ("[N]or will a party be required to identify witnesses and documents where that information will subsequently be supplied in a pretrial order."); *cf.* CHARLES ALAN WRIGHT, 8A FED. PRACTICE & PROCEDURE § 2054 (3d ed.) ("the basic goal [of pretrial disclosures] is to avoid surprise at trial and facilitate receipt of evidence during the trial"); FED. R. CIV. P. 26(a)(3)(A)

(requiring the identification of witnesses and documents to be used at trial).  Defendants seek to require such disclosures now, which is yet another reason to deny their Motion at this time.

### B.   **Defendants' Contention Interrogatories are Overbroad.**

Contrary to the above law, Defendants' contention interrogatories request the *entire universe* of relevant facts, evidence, documents, testimony, and reports that support the Class's claims.  For example, Interrogatory Nos. 1 and 2 ask the Class to "identify all records and documents supporting" the Class's conspiracy claims, and to also "provide a complete description of all [such] records and documents."  (Dkt. #1149, Ex. 2).  Likewise, Interrogatory No. 4 asks the Class to "identify the documentary and testimonial basis for each and every fact" alleged in the Complaint; Interrogatory No. 5 asks the Class to identify "all actions taken by each Defendant" in furtherance of the alleged conspiracy and "all known communications…made in furtherance" of the conspiracy; and Interrogatory No. 6 asks the Class to "state each fact" demonstrating that each Defendant had actual knowledge of, participated in, and consciously committed to the conspiracy.  (*Id.*).

Considering the scope and scale of the more than decade-long alleged conspiracy, the millions of documents Defendants produced, and the extensive depositions (and exhibits thereto) that have been taken in this matter and the parallel *In re Urethane* MDL, Defendants' requests are inordinately burdensome.  Collectively, the interrogatories go far beyond merely asking the Class to "clarify the basis for or scope of" its claims.  *Starcher*, 144 F.3d at 421 n. 2.  Rather, the interrogatories request that the Class exhaustively catalogue facts and evidence far beyond what would even be required in a pretrial order.  None of Defendants' cited authorities require a party to respond to contention interrogatories in such a way, and Plaintiffs are unaware of any such authority.

Tellingly, Defendants appear to recognize this fact as they misrepresent the scope of their interrogatories. For example, even though Interrogatory Nos. 1 and 2 unmistakably request "every record and document" and a "description of all records and documents" supporting the Class's claims, Defendants assert that these Interrogatories simply request that the Class merely "identify evidence" related to their conspiracy allegations. (Dkt. #1149, Mem. at 2-3). As discussed below, that is exactly what the Class did. Accordingly, either the interrogatories are overbroad—as a straightforward reading of them indicates—or, if Defendants are correct that they are limited, Plaintiffs have provided a more than sufficient response. Either way, the Motion should be denied.

Despite this, Defendants nevertheless argue that their overbroad interrogatories are proper in light of "Plaintiffs' vague and undefined claims" in the Complaint. (Dkt. # 1149, Mem. at 7). But considering that the parties have completed discovery and class certification briefing (*e.g.* Dkt. ## 584, 682, 744), all of which Defendants were able to complete despite their current complaints about an "insufficient" understanding of the scope of the alleged conspiracy, it is apparent that Defendants understand the Class's claims well enough to proceed to trial.

The Court's January 29, 2014 order in the *General Motors, LLC v. Woodbridge Foam Corp.* direct action litigation (Ex. 2, Jan. 29, 2014 Order, No. 3:12-pf-10027, Dkt. # 45) ("*GM* decision"), which Defendants cite (Dkt. # 1149, Mem. at 8), actually demonstrates why Defendants' argument fails. In the *GM* decision, this Court ordered GM to supplement its interrogatory responses only with respect to one of the eight GM-specific interrogatories at issue. The Court ordered that limited supplementation for a specific reason, which was that, based on GM's responses and previous allegations, it was unclear how molded foam fit into the alleged conspiracy. (Ex. 1 at 33:24-37:2; 39:14-46:21). But no such issue exists here because molded

foam is not part of the Class's claims, as the responses and recent class certification briefing make abundantly clear.

