# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM MDL ANTITRUST LITIGATION | Docket No.: 2196 |
| | Index No. 10 MD 2196 (JZ) |
| **This Document Relates to:** | |
| *General Motors, LLC v. Woodbridge Foam Corp.* | |
| 3:12-pf-10027 | |

This matter is before the Court upon several discovery disputes between Plaintiff General Motors, LLC ("GM") and Defendant Woodbridge Foam Corp. ("Woodbridge"). The first dispute, which is ongoing in nature, is set forth in letters on behalf of GM dated January 10, 2014 and the response of Woodbridge dated January 17, 2014, requesting that the document database preserved by Woodbridge be queried with additional search terms and the relevant documents so identified be produced, and that the scope of that database be expanded to include an additional individual custodian. The second dispute, also raised by GM in another letter of January 10, 2014, seeks transactional data from four Woodbridge joint venture corporations: S.W. Foam LLC ("SW Foam"); El Paso Lamination, LLC; Saltillo Lamination, S.A. de C.V.; and T.W. Lamination LLC. Woodbridge responded by letter on January 17, 2014. The third and fourth disputes, both raised by Woodbridge in its letter of January 10, 2014, seek more complete responses to its interrogatories exploring the factual bases for GM's claims and itemization of the evidence in support of such claims, and that additional employees' files be queried for responsive materials. GM responded to those disputes in a letter on January 17, 2014.[1]

---

1. Respective letters of the parties are filed under seal as appendices to this order.

A telephone conference was held (court reporter: Angela Nixon) on January 24, 2014 with attorneys Daniel A. Sasse and Chahira Solh participating on behalf of GM and Nicola T. Hanna and Dhananjay S. Manthripragada participating on behalf of Woodbridge.

For the reasons more fully stated on the record and based on representations of the parties made in their correspondence and during the telephone conference, the Court made the following rulings:

**GM Request for Additional Search Terms**

On or before Wednesday, January 29, 2014, GM is to provide the names of the five tier-one suppliers it wishes to have queried in the Woodbridge document database to counsel for Woodbridge. GM is also to provide to the Court, by Friday, January 31, 2014, up to the five documents obtained in the supplemental disclosure which it submits best demonstrate the likelihood that further query of the database will yield additional relevant evidence.

On or before Friday, January 31, 2014, Woodbridge shall provide to GM and the undersigned (knepp_chambers@ohnd.uscourts.gov) a "hit list" for each of the company names GM has provided separately queried (companyX) w/5 (increas*) and a composite (company1 or company2 or company3 or company4 or company5) w/5 (increas*).

Upon review of the foregoing, the Court will determine whether Woodbridge will be compelled to run additional search terms and produce the relevant documents obtained therefrom, with costs apportioned in the same manner as the most recent supplemental query at GM's request. GM's request is overruled to the extent it seeks expansion of the Woodbridge document database by the addition of another custodian.

2

**Joint Ventures**

Woodbridge is directed to convey to its alleged joint venture, SW Foam, the Court's directive that it is required to produce all of the materials contemplated by the Transactional Data Protocol (Doc. 242) by February 14, 2014. This order is without prejudice to Woodbridge's ability to contest the nature of its relationship with and ability to control SW Foam.

As it relates to the other alleged joint ventures, GM's request is overruled.

**Contention Interrogatories**

Woodbridge's request to compel GM to supplement its answers to Woodbridge's Interrogatories 1-8 is granted only to the extent GM shall produce a statement on or before February 7, 2014, without prejudice to its ability to develop further facts through discovery and in consultation with experts, setting forth its present factual bases for its allegations concerning molded foam as referenced in Interrogatory 4 and, to the extent reasonable, citing to evidentiary materials which support those bases.

**Requested Additional Custodians**

Upon the representations of counsel for GM in both the letter response and on the record, this request is overruled.

IT IS SO ORDERED.

                                                    s/James R. Knepp II  
                                                    United States Magistrate Judge