IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re Polyurethane Foam Antitrust Litigation | Case No. 1:10 MD 2196 |
| This document relates to: ALL CASES | ORDER DENYING MOTION FOR CONTINUED STAY AND APPROVING CLASS NOTICE |
| | JUDGE JACK ZOUHARY |

**Request for Stay of Class Notice**

Pending is a Motion for a Continuation of the Stay of Class Notice Pending the Filing and Disposition of a Petition for a Writ of *Certiorari* (Doc. 1366). Direct and Indirect Purchaser Classes separately opposed (Docs. 1373 & 1375). Defendants replied (Doc. 1382).

In May 2014, this Court stayed circulation of notice to the Direct and Indirect Purchaser Classes until the Sixth Circuit decided Defendants' Federal Civil Rule 23(f) petitions for review, filed in late April. On September 29, the Sixth Circuit denied the petitions. Defendants will now seek Supreme Court review of the Sixth Circuit's decision.

This Court assesses Defendants' stay request using a four-factor test similar to the one it applied in May -- this Court considers the likelihood that four justices would vote to accept Defendants' petition for *certiorari*; any irreparable injury that Defendants would suffer from denial of a continued stay; any injury to the Plaintiff Classes if a continued stay is granted; and whether a continued stay would be in the public interest.

For the reasons stated in the Direct and Indirect Purchaser Classes' Oppositions, Defendants have not established a likelihood of success on the merits of their petition for *certiorari*. Defendants have not convinced this Court that four justices would vote to grant *certiorari* to review the Sixth Circuit's decision *not* to hear an interlocutory appeal -- it is not clear why the Supreme Court would vote to examine whether the Sixth Circuit properly exercised its "unfettered discretion" under Rule 23(f), and no such petition for *certiorari* has ever been granted. Even if the Supreme Court would reach the merits of class certification, Defendants do not show any important and unsettled legal questions raised by this Court's class certification decision. As the Sixth Circuit itself recognized, appellate review of this Court's class certification decision is available; Defendants just need to seek that review after entry of final judgment in this Court.

This Court further finds that the Plaintiff Classes will be harmed by further delay of class notice. In light of the slight chance that the Supreme Court will act, continuing to stay class notice would only needlessly delay adjudication of Plaintiffs' claims.

Defendants have not shown they will suffer irreparable harm without a continued stay. This Court previously stayed issuance of class notice to avoid "confusing absent class members with successive class notices" that may have been required if the Sixth Circuit accepted Defendants' Rule 23(f) petition and altered a class definition. This Court also noted that, at that time, class notice was not necessary to complete other litigation tasks, such as finishing merits-stage expert discovery and summary judgment briefing.

With respect to the Direct Purchaser Class, we are now near the end of the road: summary judgment has been briefed. Notice must issue and the opt-out period must run for absent class

members to be bound by a ruling favorable to Defendants. Knowing who is in the Class also will be essential for trial preparation.

Finally, this Court finds the public interest weighs in favor of denying a continued stay of class notice. Trial of the first claims in this multidistrict litigation will proceed in a timely manner. Prompt trial of the Direct Purchaser Class claims either will vindicate the interests of consumers, or it will vindicate the non-settling Defendants. Either outcome likely will drive resolution of other Plaintiffs' claims.

For these reasons, Defendants' Motion for Continuation of the Stay is denied.

**Request for Approval of Indirect Purchaser Class Notice**

This Court grants the Indirect Purchaser Plaintiffs' Motion for Approval of Class Notice (the original Motion was denied without prejudice (Doc. 1334)) which has been informally renewed by an October 15 e-mail. Indirect Purchaser Class Counsel requests approval of Class Notice, and asks to set a Final Approval Hearing on the Settlement with Domfoam and Valle (Doc. 1118).

Indirect Purchaser Class Counsel has provided updated short and long form class notices. Defendants have voiced no opposition to the contents of either the proposed class notices or the notice plan. Defendants received copies of the long and short form notice prior to October 15.

Before notice issues, however, Indirect Purchaser Class Counsel must address certain "nits" which this Court will send by e-mail.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 4, 2014