**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

**If you purchased Flexible Polyurethane Foam, as defined in this Notice, in the United States directly from any Flexible Polyurethane Foam manufacturer from January 1, 1999 to July 31, 2010, you could be a Class Member in a class action lawsuit and two proposed class action settlements.**

**YOUR LEGAL RIGHTS ARE AFFECTED.**
**PLEASE READ THIS NOTICE CAREFULLY.**

***A federal court authorized this notice. This is not a solicitation from a lawyer.***

The purpose of this notice is to inform you that a federal district court has certified a class in a lawsuit, and you might be a member of this Certification Class.[1] Nothing in this notice or the Court's order granting class certification expresses any ultimate opinion by the Court as to the underlying merits of the claims or defenses asserted by the parties, whether the Class will ultimately be successful on their claims, or whether Defendants are in any way liable to the Class. Additionally, Plaintiffs in this class action have reached two separate settlements. The first settlement is with Defendant Leggett & Platt, Incorporated (the "Leggett & Platt Settlement"), and the second is with Defendants Carpenter Co., E. R. Carpenter, L.P., and Carpenter Holdings, Inc. (the "Carpenter Settlement," collectively with the Leggett & Platt Settlement, "the Settlements"). The Settlements are not evidence of whether or not the Certification Class will ultimately be successful on its claims, or whether or not the Defendants have participated in the conspiracy alleged by Plaintiffs. This Notice informs you of your rights in the lawsuit and proposed settlements.

In the lawsuit, certain direct purchasers of Flexible Polyurethane Foam allege that Defendants conspired to fix, raise, stabilize, or maintain the prices and allocate territories or customers of Flexible Polyurethane Foam, in violation of antitrust laws (the "Class Action"). The Court has scheduled a trial of the Class Action to start March 31, 2015. The lawsuit is brought on behalf of **all persons or entities that purchased Flexible Polyurethane Foam (but excluding molded foam) directly from Defendants and/or their alleged co-conspirators from January 1, 1999 to July 31, 2010 for purchase from or delivery into the United States.** The Court has **not** provided an opinion as to the merits of any of the claims or defenses made by either side in this case.

This notice is intended to advise you of the fact that a Certification Class has been certified, your rights with respect to this certification, and your options to participate in the Settlements. These rights and options, along with the deadlines to act, will be further explained below.

| **YOUR LEGAL RIGHTS AND OPTIONS** | |
|---|---|
| **TAKE NO ACTION** | *Certification Class*: If you do nothing, and stay in the lawsuit, you will give up the right to sue the non-settling Defendants with respect to the claims asserted or which could have been asserted based on the same or similar facts alleged in this case, and you will be bound by all orders the Court enters and any judgment reached in the case. If the Certification Class wins on its claims at trial or there is another settlement, you might receive benefits, provided you comply with the procedures that are established for claiming these benefits.<br><br>*The Settlements*: You also will receive the non-monetary benefits of the Settlements. You will give up the right to sue Leggett & Platt, Incorporated ("Leggett & Platt") and Carpenter Co., E. R. Carpenter, L.P., and Carpenter Holdings, Inc. (collectively, "Carpenter") with respect to the claims asserted or which could have been asserted based on the same or similar facts alleged in this case. However, you may be eligible to receive a payment from the Settlements ***if*** you submit a timely Claim Form (by first-class mail postmarked by [DATE], or pre-paid delivery service to be hand-delivered by [DATE]). If you previously submitted a Claim Form in connection with the Vitafoam Settlement[2], you do not need to submit another Claim Form now. |

[1] The response to Question 4 explains who is a member of the Certification Class.

