IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re Polyurethane Foam Antitrust Litigation | Case No. 1:10 MD 2196 |
| This document relates to: ALL CASES | ORDER RE: NOVEMBER 13, 2014 PHONE CONFERENCE |
| | JUDGE JACK ZOUHARY |

This Court held a record phone conference on November 13, 2014 to discuss scheduling matters (Court Reporter: Angela Nixon). See transcript for details.

1. Attached to this Order under seal is e-mail correspondence between the parties, and forwarded to this Court, addressing the issue of "one-way" intervention. Based on a review of this correspondence, and for the reasons stated during the call, this Court will not issue its ruling on the pending Motions for Summary Judgment (Docs. 1321–22, 1324–26, 1328–29) until January 29, 2015. Defendants identify no legal authority supporting the proposition that merely hearing oral argument on written motions for summary judgment prior to the end of the opt-out period runs afoul of Federal Civil Rule 23(c). This Court declines to delay oral argument, which will be held on January 15, 2015.

2. This Court will hear limited argument on one-way intervention with respect to the Indirect Purchaser Class case on January 15, 2015 (no briefing on this issue unless requested by this Court).

3. The Direct Purchaser Class's Motion for Preliminary Approval of Settlement with Defendants Carpenter Co., E.R. Carpenter, L.P., and Carpenter Holdings, Inc ("the Carpenter Settlement") (Doc. 1400) is granted.

Because this Court will hold a Final Approval Hearing to examine in more detail the terms of the Carpenter Settlement and any objections to or comments about that settlement (*see* Doc. 1397 (fixing the Class notice and hearing schedule)), at this stage, this Court's review of the Carpenter Settlement is limited:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

*In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001) (quotation marks omitted).

Judged by this standard, the Carpenter Settlement falls within "the range of possible approval" and lacks any obvious signs of inadequacy. For one, the Settlement cracks the seven-figure mark, entitling the Direct Purchaser Class to $108 million in exchange for a release of claims. The Carpenter Defendants also agree to provide limited assistance to the Direct Purchaser Class during trial against the non-settling Defendants. And based on the Direct Purchaser Class's prior motion for preliminary approval of the settlement with Defendant Leggett & Platt, Inc., the Class will soon move for an "award of attorneys' fees to be paid from the Settlement Fund in an amount not to exceed thirty percent of the Settlement Fund's total value, as well as reimbursement of outstanding litigation costs and incentive fees for class representatives" (Doc. 1379 at 18), consistent with the percentage amount sought in earlier settlements. *But see* Doc. 598 at 3 (noting that the percentage amount of this Court's prior Direct Purchaser Class fee award "is not an indicator of future fee awards").

The Direct Purchaser Class's Supplemental Motion for Approval of Notices of Class Certification and Settlement (Doc. 1400) is also granted.

4. This Court granted the Carpenter Defendants' oral motion to stay all proceedings in the Direct Purchaser Class case, pending final approval of the Carpenter Settlement (*see* Doc. 1315). This Court earlier entered a similar stay with respect to the Leggett & Platt settlement.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 14, 2014