UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | MDL Docket No. 2196 |
| This document relates to: ALL DIRECT PURCHASER CLASS CASES | Index No. 10 MD 2196 (JZ) |

**MOTION AND MEMORANDUM IN SUPPORT FOR ORDER TO APPROVE DISTRIBUTION OF SETTLEMENT FUNDS FOR PAYMENT OF NOTICE FEES FOR THE DIRECT PURCHASER SETTLEMENT CLASSES**

The Direct Purchaser Class ("Plaintiffs" or the "Class") respectfully requests that this Court enter the [Proposed] Order to Approve Distribution of Settlement Funds for Payment of Notice Fees for the Direct Purchaser Settlement Classes, pursuant to ¶ 6(a) of the Settlement Agreement Between Direct Purchaser Class Plaintiffs and Defendant Leggett & Platt, Incorporated (the "L&P Settlement Agreement") and ¶ 5(a) of the Settlement Agreement Between Direct Purchaser Class and Defendants Carpenter Co., E.R. Carpenter, L.P., and Carpenter Holdings, Inc. (the "Carpenter Settlement Agreement").

**ARGUMENT**

After this Court preliminarily approved the Carpenter and L&P Settlement Agreements (Dkt. 1391, 1406) Garden City Group ("GCG"), the claims administrator, provided class members with notice of these settlements. Dkt. 1475-1 (Dowd Declaration, describing notice program). These notices also informed class members that the litigation class had been certified. This notice program was extensive, and included the following:

- Direct Mail to over 48,624 customers as provided by certain Defendants and Co-Conspirators

1

- Publication of a short-form notice in trade publications specifically targeting the relevant industries

- Online banner advertising on highly trafficked websites

- A neutral press release in both English and Spanish over PR Newswire within the United States as well as over targeted manufacturing microlists

- An informational website (www.flexiblepolyurethanefoamsettlement.com), on which the notice, the Settlement Agreements, and other important Court documents were posted; and

- A toll-free information line, 1-888-331-9196, where Class Members could call 24/7 for more information, and request a copy of the Court-approved long-form notice, among other things.

Dkt. 1475-1 at 3. On February 26, 2015, after the notice program was complete and a Final Approval hearing was held, this Court granted final approval to Plaintiffs' settlements with Carpenter and L&P. Dkt. 1534.

GCG incurred costs of $542,642.36 in executing the aforementioned notice program. These costs include $146,133.59 for services rendered in conjunction with distributing notice to the L&P settlement class, and $396,508.77 for services rendered in conjunction with distributing notice to the Carpenter settlement class. Ex. 1 ¶ 3-4. The services rendered by GCG included: notice dissemination; database management; data entry including entering relevant names and addresses into database; processing emails; imaging; document management and storage, including sorting, preparing, scanning, and processing mail, including undeliverable mail; claim validation, including processing claims and deficiency responses and handling and processing exclusions; management of the call center, and handling of class member communications; and website services including monthly maintenance. *Id.*

Both the Carpenter and L&P Agreements provide that a portion of the settlement proceeds can be utilized for Court approved class notice expenses. The Carpenter Settlement

Agreement states that the Carpenter Defendants' "initial payment to the Escrow Account in the amount of Twenty Million Dollars ($20,000,000)" can "be used on a pro-rata basis with other settlement amounts paid by other settling defendants, subject to approval of the Court, for Court-approved class notice expenses." Dkt. 1400-2 (Carpenter Settlement Agreement ¶ 5(a)). Likewise, the L&P Settlement Agreement states that Leggett & Platt's initial payment into the Escrow Account "in an amount equal to $4,000,000" can "be used on a pro-rata basis with other settlement amounts paid by other settling defendants, subject to approval of the Court, for the payment of Court-approved class notice expenses." Dkt. 1379-2 (L&P Settlement Agreement ¶ 6(a)).

The L&P Settlement Agreement provides, however, that payment of class notice expenses cannot be made until after Michael Narkin's appeal is resolved. Under this Agreement, class notice costs can be paid only after "Final Approval" (Dkt. 1379-2 at 9-10), which occurs only after "a mandate issued by any reviewing court to which any appeal has been taken, and any further petition for review…has been denied, and the time for any further appeal or review of the Court's judgment has expired." Dkt. 1379-2 at 5. Plaintiffs are seeking approval of disbursements from the L&P settlement funds now, so that payments can be made promptly after Mr. Narkin's appeal is resolved and Final Approval occurs.

Garden City Group may continue to incur costs associated with administering the Carpenter and Leggett & Platt Settlement Agreements. To permit timely payment of these costs, Plaintiffs respectfully seek permission to pay such future costs from the Carpenter and L&P Settlements on a pro rata basis.

Therefore, Plaintiffs respectfully request that the Court enter the [Proposed] Order to Approve Distribution of Settlement Funds for Payment of Notice Fees for the Direct Purchaser

Settlement Class in the amount of $146,133.59 from the L&P settlement and of $396,508.77 from the Carpenter settlement.

DATED: August 5, 2015

                                    Respectfully submitted,

| */s/ William A. Isaacson* | */s/ Stephen R. Neuwirth* |
|---|---|
| William A. Isaacson | Stephen R. Neuwirth |
| BOIES, SCHILLER & FLEXNER LLP | QUINN EMANUEL URQUHART |
| 5301 Wisconsin Avenue, NW |    & SULLIVAN, LLP |
| Washington, DC  20015 | 51 Madison Avenue, 22nd Floor |
| Phone:  202-237-5607 | New York, NY  10010 |
| Fax:     202-237-6131 | Phone:  212-849-7165 |
| | Fax:     212-849-7100 |

***Co-Lead Counsel for the Direct Purchaser Class***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 5, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

*/s/_Melissa Felder Zappala*_____
Melissa Felder Zappala