IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re Polyurethane Foam Antitrust Litigation | Case No. 1:10 MD 2196 |
| This document relates to: INDIRECT PURCHASER CLASS | MEMORANDUM OPINION AND ORDER RE: OBJECTOR ANDREWS |
| | JUDGE JACK ZOUHARY |

### INTRODUCTION

This Court previously granted preliminary approval to nine different settlement agreements reached between the class of Indirect Purchaser Plaintiffs ("IPPs") and nine of the Defendants (Doc. 1861). Class counsel for the IPPs then filed an Application for Award of Attorneys' Fees (Doc. 1908). In response, putative class member Chris Andrews filed *pro se* an Objection to the settlement agreements and to the Application for fees (Doc. 1920), and then a Motion for Disqualification of class counsel (Doc. 1975) and a Motion to Compel Disclosure (Doc. 1974). He also appeared and spoke at the Fairness Hearing on December 15, and filed a Supplemental Objection (Doc. 2013) to the testimony of Administrator Eric Miller.

### BACKGROUND

Andrews is a serial objector. He has been admonished in other cases. Class counsel observes that, "in the past eight years, [Andrews] has objected to" class action settlements in at least six other lawsuits (Doc. 1992, listing cases at 2–3 n.1). More than once, these other courts have rebuked Andrews and characterized his objections as extortionate. *See, e.g.*, *Shane Grp., Inc. v. Blue Cross*

*Blue Shield of Michigan*, 2015 WL 1498888, at *20 (E.D. Mich. 2015) (stating "Andrews' pro se submissions . . . are not warranted by the law and facts of the case, were not filed in good faith and were filed to harass Class Counsel," but declining to sanction Andrews for "demanding that filed pleadings be withdrawn and that he be paid an undisclosed sum of money"); *In re Nutella Mktg. & Sales Practices Litig.*, Case No. 3:11-CV-01086 (D.N.J. 2012) (Doc. 111, July 9, 2012 tr. at 128–29) ("Mr. Andrews . . . [is] a professional objector who has extorted additional fees from counsel in other cases through his objections or threats to object, and has . . . done so in this case . . . . [H]e is not entitled to extort money. I reviewed his entire objection and find it wanting.").

In this case, Andrews' *initial* written Objection was relatively temperate. After Andrews filed his Objection, however, class counsel undertook due diligence to ensure Andrews was actually a class member. This activity provoked Andrews, leading to additional filings that were less restrained.

Specifically, Andrews was required to file with his Objection proof that he is a member of the IPP class. *See* Long Form Notice at 8–9 (requiring objectors to provide, among other things, "[a] list of the upholstered furniture, carpet underlay, and/or bedding products you purchased that contain flexible polyurethane foam," and "documentation relating to the purchases for each item in your list"). Andrews asserts he purchased a mattress from Macy's in Detroit on September 19, 2003, but the documents he submitted to prove this purchase were curious; rather than submit a receipt, he submitted three documents, none of which were created in the normal course of a retail transaction and none of which even mention a mattress (Doc. 1992 at 6). The three documents appear to be screen-shot print-outs of internal Macy's computer programs. Andrews later explained he obtained these documents by calling Macy's customer service department.

Of course, if Andrews is not a class member, he has no standing to object. *See Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 566 (6th Cir. 2001) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to a lack of notice."); *see also* Newberg on Class Actions § 13:22 (5th ed.) ("[N]onclass members may not object because generally speaking a settlement has no impact on them: as nonparties, they cannot be bound to the outcome of the litigation, and their interests generally are not affected by a class settlement."). Accordingly, class counsel contacted Macy's to verify that Andrews had purchased a mattress. Macy's was unwilling to release any information to counsel. Counsel then observed that the three "proof of purchase" documents submitted by Andrews had been sent from Macy's by fax, and the fax number of the recipient was associated not with Andrews, but with an entity known as Tri County Home Health Care, LLC. Concerned that Andrews' documents might be misleading, counsel then called Tri County to determine whether anyone at Tri County even knew Andrews; the person who answered the telephone said "no."

Despite the assertion by Tri County that it did not know Andrews, Andrews learned that counsel had called Tri County, asking for him. Andrews reacted by filing a Supplement to his Objection and also a declaration (Docs. 1928–29). In these submissions, Andrews does not merely document his unhappiness about counsel's investigation; instead, Andrews levels numerous overwrought accusations, asserting counsel: (1) committed a "$30 million wire and financial fraud misconduct scheme"; (2) engaged in "[e]mbezzlement"; (3) conducted a "high on meth document discovery review"; (4) committed "perjury"; (5) undertook "a coordinated scheme to plunder funds"; (6) "attempt[ed] to violate their duty bound HIPPA [sic] obligations"; and (7) engaged in "tortuous [sic] interference in a business relationship" (Doc. 1928 at 7–9, 43, 48; Doc. 1929 at 1, 3). Further,

3

Andrews threatened to "visit with an agency . . . that has subpoena powers to investigate this computer and wire fraud conspiracy to violate the objector's health care privacy"; asked this Court to sanction and disbar counsel; and insisted that "Class Counsel **will** pay the objector substantial damages" (Doc. 1929 at 6 (emphasis in original)).

