IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re Polyurethane Foam Antitrust Litigation | Case No. 1:10 MD 2196 |
| | ORDER GRANTING SANCTIONS |
| This document relates to: ALL DIRECT PURCHASER CLASS ACTIONS | JUDGE JACK ZOUHARY |

Pending before this Court is the Indirect Purchaser Class ("IPC") Motion for Sanctions (Doc. 2107). Objector Andrews opposed (Doc. 2108) and IPC replied (Doc. 2110). Objector Andrews also filed an unauthorized sur-reply, characterized as a supplemental response (Doc. 2111).

While IPC's Motion was pending, the Sixth Circuit denied Andrews' petition for rehearing *en banc* (Doc. 2110-1, Ex. A). Andrews filed a Request to Stay the Mandate (Doc. 2109) with the Sixth Circuit, noting he planned to file a petition for writ of certiorari with the United States Supreme Court. The Sixth Circuit previously advised Andrews in its June 2016 Order dismissing his appeal that no mandate would issue (Doc. 2110-4, Ex. D). It confirmed this fact in an October 2016 letter (attached) responding to Andrews' stay request. This means there are no more avenues for Andrews to delay this litigation on appeal, and this Court now turns to the Motion at hand.

Andrews failed to post an appeal bond as previously ordered by this Court (Doc. 2068), resulting in dismissal of his appeal by the Sixth Circuit (Doc. 2100). In so doing, the Sixth Circuit noted (*id.* at 3):

> Professional objectors, such as Andrews, may not disrupt the settlement process based on nothing more than unsupported suppositions. . . . [His] objections to the settlements lack merit, his appeal has the practical effect of prejudicing the IPC by delaying the disbursement of settlement funds, and he offers no proof of financial hardship that would justice his failure to post the bond.

This Court's authority to sanction Andrews is found in 28 U.S.C. § 1927, which reads as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*See also Gitler v. Ohio*, 632 F. Supp. 2d 722, 727 (N.D. Ohio 2009) ("Although § 1927 on its face limits who may be sanctioned to an attorney or other person allowed to conduct cases, courts in the Sixth Circuit can sanction *pro se* litigants under that provision").

If there were any doubt whether to order a sanction, and there is none, one need look no further than Andrews' most recent and unauthorized "supplement" filing (Doc. 2111). Beyond the improper filing, the substance -- or lack thereof -- once again reflects Andrews' unreasonableness: claiming as he does, without factual or legal support, that IPC counsel, not he, deserves sanctions. Quite the opposite. Enough already with these repetitive, warmed-over, and meritless arguments.

This Court agrees with the IPC that Andrews continues his vexatious use of the judicial system and does so either to extort a pay-off from the IPC or as a delay tactic to prolong his coercion attempt. This Court further agrees that Andrews has delayed this case far too long and has ignored both this Court's Orders and rulings from the Sixth Circuit.

While this Court declines to impose the panoply of sanctions suggested by the IPC, this Court does find favor in the request that Andrews be penalized for the amount of interest that has been lost

to the IPC due to his frivolous filings. That amount, from April 2016 through October 2016, totals $15,303, with interest continuing to run until payment is made in full.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 24, 2016