# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>INDIRECT DIRECT PURCHASER CLASS<br><br>Case Nos. 1:10-pf-10007 (Vicky's Furniture); 1:11-pf-10002 (Gomez); 1:11-pf-10003 (Hudson); 1:11-pf-10010 (Beastrom) | MDL Docket No. 2196<br><br>Index No. 10-MD-2196 (JZ) |

## OBJECTORS MELISSA HOLYOAK AND JOHN TABIN'S MEMORANDUM IN OPPOSITION TO SUPPLEMENTAL AWARD OF ATTORNEYS' FEES

Anna St. John
COMPETITIVE ENTERPRISE INSTITUTE
 CENTER FOR CLASS ACTION FAIRNESS
1310 L Street NW, 7th Floor
Washington, DC 20005
Phone: (917) 327-2392
Email: anna.stjohn@cei.org

*Attorney for Objectors John Tabin and Melissa Holyoak*

Pursuant to the Court's Order of August 14, 2017 (Dkt. 2175), Objectors Holyoak and Tabin (collectively "Tabin") file this opposition to class counsel's procedurally and substantively improper motion for attorneys' fees (Dkt. 2172).

As an initial matter, please note that Tabin's non-profit counsel, Ms. St. John, gave birth on September 5. Her fellow attorneys at the Center for Class Action Fairness have had or will have, between August 14 and September 25, seven appellate briefs due in six different appeals, as well as a variety of obligations in pending district-court cases. Furthermore, this Court has previously indicated that filings by Tabin did not assist the court because they simply duplicated thoughts that the Court would have had anyway. *See* Dkt. 2052 (denying fees for successful objection to oversized fee request). As when he filed his original objection, Tabin is poorly situated to know which thoughts the Court will have or will not have and where it can be "meaningfully influen[tial]," and does not wish to waste anyone's time lengthily briefing issues that the Court is already aware of. Instead, Tabin submits this brief identifying several issues that make class counsel's fee request problematic. Tabin will be happy to brief these issues at greater length if they are not obviously correct, or if the Court will find it helpful or potentially meaningful.

1.     Class counsel's fee request fails to satisfy Fed. R. Civ. Proc. 23(h), which requires reasonable notice to the class before the objection deadline. *In re Mercury Interactive Securities Litig.*, 618 F.3d 988 (9th Cir. 2010); *Redman v. RadioShack Corp.*, 768 F.3d 622, 637-38 (7th Cir. 2014). The class has not had any notice that class counsel wishes to double-dip from the settlement fund, and even if notice had been given, what is publicly available in class counsel's fee request lacks required detail. For this independent reason alone, class counsel's fee request should be denied without the court being required to don green eye-shades and check through each line item of *in camera* billed time. *See* Dkt. 2112 (denying direct purchaser counsel's late-

submitted expenses "because there has been no opportunity for review, comment, or objection"). Class counsel has already been awarded a percentage of the settlement fund, and should not be allowed to double-dip simply because they avoided malpractice in the performance of their fiduciary duties after that award.

2. Class counsel claims $1.3 million in fees and expenses, and identifies a variety of tasks they engaged in, but does not break down the tasks for which those fees and expenses were incurred. But the tasks they do identify do not merit post-award fees, because they identify nothing unusual for a case of this size that they were not already compensated for (or could not have requested compensation for) in the initial fee request and award of a percentage of the settlement fund. *See* Declaration of Marvin A. Miller, Dkt. 1908-1 ¶ 63 ("Class Counsel still has work to complete to prepare for and attend the final approval hearing, and in connection with the Claims Administration. We will incur additional time and expenses and will supplement the lodestar and expenses in connection with our submission in support of final approval of the settlements.").

3. Class counsel seeks fees for post-approval work rooting out fraud in the claims process. But the problem here seems to be that class counsel was neglectful in anticipating the likelihood of fraudulent claims and building this into the claims process to begin with, and incurred additional expense and delay at the expense of the class because of that initial neglect. Any competent settlement administrator or class counsel is well aware that claims processes, especially with large settlement funds, can be subject to fraudulent claims. *Cf. Carrera v. Bayer Corp.*, 727 F.3d 300, 304 (3d Cir. 2013); *Mullins v. Direct Digital LLC*, 795 F.3d 654, 667 (7th Cir. 2015). The class shouldn't be billed twice for a problem that should have been anticipated and accounted for well before the initial fee request was due, especially since it appears that the initial negligence was what caused the additional expense because of the need to create

new audit procedures. Dkt. 2172 ¶ 21. Furthermore, if there exists a third party who submitted billions of dollars of "suspicious" claims and then shrunk from documentation rather than collecting upon them, one hopes that the appropriate federal authorities have been notified of this mail or wire fraud. Any recovery for attorney time spent on this fraud should be at the expense of the fraudsters who attempted to swipe millions of dollars from the settlement fund, not the innocent class members.