Additionally, in the *GM* decision, the Court made clear that responding to interrogatories should not impose an onerous burden, directing GM with respect to its claims relating to molded foam to "just give [Defendants] a narrative and direct them to the specific documents that you have at this stage as preliminary as it is to just give them a factual basis for your contentions." (*Id.* at 46:23-47:1).  This is what the Class did (in painstaking detail) to respond to all six of Defendants' interrogatories, as discussed further below.  (Dkt. # 1149, Ex. 3).  Moreover, this Court also noted that it "d[idn't] want this [process of responding] to take a week of somebody's time.  I'm talking about a day or two." (Ex. 1 at 47:18-20).  The Class's current responses facially demonstrate it has already expended well over what the Court described as a reasonable amount of time in drafting the responses about which Defendants now complain.

## C. **The Class Nevertheless Responded to Defendants' Contention Interrogatories in Good Faith and to the Best of Their Ability.**

Even though Defendants' interrogatories are improperly overbroad, the Class provided extraordinarily in-depth and substantial responses to the interrogatories notwithstanding the undue burden they imposed.  Because many of the six interrogatories were duplicative of one another in that they requested the same details of the same price fixing conspiracy, the Class streamlined its responses and provided a substantial narrative answer along with an extensive catalogue of records and documents responsive to the interrogatories.  (*e.g.* Dkt. # 1149, Ex. 3A).[1]

---

[1]  The Class notes that all responses submitted by the Class Representatives at Exhibit 3 to Defendants' Motion are substantively the same.

6

In response to Interrogatory Nos. 1 and 2, the Class identified all supportive records and documents of which they were aware at the time they submitted their responses, which relate to Defendants' conspiracy. (*E.g., id.* at 14-17, and Exs. A-C).

The Class representatives, however, did not provide a description of each and every record and document identified in response to Interrogatory Nos. 1 and 2.  Requiring the Class to describe each document in a narrative manner would improperly intrude on the Class's work product privilege because a complete description of each document would necessarily reveal the Class's thoughts and impressions regarding the significance of each record and document. *Wilcox v. Changala*, 2012 U.S. Dist. LEXIS 5471, at *7 (E.D. Wash Jan. 18, 2012) ("for each allegation [the interrogatories] ask for a detailed account of *every* fact and witness supporting a particular claim.  Their clear thrust is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case…and border too closely to protected work-product.") (emphasis in original).  Moreover, requiring such a response would be overwhelmingly burdensome and, as this Court aptly described in its previous discussion regarding contention interrogatories, would require an inordinate amount of unnecessary "busy work."  *Supra* at 3. Furthermore, the Class's claims are highly straightforward and set out in detail in the narrative response (*e.g.*, Dkt. # 1149, Ex. 3A at 4-14) as well as (among other places) in the Consolidated Amended Complaint, the class certification briefing, briefing on the Domfoam and Vitafoam settlements, and *Daubert* briefing.  (Dkt. ## 46, 293, 343, 584, 744, 885, 886, 887).

Interrogatory 3 is premature as it requests information about the Class's damage calculations.  Although Defendants do not appear to actually allege this response is deficient, the Class nevertheless notes that it responded to Interrogatory 3 by representing it would disclose this information on the schedule mandated by the Court's scheduling order.  (*E.g.*, Dkt. # 1149,

Ex. 3A at 18).  Consistent with this response, the Class did so and disclosed Dr. Leitzinger's damages expert report at the appropriate time and made him available for depositions.  The Class will provide whatever additional damage calculations need to be disclosed under the Court's scheduling order.  (Dkt. # 1137).