[2] "Vitafoam Settlement" refers to the settlement between Direct Purchaser (Class) Plaintiffs and Defendants Vitafoam, Inc. and Vitafoam Products Canada Limited, for which the Court granted final approval on June 21, 2013.

| | |
|---|---|
| **EXCLUDE YOURSELF**<br>From the Certification Class<br>AND/OR<br>From one or both of the Leggett & Platt Settlement Class and/or Carpenter Settlement Class (by First-Class Mail Postmarked by, or Pre-Paid Delivery Service to be Hand-Delivered by, [DATE]) | *Certification Class*: Besides the Class Action, this is the only option that allows you to ever be part of any other lawsuit against the non-settling Defendants with respect to the claims asserted in this case. If you exclude yourself from the Certification Class, you will no longer be part of this lawsuit. If money or benefits are later awarded to the Certification Class, you will receive none. However, you will be able to bring a separate lawsuit against the non-settling Defendants with respect to the claims asserted in this case.<br>*The Settlements*: Besides the Class Action, this is the only option that allows you to ever be a part of any other lawsuit against Leggett & Platt or Carpenter with respect to the claims asserted in this case. If you exclude yourself from the proposed Leggett & Platt Settlement Class, you will not become a member of the proposed Leggett & Platt Settlement Class. However, you will be able to bring your own, separate lawsuit against Leggett & Platt with respect to the claims asserted in this case. If you exclude yourself from the proposed Carpenter Settlement Class, you will not become a member of the proposed Carpenter Settlement Class. However, you will be able to bring your own, separate lawsuit against Carpenter with respect to the claims asserted in this case. Class counsel would not represent you in your prosecution of these separate lawsuits. |
| **OBJECT**<br>To One or Both of the Leggett & Platt Settlement or Settlement Class and/or the Carpenter Settlement or Carpenter Settlement Class (by First-Class Mail Postmarked by, or Pre-Paid Delivery Service to be Hand-Delivered by, [DATE]) | You can object to or comment on any term of the Settlements. You may not object to the Court's class certification decision. You may explain to the Court in writing why you do not like the Leggett & Platt Settlement or the proposed Leggett & Platt Settlement Class and/or the Carpenter Settlement or proposed Carpenter Settlement Class. Even if you object to a Settlement or proposed Settlement Class, you will remain a member of that proposed Settlement Class. |
| **GO TO THE HEARING**<br>On [DATE], After Filing a Timely Objection | If you file a timely objection, you may speak in Court about the fairness of the Settlement(s) or Settlement Class(es) to which you objected. |
| **SUBMIT A LEGGETT & PLATT AND/OR CARPENTER SETTLEMENT CLAIM FORM**<br>By First-Class Mail Postmarked by, or Pre-Paid Delivery Service to be Hand-Delivered by, [DATE] | This is the only way to receive a payment from the Leggett & Platt Settlement and the Carpenter Settlement. However, if you previously submitted a Claim Form in connection with the Vitafoam Settlement, you do not need to submit another Claim Form now. |

## 1. Why did I receive this notice?

This legal notice is to inform you that the Court has allowed, or "certified," a class in a class action lawsuit that may affect you. The Class Action lawsuit is known as *In re Polyurethane Foam Antitrust Litigation*, Case No. 10-md-2196. United States District Judge Jack Zouhary is overseeing this Class Action in the United States District Court for the Northern District of Ohio.

You are being sent this notice because you have been identified as a customer of one of the Defendants in the lawsuit.

Additionally, this legal notice informs you of the Settlements that have been reached in this lawsuit.

## 2. What is this lawsuit about?

The Defendants in this case are certain manufacturers of Flexible Polyurethane Foam. Plaintiffs allege that the Defendants conspired to fix, raise, stabilize, or maintain the prices and allocate territories or customers of Flexible Polyurethane Foam. Plaintiffs allege that this conspiracy caused direct purchasers to pay more for Flexible Polyurethane Foam than they would have otherwise paid. Defendants deny plaintiffs' conspiracy allegations, that they did anything wrong, and/or that direct purchasers paid more for Flexible Polyurethane Foam. The Court has not decided who is right. At trial, the lawyers for the Certification Class will have to prove their claims.