## MOTION TO DISQUALIFY

Andrews cites correctly the standards applicable to a motion to disqualify counsel. First, as the movant, Andrews "bears the burden of proving the grounds for disqualification." *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). Second, "[b]ecause a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist." *Id.* (quoting *Texas Catastrophe Property Ins. Ass'n v. Morales*, 975 F.2d 1178, 1181 (5th Cir. 1992)). And third, "[m]otions for attorney disqualification should be viewed with extreme caution for they can be misused as techniques of harassment." *Hamrick v. Union Twp., Ohio*, 81 F. Supp. 2d 876, 878 (S.D. Ohio 2000) (citing *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982)). Having accurately stated the law, however, Andrews fails to show he is entitled to relief.

Andrews sets out three reasons why counsel should be disqualified from continuing to represent the IPP class. First, Andrews cites the "unethical and illegal phone call" made by counsel to Tri County (Doc. 1975 at 6). As explained above, however, counsel was pursuing in good faith an investigation into whether Andrews had standing to object in this case. Especially given Andrews' history as a serial, extortionate objector, counsel's investigation was appropriate, not unethical. Further, Andrews' accusation that counsel's phone call violated the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et seq.* (HIPAA), is a non sequitur for at least two reasons: (1) there is no evidence (and Andrews does not allege) that counsel obtained or requested any personal

4

medical information; and (2) counsel is not subject to HIPAA, as counsel is not a "covered entity" -- that is, a health care provider, clearinghouse, or plan. 45 CFR § 160.103. Similarly, Andrews' claim that counsel's phone call tortiously interfered with his business relationships is completely devoid of color.

Andrews' second basis for disqualification is that counsel committed perjury in the fee petition by listing attorney Leslie Calhoun as a partner with an hourly rate of $600, "when she is really just an [sic] non-employee 'Of Counsel' which is outright fraud" (Doc. 1975 at 6). However, "while Ms. Calhoun's title is *currently* 'Of Counsel,' at the time her only work on this case was performed (in 2011), her title was indeed Partner" (Doc. 1992 at 9). Further, Calhoun's hourly rate is commensurate with "her experience acting as lead national counsel for Ford Motor Company in its hybrid vehicle cases across the country," and, in any event, Calhoun only worked on the IPP case for 3.7 hours. *Id.* Andrews has not shown Calhoun's role in this case, or counsel's characterization of that role, justifies disqualification of class counsel.

Finally, Andrews posits that "Class Counsel seems to have left $250 million or more on the table by accepting much less [in settlement] than the direct class settled for because [counsel's] attorney fee target was met" (Doc. 1975 at 7). Andrews insists counsel engaged in "dishonesty through deceit and omission" by pursuing an "inflated fee grab" and putting counsel's own interests before the rights of the class members they represent. *Id.* As will be explained more fully in this Court's Order addressing counsel's fee petition, however, a bare allegation that a settlement amount should have been higher is not an adequate ground for rejecting a settlement, much less a ground for disqualifying counsel.

Ultimately, Andrews' unrestrained language and exorbitant claims reveal his motion is of the type that appellate courts warn against: a "technique of harassment." *Freeman*, 689 F.2d at 722; *see also Koller v. Richardson-Merrell Inc.*, 737 F.2d 1038, 1051 (D.C. Cir. 1984), *vacated on other grounds*, 472 U.S. 424 (1985) (bemoaning the "tactical use of motions to disqualify counsel in order to delay proceedings, deprive the opposing party of counsel of its choice, and harass and embarrass the opponent"). For the most part, Andrews' arguments are disconnected from both the actual facts and the applicable law; certainly, Andrews has not carried his burden of showing disqualification of class counsel is appropriate or required.

## MOTION TO COMPEL

In his Motion to Compel, Andrews asks this Court to order class counsel to provide various pieces of information related to the phone call from counsel to Tri County. As an initial matter, counsel already provided most of the requested information with its response brief, so the motion is essentially moot.

Moreover, Andrews' claims for violation of HIPAA and tortious interference with business relations are both frivolous and also unrelated to the central issues in this class action lawsuit. Rule 26(b)(1) "confine[s] discovery to the claims and defenses asserted in the pleadings," and even named parties "have no entitlement to discovery to develop new claims or defenses." *Hill v. Motel 6*, 205 F.R.D. 490, 492 (S.D. Ohio 2001); *see also Larsen v. Trader Joe's Co.*, 2014 WL 3404531, at *7 (N.D. Cal. 2014) ("Class members who object to a class action settlement do not have an absolute right to discovery. While objectors are entitled to meaningful participation in the settlement proceedings, and leave to be heard, they are not automatically entitled to discovery or to question and debate every provision of the proposed compromise." (internal citation and quotation marks omitted)).

## CONCLUSION

Both Motions (Docs. 1974–75) are denied.

IT IS SO ORDERED.

 s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 30, 2015