4. Class counsel seeks to recover for time litigating on behalf of their oversized fee request against Tabin's objection, for an improper *cy pres* recipient, and against Tabin's fee request. Tabin's objection and subsequent fee request, on behalf of a good-faith objector who did not appeal the court's orders, sought to put additional money in the pockets of the class. Dkt. 2028, 2028-1. Class counsel, in other words, wants additional money from the class for fighting against the class's interests and on behalf of their own interests. As we would be happy to brief in greater detail, this is improper, but the proposition is obvious. No paying client would tolerate such billing. Because class counsel has not split up what it has billed on this mission versus what it has billed on other issues, the fee request should be denied in its entirety.

5. Class counsel previously argued that the appeals it litigated were frivolous. Dkt. 2042. Class counsel also successfully litigated against Tabin's fee request on the grounds that Tabin should not recover for making "obvious" arguments. Dkt. 2032 at 11. Class counsel does not contend that its unsuccessful opposition to Tabin's "obvious" argument was frivolous.

Having successfully blocked Tabin from recovering for successful "obvious" arguments against non-frivolous claims for the class's money, and having successfully obtained a large appeal bond on the grounds that objector appeals were frivolous, class counsel is judicially estopped from claiming that they are entitled to fees from the class for litigating

against third parties' frivolous arguments. If the arguments were frivolous, then there was no risk to the class the appellate court would not see through them. Class counsel's remedy is from the appellants under Fed. R. App. Proc. 38, not the class.

6. It was quite plain there would be appeals from the initial settlement and fee award; class counsel themselves noted the appellate track record of many class members. Dkt. 2042. There was no reason class counsel could not have anticipated these appeals when making its initial fee request.

7. It would be further improper to reward class counsel for its litigation on the appeals for two reasons. *First*, class counsel failed to protect itself against bad-faith appellants by failing to include language in the settlement permitting the class to recover any *quid pro quo* payments made to objectors and their counsel to dismiss their appeal, or by seeking an injunction up front against bad-faith objectors seeking payment. Had such language been included in the settlement in the first place, bad-faith objectors would have had no incentive to engage in extortion. Having failed to add a simple paragraph or two to the settlement to protect the class, class counsel should not bill the class for the additional expense it incurred because of its neglect.

8. *Second*, class counsel's litigation against the judgment-proof Christopher Andrews is entirely disproportionate, and no rational paying client would have agreed to spending tens or hundreds of thousands of dollars of attorney time on the scorched-earth tactics to recover a few thousand dollars of garnished wages, particularly when the Court already recognized and rejected the litigant's troubled conduct. Class counsel did not seek preapproval from the class or the court to engage in this unproductive collateral litigation, and should not get to present a blank check for recovery from the class now. Any fees for the

litigation against Andrews should be limited to a percentage of what class counsel recovered from Andrews, rather than at the expense of the class.

9. Finally, the fee request should be denied in its entirety because class counsel violated this Court's order of August 3, 2017. That order required class counsel to document how "any additional fee award will impact the distribution to class members." Dkt. 2173. Class counsel instead submitted a declaration dodging the question, and submitting a gerrymandered answer for 95% of the class to make the impact seem smaller than it is. Dkt. 2174-1.

10. Class counsel submits a variety of district court cases where courts have, in response to *ex parte* requests, awarded additional attorneys' fees without considering the requirements of Rule 23(h) or fully evaluating whether the post-award activities were really all that novel. Dkt. 2174. As is obvious, class counsel has cherry-picked precedent and ignored the numerous cases where such fee requests were denied. Tabin will be happy to brief this further if it is not obvious.

## CONCLUSION

Class counsel's request for fees is procedurally and substantively improper and should be denied. Tabin will be happy to supplement this briefing with additional caselaw if the Court finds these propositions non-obvious and would find additional briefing materially helpful.

Dated: September 11, 2017

Respectfully submitted,

/s/ *Anna St. John*
Anna St. John
COMPETITIVE ENTERPRISE INSTITUTE
 CENTER FOR CLASS ACTION FAIRNESS
1310 L Street NW, 7th Floor
Washington, DC 20005
Phone: (917) 327-2392
Email: anna.stjohn@cei.org

*Attorney for Objectors Melissa Holyoak and John Tabin*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of Court of the United States District Court for the Northern District of Ohio on this 11th day of September 2017 by using the CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF as of that date.

Dated: September 11, 2017

                                                  /s/ *Anna St. John*
                                                  Anna St. John