Interrogatory 4 is overbroad and improper as it requests that the Class identify the entire scope of "documentary and testimonial basis for each and every fact" alleged in the Consolidated Amended Complaint, as well as "every person … relied upon" to provide those facts.  Again, here Defendants improperly seek a catalogue of all records and documents related to the Class's conspiracy allegations and, again, the Class provided *exactly* the catalogue requested by Defendants.  (*E.g.*, Dkt. # 1149, Ex. 3A at 14-17 and Exs. A-C).

Interrogatory 5 seeks identification of various categories of information—all of which were provided in both the Class's narrative response and document catalogue.  For example, the Class identified "when the alleged…conspiracy" originated and who are the "parties to the alleged ... conspiracy."  (*E.g.* Dkt. # 1149, Ex. 3A at 4).  As requested, the Class also outlined "all actions taken by each Defendant in furtherance of" the conspiracy, actions which included that Defendants "conspired to raise the price of polyurethane foam and polyurethane foam products and allocate customers," "agreed and conspired to exchange price increase letters," and "communicated directly" and "indirectly" with each other in furtherance of and as part of the conspiracy.  (*Id.* at 4-14).  Plaintiffs' narrative portion of their responses provides clear examples of these actions, as Plaintiffs have now done on repeated occasions.  (*See*, *e.g.*, *id.* at 8, 11).  Plaintiffs also provided an extraordinarily detailed list of documents and records in Exhibits A-C to the responses that identified additional specific examples of Defendants' wrongful actions.

Interrogatory 5 also asks for "the dates and attendees of all meetings" that were related to the conspiracy.  (Dkt. # 1149, Ex. 2).  The Class has identified such meetings to the extent possible in its narrative responses and catalogue.  Considering that much of the conspiracy transpired in secret and the Class relies on both direct and circumstantial evidence, there is no reasonable argument that the Class can and should be expected to provide more particulars than it has already.

Lastly, Interrogatory 5 requests "all known communications" made in furtherance of the conspiracy.  (*Id.*).  Again, all communications that the Class has identified to date are cited within the narrative response and the catalogue, and the Class is continuing to search and identify additional communications.

Finally, Interrogatory 6, which requests "each fact" that demonstrates that "each Defendant 'had actual knowledge of, participated in, and consciously committed itself to'" the alleged conspiracy, (*id.*), is duplicative of the above interrogatories.  Consequently, for the same reasons that Plaintiffs' responses to the previous Interrogatories are more than sufficient, so are their responses to Interrogatory 6.

> ### D.     <u>Defendants Mischaracterize the Class's Interrogatory Responses.</u>
>
> #### 1.     <u>The Class provided extensive examples of the alleged conspiracy in action.</u>

Defendants complain that the Class's responses do not contain any "specific evidence or details," that the narrative responses are "generic" and offer only a "handful" of supporting examples, and that "it is unclear if DPPs plan to rely on any other facts to support their cursory allegations."  (Dkt. # 1149, Mem. at 4-5, 9, 10).  These arguments are misplaced to the extent not completely frivolous.  First, the Class's narrative response contains numerous examples of specific evidence that support the Class's claims, and all but one of the Class's responses to the

six interrogatories expressly refer to and incorporate eight categories of records and documents, including all of the documents individually catalogued at Exhibits A-C, which are the actual documentary and testimonial evidence collected to date of the conspiracy in action. (*e.g.* Dkt. # 1149, Ex. 3A at 14-24).[2] Despite Defendants' attempt to argue otherwise, it could not be clearer that the categories of documents cited provide further evidence and examples supporting the narrative response. Likewise, Defendants argue that they need "the details of any conspiracy alleged by Plaintiffs and the evidence supporting the injury or damages Plaintiffs claim." (Dkt. # 1149, Mem. at 7). The notion that Defendants do not have this information is not credible. Plaintiffs not only cite a massive amount of specific evidence cited in the eighty-four pages of interrogatory responses, but as described above, Plaintiffs have submitted several rounds of briefing that repeatedly disclose the scope of alleged conspiracy.