As used herein, "Flexible Polyurethane Foam" includes "slabstock" flexible polyurethane foam (also known as "block" foam), fabricated or converted foam products made from "slabstock" flexible polyurethane foam and carpet underlay (also known as "carpet cushion," "carpet pad" or "carpet padding") manufactured from polyurethane foam, but does not include "molded" foam (also known as "engineered" foam) or "rigid" foam (also known as "technical" foam). Flexible Polyurethane Foam is widely used for cushioning and insulation in a wide variety of goods. These include but are not limited to: furniture, mattresses, packaging, flooring, and motor vehicles. While there are many different uses for Flexible Polyurethane Foam, the uses generally can be grouped into three main product segments: (1) block foam, also known as slabstock foam, which is typically poured and then fabricated in a variety of ways for use in such products as furniture cushions and mattresses; (2) carpet underlay, which is typically made primarily from scrap flexible polyurethane foam; and (3) engineered, or molded, foam, which is manufactured by injecting chemicals into a mold to create foam in a particular shape, and is often fabricated for use in, among other things, automobile products. Flexible Polyurethane Foam as used in this Class Action includes only the first two categories of foam. It does not include finished, retail-ready consumer products. Flexible Polyurethane Foam also does not include "rigid" (or "technical") foam, which is primarily used in construction for insulation products.

In the late summer and fall of 2010, lawsuits were filed in several federal courts generally claiming a conspiracy to fix prices and allocate territories or customers for Flexible Polyurethane Foam. On December 1, 2010, the Judicial Panel on Multidistrict Litigation transferred those cases for coordinated pre-trial proceedings. The cases were transferred to the Honorable Jack Zouhary, United States District Judge in the United States District Court for the Northern District of Ohio. On February 28, 2011, Plaintiffs filed their first consolidated complaint claiming a conspiracy to fix Flexible Polyurethane Foam prices and allocate territories or customers that injured direct purchasers of Flexible Polyurethane Foam.[3] Thereafter, by its Class Certification Memorandum Opinion and Order dated April 9, 2014, and its Order dated April 16, 2014, the Court certified the Certification Class, as defined below.

Defendants Vitafoam Inc. and Vitafoam Products Canada Limited (the "Vitafoam Defendants") and Defendants Domfoam International Inc. and Valle Foam Industries (1995) Inc. (the "Domfoam Defendants") previously settled with Plaintiffs and a direct purchaser settlement class in two separate settlements. You may have previously received notification of those settlements. The deadline to file a claim in the Vitafoam Settlement was April 30, 2013. If you filed a valid and timely Claim Form in the Vitafoam Settlement, you need not submit a new Claim Form in the Leggett & Platt and Carpenter Settlements for those same purchases as your claim will automatically be included unless you opt out. Please note that if you previously submitted a Claim Form for purchases of molded foam, these claims are not included in the Settlements, and therefore will not be reimbursed.

Plaintiffs (also known as Class Representatives or Representative Plaintiffs) represent both themselves (the named plaintiffs) and the entire Class of direct purchasers of Flexible Polyurethane Foam in the United States. Plaintiffs brought this lawsuit as a class action because they believe, among other things, that a class action is superior to filing individual cases. They also believe that the claims of each member of the Certification Class and Settlement Classes present and share common questions of law and fact. By certifying the Certification Class, the Court agreed with the Class Representatives that a class action is superior to filing individual cases. Because the Certification Class has been certified, one court resolves the issues for all Class Members, except for those who exclude themselves from the Certification Class.

Plaintiffs claim that Defendants' actions violated the Sherman Antitrust Act, a federal statute that prohibits any agreement that unreasonably restrains competition. The alleged agreement was to fix the price of Flexible Polyurethane Foam and allocate territories or customers in the United States from the year 1999 to the present. Plaintiffs allege that Defendants and unnamed co-conspirators fixed the price of Flexible Polyurethane Foam through various methods that were all part of a wide-ranging conspiracy. These alleged methods include, but are not limited to, agreements to increase prices by announcing price increases of the same or similar percentages or amount and at the same or similar time, and to enforce compliance with the conspiracy after each round of price increases by policing each conspirator's price increase activities. Plaintiffs allege that by collectively agreeing to fix the price increase announcements of Flexible Polyurethane Foam, the Defendants caused prices to be higher than they otherwise would have been.