Defendants go on to argue that Plaintiffs' references to "entire deposition transcripts, exhibits, motions, discovery responses, and document productions are insufficient." (Dkt. # 1149, Mem. at 10). This argument is again misplaced and ignores the language of the interrogatories Defendants propounded to the Class. Defendants' interrogatories expressly requested "all records and documents," and that is exactly the information that the Class provided. (Dkt. # 1149, Ex. 3). Moreover, with respect to deposition transcripts, the Class did not rest on citations to deposition transcripts but provided extensive citations to other documents, and it is inappropriate to require the Class to provide detailed deposition designations months before they are required to do so under Rule 26(a)(3)(ii).

---

[2] The sole exception is the Class's response to Interrogatory 3, which refers Defendants to Plaintiffs' damages expert reports, which Plaintiffs served at the appropriate time under the Court's scheduling orders.

Defendants also contend that courts have "granted motions to compel responses to interrogatories seeking the factual and evidentiary basis for plaintiffs' claims in a wide variety of contexts." (Dkt. # 1149, Mem. at 8). The Class *has* disclosed the factual and evidentiary bases for its claims, which renders Defendants' statement on this point irrelevant and moot.

Finally, Defendants incorrectly argue that "Plaintiffs do not purport to rely on Rule 33(d)." (Dkt. # 1149, Mem. at 11). It appears that Defendants have not read the Class's interrogatory responses. The Class *did* rely on Rule 33(d) with respect to Defendants' documents (*e.g.* Dkt. # 1149, Ex. 3A, at 21), and, in addition to its disclosures pursuant to Rule 33(d), provided narrative responses and listed other evidence in support of its claims. Pursuant to Rule 33(d), the Class provided "sufficient detail" of Defendants' records in question, which permits Defendants "to locate and identify [the records] as readily as the responding party could." No more is required.

### 2.   The Class cannot be faulted for providing a more detailed answer than Defendants expected.

The irony is that at the same time Defendants complain the Class has provided insufficient discovery responses, Defendants also claim that the Class has provided too much information. Specifically, Defendants complain that Exhibit C "contains 38 pages, each of which contains 4 columns of approximately 44 Bates numbers and no other information regarding the documents or their alleged relevance to Plaintiffs' claims." (Dkt. # 1149, Mem. at 5). But Defendants produced *over 4.5 million pages of documents, and over 2 million individual documents.* It is entirely reasonable to expect that productions with over 2 million documents from more than a decade of business operations and communications would yield several thousand documents relevant to the asserted claims, especially where the contention interrogatories in question ask for "every fact" supporting those claims. In truth, Defendants

complain that the Class has been too successful at identifying the evidence of the alleged conspiracy and were ready to provide granular detail of the documents they have located thus far when asked.  It is hardly an argument for a motion to compel that a plaintiff-respondent's position and contentions are too strong and too comprehensive.  Given these facts, Defendants cannot seriously complain that the Class has been over-inclusive or overly diligent in its responses.

As this Court noted in response to a similar conundrum presented by Woodbridge's motion to compel further interrogatory responses:

> "[Y]ou literally said identify all facts and they said, well, here they are, and now you said well there's too many I can't find them. Well, I'm sorry but that's—I just—that's my problem and one of the reasons I hate contention interrogatories and interrogatories that use the word any and all and forever and always. I mean, you've got to be careful what you wish for because sometimes you get it."

(Ex. 1 at 42:16-22).

### 3. Defendants provide no authority that supports their Motion.

The cases on which Defendants rely are inapposite.  For example, in *Orthman v. Apple River Campground,* the Seventh Circuit stated that contention interrogatories were proper in response to a complaint that completely "fail[ed] to plead the facts showing his theory of liability," and therefore contention interrogatories were necessary to "require[e] the plaintiff to particularize his theory of suit."  757 F.2d 909, 915 (7th Cir. 1985).  *Orthman* was a pre-*Twombly*/*Iqbal* case and, based on a straightforward reading of the Consolidated Amended Complaint in this case, is clearly inapplicable.  It is difficult to imagine a complaint that more clearly sets forth the alleged conspiracy and basis for the claims at issue.