[3] This lawsuit alleges injuries to *direct* Flexible Polyurethane Foam purchasers only; that is, entities or individuals that bought Flexible Polyurethane Foam directly from Flexible Polyurethane Foam manufacturers. In a separate pending case, other plaintiffs allege a conspiracy to fix Flexible Polyurethane Foam prices that injured *indirect* Flexible Polyurethane Foam purchasers. An indirect Flexible Polyurethane Foam purchaser buys Flexible Polyurethane Foam from a direct purchaser of Flexible Polyurethane Foam or from another indirect purchaser.

**3. Who is involved in this lawsuit?**

Plaintiffs are represented by "Class Representatives," who sue on behalf of those who have similar claims. In this case, the Class Representatives are Ace Foam, Inc.; Adams Foam Rubber Co.; Cambridge of California, Inc.; Foam Factory Inc.; GCW t/a Floors USA; J&S Packaging, Inc.; and VFP Acquisitions, Inc. d/b/a Vanguard Foam & Packaging. All of these persons or entities along with those similarly situated are the "Class" or "Class Members." The Class Representatives who sued – and all the Class Members like them – are called Plaintiffs.

The companies Plaintiffs sued are called Defendants. The non-settling Defendants in this case are FFP Holdings LLC (formerly known as Flexible Foam Products, Inc.); FXI – Foamex Innovations, Inc.; Future Foam, Inc.; Hickory Springs Manufacturing Company; Mohawk Industries Inc.; Woodbridge Foam Corporation; Woodbridge Sales & Engineering, Inc.; Woodbridge Foam Fabricating, Inc.; Louis Carson; and David Carson. The settling Defendants are Carpenter, Leggett & Platt, and, previously, the Vitafoam Defendants and Domfoam Defendants. As used herein, the alleged "Co-conspirators" are the following entities that were included as Defendants in Plaintiffs' consolidated amended complaint, but have since been voluntarily dismissed from the litigation without prejudice: Ohio Decorative Products, Inc.; Inoac International Co., Ltd.; Inoac USA Inc.; Inoac Corporation; Crest Foam Industries Inc.

The Court has stayed in favor of arbitration all claims from customers that directly purchased Flexible Polyurethane Foam (including carpet cushion or carpet underlay) directly from Mohawk Industries, Inc. or one of its subsidiaries (collectively "Mohawk") and had an arbitration agreement with Mohawk for those purchases. (See Court Order dated August 12, 2014, Docket No. 1311). As of now, if you have a contractual agreement to arbitrate disputes with Mohawk, you will need to arbitrate your direct claims against Mohawk. You may still litigate as part of the Certification Class, however, for damages, if any, that Mohawk caused you, except that you would only be able to collect those damages from the other non-settling Defendants if the Certification Class proves your claim at trial that Mohawk and the other non-settling Defendants conspired.

**4. Am I part of this Class?**

The Certification Class, the Leggett & Platt Direct Purchaser Settlement Class, and the Carpenter Direct Purchaser Settlement Class are defined as follows:

> All persons or entities that purchased flexible polyurethane foam (but excluding molded foam) directly from Defendants[4] and/or their co-conspirators from January 1, 1999 to July 31, 2010 for purchase from or delivery into the United States. Excluded from the Class are governmental entities, Defendants, their co-conspirators, and their officers, employees, agents, representatives, parents, subsidiaries and affiliates.

If you fall within this definition of Class, you are a member of all three classes.

**5. Has the Court decided whether the Class's claims are true?**

Nothing in this notice, or the Court's order granting class certification of the Certification Class, expresses any opinion by the Court as to the merits of the claims or defenses asserted by any party in the litigation. Instead, the Court has ordered issuance of this notice to provide the Certification Class and Settlement Classes with important information so you may make an informed decision regarding your legal rights in connection with this litigation.