In *Wagner v. Fishing Company of Alaska, Inc.*, 2008 WL 2813333, at *2 (W.D. Wash. July 18, 2008), the interrogatory at issue did *not* request identification of relevant "records and documents."  Rather, the interrogatory requested that Plaintiff "specifically describe all

12

symptoms" that a doctor noted in a patient.  The court held it was not appropriate to simply refer to the doctor's deposition testimony and patient's health records.  *Id.*.  Similarly in *Starlight Int'l, Inc. v. Herlihy*, the sole response provided by the answering party was to generically refer to "documents already produced by the Miller Group Defendants" and "deposition testimony given on August 19, 20, and 22."  186 F.R.D. 626, 640 (D. Kan. 1999).  Here, the Class has done everything the interrogatories requested and more; the Class provided both a description of the facts and a detailed list of supporting documents and testimony.

In *Linde*, the defendants complained that plaintiffs' interrogatory responses were "so overbroad as to be meaningless," 2012 WL 957970, at *5, but the Court rejected this criticism, finding that the "principal problem with the defendant's complaint is that, to a certain extent, the defendant got what it asked for.  Each of its interrogatories directs the plaintiffs to 'identify *all* facts, witnesses, and documents in support of' the contention at issue.'"  *Id.*  The Court further found that "some relief would have been appropriate" if the plaintiffs' responses had been "limited to catalogs of documents and lengthy lists of witnesses," but found no such relief was warranted because "a review of their responses discloses that they also provide a reasonably clear explanation of the factual basis for, and the types of proof that they will offer in support of, the various contentions addressed by the defendant's interrogatories."  *Id.*  So it is here.

Defendants also cite *Continental Ill. Nat. Bank and Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 689-90 (D. Kan. 1991), for the proposition that Plaintiffs cannot simply "refer[] to a mass of deposition transcripts, records and documents from which a defendant is supposed to winnow and glean…the relevant from the non-relevant."  (Dkt. # 1149, Mem. at 10).  What Defendants ignore is that the Class did exactly what *Caton* requires—glean the relevant from the non-relevant.  For example, Exhibit C represents an extensive narrowing of the universe of

millions of produced documents to a limited list of highly relevant materials.  Moreover, the deposition testimony for witnesses noticed by Plaintiffs relate to Plaintiffs' claims, as do the exhibits chosen for and used in those depositions.

Finally, *Lucero v. Valdez*, 240 F.R.D. 591 (D.N.M. 2007) actually contradicts Defendants' arguments.  There, the Court ruled that a narrative response was not necessary, and that a statement of the "material or principal facts that support [plaintiff's] claims" and an "identif[ication] [of] the documents that support [plaintiff's] claims" was sufficient response to contention interrogatory asking plaintiff to "state the basis and identify each document" supporting contentions in the complaint.  240 F.R.D. at 595.  The Class went far beyond what the Court in *Lucero* required for a sufficient interrogatory response.

## III.   CONCLUSION

For the foregoing reasons, the Direct Purchaser Class respectfully submits that the Court deny Defendants' Motion to Compel in its entirety.

DATED:  May 13, 2014

/s/ William A. Isaacson

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
Phone: 202-237-5607
Fax: 202-237-6131

/s/ Stephen R. Neuwirth

Stephen R. Neuwirth
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Phone: 212-849-7165
Fax: 212-849-7100

**Direct Purchaser Class Co-Lead Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2014, in accordance with Paragraphs 5 and 9 of the Initial Case Management Order entered January 20, 2011, the foregoing **DIRECT PURCHASER CLASS'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF INTERROGATORIES** and exhibits thereto, were filed electronically using the Court's ECF system, which will send notification of such filing to counsel of record.

*/s/ Adam B. Wolfson*
Adam B. Wolfson
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Phone:  213-443-3000
Fax:     213-443-3100

15