**6. What does the Leggett & Platt Settlement provide?**

After extensive settlement discussions, Plaintiffs and Leggett & Platt reached the Leggett & Platt Settlement. The Leggett & Platt Settlement is between Plaintiffs and Leggett & Platt only. It does not affect any of the remaining non-settling Defendants, against whom this case continues. In accordance with the terms of the Leggett & Platt Settlement, Plaintiffs and Leggett & Platt Settlement Class members will release Leggett & Platt from all pending claims. In exchange, Leggett & Platt has agreed: (i) to pay $39,800,000 to a fund to compensate Leggett & Platt Settlement Class Members; and (ii) to provide cooperation with Plaintiffs in the form of providing certain witnesses for the purpose of authenticating and/or admitting documents at trial. (Leggett & Platt has the right to terminate the Leggett & Platt Settlement if a certain percentage of Leggett & Platt Settlement Class Members exclude themselves from the Leggett & Platt Settlement Agreement.)

[4] As used herein, "Defendants" refers to the settling Defendants, as well as the non-settling Defendants.

On [DATE], the Court granted preliminary approval of the Leggett & Platt Settlement, and further ordered that Plaintiffs should provide notice of the Leggett & Platt Settlement and proposed Leggett & Platt Settlement Class to all members of the proposed Leggett & Platt Settlement Class who can be identified through reasonable effort.

**7. What does the Carpenter Settlement provide?**

After extensive settlement discussions, Plaintiffs and Carpenter reached the Carpenter Settlement. The Carpenter Settlement is between Plaintiffs and Carpenter only. It does not affect any of the remaining non-settling Defendants, against whom this case continues. In accordance with the terms of the Carpenter Settlement, Plaintiffs will release the Carpenter Defendants and their affiliates from all pending claims. In exchange, Carpenter has agreed: (i) to pay $108,000,000 to a fund to compensate Carpenter Settlement Class Members; and (ii) to provide cooperation with Plaintiffs in the form of providing witnesses for the purpose of authenticating and/or admitting documents at trial. (Carpenter has the right to terminate the Carpenter Settlement if a certain percentage of Class Members exclude themselves from the Carpenter Settlement Agreement.)

On [DATE], the Court granted preliminary approval of the Carpenter Settlement, and further ordered that Plaintiffs should provide notice of the Carpenter Settlement and proposed Settlement Class to all members of the proposed Settlement Class who can be identified through reasonable effort.

**8. How will the Leggett & Platt Settlement Fund and the Carpenter Settlement Fund be distributed?**

The $39,800,000 to be paid by Leggett & Platt may be reduced by court-ordered attorneys' fees and reimbursement of litigation expenses, as approved by the Court. This may include administration of the Leggett & Platt Settlement. (The motion by Class Counsel for attorneys' fees and costs and an incentive award for the Representative Plaintiffs will be available for viewing on the Settlement Website after it is filed. After that time, if you wish to review the motion, you may do so by viewing it at www.flexiblepolyurethanefoamsettlement.com).

The Leggett & Platt Settlement Fund will also be reduced by the expense of providing notice to the Leggett & Platt Settlement Class. If Leggett & Platt Settlement Class Members whose sales equal or exceed a certain percentage of the total Leggett & Platt U.S. Flexible Polyurethane Foam sales choose to exclude themselves from the Leggett & Platt Settlement Class, the Leggett & Platt Settlement Fund also may be reduced.

The $108,000,000 to be paid by Carpenter may be reduced by court-ordered attorneys' fees and reimbursement of litigation expenses, as approved by the Court. This may include administration of the Carpenter Settlement. (The motion by Class Counsel for attorneys' fees and costs and an incentive award for the Representative Plaintiffs will be available for viewing on the Settlement Website after it is filed. After that time, if you wish to review the motion, you may do so by viewing it at www.flexiblepolyurethanefoamsettlement.com).

The Carpenter Settlement Fund will also be reduced by the expense of providing notice to the Carpenter Settlement Class. If Carpenter Settlement Class Members whose sales equal or exceed a certain percentage of the total Carpenter U.S. Flexible Polyurethane Foam sales choose to exclude themselves from the Carpenter Settlement Class, the Carpenter Settlement Fund also may be reduced.

The Court will be asked to approve a plan called a "Plan of Allocation" explaining how the Settlement Funds will be distributed. Class Counsel will ask the Court to approve distribution of the remainder of the Leggett & Platt Settlement Fund and the Carpenter Settlement Fund on a *pro rata* basis according to the terms of the Plan of Allocation among the members of the Leggett & Platt Settlement Class and Carpenter Settlement Class who timely and properly submit a valid Claim Form. Your *pro rata* share will be based on the dollar amount of your direct purchases of Flexible Polyurethane Foam in the United States as described in the Plan. The Court retains the power to approve or reject, in part or in full, any individual claim of a Class Member based on equitable grounds. Your recovery will be less than the total amount you paid.

**9. How do I file a Claim Form in the Leggett & Platt and Carpenter Settlements?**

If you filed a valid and timely Claim Form in the Vitafoam Settlement, you need not submit a new Claim Form in the Leggett & Platt and Carpenter Settlements for those same purchases**.** If you wish to amend your claim to update your Flexible Polyurethane Foam purchase amount, you may submit an amended Claim Form in the Leggett & Platt and Carpenter Settlements. If you did not previously submit a Vitafoam Settlement Claim Form, you must file a Claim Form to receive payment from the Settlements.

The Claim Form will be mailed to known Class Members of the proposed Settlement Classes. If you wish to ensure that you receive a Claim Form, please contact the Notice Administrator:

*In re Polyurethane Foam Antitrust Litigation*
c/o GCG
P.O. Box 9907
Dublin, OH 43017-5807

1-888-331-9196

## 10. How do I exclude myself from the Certification Class or the Settlements?

If you are a member of the Certification Class and you do not wish to participate in the lawsuit, you may request exclusion. Your request for exclusion must be sent by first-class mail postmarked by, or pre-paid delivery service to be hand-delivered to the appropriate address below.

| If by first-class mail: | If by pre-paid delivery service to be hand-delivered: |
|---|---|
| *In re Polyurethane Foam Antitrust Litigation* c/o GCG<br>P.O. Box 9907<br>Dublin, OH 43017-5807 | *In re Polyurethane Foam Antitrust Litigation*, c/o GCG<br>1531 Utah Avenue South, Suite 600<br>Seattle, WA 98134 |

Your written request should state that you want to be excluded from the Certification Class in *In re Polyurethane Foam Antitrust Litigation*, and include your name, address, telephone number and signature.

If you are a Leggett & Platt Settlement Class Member or a Carpenter Settlement Class Member and you do not wish to participate in one or both of the Settlements, you may request exclusion. Your request for exclusion must be sent by first-class mail postmarked by, or pre-paid delivery service to be hand-delivered by, [DATE], to the appropriate address above.

Your written request should specify the Settlement(s) from which you wish to be excluded.

Do not request exclusion if you wish to participate in the Leggett & Platt Settlement or the Carpenter Settlement. If you intend to bring your own lawsuit against Leggett & Platt, you should exclude yourself from the Leggett & Platt Settlement Class. If you intend to bring your own lawsuit against Carpenter, you should exclude yourself from the Carpenter Settlement Class. If you qualify and the Court includes you in the Leggett & Platt Settlement Class or the Carpenter Settlement Class, it does not prejudice your right to exclude yourself from any other past, present or future settlement class or certified litigation class in this case, but it will exclude you from pursuing any of the Released Claims against Leggett & Platt or Carpenter in any other litigation.

## 11. Who represents the Class and Settlement Classes?

The Certification Class and Settlement Classes are represented by the following attorneys:

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015

Stephen R. Neuwirth
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

## 12. How will the lawyers be paid?

The attorneys and their law firms that have represented Plaintiffs in this case, are referred to as Class Counsel. Class Counsel will apply to the Court for an award from the Leggett & Platt Settlement Fund and similarly from the Carpenter Settlement Fund for attorneys' fees and reimbursement of litigation costs and expenses incurred. This may include fees and costs expended while providing notice to the Settlement Classes and while administering the Settlement Funds (including the Plan of Allocation).

The attorneys' fees for which Class Counsel will apply are to compensate for their time, and the risk they assumed, in prosecuting the litigation on a wholly contingent fee basis. The amount is not to exceed 30% of the total cash amount paid by Leggett & Platt and Carpenter pursuant to the Settlements (see answer to Question 6, above), as well as the costs and expenses incurred. Any attorneys' fees and reimbursement of costs will be awarded only as approved by the Court in amounts determined to be fair and reasonable.

## 13. How do I object or comment on the Settlements?

If you qualify as a Leggett & Platt Settlement Class Member and you wish to participate in the Leggett & Platt Settlement, but you object to or otherwise want to comment on any term of the Leggett & Platt Settlement (including the request for attorneys'

fees), or if you qualify as a Carpenter Settlement Class Member and you wish to participate in the Carpenter Settlement, but you object to or otherwise want to comment on any term of the Carpenter Settlement, you must file your objection or comments with the Court in writing. In order for the Court to consider your objection, your objection must be sent by first-class mail postmarked by, or pre-paid delivery service to be hand-delivered by, [DATE], to each of the following:

**The Court:**
United States District Court
James M. Ashley and Thomas W. L. Ashley U.S. Courthouse
1716 Spielbusch Avenue
Toledo, OH 43604

**Counsel for Leggett & Platt:**
Daniel R. Warncke
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

Joe Rebein
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

**Counsel for Carpenter (for objections to the Carpenter Settlement):**

James H. Walsh
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030

**Counsel for Plaintiffs:**

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015

Stephen R. Neuwirth
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

Your objection must evidence your qualifications to be included in the Settlement Class(es) to which you object. The written objection also should state the precise reason or reasons for the objection and should also include any legal support you wish to bring to the Court's attention and any evidence you wish to introduce in support of the objection. You may file the objection through an attorney. You are responsible for any costs incurred in objecting through an attorney.

If you are a Leggett & Platt or Carpenter Settlement Class Member, you have the right to voice your objection at the Fairness Hearing. In order to do so, you must follow all instructions stated above for objecting in writing. You may object in person and/or through an attorney. You are responsible for any costs incurred in objecting through an attorney. You need not attend the Fairness Hearing in order for the Court to consider your objection.

## 14. When and where will the Court hold a hearing on the fairness of the Settlements?

The Court has scheduled a "Fairness Hearing" at [TIME & DATE], at the following address:

United States District Court
James M. Ashley and Thomas W. L. Ashley U.S. Courthouse
1716 Spielbusch Avenue
Toledo, OH 43604

The purpose of the Fairness Hearing is to determine whether the Leggett & Platt Settlement and/or the Carpenter Settlement is fair, reasonable, and adequate, whether the Court should approve the Leggett & Platt Settlement Class, and/or the Carpenter Settlement Class, and whether the Court should enter judgment granting final approval of the Settlement(s). You do not need to attend this hearing. You or your own lawyer may attend the hearing if you wish, at your own expense. Please note that the Court may choose to change the date and/or time of the Fairness Hearing without further notice of any kind. Leggett & Platt

Settlement Class Members and Carpenter Settlement Class Members are advised to check www.flexiblepolyurethanefoamsettlement.com for any updates.

**15. When is the trial?**

The Court has scheduled a trial date of March 31, 2015 for the Class Action to proceed against the remaining Defendants. You are not required to attend the trial. If you choose to do so, you have to attend the trial at your own expense. Class Counsel will present the case on behalf of the Certification Class. If the Certification Class obtains money or benefits as a result of the trial, you will be notified. Please note that the Court may choose to change the dates and/or times of the trial. Please check the case website for any updates.

**16. What happens if I do nothing?**

If you do nothing, and you fall within the definition of the Certification Class, you will remain a member of the Certification Class. As a member of the Certification Class, you will be represented by the law firms listed above in the answer to Question No. 11. You will not be charged a fee for the services of such counsel and any other Class Counsel. Rather, counsel will be paid, if at all, from some portion of whatever money they may ultimately recover for you and other members of the Certification Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you do nothing now, you will give up the right to separately sue the Defendants with respect to the claims asserted in this case, and you will be bound by all orders the Court enters and any judgment reached in the case. If the Certification Class wins on its claims at trial or there is a settlement, you might receive money or benefits, provided you comply with the procedures that are established for claiming these benefits.

If you do nothing, and you fall within the definition of the Leggett & Platt Settlement Class and the Carpenter Settlement Class, you will remain a member of the Leggett & Platt Settlement Class and the Carpenter Settlement Class. As a member of the Leggett & Platt Settlement Class and the Carpenter Settlement Class, you will be represented by the law firms listed above in the answer to Question No. 11. You will not be charged a fee for the services of such counsel and any other class counsel. Rather, counsel will be paid, if at all, from some portion of whatever money they may ultimately recover for you and other members of the Leggett & Platt Settlement Class and the Carpenter Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

However, you must submit a timely Settlement Claim Form (see answer to Question No. 9, above) in order to be considered for any monetary benefit from the Settlement Funds.

**17. What is the effect of the Court's final approval of the Leggett & Platt and/or Carpenter Settlements?**

If the Court grants final approval of the Leggett & Platt Settlement and Settlement Class, the Leggett & Platt Settlement will be binding to all members of the Leggett & Platt Settlement Class. By remaining part of the Leggett & Platt Settlement Class, if finally approved, you will give up any claims against Leggett & Platt relating to the claims made or which could have been made in this lawsuit. By remaining a part of the Leggett & Platt Settlement Class, you will retain all claims against all other non-settling Defendants, named and unnamed.

If the Court grants final approval of the Carpenter Settlement and Settlement Class, the Carpenter Settlement will be binding upon you and all other members of the Carpenter Settlement Class. By remaining part of the Carpenter Settlement Class, if finally approved, you will give up any claims against Carpenter Defendants and their affiliates relating to the claims made or which could have been made in this lawsuit based on the same or similar facts alleged in this case. By remaining a part of the Carpenter Settlement Class, you will retain all claims against all other non-settling Defendants, named and unnamed.

**18. Where do I get additional information?**

For more detailed information concerning matters relating to the *In re Polyurethane Foam Antitrust Litigation*, you may wish to review the Court's Class Certification Memorandum Order dated April 16, 2014. For more detailed information concerning matters relating to the Leggett & Platt Settlement, and/or the Carpenter Settlement, you may wish to review the "[SETTLEMENT AGREEMENT NAME]" dated [DATE], the Court's Order entered [DATE], and the "[COURT DOCUMENT NAME]" between Plaintiffs. These documents are available on the Settlement Website, www.flexiblepolyurethanefoamsettlement.com. The website also contains answers to "Frequently Asked Questions," as well as more information about the case. These documents and other more detailed information concerning the matters discussed in this notice may be obtained from the pleadings, orders, transcripts of hearings and other proceedings, and other documents filed in these actions, all of which may be inspected free of charge during regular business hours at the Office of the Clerk of the Court, located at the following address:

United States District Court
James M. Ashley and Thomas W. L. Ashley U.S. Courthouse
1716 Spielbusch Avenue
Toledo, OH 43604

You may also obtain more information by calling the toll-free helpline at 1 (888) 331-9196, or contact the Notice Administrator at:

*In re Polyurethane Foam Antitrust Litigation*
c/o GCG
P.O. Box 9907
Dublin, OH 43017-5807

If your present address is different from the address on the envelope in which you received this notice, or if you did not receive this notice directly but believe you should have, please call the toll-free helpline.

**PLEASE DO NOT CONTACT DEFENDANTS OR THE COURT FOR INFORMATION REGARDING THIS LAWSUIT.**

Dated: [DATE] **The Honorable Jack Zouhary**